1 **GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay (#270796)
2 Casey E. Sadler (#274241)
Lesley F. Portnoy (#304851)
3 1925 Century Park East, Suite 2100
4 Los Angeles, California 90067
Telephone:  (310) 201-9150
5 Facsimile:   (310) 201-9160
Email:        lportnoy@glancylaw.com
6
7 *Attorneys for Movant*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN STIRRATT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., DARA KHOSROWSHAHI, NELSON CHAI, GLEN CEREMONY, RONALD SUGAR, URSULA BURNS, GARRETT CAMP, MATT COHLER, RYAN GRAVES, ARIANNA HUFFINGTON, TRAVIS KALANICK, WAN LING MARTELLO, H.E. YASIR-AL-RUMAYYAN, JOHN THAIN, DAVID TRUJILLO, MORGAN STANLEY & CO. LLC, GOLDMAN SACHS & CO. LLC, MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, BARCLAYS CAPITAL MARKETS, LLC, SUNTRUST ROBINSON HUMPHREY, INC., DEUTSCHE BANK SECURITIES INC., HSBC SECURITIES (USA) INC., SMBC NIKKO SECURITIES AMERICA, INC., MIZUHO SECURITIES USA LLC, NEEDHAM & COMPANY, LLC, LOOP CAPITAL MARKETS LLC, SIEBERT CISNEROS SHANK & CO., L.L.C.,<br><br>(Additional Defendants on Next Page) | Case No. 3:19-cv-06361-RS<br><br>**NOTICE OF MOTION AND MOTION OF CAMELOT EVENT DRIVEN FUND, A SERIES OF FRANK FUNDS TRUST FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      January 9, 2020<br>Time:      1:30 p.m.<br>Crtrm.:    3 – 17th Floor<br><br>Hon. Richard Seeborg |

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL
Case No. 3:19-cv-06361-RS

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | ACADEMY SECURITIES, INC., BTIG, LLC, CANACCORD GENUITY LLC, CASTLEOAK SECURITIES, L.P., COWEN AND COMPANY, LLC, MACQUARIE CAPITAL (USA) INC., MISCHLER FINANCIAL GROUP, INC., OPPENHEIMER & CO. INC., RAYMOND JAMES & ASSOCIATES, INC., WILLIAM BLAIR & COMPANY, L.L.C., THE WILLIAM S CAPITAL GROUP, L.P., and TPG CAPITAL BD, LLC,<br><br>              Defendants, |

# NOTICE OF MOTION AND MOTION

**TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on January 9, 2020, at 1:30 p.m., or as soon thereafter as the matter can be heard in the courtroom of the Honorable Richard Seeborg, in Courtroom 3, 450 Golden Gate Avenue, San Francisco, CA 94102, Camelot Event Driven Fund, A Series of Frank Funds Trust ("Movant") will move this Court for entry of an Order: (i) appointing Movant as Lead Plaintiff; (ii) approving Movant's selection of Glancy Prongay & Murray LLP as Lead Counsel; and (iii) granting such other and further relief as the Court may deem just and proper.

This motion is brought pursuant to Section 27 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (i) appointing Movant as Lead Plaintiff on behalf of all persons who purchased or otherwise acquired the securities of Uber Technologies, Inc. ("Uber" or the "Company") pursuant and/or traceable to the Registration Statement issued in connection with Uber's May 10, 2019 initial public stock offering; (ii) approving Movant's selection of counsel as Lead Counsel; and (iii) granting such other and further relief as the Court may deem just and proper.

In support of this Motion, Movant submits a Memorandum of Points and Authorities in support thereof and the Declaration of Lesley F. Portnoy and the exhibits attached thereto, and all of the prior pleadings and other files in this matter, and such other written or oral arguments as may be permitted by the Court.

This motion is made on the grounds that Movant is the most adequate plaintiff, as defined by the PSLRA, based on its significant losses suffered as a result of the defendants' wrongful conduct as alleged in the above-referenced action. Further, Movant satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as its claims are typical of other Class members' claims, and it will fairly and adequately represent the interests of the Class.

