United States District Court
Northern District of California

1
2
3
4
5
6
7 UNITED STATES DISTRICT COURT

8 NORTHERN DISTRICT OF CALIFORNIA

9

10 BOSTON RETIREMENT SYSTEM,

Plaintiff,

11

12 v.

13 UBER TECHNOLOGIES, INC., et al.,

Defendants.

14

Case No.  19-cv-06361-RS

**ORDER DENYING MOTION TO DISMISS NEW PLAINTIFFS' CLAIMS IN SECOND AMENDED CLASS COMPLAINT**

15

16    This putative class action alleges violations of the Securities Act of 1933 (the "Securities

17 Act") in relation to Uber's May 2019 initial public offering ("IPO"). Plaintiffs filed a Second

18 Amended Complaint in May 2021, adding four new proposed class representatives as named

19 plaintiffs (referred to as the "New Plaintiffs"). Defendants move to dismiss the claims of the New

20 Plaintiffs, arguing that their addition is barred by the Supreme Court's decision in *China Agritech*

21 *v. Resh*, 138 S.Ct. 1800 (2018), which disallowed tolling for successive class actions filed after the

22 expiration of the relevant statute of limitations. Defendants also argue that the addition of the New

23 Plaintiffs circumvents federal securities laws and the Federal Rules of Civil Procedure.

24    At issue in this motion, however, is the addition of new plaintiffs to an existing class

25 action, not the filing of a new class action. This motion is therefore governed by Federal Rule of

26 Civil Procedure 15 and the doctrine of relation back, not the holding in *China Agritech*. As

27 multiple Courts of Appeals have now held, nothing in *China Agritech* indicates that a new plaintiff

28 cannot join an existing class action, which is what the New Plaintiffs seek to do in this litigation.

1   The motion to dismiss the claims of the New Plaintiffs (Dkt. 141) is therefore denied. Pursuant to

2   Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the

3   hearing set for October 7, 2021 is vacated.

**I. Factual and Procedural Background**

5       Recounting the status of this proceeding requires addressing three separate proceedings:

6   (1) this case (the "*Boston Retirement Service* Action"), (2) a state court proceeding, *In re Uber*

7   *Technologies, Inc., Securities Litigation*, which involved a consolidated class action complaint

8   filed by a different set of plaintiffs (the "State *Messinger* Action"), and (3) the subsequent filing of

9   a federal class action, *Messinger v. Uber Technologies*, by some of the State *Messinger* Action

10  plaintiffs in this court (the "Federal *Messinger* Action"). All the New Plaintiffs in this action, the

11  *Boston Retirement Service* Action, were plaintiffs in the *Messinger* Actions.

12      Plaintiffs filed this putative class action in October 2019. (Dkt. 1). The court appointed

13  Boston Retirement Service as Lead Plaintiff in January 2020, pursuant to the Private Securities

14  Litigation Reform Act ("PSLRA"). (Dkt. 59). Defendants moved to dismiss the Amended

15  Complaint, and the court denied that motion in August 2020. (Dkt. 95). Boston Retirement Service

16  initially filed a motion for class certification, seeking appointment as the sole lead plaintiff and

17  class representative for the proposed class, in September 2020. (Dkt. 104).

18      While proceedings were pending before this court, the State *Messinger* Action was

19  proceeding in California state court. The State *Messinger* Action Plaintiffs filed a complaint

20  against the Defendants in San Francisco Superior Court in September 2019. In November 2020,

21  the California Superior Court dismissed the case without prejudice. The Superior Court relied on

22  the Delaware Supreme Court's decision in *Salzberg v. Sciabacucchi*, 227 A.3d 102 (Del. 2020),

23  which upheld under Delaware law the validity of federal forum selection clauses, and the presence

24  of such a clause in Uber's bylaws. The State *Messinger* Action Plaintiffs voluntarily dismissed

25  their appeal in state court.

26      The *Messinger* Plaintiffs then filed a class action lawsuit, the Federal *Messinger* Action,

27  3:20-cv-08610-RS, in this court in December 2020. On January 25, 2021, this court consolidated

United States District Court
Northern District of California

the Federal *Messinger* Action with this action pursuant to stipulation. (Dkt. 125). On May 3, 2021, the court issued an order allowing the Lead Plaintiff in the *Boston Retirement Service* Action to file a Second Amended Complaint and a revised motion for class certification without motion for leave to amend, pursuant to stipulation by the parties. (Dkt. 136).

