**WILLKIE FARR & GALLAGHER LLP**
Todd G. Cosenza (admitted *pro hac vice*)
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8677
Fax: (212) 728-9677
tcosenza@willkie.com

Simona Agnolucci (CA 246943)
One Front Street
San Francisco, CA 94111
Telephone: (415) 858-7447
Fax: (415) 858-7599
sagnolucci@willkie.com

Joseph G. Davis (CA 157764)
1875 K Street, N.W.
Washington, DC 20006-1238
Telephone: (202) 303-1131
Fax: (202) 303-2131
jdavis@willkie.com

*Attorneys for Defendants Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Barclays Capital Inc., Citigroup Global Markets, Inc., Allen & Company LLC, RBC Capital Markets, LLC, SunTrust Robinson Humphrey, Inc. (n/k/a Truist Securities, Inc.), Deutsche Bank Securities Inc., HSBC Securities (USA) Inc., SMBC Nikko Securities America, Inc., Mizuho Securities USA LLC, Needham & Company, LLC, Loop Capital Markets LLC, Siebert Cisneros Shank & Co., L.L.C., Academy Securities, Inc., BTIG, LLC, Canaccord Genuity LLC, CastleOak Securities, L.P., Cowen and Company, LLC, Evercore Group L.L.C., JMP Securities LLC, Macquarie Capital (USA) Inc., Mischler Financial Group, Inc., Oppenheimer & Co. Inc., Raymond James & Associates, Inc., William Blair & Company, L.L.C., The Williams Capital Group, L.P., and TPG Capital BD, LLC*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| BOSTON RETIREMENT SYSTEM, Individually and on behalf of all others similarly situated, | Case No. 3:19-cv-06361-RS |
| Plaintiff, | |
| v. | Hon. Richard Seeborg |
| UBER TECHNOLOGIES, INC., et al., | |
| Defendants. | |

## ANSWER AND AFFIRMATIVE DEFENSES OF THE UNDERWRITER DEFENDANTS TO THE SECOND AMENDED CLASS ACTION COMPLAINT

Defendants Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Barclays Capital Inc., Citigroup Global Markets, Inc., Allen & Company LLC, RBC Capital Markets, LLC, SunTrust Robinson Humphrey, Inc. (n/k/a Truist Securities, Inc.),  Deutsche Bank Securities Inc., HSBC Securities (USA) Inc., SMBC Nikko Securities America, Inc., Mizuho Securities USA LLC, Needham & Company, LLC, Loop Capital Markets LLC, Siebert Cisneros Shank & Co.,[1] L.L.C., Academy Securities, Inc., BTIG, LLC, Canaccord Genuity LLC, CastleOak Securities, L.P., Cowen and Company, LLC, Evercore Group L.L.C., JMP Securities LLC, Macquarie Capital (USA) Inc., Mischler Financial Group, Inc., Oppenheimer & Co. Inc., Raymond James & Associates, Inc., William Blair & Company, L.L.C., The Williams Capital Group, L.P., and TPG Capital BD, LLC (collectively, the "Underwriter Defendants"), through their undersigned attorneys, respectfully submit this Answer to the Second Amended Class Action Complaint ("Second Amended Complaint") filed on May 14, 2021 by Lead Plaintiff Boston Retirement System ("Plaintiff") (ECF No. 137).[2]

In collectively responding to the allegations of the Second Amended Complaint, the Underwriter Defendants: (i) incorporate into each such response a denial of all allegations in the Second Amended Complaint (including those outside the knowledge or information of the Underwriter Defendants) to the extent that they assert or suggest that the registration statement, as amended, filed on April 26, 2019, and prospectus filed on May 9, 2019 (the "Offering Documents") for the May 2019 initial public offering of Uber Technologies, Inc. ("Uber") common stock (the "Offering" or "IPO") contained material misstatements or omissions, or to the extent that they assert any factual allegations that are inconsistent with or contrary to the Offering Documents, to which the Underwriter Defendants refer for a complete and accurate statement of their contents; (ii) deny any

---

[1] In November 2019, The Williams Capital Group, L.P. merged with Siebert Cisneros Shank & Co., L.L.C. and the surviving entity was renamed Siebert Williams Shank & Co., LLC.

[2] All capitalized terms not otherwise defined in this Answer have the same definitions as in the Second Amended Complaint.

averments in the headings and subheadings of the Second Amended Complaint; and (iii) in all events intend to respond only to allegations directed at each of them individually, and none of the responses should be deemed to be responding to allegations that are directed solely to other defendants.

The Underwriter Defendants further respond to the specific allegations in the Second Amended Complaint as follows:

The Underwriter Defendants deny the allegations contained in the unnumbered paragraph appearing on page 1 of the Second Amended Complaint to the extent that they suggest the Offering Documents contained material misstatements or omissions, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the unnumbered paragraph appearing on page 1 of the Second Amended Complaint.

## NATURE OF THE ACTION

1.     To the extent the allegations in Paragraph 1 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 1, except admit that Lead Plaintiff purports to describe the nature of this action and the putative class that Lead Plaintiff purports to represent.  The Underwriter Defendants also admit that, in connection with its May 10, 2019 IPO, Uber made an initial public offering of over 180,000,000 shares of common stock at a price of $45.00 per share.  The Underwriter Defendants deny that this case is appropriate for class action treatment or that Lead Plaintiff has standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, in connection with the claims against the Underwriter Defendants brought under Sections 11 and 12 of the Securities Act.

2.     To the extent the allegations in Paragraph 2 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 2 and respectfully refer the Court to the Securities Act of 1933 for its contents.

3.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, except admit that Uber conducted its IPO on or about

May 10, 2019, and that Uber was founded and initially incorporated as Ubercab, Inc.

4.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 concerning the knowledge and statements of others, and deny the allegations in Paragraph 4 to the extent that they assert or suggest that the Offering Documents contained material misstatements or omissions.

5.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 concerning the knowledge and statements of others, and deny the allegations in Paragraph 5 to the extent that they assert or suggest that the Offering Documents contained material misstatements or omissions.

6.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 concerning the knowledge and statements of others, and deny the allegations in Paragraph 6 to the extent that they assert or suggest that the Offering Documents contained material misstatements or omissions.  The Underwriter Defendants admit that Defendant Dara Khosrowshahi succeeded Defendant Kalanick as CEO.

7.     The Underwriter Defendants deny the allegations in Paragraph 7, except admit that Uber sold 180,000,00 shares of common stock at $45.00 per share and that the Underwriter Defendants collectively were paid approximately $106 million in underwriting discounts and commissions in connection with the IPO, and respectfully refer the Court to the Offering Documents for a description of the IPO and the underwriting arrangements relating thereto.

8.     The Underwriter Defendants deny the allegations in Paragraph 8, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

9.     The Underwriter Defendants deny the allegations in Paragraph 9, except admit that Uber is headquartered in San Francisco, California and that UberBLACK drivers have commercial registration and commercial insurance while a commercial license is not required for drivers on UberX in most cities, and respectfully refer the Court to the Offering Documents for a true and complete description of Uber's business at the time of the IPO.

10.     The Underwriter Defendants deny the allegations in Paragraph 10, except admit that Uber uses incentives, brand advertising, and direct marketing to attract users to its platform and grow

its business, and respectfully refer the Court to the Offering Documents for a true and complete description of Uber's business at the time of the IPO.

11.    To the extent the allegations in Paragraph 11 state a legal conclusion, no responsive pleading is required.  The Underwriter Defendants deny the remaining allegations in Paragraph 11.

12.    To the extent the allegations in Paragraph 12 state a legal conclusion, no responsive pleading is required.  The Underwriter Defendants deny the remaining allegations in Paragraph 12.

13.    To the extent the allegations in Paragraph 13 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14.    The Underwriter Defendants deny the allegations in Paragraph 14.

15.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge or statements of others in Paragraph 17. The Underwriter Defendants deny the remaining allegations in Paragraph 17.