# MEMORANDUM OF POINTS AND AUTHORITIES

Camelot Event Driven Fund, A Series of Frank Funds Trust respectfully submits this memorandum of law in support of its motion to appoint Movant as Lead Plaintiff and to approve Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to Section 27 of the Securities Act, as amended by the PSLRA, on behalf of a putative class (the "Class") of all persons other than the defendants who purchased or otherwise acquired the securities of Uber pursuant and/or traceable to the Registration Statement issued in connection with Uber's May 10, 2019 initial public stock offering ("IPO" or the "Offering").

## I.     PRELIMINARY STATEMENT

Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the Class that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff. Since Movant has "the largest financial interest in the relief sought by the class" as a result of defendants' wrongful conduct as alleged in this action, Movant is the "most adequate plaintiff" as defined by the PSLRA. In addition, for purposes of this motion, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as its claims are typical of other Class members' claims, and it is committed to fairly and adequately representing the interests of the Class.

Therefore, pursuant to the PSLRA's lead plaintiff provision, Movant respectfully submits that it is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the Class. Additionally, Movant's selection of Glancy Prongay & Murray LLP as Lead Counsel for the Class should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND

This is a class action on behalf of investors that purchased or otherwise acquired Uber securities pursuant and/or traceable to the Company's IPO.

1  Uber is a technology company that primarily facilitates access to rides and meals on demand.

In May 2019, the Company completed its IPO and sold approximately 180 million shares of common stock at $45.00 per share pursuant to the Registration Statement.

On July 29, 2019, Uber announced the termination of 400 workers from its marketing team, representing one third of Uber's marketing team's global workforce of 1,200 people, to reduce the Company's losses.

On this news, the Company's stock fell from $43.88 per share on July 29, 2019 to close at $39.05 per share on August 5, 2019, a roughly 13.2% decline from the IPO price.

On August 8 and 9, 2019, respectively, Uber filed a Form 8-K with a press release and Form 10-Q for the second quarter 2019 financial results, revealing revenues of $3.16 billion and losses of $5.2 billion. Moreover, the Company revealed that its ridesharing revenue only grew 2% and that its sales and marketing expenses for the three and six months ended June 30, 2019 increased by $507 million, or 70.9%, and $870 million, or 62.5%, respectively. The increase in sales and marketing expenses was "driven by increased Driver incentives and consumer discounts, promotions, refunds, and credits."

Then, in early September 2019, Uber announced that it would lay off 435 employees in its product and engineering divisions, or about 8% of its global workforce.

By the commencement of this action, Uber's shares traded significantly below its IPO price.

The complaint filed in this lawsuit alleges that the Registration Statement was materially false and/or misleading, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that, at the time of the IPO, Uber was rapidly increasing subsidies for customers' rides and meals in a bid for market share, which caused the Company's sales and marketing expenses to swell; and (2) that Defendants were cutting (or planned to cut) costs in key areas that undermined the Company's central growth opportunities.

## III. ARGUMENT

### A. Movant Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of the Class – is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice...;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

As set forth below, Movant has complied with all of the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff. Movant, to the best of its knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Federal Rule of Civil Procedure 23 and is not aware of any unique defenses defendants could raise against it that would render it inadequate to represent the Class. Accordingly, Movant respectfully submits that it should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### 1. Movant's Motion is Timely

On October 4, 2019, pursuant to Section 27(a)(3)(A)(i) of the PSLRA, notice was published in connection with this action. *See* Declaration of Lesley F. Portnoy ("Portnoy Dec."), Ex. A. Therefore, Movant had sixty days or until December 3, 2019, to file a motion to be appointed as Lead Plaintiff. As a purchaser of Uber common stock pursuant and/or traceable to the Registration Statement issued in connection with the IPO, Movant is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in its PSLRA certification, Movant attests that it has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. Portnoy Dec., Ex. B. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiffs for the class.