On May 14, 2021, Plaintiffs in this action filed their Second Amended Complaint. (Dkt. 137). This complaint included four of the named *Messinger* plaintiffs as new proposed class representatives: David Messinger, Ellie Marie Toronto ESA, Joseph Cianci, and Irving S. and Judith Braun. Defendants now move to dismiss the New Plaintiffs' claims from the Second Amended Complaint. The claims in the Second Amended Complaint are identical to the claims in the prior operative complaint; Defendants only challenge the addition of the New Plaintiffs, not the substance of the claims themselves.

## II. Legal Standard

The Securities Act has a statute of limitations requiring that any claims be brought no later than one year after a plaintiff discovers the facts constituting the alleged violation of the Act. 15 U.S.C. §77m.

Federal Rule of Civil Procedure 15(c)(1)(B) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" The Ninth Circuit has imposed three limitations on when an additional party plaintiff relates back to the date of the original pleading, requiring that "1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; 2) the relation back does not unfairly prejudice the defendant; and 3) there is an identity of interests between the original and newly proposed plaintiff." *Immigrant Assistance Project of the Los Angeles Cnty. Fed'n of Labor (AFL–CIO) v. INS*, 306 F.3d 842, 857 (9th Cir.2002) (quoting *Rosenbaum v. Syntex Corp.*, 95 F.3d 922, 935 (9th Cir.1996)).

### III. Discussion

In litigating this motion, neither party disputes that absent the application of tolling or the doctrine of relation back, claims brought in the Federal *Messinger* Action would be barred by the Securities Act's one-year statute of limitations. Plaintiffs focus their argument on whether they satisfy the requirements of the Rule 15 relation back doctrine, while Defendants focus their arguments on *China Agritech*. As explained below, Plaintiffs satisfy the requirements to relate the New Plaintiffs' claims back to the original complaint, and *China Agritech* has no bearing on the outcome of this motion.

### A. Whether New Plaintiffs' Claims Satisfy the Rule 15 Requirements and Can Relate Back

Plaintiffs' addition of the New Plaintiffs as named plaintiffs and proposed class representatives in this action satisfies the requirements of both Rule 15 and the Ninth Circuit's caselaw. First, the conduct alleged in the Second Amended Complaint "arose out of the conduct, transaction, or occurrence," Fed. R. Civ. P. 15(c)(1)(B), set out in the original complaint. Indeed, the Second Amended Complaint contains no changes in terms of substantive allegations; the only alteration was the addition of the New Plaintiffs.

Second, Plaintiffs satisfy the Ninth Circuit's requirements to allow the addition of a new plaintiff to relate back to the original complaint. In their opposition, Defendants do not contest the first and third requirements—whether they had adequate notice and whether there is an identity of interests between the Plaintiffs—for the purpose of this motion. As the Second Amended Complaint avers the same claims, the Defendants had adequate notice of the claims of the New Plaintiffs. For the purpose of the question of relation back, there is an identity of interests between the original and newly proposed plaintiffs, as all plaintiffs in this putative class action aver the same claims against Defendants.

Defendants do argue that relating the New Plaintiffs' claims back to the original complaint unfairly prejudices them. First, Defendants argue that Plaintiffs are using the consolidation process

1     to alter the substantive rights of the parties, violating a key principle in consolidation. *See Hall v.*

2     *Hall*, 138 S.Ct. 1118, 1130 (2018). The consolidation of the Federal *Messinger* Action with the

3     present action, however, is a distinct issue from the addition of the New Plaintiffs to the Second

4     Amended Complaint. Indeed, the Plaintiffs could have sought to add those very plaintiffs to this

5     action regardless of whether the Federal *Messinger* Action was consolidated with this action.

6     Second, Defendants argue that adding the New Plaintiffs to the Second Amended Complaint

7     unfairly prejudices them as they would lose their statute of limitations defense to the claims in the

8     Federal *Messinger* Action. This argument once again conflates the consolidation of two cases and

9     the addition of plaintiffs to one of those two cases. Defendants may still raise those defenses in the

10     *Messinger* action. Defendants have not demonstrated unfair prejudice regarding the addition of the

11     New Plaintiffs to this action.

12        As Plaintiffs have satisfied the requirements of Rule 15 and the Ninth Circuit, the New

13     Plaintiffs' claims relate back to the original complaint.

**B. Whether *China Agritech* Has Any Application In This Context**

15        Defendants argue that the Supreme Court's caselaw on tolling bars the addition of the New

16     Plaintiffs. For the reasons explained below, this argument—and Defendants' attempts to broaden

17     the holding of *China Agritech*—is unpersuasive.