18.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 concerning historical losses, and respectfully refer the Court to Uber's public filings for a complete and accurate statement of their contents.  The Underwriter Defendants deny the remaining allegations of Paragraph 18.

19.    The Underwriter Defendants deny the allegations in Paragraph 19 to the extent that they assert or suggest that the Offering Documents contained material misstatements or omissions, state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, and respectfully refer the Court to Uber's public filings for a complete and accurate statement of their contents.

20.    To the extent the allegations in Paragraph 20 state a legal conclusion, no responsive

pleading is required. The Underwriter Defendants deny the remaining allegations in Paragraph 20.

21.    To the extent the allegations in Paragraph 21 state a legal conclusion, no responsive pleading is required. The Underwriter Defendants deny the remaining allegations in Paragraph 21.

22.    To the extent the allegations in Paragraph 22 state a legal conclusion, no responsive pleading is required. The Underwriter Defendants deny the remaining allegations in Paragraph 22.

23.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and respectfully refer the Court to the cited documents for a complete and accurate statement of their contents.

24.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

25.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, which are purportedly based on the statements of a former Uber employee whose identity, credibility, reliability, and accuracy have not been established. The Underwriter Defendants deny the allegations in Paragraph 27 to the extent that they assert or suggest that the Offering Documents contained material misstatements or omissions.

28.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, which are purportedly based on the statements of a former Uber employee whose identity, credibility, reliability, and accuracy have not been established. The Underwriter Defendants deny the allegations in Paragraph 28 to the extent that they assert or suggest that the Offering Documents contained material misstatements or omissions.

29.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, which are purportedly based on the statements of a former Uber employee whose identity, credibility, reliability, and accuracy have not been established.

The Underwriter Defendants deny the allegations in Paragraph 29 to the extent that they assert or suggest that the Offering Documents contained material misstatements or omissions.

30.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, which are purportedly based on the statements of a former Uber employee whose identity, credibility, reliability, and accuracy have not been established. The Underwriter Defendants deny the allegations in Paragraph 30 to the extent that they assert or suggest that the Offering Documents contained material misstatements or omissions.

31.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, which are purportedly based on the statements of a former Uber employee whose identity, credibility, reliability, and accuracy have not been established. The Underwriter Defendants deny the allegations in Paragraph 31 to the extent that they assert or suggest that the Offering Documents contained material misstatements or omissions.

32.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, which are purportedly based on the statements of a former Uber employee whose identity, credibility, reliability, and accuracy have not been established. The Underwriter Defendants deny the allegations in Paragraph 32 to the extent that they assert or suggest that the Offering Documents contained material misstatements or omissions.

33.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, which are purportedly based on the statements of a former Uber employee whose identity, credibility, reliability, and accuracy have not been established. The Underwriter Defendants deny the allegations in Paragraph 33 to the extent that they assert or suggest that the Offering Documents contained material misstatements or omissions.

34.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, which are purportedly based on the statements of a former Uber employee whose identity, credibility, reliability, and accuracy have not been established. The Underwriter Defendants deny the allegations in Paragraph 34 to the extent that they assert or suggest that the Offering Documents contained material misstatements or omissions.

35.     The Underwriter Defendants lack knowledge or information sufficient to form a belief

1  as to the truth of the allegations in Paragraph 35, which are purportedly based on the statements of a

2  former Uber employee whose identity, credibility, reliability, and accuracy have not been established.

3  The Underwriter Defendants deny the allegations in Paragraph 35 to the extent that they assert or

4  suggest that the Offering Documents contained material misstatements or omissions.

5      36.    The Underwriter Defendants lack knowledge or information sufficient to form a belief

6  as to the truth of the allegations in Paragraph 36, which are purportedly based on the statements of a

7  former Uber employee whose identity, credibility, reliability, and accuracy have not been established.

8  The Underwriter Defendants deny the allegations in Paragraph 36 to the extent that they assert or

9  suggest that the Offering Documents contained material misstatements or omissions.

10      37.    The Underwriter Defendants lack knowledge or information sufficient to form a belief

11  as to the truth of the allegations in Paragraph 37, which are purportedly based on the statements of a

12  former Uber employee whose identity, credibility, reliability, and accuracy have not been established.

13  The Underwriter Defendants deny the allegations in Paragraph 37 to the extent that they assert or

14  suggest that the Offering Documents contained material misstatements or omissions.

15      38.    The Underwriter Defendants lack knowledge or information sufficient to form a belief

16  as to the truth of the allegations in Paragraph 38, which are purportedly based on the statements of a

17  former Uber employee whose identity, credibility, reliability, and accuracy have not been established.

18  The Underwriter Defendants deny the allegations in Paragraph 38 to the extent that they assert or

19  suggest that the Offering Documents contained material misstatements or omissions.

20      39.    The Underwriter Defendants lack knowledge or information sufficient to form a belief

21  as to the truth of the allegations in Paragraph 39, which are purportedly based on the statements of a

22  former Uber employee whose identity, credibility, reliability, and accuracy have not been established.

23  The Underwriter Defendants deny the allegations in Paragraph 39 to the extent that they assert or

24  suggest that the Offering Documents contained material misstatements or omissions.

25      40.    The Underwriter Defendants lack knowledge or information sufficient to form a belief

26  as to the truth of the allegations in Paragraph 40, which are purportedly based on the statements of a

27  former Uber employee whose identity, credibility, reliability, and accuracy have not been established.

28  The Underwriter Defendants deny the allegations in Paragraph 40 to the extent that they assert or

suggest that the Offering Documents contained material misstatements or omissions.

41.    To the extent the allegations in Paragraph 41 state a legal conclusion, no responsive pleading is required.  The Underwriter Defendants deny the remaining allegations in Paragraph 41.

42.    The Underwriter Defendants deny the allegations in Paragraph 42.

43.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, except deny the allegations in Paragraph 44 to the extent that they assert or suggest that the Offering Documents contained material misstatements or omissions, and respectfully refer the Court to the Offering Documents and the cited report for a complete and accurate statement of their contents.

45.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

46.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

47.    The Underwriter Defendants deny the allegations in Paragraph 47, and respectfully refer the Court to the cited documents for a complete and accurate statement of their contents.

48.    The Underwriter Defendants deny the allegations in Paragraph 48.

49.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, except deny the allegations in Paragraph 49 to the extent that they assert or suggest that the Offering Documents contained material misstatements or omissions, and respectfully refer the Court to Uber's public filings for a complete and accurate statement of their contents.

50.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.

51.    The Underwriter Defendants lack knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 51.

52.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52.

53.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, which are purportedly based on the statements of a former Uber employee whose identity, credibility, reliability, and accuracy have not been established. The Underwriter Defendants deny the allegations in Paragraph 53 to the extent that they assert or suggest that the Offering Documents contained material misstatements or omissions.

54.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, which are purportedly based on the statements of a former Uber employee whose identity, credibility, reliability, and accuracy have not been established.  The Underwriter Defendants deny the allegations in Paragraph 54 to the extent that they assert or suggest that the Offering Documents contained material misstatements or omissions.

55.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55, which are purportedly based on the statements of a former Uber employee whose identity, credibility, reliability, and accuracy have not been established.  The Underwriter Defendants deny the allegations in Paragraph 55 to the extent that they assert or suggest that the Offering Documents contained material misstatements or omissions.

56.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, which are purportedly based on the statements of a former Uber employee whose identity, credibility, reliability, and accuracy have not been established.  The Underwriter Defendants deny the allegations in Paragraph 56 to the extent that they assert or suggest that the Offering Documents contained material misstatements or omissions.

57.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, which are purportedly based on the statements of a former Uber employee whose identity, credibility, reliability, and accuracy have not been established.  The Underwriter Defendants deny the allegations in Paragraph 57 to the extent that they assert or suggest that the Offering Documents contained material misstatements or omissions.

58.     The Underwriter Defendants deny the allegations in Paragraph 58, except admit that Uber's IPO offering price was  $45.00 per share and respectfully refer the Court to public market sources for Uber's common stock prices on relevant days.