### 2. Movant Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person *or group of persons* that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii) (emphasis added); *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002). At the time of this filing, Movant believes that it has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

As a result of the revelations of the fraud as described above, Movant suffered a financial loss of $133,247. *See* Portnoy Dec., Ex. C. To the best of its knowledge, Movant is not aware of any other adequate class member claiming larger financial losses that has filed a motion for appointment as lead plaintiff. Movant, thus, satisfies the second PSLRA requirement – the largest financial interest – to be appointed as lead plaintiff for the Class. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 396 (S.D.N.Y. 2008).

### 3. Movant Satisfies the Requirement of Rule 23 of the Federal Rules of Civil Procedure

Section 27(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, No. 01-cv-00871 LGB (RNBx), 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, No. C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730); *In re Cendant*, 264 F.3d at 263 ("The initial inquiry…should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy").

#### a) Movant's Claims are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims…of the representative parties" be "typical of the claims…of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Osher*, 2001 WL 861694, at *4. Under Rule 23 a lead plaintiff's, "claims are typical 'if he is reasonably coextensive with those of the absent class

members; they need not be substantially identical.'" *Id*. (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant purchased Uber securities pursuant and/or traceable to the Company's IPO and suffered losses as a result of its transactions. Like all members of the Class, Movant alleges that defendants violated federal securities laws by disseminating materially misleading statements concerning Uber's operations and financial prospects. Movant's losses, like the losses suffered by all other members of the Class, arise from the artificial inflation of Uber securities caused by defendants' alleged misrepresentations and omissions. Accordingly, Movant's interests and claims are typical of the interests and claims of the Class.

### b)   Movant Is An Adequate Representative

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)).

The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Yanek v. Staar Surgical Co.*, No. 04-cv- 8007 SJO(CWx), 2004 WL 5574358, at *6 (C.D. Cal. Dec. 15, 2004) (citing *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986).

Here, Movant easily satisfies the adequacy requirements. Movant's financial interest demonstrates that it has a sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [Movant is] antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Moreover, Movant has retained competent and experienced counsel with the resources and expertise to efficiently and effectively

1  prosecute this action. *See* Portnoy Decl., Ex. D (firm résumé). In addition, Movant is not aware
2  of any conflict between its claims and those asserted on behalf of the Class.

3  There are no facts that indicated any conflicts of interests between Movant and the other
4  class members, and Movant thus satisfies the typicality and adequacy requirements of Rule 23.

5  **B.    The Court Should Approve Lead Plaintiff's Choice of Counsel**

6  The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to
7  approval of the Court. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); *Yanek*, 2004 WL 5574358, at *7. The
8  Court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the
9  interests of the class." *Osher*, 2001 WL 861694, at *4 (quoting 15 U.S.C. § 78u-
10 4(a)(3)(B)(iii)(II)(aa)). Here, Movant has retained Glancy Prongay & Murray LLP to pursue this
11 litigation on its behalf and will retain the firm as plaintiff's Lead Counsel in the event Movant is
12 appointed as lead plaintiff. As reflected by the firm's résumé, attached to the Portnoy Decl. as Ex.
13 D, the Court may be assured that, by granting Movant's motion, the Class will receive the highest
14 caliber of legal representation. Accordingly, the Court should approve Movant's selection of
15 counsel.

16 **IV.    CONCLUSION**

17 For the foregoing reasons, Movant respectfully asks the Court to grant its motion and enter
18 an Order: (i) appointing Movant as Lead Plaintiff; (ii) approving Movant's selection of Glancy
19 Prongay & Murray LLP as Lead Counsel; and (iii) granting such other and further relief as the
20 Court may deem just and proper.

1  DATED:  December 3, 2019        **GLANCY PRONGAY & MURRAY LLP**

2                                   By:  *s/ Lesley F. Portnoy*
3                                   Robert V. Prongay
                                    Casey E. Sadler
4                                   Lesley F. Portnoy
                                    1925 Century Park East, Suite 2100
5                                   Los Angeles, California 90067
                                    Telephone:  (310) 201-9150
6                                   Facsimile:  (310) 201-9160
                                    Email:  info@glancylaw.com
7
8                                   *Counsel for Movant and [Proposed]Lead Counsel for the Class*

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old. On December 3, 2019, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 3, 2019, at Los Angeles, California.

*s/ Lesley F. Portnoy*
Lesley F. Portnoy