18        In *China Agritech*, the Supreme Court held that upon denial of class certification, a

19     putative class member may not commence a new class action beyond the time allowed the relevant

20     statute of limitations. 138 S.Ct. at 1804. *China Agritech* thus differentiated the filing of a new

21     class action from the filing of an individual claim, the latter of which may be filed past the

22     expiration of a statute of limitations per the tolling doctrine set out in *American Pipe &*

23     *Construction Company v. Utah*, 414 U.S. 538 (1974). The *China Agritech* holding, however,

24     appears dependent on two conditions: (1) the denial of class certification, and (2) the filing of a

25     new class action after the denial of class certification.

26        Even if the dismissal of the State *Messinger* Action is construed as parallel to the denial of

27     class certification, there is no new class action filed after the denial of class certification at issue

1    here. The Federal *Messinger* Action was indeed filed after the dismissal of the State *Messinger*

2    Action. At issue in this motion, however, is the *Boston Retirement Service* Action, which was

3    timely filed within the relevant statute of limitations in October 2019. There is no new class action

4    within the meaning of *China Agritech*, and thus *China Agritech* does not apply.

5      Defendants argue that *China Agritech*'s holding is broader than the specific factual

6    scenario present in the case, and quote Justice Sotomayor's concurrence to argue that *China*

7    *Agritech* set forth a "blanket no-tolling-of-class-claims-ever rule." 138 S. Ct. at 1814 (Sotomayor,

8    J.). This argument mischaracterizes Justice Sotomayor's concurrence and the majority holding. In

9    discussing the majority's opinion, Justice Sotomayor's reference to a "blanket no-tolling-of-class-

10   claims-ever rule" refers to the rule's application to both PLRSA and non-PLRSA actions and the

11   lack of exceptions to the case's holding that a plaintiff cannot file a *new* class action after the

12   denial of class certification.  *See id.*

13     Multiple circuit courts have agreed that *China Agritech* does not apply to the addition of

14   new plaintiffs to a class action. In *In re Allstate Corporation Securities Litigation*, 966 F.3d 595

15   (7th Cir. 2020), the Seventh Circuit explained that it "[saw] no hint in the *China Agritech* opinion

16   or its reasoning that would support" Allstate's extension of *China Agritech* to "prohibit any

17   addition or substitution of a new class representative within the original class action after the

18   statute of limitations period would have run[.]" *Id.* at 615. Instead, the Seventh Circuit explained

19   that the plaintiffs "sought only to rearrange the seating chart within a single, ongoing action[,]"

20   and that their proposed addition "amounted to an ordinary pleading amendment governed by

21   Federal Rule of Civil Procedure 15." *Id.* at 616. Further, there was no prejudice to the defendant

22   by the addition of a new plaintiff, because "[b]y the end of the limitations period, Allstate already

23   knew it was facing a class action." *Id.* Similarly, the Second Circuit cited *Allstate* to conclude that

24   "[n]othing in *China Agritech* purports to say that equitable tolling does not apply to new class

25   representatives joined within the *same* class action." *Fund Liquidation Hold'gs LLC v. Bank of*

26   *Am. Corp*, 991 F.3d 370, 393 (2d Cir. 2021) (emphasis in original).

27     Defendants argue that the court should disregard these cases, because they did not involve

United States District Court
Northern District of California

a plaintiff who filed a new class action, sought to consolidate that case with an existing class action, and then sought to be added as a new plaintiff to the existing class action. This extra chain of events does not change the answer, though. At issue in this motion is the addition of the New Plaintiffs to an existing class action. If there would be no issue with their addition to the litigation without having taken this circuitous route, there is no issue with their addition despite having taken that route. As the addition of the New Plaintiffs to the existing class action is not an "untimely successive class action[]," *China Agritech*, 138 S.Ct. at 1806, *China Agritech* does not pose a barrier to the addition of new proposed class representatives.

Finally, Defendants' concern that it is inequitable for Plaintiffs to hand-select new class representatives and circumvent a court process of selecting new lead plaintiffs is premature. Despite addition of new proposed class representatives to the complaint, along with new proposed class counsel, it remains the court's decision, at the motion for class certification stage, whether to include the New Plaintiffs as class representatives. The addition of named plaintiffs in the Second Amended Complaint does not automatically morph them into additional court-designated Lead Plaintiffs. Further, the court will consider any concerns about the involvement of too many law firms, and the related concern of overgeneration of fees, at the class certification stage.

### IV. Conclusion

As the addition of the New Plaintiffs relates back to the original pleading, Defendants' motion to dismiss the New Plaintiffs' claims is denied.

**IT IS SO ORDERED**.

Dated: October 1, 2021

_____
RICHARD SEEBORG
Chief United States District Judge