## JURISDICTION AND VENUE

59.     To the extent the allegations in Paragraph 59 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 59, except admit that Lead Plaintiff purports to bring this action pursuant to the statutes cited therein.

60.     To the extent the allegations in Paragraph 60 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 60, except admit that this Court has subject matter jurisdiction over this action.

61.     To the extent the allegations in Paragraph 61 state legal conclusions, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 61, except lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 involving defendants other than the Underwriter Defendants, and admit that venue is proper in this District.

62.     To the extent the allegations in Paragraph 62 state legal conclusions, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 62, except lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 involving the defendants other than the Underwriter Defendants, and admit that the Underwriter Defendants used certain means and instrumentalities of interstate commerce in connection with underwriting the Offering.

## PARTIES

**A.     Lead Plaintiff**

63.     To the extent the allegations in Paragraph 63 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants

1
2
3
4
5

lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Lead Plaintiff's purchase of Uber stock, except admit that on December 3, 2019, Lead Plaintiff filed with this Court a certification purporting to identify certain of its transactions in Uber's common stock, and that on January 3, 2020, the Court appointed Boston Retirement System as Lead Plaintiff in this action.  The Underwriter Defendants deny the remaining allegations in Paragraph 63.

6

### B.    Proposed Class Representatives

7
8
9
10
11

64.    To the extent the allegations in Paragraph 64 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the proposed class representative Plaintiff David Messinger's purchase of Uber stock.    The Underwriter Defendants deny the remaining allegations in Paragraph 64.

12
13
14
15
16

65.    To the extent the allegations in Paragraph 65 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the proposed class representative Plaintiff Ellie Marie Toronto ESA's purchase of Uber stock.  The Underwriter Defendants deny the remaining allegations in Paragraph 65.

17
18
19
20
21

66.    To the extent the allegations in Paragraph 66 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the proposed class representative Plaintiff Joseph Cianci's purchase of Uber stock.  The Underwriter Defendants deny the remaining allegations in Paragraph 66.

22
23
24
25
26

67.    To the extent the allegations in Paragraph 67 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the proposed class representatives Plaintiffs Irving S. Braun's and Judith Braun's purchase of Uber stock.  The Underwriter Defendants deny the remaining allegations in Paragraph 67.

27

### C.    Defendants

28

### 1.    The Corporate Defendant

68.    The Underwriter Defendants deny the allegations in Paragraph 68, except admit that Uber is a Delaware corporation headquartered at 1455 Market Street, San Francisco, California, and that Uber's stock is listed under the ticker symbol "UBER" on the New York Stock Exchange ("NYSE").

69.    The Underwriter Defendants deny the allegations in Paragraph 69, except admit that on or about May 10, 2019, Uber conducted an IPO selling 180,000,000 shares of common stock at $45.00 per share, with an over-allotment option for underwriters to sell an additional 27,000,000 shares; and that, in connection with the IPO, the Offering Documents were filed with the SEC on the dates identified.

70.    The Underwriter Defendants deny the allegations in Paragraph 70 on the basis that they do not accurately and completely reflect the contents of the Prospectus, and respectfully refer the Court to the Offering Documents for their true and complete contents.

### 1.    The Individual, Executive, and Selling Stockholder Defendants

71.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71, except admit that Dara Khosrowshahi was Chief Executive Officer and a director on Uber's board at the time of the Offering, and respectfully refer the Court to the Offering Documents for a complete description of such matters.

72.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, except admit that Nelson Chai was Chief Financial Officer of Uber at the time of the Offering, and respectfully refer the Court to the Offering Documents for a complete description of such matters.

73.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, except admit that Glen Ceremony was Chief Accounting Officer and Global Corporate Controller of Uber at the time of the Offering, and respectfully refer the Court to the Offering Documents for a complete description of such matters.

74.    The Underwriter Defendants lack knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 74, except admit that Ronald Sugar was a director and Chairperson of the Board of Directors of Uber at the time of the Offering, and respectfully refer the Court to the Offering Documents for a complete description of such matters.

75.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, except admit that Ursula Burns was a director on Uber's board at the time of the Offering, and respectfully refer the Court to the Offering Documents for a complete description of such matters.

76.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76, except admit that Garrett Camp was a director on Uber's board at the time of the Offering, and respectfully refer the Court to the Offering Documents for a complete description of such matters.

77.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77, except admit that Matt Cohler was a director on Uber's board at the time of the Offering, and respectfully refer the Court to the Offering Documents for a complete description of such matters.

78.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78, except admit that Ryan Graves was a director on Uber's board at the time of the Offering, and respectfully refer the Court to the Offering Documents for a complete description of such matters.

79.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79, except admit that Arianna Huffington was a director on Uber's board at the time of the Offering, and respectfully refer the Court to the Offering Documents for a complete description of such matters.

80.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, except admit that Travis Kalanick was a director on Uber's board at the time of the Offering, and that Mr. Kalanick formerly served as Chief Executive Officer of Uber, and respectfully refer the Court to the Offering Documents for a complete description of such matters.

81.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81, except admit that Wan Ling Martello was a director on Uber's board at the time of the Offering, and respectfully refer the Court to the Offering Documents for a complete description of such matters.

82.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82, except admit that H.E. Yasir Al-Rumayyan was a director on Uber's board at the time of the Offering, and respectfully refer the Court to the Offering Documents for a complete description of such matters.

83.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83, except admit that John Thain was a director on Uber's board at the time of the Offering, and respectfully refer the Court to the Offering Documents for a complete description of such matters.

84.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, except admit that David Trujillo was a director on Uber's board at the time of the Offering, and respectfully refer the Court to the Offering Documents for a complete description of such matters.

85.    No response to Paragraph 85, which contains no allegations, is required.

86.    To the extent the allegations in Paragraph 86 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 86, except admit that each of the Individual Defendants signed or authorized the signing of the Registration Statements, and further lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations pertaining to defendants other than the Underwriter Defendants.

87.    The Underwriter Defendants deny the allegations in Paragraph 87, except admit that the Underwriter Defendants performed underwriting services in connection with the IPO, and respectfully refer the Court to the Offering Documents for a description of the IPO and the underwriting arrangements relating thereto.

88.    To the extent the allegations in Paragraph 88 state a legal conclusion, no responsive

pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 88.

### 1.    The Underwriter Defendants

89.    The Underwriter Defendants deny the allegations in Paragraph 89, except admit that Morgan Stanley was an underwriter of the Offering, acted as a representative of the Underwriter Defendants, and agreed to underwrite 68,796,612 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of Morgan Stanley's role in the Offering.

90.    The Underwriter Defendants deny the allegations in Paragraph 90, except admit that GS&Co. was an underwriter of the Offering, acted as a representative of the Underwriter Defendants, and agreed to underwrite 35,864,408 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of GS&Co.'s role in the Offering.

91.    The Underwriter Defendants deny the allegations in Paragraph 91, except admit that Merrill Lynch was an underwriter of the Offering and agreed to underwrite 17,813,560 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of Merrill Lynch's role in the Offering.

92.    The Underwriter Defendants deny the allegations in Paragraph 92, except admit that Barclays was an underwriter of the Offering and agreed to underwrite 11,231,104 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of Barclays's role in the Offering.

93.    The Underwriter Defendants deny the allegations in Paragraph 93, except admit that Citigroup was an underwriter of the Offering and agreed to underwrite 11,231,104 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of Citigroup's role in the Offering.

94.    The Underwriter Defendants deny the allegations in Paragraph 94, except admit that Allen & Company was an underwriter of the Offering and agreed to underwrite 10,296,610 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of Allen & Company's role in the Offering.

95.     The Underwriter Defendants deny the allegations in Paragraph 95, except admit that RBC was an underwriter of the Offering and agreed to underwrite 2,994,961 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of RBC's role in the Offering.

96.     The Underwriter Defendants deny the allegations in Paragraph 96, except admit that SunTrust was an underwriter of the Offering and agreed to underwrite 2,745,763 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of SunTrust's role in the Offering.

97.     The Underwriter Defendants deny the allegations in Paragraph 97, except admit that Deutsche Bank was an underwriter of the Offering and agreed to underwrite 2,745,763 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of Deutsche Bank's role in the Offering.

98.     The Underwriter Defendants deny the allegations in Paragraph 98, except admit that HSBC was an underwriter of the Offering and agreed to underwrite 2,288,136 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of HSBC's role in the Offering.

99.     The Underwriter Defendants deny the allegations in Paragraph 99, except admit that SMBC was an underwriter of the Offering and agreed to underwrite 1,525,424 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of SMBC's role in the Offering.

100.     The Underwriter Defendants deny the allegations in Paragraph 100, except admit that Mizuho was an underwriter of the Offering and agreed to underwrite 1,525,424 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of Mizuho's role in the Offering.

101.     The Underwriter Defendants deny the allegations in Paragraph 101, except admit that Needham was an underwriter of the Offering and agreed to underwrite 915,127 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of Needham's role in the Offering.

102.    The Underwriter Defendants deny the allegations in Paragraph 102, except admit that Loop was an underwriter of the Offering and agreed to underwrite 838,983 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of Loop's role in the Offering.

103.    The Underwriter Defendants deny the allegations in Paragraph 103, except admit that Siebert was an underwriter of the Offering, and respectfully refer the Court to the Offering Documents for a complete description of Siebert's role in the Offering.

104.    The Underwriter Defendants deny the allegations in Paragraph 104, except admit that Academy was an underwriter of the Offering and agreed to underwrite 610,169 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of Academy's role in the Offering.

105.    The Underwriter Defendants deny the allegations in Paragraph 105, except admit that BTIG was an underwriter of the Offering and agreed to underwrite 610,169 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of BTIG's role in the Offering.

106.    The Underwriter Defendants deny the allegations in Paragraph 106, except admit that Canaccord was an underwriter of the Offering and agreed to underwrite 610,169 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of Canaccord's role in the Offering.

107.    The Underwriter Defendants deny the allegations in Paragraph 107, except admit that CastleOak was an underwriter of the Offering and agreed to underwrite 610,169 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of CastleOak's role in the Offering.

108.    The Underwriter Defendants deny the allegations in Paragraph 108, except admit that Cowen was an underwriter of the Offering and agreed to underwrite 610,169 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of Cowen's role in the Offering.

109.    The Underwriter Defendants deny the allegations in Paragraph 109, except admit that

Evercore was an underwriter of the Offering and agreed to underwrite 665,547 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of Evercore's role in the Offering.

110.    The Underwriter Defendants deny the allegations in Paragraph 110, except admit that JMP was an underwriter of the Offering and agreed to underwrite 610,169 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of JMP's role in the Offering.

111.    The Underwriter Defendants deny the allegations in Paragraph 111, except admit that Macquarie was an underwriter of the Offering and agreed to underwrite 610,169 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of Macquarie's role in the Offering.

112.    The Underwriter Defendants deny the allegations in Paragraph 112, except admit that Mischler was an underwriter of the Offering and agreed to underwrite 610,169 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of Mischler's role in the Offering.

113.    The Underwriter Defendants deny the allegations in Paragraph 113, except admit that Oppenheimer was an underwriter of the Offering and agreed to underwrite 665,547 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of Oppenheimer's role in the Offering.  v

114.    The Underwriter Defendants deny the allegations in Paragraph 114, except admit that Raymond James was an underwriter of the Offering and agreed to underwrite 610,169 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of Raymond James's role in the Offering.

115.    The Underwriter Defendants deny the allegations in Paragraph 115, except admit that William Blair was an underwriter of the Offering and agreed to underwrite 610,169 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of William Blair's role in the Offering.

116.    The Underwriter Defendants deny the allegations in Paragraph 116, except admit that

Williams Capital was an underwriter of the Offering and agreed to underwrite 610,169 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of Williams Capital's role in the Offering.

117. The Underwriter Defendants deny the allegations in Paragraph 117, except admit that TPG Capital BD, LLC was an underwriter of the Offering and agreed to underwrite 305,085 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of TPG Capital BD, LLC's role in the Offering.

118. No response to Paragraph 118, which contains no allegations, is required.

119. The Underwriter Defendants deny the allegations in Paragraph 119, except admit that the Underwriter Defendants performed underwriting services with respect to the IPO and that the Underwriter Defendants collectively were paid approximately $106 million in underwriting discounts and commissions in connection with the IPO

120. The Underwriter Defendants deny the allegations in Paragraph 120, except admit that the Underwriter Defendants performed underwriting services with respect to the IPO.

121. The Underwriter Defendants deny the allegations in Paragraph 121, except admit that the underwriting agreement contains indemnification provisions and provisions concerning insurance.

122. To the extent the allegations of Paragraph 122 state legal conclusions, no responsive pleading is required. The Underwriter Defendants deny the remaining allegations in Paragraph 122, except admit that the Underwriter Defendants performed underwriting services with respect to the IPO and conducted due diligence in connection therewith.

123. To the extent the allegations of Paragraph 123 state legal conclusions, no responsive pleading is required The Underwriter Defendants deny the remaining allegations in Paragraph 123, except admit that the Underwriter Defendants performed underwriting services with respect to the IPO and conducted due diligence in connection therewith.

124. To the extent the allegations in Paragraph 124 state a legal conclusion, no responsive pleading is required. To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 124.

**FORMER UBER EMPLOYEES WHO SUBSTANTIATE THE ALLEGATIONS**

125.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125, which are purportedly based on the statements of former Uber employees whose identity, credibility, reliability, and accuracy have not been established.  The allegations in footnote 2 state a legal conclusion to which no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in footnote 2.

## SUBSTANTIVE ALLEGATIONS

A.     **Uber's History as a Transportation Business**

126.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126, except admit that Uber was founded in 2009 and initially incorporated in July 2010 as Ubercab, Inc.

127.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127, except admit that Defendants Camp and Kalanick co-founded Ubercab.

128.     The Underwriter Defendants admit that Uber changed its name to Uber Technologies, Inc. in February 2011.

129.     The Underwriter Defendants deny the allegations in Paragraph 129 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.

130.     To the extent that the allegations in Paragraph 130 purport to summarize information in the Offering Documents, the Underwriter Defendants deny that Paragraph 130 is a complete or accurate summary, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 130.

131.     The Underwriter Defendants deny the allegations in Paragraph 131 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter

Defendants deny the remaining allegations in Paragraph 131.

132.    To the extent that the allegations in Paragraph 132 purport to summarize information in the Offering Documents, the Underwriter Defendants deny that Paragraph 132 is a complete or accurate summary, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 132.

133.    To the extent that the allegations in Paragraph 133 purport to summarize information in the Offering Documents, the Underwriter Defendants deny that Paragraph 133 is a complete or accurate summary, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in 133.

134.    The Underwriter Defendants deny the allegations in Paragraph 134 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 134.

135.    The Underwriter Defendants deny the allegations in Paragraph 135 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 135.

136.    The Underwriter Defendants deny the allegations in Paragraph 136 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 136.

137.    To the extent that the allegations in Paragraph 137 purport to summarize information in the Offering Documents, the Underwriter Defendants deny that Paragraph 137 is a complete or accurate summary, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 137.

138.    To the extent that the allegations in Paragraph 138 purport to summarize information in the Offering Documents, the Underwriter Defendants deny that Paragraph 138 is a complete or

accurate summary, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 138.

139.    To the extent that the allegations in Paragraph 139 purport to summarize information in the Offering Documents, the Underwriter Defendants deny that Paragraph 139 is a complete or accurate summary, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 139.

140.    To the extent that the allegations in Paragraph 140 purport to summarize information in the Offering Documents, the Underwriter Defendants deny that Paragraph 140 is a complete or accurate summary, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 140.

141.    To the extent that the allegations in Paragraph 141 purport to summarize information in the Offering Documents, the Underwriter Defendants deny that Paragraph 141 is a complete or accurate summary, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 141.

142.    To the extent that the allegations in Paragraph 142 purport to summarize information in the Offering Documents, the Underwriter Defendants deny that Paragraph 142 is a complete or accurate summary, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 142.

143.    To the extent that the allegations in Paragraph 143 purport to summarize information in the Offering Documents, the Underwriter Defendants deny that Paragraph 143 is a complete or accurate summary, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 143.

144.    To the extent the allegations in Paragraph 144 state a legal conclusion, no responsive pleading is required.  The Underwriter Defendants deny the remaining allegations in Paragraph 144.

**A.    Uber's Toxic Culture and its Purported Attempts to Change**

145.    The Underwriter Defendants deny the allegations in Paragraph 145 on the basis that

they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents. The Underwriter Defendants deny the remaining allegations in Paragraph 145.

146. The Underwriter Defendants deny the allegations in Paragraph 146 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents. The Underwriter Defendants deny the remaining allegations in Paragraph 146.

147. The Underwriter Defendants deny the allegations in Paragraph 147 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents. The Underwriter Defendants deny the remaining allegations in Paragraph 147.

148. The Underwriter Defendants deny the allegations in Paragraph 148 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents. The Underwriter Defendants deny the remaining allegations in Paragraph 148.

149. To the extent that the allegations in Paragraph 149 purport to summarize information in publicly-available news reports, the Underwriter Defendants deny that Paragraph 149 is a complete or accurate summary of those reports, and respectfully refer the Court to the referenced news reports for their true and complete contents. To the extent a further response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 concerning the knowledge and statements of others.

150. To the extent that the allegations in Paragraph 150 purport to summarize information in publicly-available news reports, the Underwriter Defendants deny that Paragraph 150 is a complete or accurate summary of those reports, and respectfully refer the Court to the referenced news reports for their true and complete contents. To the extent a further response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 concerning the knowledge and statements of others.

151. To the extent that the allegations in Paragraph 151 purport to summarize information

in the Offering Documents and the report publicly released by former Attorney General Eric Holder, the Underwriter Defendants deny that Paragraph 151 is a complete or accurate summary, and respectfully refer the Court to the Offering Documents and the publicly released Holder report for their true and complete contents.  To the extent a further response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 151.

152.    To the extent that the allegations in Paragraph 152 purport to summarize information in the Holder report, the Underwriter Defendants deny that Paragraph 152 is a complete or accurate summary, and respectfully refer the Court to the publicly released Holder report for its true and complete contents.  To the extent a further response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 152.

153.    The Underwriter Defendants deny the allegations in Paragraph 153 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 153, except admit that Uber hired Defendant Khosrowshahi in September 2017, and that his 2018 compensation and 2017 – 2018 equity awards were accurately disclosed in the Offering Documents

154.    The Underwriter Defendants deny the allegations in Paragraph 154 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.

155.    The Underwriter Defendants deny the allegations in Paragraph 155 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.

**A.    The Offering Documents Contained Materially False and Misleading Statements of Fact and Omitted Material Information**

156.    To the extent the allegations in Paragraph 156 state a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the

allegations in Paragraph 156.

**1.    The Offering Documents Contained Misstatements and Omissions About Uber's Illegal Business Model and Growth Strategy**

157.    To the extent the allegations in Paragraph 157 state a legal conclusion, no responsive pleading is required.  The Underwriter Defendants deny the remaining allegations in Paragraph 157, and respectfully refer the Court to the Offering Documents for their true and complete contents.

158.    The Underwriter Defendants deny the allegations in Paragraph 158 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 158.

159.    The Underwriter Defendants deny the allegations in Paragraph 159 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 159.

160.    The Underwriter Defendants deny the allegations in Paragraph 160 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 160.

161.    The Underwriter Defendants deny the allegations in Paragraph 161 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.

162.    The Underwriter Defendants deny the allegations in Paragraph 162 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 162.

163.    The Underwriter Defendants deny the allegations in Paragraph 163 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.

164.    The Underwriter Defendants deny the allegations in Paragraph 164 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 164.

165.    The Underwriter Defendants deny the allegations in Paragraph 165 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 165.

166.    The Underwriter Defendants deny the allegations in Paragraph 166 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 166.

167.    The Underwriter Defendants deny the allegations in Paragraph 167 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.

168.    The Underwriter Defendants deny the allegations in Paragraph 168 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 168.

169.    The Underwriter Defendants deny the allegations in Paragraph 169 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 169.

170.    The Underwriter Defendants deny the allegations in Paragraph 170 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 170.

171.    To the extent the allegations in Paragraph 171, including sub-paragraphs (a) through

(h), state legal conclusions, no responsive pleading is required.  The Underwriter Defendants deny the remaining allegations in Paragraph 171, including sub-paragraphs (a) through (h).

### 2. The Offering Documents Contained Misstatements and Omissions About Uber Passenger Safety

172.    The Underwriter Defendants deny the allegations in Paragraph 172.

173.    The Underwriter Defendants deny the allegations in Paragraph 173 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 173.

174.    The Underwriter Defendants deny the allegations in Paragraph 174 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 174.

175.    The Underwriter Defendants deny the allegations in Paragraph 175 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 175.

176.    The Underwriter Defendants deny the allegations in Paragraph 176 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 176.

177.    The Underwriter Defendants deny the allegations in Paragraph 177 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 177.

178.    The Underwriter Defendants deny the allegations in Paragraph 178 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.

179.    The Underwriter Defendants deny the allegations in Paragraph 179 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 179.

180.    To the extent the allegations in Paragraph 180, including sub-paragraphs (a) through (j), state a legal conclusion, no responsive pleading is required.  The Underwriter Defendants deny the remaining allegations in Paragraph 180, including sub-paragraphs (a) through (j).

### 3.    The Offering Documents Contained Misstatements and Omissions About Uber's Financial Condition

181.    The Underwriter Defendants deny the allegations in Paragraph 181.

182.    The Underwriter Defendants deny the allegations in Paragraph 182 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 182.

183.    The Underwriter Defendants deny the allegations in Paragraph 183 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 183.

184.    The Underwriter Defendants deny the allegations in Paragraph 184 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 184.

185.    The Underwriter Defendants deny the allegations in Paragraph 185 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.

186.    The Underwriter Defendants deny the allegations in Paragraph 186 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter

Defendants deny the remaining allegations in Paragraph 186.

187.    The Underwriter Defendants deny the allegations in Paragraph 187 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 187.

188.    The Underwriter Defendants deny the allegations in Paragraph 188 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 188.

189.    To the extent the allegations in Paragraph 189, including sub-paragraphs (a) through (f), state a legal conclusion, no responsive pleading is required.  The Underwriter Defendants deny the remaining allegations in Paragraph 189, including sub-paragraphs (a) through (f).

**4.    The Offering Documents Failed to Disclose and Misrepresented Significant Risks That Made the Offering More Speculative and Risky**

190.    To the extent the allegations in Paragraph 190 state a legal conclusion, no responsive pleading is required.  The Underwriter Defendants deny the remaining allegations in Paragraph 186.

**(a)    Materially Misleading Business Model Risk Factors**

191.    The Underwriter Defendants deny the allegations in Paragraph 191 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 191.

192.    The Underwriter Defendants deny the allegations in Paragraph 192 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 192.

193.    The Underwriter Defendants deny the allegations in Paragraph 193 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully

refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 193.

194.    The Underwriter Defendants deny the allegations in Paragraph 194 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 194.

195.    The Underwriter Defendants deny the allegations in Paragraph 195 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 195.

196.    The Underwriter Defendants deny the allegations in Paragraph 196 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 196.

197.    To the extent the allegations in Paragraph 197, including sub-paragraphs (a) through (i), state legal conclusions, no responsive pleading is required.  The Underwriter Defendants deny the remaining allegations in Paragraph 197, including sub-paragraphs (a) through (i).

**(b)    Materially Misleading Passenger Safety Risk Factors**

198.    The Underwriter Defendants deny the allegations in Paragraph 198 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 198.

199.    The Underwriter Defendants deny the allegations in Paragraph 199 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 199.

200.    The Underwriter Defendants deny the allegations in Paragraph 200 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully

refer the Court to the Offering Documents for their true and complete contents. The Underwriter Defendants deny the remaining allegations in Paragraph 200.

201. The Underwriter Defendants deny the allegations in Paragraph 201 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents. The Underwriter Defendants deny the remaining allegations in Paragraph 201.

202. To the extent the allegations in Paragraph 202, including sub-paragraphs (a) through (j), state legal conclusions, no responsive pleading is required. The Underwriter Defendants deny the remaining allegations in Paragraph 202, including sub-paragraphs (a) through (j).

**(c)    Materially Misleading Financial Condition Risk Factors**

203. To the extent the allegations in Paragraph 203 state a legal conclusion, no responsive pleading is required. To the extent a further response is required, the Underwriter Defendants deny the remaining allegations in Paragraph 203.

204. The Underwriter Defendants deny the allegations in Paragraph 204 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents. The Underwriter Defendants deny the remaining allegations in Paragraph 204.

205. The Underwriter Defendants deny the allegations in Paragraph 205 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents. The Underwriter Defendants deny the remaining allegations in Paragraph 205.

206. The Underwriter Defendants deny the allegations in Paragraph 206 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents. The Underwriter Defendants deny the remaining allegations in Paragraph 206.

207. To the extent the allegations in Paragraph 207, including sub-paragraphs (a) through (f), state legal conclusions, no responsive pleading is required. The Underwriter Defendants deny the remaining allegations in Paragraph 207, including sub-paragraphs (a) through (f).

**5.** **The Offering Documents Failed to Disclose Adverse Trends, Passenger Safety Uncertainties, and Significant Risks Regarding Uber's Business Model**

208. To the extent the allegations in Paragraph 208 state legal conclusions, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 208.

**D.** **Additional Facts Demonstrating That the Offering Documents Were False and Misleading at the Time of the Offering**

209. To the extent the allegations in Paragraph 209 state a legal conclusion, no responsive pleading is required. The Underwriter Defendants deny the remaining allegations in Paragraph 209.

**1.** **Post-IPO Events Demonstrating That Uber's Illegal Business Model and the Risks It Posed Existed Prior to the Offering**

210. To the extent the allegations in Paragraph 210 state a legal conclusion, no responsive pleading is required. The Underwriter Defendants deny the remaining allegations in Paragraph 210.

**(a)** **Uber's Domestic and International Illegal Operation**

211. To the extent the allegations in Paragraph 211 state a legal conclusion, no responsive pleading is required. The Underwriter Defendants deny the remaining allegations in Paragraph 211.

212. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

213. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213, and respectfully refer the Court to the cited documents for a complete and accurate statement of their contents.

214. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214, and respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

215. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215, and respectfully refer the Court to the cited

documents for a complete and accurate statement of their contents.

216.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216, and respectfully refer the Court to the cited documents for a complete and accurate statement of their contents.

217.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

218.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 218, and respectfully refer the Court to the cited media reports for a complete and accurate statement of their contents.

219.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 219, and respectfully refer the Court to the cited book for a complete and accurate statement of its contents.

220.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220, and respectfully refer the Court to the cited book for a complete and accurate statement of its contents.

221.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 221, and respectfully refer the Court to the cited book for a complete and accurate statement of its contents.

222.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 222, and respectfully refer the Court to the cited book for a complete and accurate statement of its contents.

223.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223, and respectfully refer the Court to the cited book for a complete and accurate statement of its contents.

224.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224, and respectfully refer the Court to the cited book for a complete and accurate statement of its contents.

225.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224, and respectfully refer the Court to the cited book for a complete and accurate statement of its contents.

226.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 226, and respectfully refer the Court to the cited book for a complete and accurate statement of its contents.

227.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227, and respectfully refer the Court to the cited media reports for a complete and accurate statement of their contents.

228.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 228, and respectfully refer the Court to the cited media reports for a complete and accurate statement of their contents.

229.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 229, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

### (a)     Uber's Misclassification of Workers

230.     To the extent the allegations in Paragraph 230 state a legal conclusion, no responsive pleading is required.  The Underwriter Defendants deny the remaining allegations in Paragraph 230.

231.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 231, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

232.     To the extent the allegations in Paragraph 232 state a legal conclusion, no responsive pleading is required.  To the extent a further response is required, the Underwriter Defendants respectfully refer the Court to the cited bill and case for a complete and accurate statement of their contents, except admit that the California State Assembly passed AB5 on May 29, 2019.

233.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233, and respectfully refer the Court to the media report

for a complete and accurate statement of its contents.

234.    To the extent the allegations in Paragraph 234 state a legal conclusion, no responsive pleading is required.  The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 234, except deny the allegations in Paragraph 234 to the extent that they assert or suggest that the Offering Documents contained material misstatements or omissions, and respectfully refer the Court to the cited Op-Ed for a complete and accurate statement of its contents.

235.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235, and respectfully refer the Court to the cited media reports for a complete and accurate statement of their contents.

236.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 236, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

237.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237, and respectfully refer the Court to the cited decision for a complete and accurate statement of its contents.

238.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 238, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

239.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239, and respectfully refer the Court to the cited Op-Ed for a complete and accurate statement of its contents.

240.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

241.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

242.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

243.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

244.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents, except admit that the California Senate passed AB5 on September 11, 2019.

245.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 245, and respectfully refer the Court to the cited media reports for a complete and accurate statement of their contents.

246.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246, and respectfully refer the Court to the cited media reports for a complete and accurate statement of their contents.

247.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 247, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents, except admit that Governor Newsome signed AB5 into law in California on September 18, 2019.

248.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 248, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

249.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 249, and respectfully refer the Court to the cited reports and documents for a complete and accurate statement of their contents.

   **2.**  **Post-IPO Events Demonstrating That Uber's Rampant Passenger Safety Issues Existed Prior to the Offering**

250.     The Underwriter Defendants deny the allegations in Paragraph 250.

251.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 251, and respectfully refer the Court to the cited documents and reports for a complete and accurate statement of their contents.

252.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 252, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

253.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 253, and respectfully refer the Court to the cited media reports for a complete and accurate statement of their contents.

254.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 254, and respectfully refer the Court to the cited book for a complete and accurate statement of its contents.

255.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 255, and respectfully refer the Court to the cited book for a complete and accurate statement of its contents.

256.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 256, and respectfully refer the Court to the cited book for a complete and accurate statement of its contents.

257.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 257, and respectfully refer the Court to the cited book and media report for a complete and accurate statement of their contents.

258.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 258, and respectfully refer the Court to the cited book and media report for a complete and accurate statement of their contents.

259.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 259, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

260.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 260, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

261.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 261, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

262.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 262, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

263.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 263, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

264.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 264, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

265.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 265, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

266.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 266, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

267.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 267, and respectfully refer the Court to the cited media report and court filings for a complete and accurate statement of their contents.

268.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 268, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

269.     The Underwriter Defendants lack knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 269, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

270. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 270, and respectfully refer the Court to the cited letter for a complete and accurate statement of its contents.

271. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 271, and respectfully refer the Court to the cited letter for a complete and accurate statement of its contents.

272. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 272, and respectfully refer the Court to the cited letter and media report for a complete and accurate statement of their contents.

273. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 273, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

274. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 274, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

275. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 275, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

276. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 276, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

277. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 277, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

278. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 278, and respectfully refer the Court to the cited media

report for a complete and accurate statement of its contents.

279.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 279, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

280.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 280, and respectfully refer the Court to the cited media reports for a complete and accurate statement of their contents.

281.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 281, and respectfully refer the Court to the cited tweets for a complete and accurate statement of their contents.

282.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 282, and respectfully refer the Court to the cited tweet for a complete and accurate statement of its contents.

283.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 283, and respectfully refer the Court to the cited tweet for a complete and accurate statement of its contents.

284.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 284, and respectfully refer the Court to the cited media reports for a complete and accurate statement of their contents.

285.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 285, and respectfully refer the Court to the cited statement for a complete and accurate statement of its contents.

286.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 286, and respectfully refer the Court to the cited media reports for a complete and accurate statement of their contents.

287.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 287, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

288.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 288, and respectfully refer the Court to the cited U.S. Safety Report for a complete and accurate statement of its contents, except admit that Uber released its U.S. Safety Report on December 5, 2019.

289.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 289, and respectfully refer the Court to the cited report for a complete and accurate statement of its contents.

290.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 290, and respectfully refer the Court to the cited report for a complete and accurate statement of its contents.

291.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 291, and respectfully refer the Court to the cited report for a complete and accurate statement of its contents.

292.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 292, and respectfully refer the Court to the cited report for a complete and accurate statement of its contents.

293.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 293, and respectfully refer the Court to the cited report for a complete and accurate statement of its contents.

294.     To the extent the allegations in Paragraph 294 state a legal conclusion, no responsive pleading is required.  The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 294, except deny the allegations in Paragraph 294 to the extent that they assert or suggest that the Offering Documents contained material misstatements or omissions, and respectfully refer the Court to the cited report for a complete and accurate statement of its contents.

295.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 295.

296.     The Underwriter Defendants lack knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 296, and respectfully refer the Court to the cited media reports for a complete and accurate statement of their contents.

297.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 297, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

298.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 298, and respectfully refer the Court to the cited media report and tweet for a complete and accurate statement of their contents.

299.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 299, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

300.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 300, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

301.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 301, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

### 3.    Post-IPO Events Demonstrating That Uber's Financial Condition Was Worse Than the Offering Documents Led Investors to Believe

302.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 302, except deny the allegations in Paragraph 302 to the extent that they assert or suggest that the Offering Documents contained material misstatements or omissions.

303.    To the extent that the allegations of Paragraph 303 purport to summarize the contents of Uber's Q1 2019 earnings release, the Underwriter Defendants deny the allegations on the basis that they do not accurately or completely reflect the content of that earnings release.  The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 303, except admit that Uber reported its Q1 2019 results on May 30, 2019.

304.     The Underwriter Defendants deny the allegations in Paragraph 304 on the basis that they do not accurately and completely reflect the cited media report, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.  The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 304.

305.     The Underwriter Defendants deny the allegations in Paragraph 305 on the basis that they do not accurately and completely reflect the cited media report, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.  The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 305.

306.     The Underwriter Defendants deny the allegations in Paragraph 306 on the basis that they do not accurately and completely reflect the cited media report, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.  The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 306.

307.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 307, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

308.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 308, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

309.     To the extent the allegations in Paragraph 309 state legal conclusions, no responsive pleading is required.  The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 309, except deny the allegations in Paragraph 309 to the extent that they assert or suggest that the Offering Documents contained material misstatements or omissions, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

310.     The Underwriter Defendants lack knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 310.

311.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 311, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

312.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 312, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

313.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 313, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

314.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 314, and respectfully refer the Court to Uber's public filings for a complete and accurate statement of their contents.

315.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 315, and respectfully refer the Court to Uber's public filings for a complete and accurate statement of their contents.

316.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 316, and respectfully refer the Court to  Uber's public filings for a complete and accurate statement of their contents.

317.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 317, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

318.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 318, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

319.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 319, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

320.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 320, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

321.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 321, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

322.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 322, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

323.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 323, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

324.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 324, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

325.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 325, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

326.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 326, and respectfully refer the Court to the cited book for a complete and accurate statement of its contents.

327.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 327, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

328.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 328, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

329.    The Underwriter Defendants lack knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 329, and respectfully refer the Court to Uber's public filings for a complete and accurate statement of their contents.

330.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 330, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

331.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 331, and respectfully refer the Court to the cited media report for a complete and accurate statement of its contents.

332.    The Underwriter Defendants deny the allegations in Paragraph 332, except admit that Uber's IPO common stock price was $45.00 per share, and respectfully refer the Court to public market sources for Uber's common stock prices on relevant days.

333.    To the extent the allegations in Paragraph 333 state legal conclusions, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 333, except admit that Lead Plaintiff purports to describe the nature of this action and the putative class that Lead Plaintiff purports to represent.

334.    To the extent the allegations in Paragraph 334 state legal conclusions, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 334, except admit that Lead Plaintiff purports his basis for bringing this action as a putative class action and that Uber sold 180 million shares of common stock in the IPO.

335.    To the extent the allegations in Paragraph 335 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 335, except admit that Lead Plaintiff purports to describe its basis for bringing this action as a putative class action.

336.    To the extent the allegations in Paragraph 336 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 336, except admit that Lead Plaintiff purports to describe its basis for bringing this action as a putative class action.

337.    To the extent the allegations in Paragraph 337 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 337, except admit that Lead Plaintiff purports to describe its basis for bringing this action as a putative class action.

338.    To the extent the allegations in Paragraph 338 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 338, except admit that Lead Plaintiff purports to describe its basis for bringing this action as a putative class action.

<u>**COUNT 1**</u>
<u>**FOR VIOLATION OF SECTION 11 OF THE SECURITIES ACT**</u>
<u>**AGAINST ALL DEFENDANTS**</u>

339.    The Underwriter Defendants incorporate by reference their responses to each and every allegation above.

340.    To the extent the allegations in Paragraph 340 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 340 and deny that this case is appropriate for class action treatment, except admit that Lead Plaintiff purports to bring his claim under Section 11 of the Securities Act as described therein.

341.    To the extent the allegations in Paragraph 341 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 341, except admit that Lead Plaintiff purports to bring his claim under Section 11 of the Securities Act as described therein.

342.    To the extent the allegations in Paragraph 342 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 342.

343.    Because the allegations in Paragraph 343 are not directed at the Underwriter Defendants, no responsive pleading is required.  Moreover, to the extent the allegations in Paragraph 343 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading

is required, the Underwriter Defendants deny the allegations in Paragraph 343, except admit that Uber is the registrant and issuer of the common stock sold pursuant to the Registration Statement.

344.    To the extent the allegations in Paragraph 344 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 344.

345.    Because the allegations in Paragraph 345 are not directed at the Underwriter Defendants, no responsive pleading is required.  Moreover, to the extent the allegations in Paragraph 345 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 345, except deny the allegations in Paragraph 345 to the extent that they assert or suggest that the Offering Documents contained material misstatements or omissions, and admit that the Individual Defendants signed or authorized the signing of the Registration Statement.

346.    To the extent the allegations in Paragraph 346 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 346, except admit that each of the Underwriter Defendants was an underwriter of the securities offered in the IPO.

347.    To the extent the allegations in Paragraph 347 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 347.

348.    To the extent the allegations in Paragraph 348 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 348.

349.    To the extent the allegations in Paragraph 349 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 349.

350.    To the extent the allegations in Paragraph 350 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants

lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 350, except deny the allegations in Paragraph 350 to the extent that they assert or suggest that the Offering Documents contained material misstatements or omissions, and admit that this action was commenced within three years of the IPO.

**COUNT II**
**FOR VIOLATION OF SECTION 12(A)(2) OF THE SECURITIES ACT**
**AGAINST ALL DEFENDANTS**

351.    The Underwriter Defendants incorporate by reference their responses to each and every allegation above.

352.    To the extent the allegations in Paragraph 352 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 352 and deny that this case is appropriate for class action treatment, except admit that Lead Plaintiff purports to bring his claim under Section 12 of the Securities Act as described therein.

353.    To the extent the allegations in Paragraph 353 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 353, except admit that Lead Plaintiff purports to bring his claim under Section 12(a)(2) of the Securities Act as described therein.

354.    To the extent the allegations in Paragraph 354 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 354, except admit that Underwriter Defendants performed underwriting services in connection with the IPO.

355.    To the extent the allegations in Paragraph 355 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 355.

356.    To the extent the allegations in Paragraph 356 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 356.

357.    To the extent the allegations in Paragraph 357 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 357, except deny the allegations in Paragraph 357 to the extent that they assert or suggest that the Offering Documents contained material misstatements or omissions.

358.    To the extent the allegations in Paragraph 358 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 358.

**COUNT III**
**FOR VIOLATION OF SECTION 15 OF THE SECURITIES ACT**
**AGAINST THE INDIVIDUAL DEFENDANTS**

359-364.    Because the allegations in Paragraphs 359 through 364 are not directed at the Underwriter Defendants, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraphs 359 through 364 to the extent that they assert or suggest that the Offering Documents contained material misstatements or omissions.

**PRAYER FOR RELIEF**

361.    The Underwriter Defendants deny that Lead Plaintiff and the putative class are entitled to any relief against the Underwriter Defendants, and the Underwriter Defendants respectfully request that the Court dismiss all the claims against them with prejudice and order such further relief as the Court deems just and proper.  The Underwriter Defendants further deny that this case is appropriate for class action treatment.

**JURY TRIAL DEMANDED**

362.    No response is required to Lead Plaintiff's demand for a jury trial.

**AFFIRMATIVE DEFENSES**

Without assuming any burden of proof, persuasion or production not otherwise legally

assigned to them as to any element of Plaintiffs'[3] claims, the Underwriter Defendants assert the following affirmative and other defenses.  The Underwriter Defendants reserve the right to amend this Answer to raise additional defenses, cross-claims, and third-party claims, not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to allege facts sufficient to state a claim under Sections 11 or 12(a)(2) of the Securities Act upon which relief may be granted against the Underwriter Defendants.

## SECOND AFFIRMATIVE DEFENSE

Lead Plaintiff lacks standing to assert the Second Amended Complaint's claims against any of the Underwriter Defendants under Sections 11 and 12(a)(2) of the Securities Act.

## THIRD AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Plaintiffs because the Offering Documents did not contain any false or misleading statement of material fact or omit any material fact, and the Underwriter Defendants are not responsible in law or fact for any alleged false or misleading statement or omission of material fact by others, or for any claimed misleading statement or omission of material fact not based on the Offering Documents.

## FOURTH AFFIRMATIVE DEFENSE

Lead Plaintiff's claims against the Underwriter Defendants are barred, in whole or in part, because the Underwriter Defendants exercised due diligence and, after reasonable investigation, had reasonable ground to believe and did believe that the purported misstatements and/or omissions alleged in the Second Amended Complaint were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, including

---

[3]  As used in these Affirmative Defenses, "Plaintiffs" refers generally to Lead Plaintiff and members of the putative class.

under 15 U.S.C. section 77k(b)(3).

## FIFTH AFFIRMATIVE DEFENSE

Lead Plaintiff's claims against the Underwriter Defendants are barred, in whole or in part, because the Underwriter Defendants have acted at all times with reasonable care and with due diligence in carrying out their responsibilities and did not know, and in the exercise of reasonable care could not have known, of the purported misstatements and/or omissions alleged in the Second Amended Complaint, including under 15 U.S.C. section 77l(a)(2).

## SIXTH AFFIRMATIVE DEFENSE

The Underwriter Defendants acted at all times in good faith and had no knowledge, and were not reckless in not knowing, that any alleged statement or omission was false or misleading.

## SEVENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Plaintiffs and members of the putative class to the extent that the acts or omissions alleged in the Second Amended Complaint relate to portions of the Registration Statement or Prospectus reviewed by experts retained to assist in preparing such documents, as to which the Underwriter Defendants had reasonable ground to believe, and did believe, that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## EIGHTH AFFIRMATIVE DEFENSE

Lead Plaintiff and the putative class are not entitled to any recovery from the Underwriter Defendants because, with respect to portions of the Offering Documents purporting to be made on the authority of experts retained to assist in preparing such documents (other than the Underwriter Defendants), including, but not limited to, financial statements contained in the Offering Documents, the Underwriter Defendants had no reasonable grounds to believe, and did not believe at the time such part of the Offering Documents became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such part of the Offering Documents did not fairly represent

the statement of the expert.

## NINTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Plaintiffs because any alleged misstatements by the Underwriter Defendants were forward-looking statements and/or contained sufficient cautionary language and risk disclosure.

## TENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Plaintiffs because they had no duty to disclose the allegedly omitted information.

## ELEVENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Plaintiffs because any allegedly untrue statements of material fact and/or omissions of material fact in the Offering Documents were not material.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the purported misstatements or omissions alleged in the Second Amended Complaint concern non-actionable matters of opinion, or are puffery, rather than matters of material fact.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Plaintiffs because the substance of the allegedly material information that Plaintiffs allege to have been omitted or misrepresented was in fact disclosed in the Offering Documents, Uber's own public filings and announcements, and from other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover from the Underwriter Defendants because Plaintiffs have not suffered any cognizable injury or sustained any damages and because any damages (which Underwriter Defendants deny) are speculative.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Plaintiffs because the damages for which Plaintiffs claim the Underwriter Defendants are responsible arise from a decline in share price that was not caused or contributed to by the disclosure of any material misrepresentation or actionable omission by the Underwriter Defendants and were otherwise caused or contributed to by (a) persons or entities for whom the Underwriter Defendants are not responsible and for whom the Underwriter Defendants are not liable, or (b) factors other than any alleged misrepresentations or omissions for which the Underwriter Defendants may be responsible.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because any injury or damage as alleged in the Second Amended Complaint was caused and brought about by the acts, conduct or omissions of individuals and/or entities other than the Underwriter Defendants and, as such, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are not properly maintainable as class action claims.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against the Underwriter Defendants are barred, in whole or in part, by laches, equitable estoppel, waiver, ratification, or other equitable doctrines.

## NINETEENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to the extent Plaintiffs did not purchase shares of Uber common stock in the IPO, did not purchase shares of Uber common stock traceable to the IPO, or purchased shares not subject to a registration statement or prospectus covered by the Securities Act of 1933.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part to the extent that the damages sought exceed those permitted under the Securities Act or any other applicable rule or regulation promulgated thereunder.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover attorney's fees, accountants' or experts' fees or other costs and disbursements, or any other relief purportedly requested in the Second Amended Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Any recovery by Plaintiffs in this action is barred in whole or in part to the extent recovery is had in any other lawsuit, action, proceeding or otherwise.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable because the Offering Documents complied with the laws of the United States and the regulations of the Securities and Exchange Commission.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs suffered damages, if at all, such damages must be offset by Plaintiffs' gains.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The claims for relief of Plaintiffs David Messinger, Ellie Marie Toronto ESA, Joseph Cianci, Irving S. Braun, and Judith Braun (collectively, "Individual Plaintiffs") are untimely under the applicable statute of limitations.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Individual Plaintiffs' purported claims on behalf of a class are untimely under the applicable statute of limitations, and/or the doctrines of judicial and/or equitable estoppel, laches, and waiver, are not subject to tolling, and are not permitted under Rule 15(c) of the Federal Rules of Civil Procedure.

### ADDITIONAL DEFENSES RESERVED

The Underwriter Defendants hereby give notice that they may rely on other defenses if and when such defenses become known during the course of the litigation, and hereby reserve the right to amend their answer and to assert any additional defenses, cross-claims, counterclaims, and third party claims as they become known or available.

Respectfully Submitted,

Dated:      October 22, 2021

WILLKIE FARR & GALLAGHER LLP
Todd G. Cosenza
Simona Agnolucci
Joseph G. Davis

By:      /s/ Todd G. Cosenza
                Todd G. Cosenza

*Attorneys for the Underwriter Defendants*