UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BOSTON RETIREMENT SYSTEM, et al.,

Plaintiffs,

v.

UBER TECHNOLOGIES, INC., et al.,

Defendants.

Case No.  19-cv-06361-RS

**ORDER GRANTING MOTION FOR CLASS CERTIFICATION**

## I. Introduction

In this putative securities class action arising from the initial public offering ("IPO") for Defendant Uber Technologies, Inc. ("Uber"), Plaintiff Boston Retirement System ("BRS") and four individual plaintiffs bring a motion for class certification and seek appointment as class representatives. Defendants oppose the motion, arguing that BRS and the other named plaintiffs do not satisfy the typicality and adequacy requirements of Federal Rules of Civil Procedure 23(a)(3) and 23(a)(4), and that the predominance and superiority requirements of Rule 23(b)(3) are not met. For all the foregoing reasons, the motion for class certification is granted. Defendants' affirmative defense of actual knowledge does not defeat certification, because the actual knowledge asserted concerns pieces of information disseminated in news stories, rather than the full scope of the issues Uber faced that Plaintiff avers were not disclosed until after the IPO. Further, the proposed class representatives and counsel have demonstrated that they will adequately serve the class.

## II. Factual and Procedural Background

Uber is a transportation company which provides on demand rides and food delivery. The company was founded in San Francisco in 2009 and has since expanded globally. On May 10, 2019, Uber conducted its IPO, in which it sold 180,000,000 shares of common stock to the public. The IPO was priced at $45 per share and generated nearly $8 billion in proceeds for Uber. The IPO was conducted pursuant to several documents filed by defendants with the U.S. Securities and Exchange Commission, including an April 11, 2019 Registration Statement on Form S-1, which, after amendment, was declared effective by the SEC on May 5, 2019. *See* ECF No. 86-1 ("RS").

BRS purchased Uber's common stock in the IPO, and from an underwriter of the IPO, pursuant to the offering documents, including the RS. At the time BRS purchased this stock, only Uber shares offered in the IPO were available in the market. Uber's share price subsequently declined from $45 to an all-time low of $25.99 on November 14, 2019. This action was brought, alleging violations of Sections 11, 12(a)(2), and 15 of the Securities Act, 15 U.S.C. §§ 77k, 77l(a)(2), and 77o. In January 2020, BRS was appointed lead plaintiff. The named defendants are Uber, several of its past and present executives, and the underwriters of its IPO.

On August 7, 2020, Defendants' motion to dismiss was denied, as Plaintiff had adequately stated claims that Defendants omitted material facts concerning the legality (or lack thereof) of Uber's business model, its passenger safety record, and its financial condition. On May 14, 2021, Plaintiff filed a Second Amended Class Action Complaint ("SAC"), adding four new proposed class representatives. Defendants moved to dismiss the claims of these new plaintiffs, and the motion was denied on October 1, 2021. The order denying the motion to dismiss claims brought by the new plaintiffs noted, however, "[t]he addition of named plaintiffs in the Second Amended Complaint does not automatically morph them into additional court-designated Lead Plaintiffs" and that the Court would "consider any concerns about the involvement of too many law firms, and the related concern of overgeneration of fees, at the class certification stage." Order Denying Motion to Dismiss, p.7.

On October 29, 2021, BRS filed this motion for class certification. BRS seeks certification

United States District Court
Northern District of California

of the following proposed class:

> All persons and entities that purchased or otherwise acquired Uber's publicly traded common stock pursuant and/or traceable to the Offering Documents for Uber's IPO, and who were damaged thereby. Excluded from the Class are: (i) Defendants and the Individual Defendants' immediate family members; (ii) the officers, directors, affiliates, and subsidiaries of Uber and the Underwriter Defendants, at all relevant times, (iii) Uber's affiliates and employee retirement and/or benefit plan(s) and their participants or beneficiaries to the extent they purchased or acquired Uber common stock pursuant or traceable to the Offering Documents through any such plan(s); (iv) any entity in which Defendants have or had a controlling interest; and (v) the legal representatives, heirs, successors, or assigns of any such excluded person or entity.

Motion for Class Certification, p. 2-3. BRS and four of the named plaintiffs added to the Second Amended Complaint—David Messinger, Salvatore Toronto, and Irving S. and Judith Braun—seek appointment as Class Representatives.[1] Defendants oppose the motion.

### III. Legal Standard

Class actions are governed by Rule 23 of the Federal Rules of Civil Procedure, which represents more than a mere pleading standard. To obtain class certification, plaintiffs bear the burden of showing they have met each of the four requirements of Rule 23(a) and at least one subsection of Rule 23(b). *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186, *amended by* 273 F.3d 1266 (9th Cir. 2001). "A party seeking class certification must affirmatively demonstrate . . . compliance with the Rule[.]" *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

Rule 23(a) provides that a court may certify a class only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." These requirements are commonly referred to as numerosity, commonality, typicality, and adequacy of representation. *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir.

---

[1] Joseph Cianci was named as a new plaintiff in the SAC, but does not seek appointment as Class Representative.

1    2012). If all four Rule 23(a) prerequisites are satisfied, a court must also find that plaintiffs

2    "satisfy through evidentiary proof" at least one of the three subsections of Rule 23(b). *Comcast*

3    *Corp. v. Behrend*, 569 U.S. 27, 33 (2013).  Rule 23(b)(3) requires that "the questions of law or fact

4    common to class members predominate over any questions affecting only individual members,

5    and that a class action is superior to other available methods for fairly and efficiently adjudicating

6    the controversy." Fed. R. Civ. P. 23(b)(3).

7                                    **IV. Discussion[2]**

8              Defendants challenge whether Plaintiff has met the adequacy and typicality requirements

9    of Rule 23(a) and the predominance and superiority requirements of Rule 23(b)(3). As the

10   discussion of predominance and superiority helps resolve the concerns about adequacy and

11   typicality, the Rule 23(b)(3) requirements are discussed first. Since Defendants have not

12   challenged numerosity or commonality under Rule 23(a), those requirements are not addressed.

---

[2] Defendants' motion to file a sur-reply is denied, as the issues addressed in the sur-reply are not necessary to decide the motion for class certification. The administrative motions to file materials under seal, *see* Dkt. Nos. 189, 205, are denied in part and granted in part. The motion at Dkt. No. 189 is a motion from Defendants to consider whether another party's material should be sealed. Plaintiff filed a statement in support of the motion, outlining limited pieces of information that should be sealed. The motion to file under seal is granted as to those limited pieces of information. Nonparty Zevenbergen Capital Investments LLC ("ZCI") filed a statement in support of the motion seeking to seal all materials it had designated as confidential, maintaining that those materials are trade secrets. These designations, however, seem to cover a wide variety of materials, and lead to numerous redactions in Defendants' opposition—including for sentences which simply state what information ZCI was or was not aware of concerning Uber. The motion is therefore denied without prejudice as to ZCI's designations. ZCI may provide a more limited list of designations, bearing in mind the limitations outlined in Civil Local Rule 79-5. Next, the motion at Dkt. No. 205 is a motion from Plaintiff to consider whether Defendants' or ZCI's materials should be sealed. Defendants filed a statement seeking the redaction of only a small number of lines of deposition transcript. The motion is therefore granted as to this information. ZCI did not file a response, and normally a nonresponse is deemed a statement that it does not object to the unsealing of any information at issue in the administrative motion. *See* Civil Local Rule 79-5(f)(3). It is noted, however, that information that ZCI seeks to maintain under seal in the other administrative motion appears to overlap with information in this administrative motion. ZCI's revised statement of materials to be sealed should therefore address both Dkt. No. 189 and No. 205. ZCI's revised submission should be filed within fourteen days of this Order. After ZCI's revised submission and an order on the propriety of sealing, Plaintiff and Defendants will be directed to file new versions of the materials reflecting the approved redactions on the public docket.

United States District Court
Northern District of California

## A. Predominance and Superiority

Defendants argue that issues concerning each plaintiff's actual knowledge of allegedly omitted information preclude Plaintiff from satisfying the predominance and superiority requirements of Rule 23(b)(3). Actual knowledge is a defense to claims under Sections 11 and 12. *See* 15 U.S.C. § 77k(a) (stating that a plaintiff does not establish liability if "it is proved that at the time of such acquisition he knew of such untruth or omission"); *id.* at 77I(a)(2) (requiring that "the purchaser not know[] of such untruth or omission"). Predominance concerns in connection with affirmative defenses may be considered at class certification for affirmative defenses the defendant "has actually advanced and for which it has presented evidence." *True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923, 931 (9th Cir. 2018). As another district court has noted, "in some circumstances individualized issues regarding knowledge can be sufficient to defeat class certification in Section 11 and 12(a)(2) cases." *Vignola v. Fat Brands, Inc.*, No. CV187469PSGPLAX, 2020 WL 1934976, at *5 (C.D. Cal. Mar. 13, 2020) (citing cases).

Issues of actual knowledge do not defeat class certification here. Defendants have presented evidence in the form of deposition testimony from various employees of BRS's investment manager, ZCI, showing that some employees had knowledge of pieces of information related to the alleged omissions. Separate and apart from issues of whether knowledge of individual ZCI employees may be imputed to BRS, rather than only ZCI's knowledge, the awareness of snippets of information do not defeat predominance. In a securities class action against fellow rideshare operator Lyft, another court in this district rejected the contention that some knowledge about the problems Lyft faced concerning sexual assaults defeated predominance. As stated in the order granting class certification in that case, "the declarations concerning the sexual assault issue reflect a general awareness that Lyft was subject to some allegations of sexual assault, rather than any knowledge about the alleged magnitude of the problem." *In re Lyft Inc. Sec. Litig.*, No. 19-CV-02690-HSG, 2021 WL 3711470, at *6 (N.D. Cal. Aug. 20, 2021). Similarly here, each of the pieces of knowledge identified by Defendants go to the awareness of a general issue, not the magnitude of the problems alleged in the SAC.

Defendants also argue that individual issues of actual knowledge give rise to

individualized issues of causation which will predominate over common issues and create conflicts within the class, and that *Comcast v. Behrend*, 569 U.S. 27 (2013) prohibits class-wide treatment of the causation issues in this case. Given that Defendants have failed to establish that actual knowledge will preclude class certification, these issues similarly do not preclude certification. The absence of loss causation, also referred to as negative causation, is an affirmative defense for which Defendants have the burden. *Hildes v. Arthur Andersen LLP*, 734 F.3d 854, 860 (9th Cir. 2013). Defendants have not established that individualized issues with negative causation will predominate over common questions, and "[t]he causes of the [Uber] stock declines are factual questions suitable for resolution on a class-wide basis." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 312 F.R.D. 332, 350 (S.D.N.Y. 2015).

Further, *Comcast* does not prevent certification. "The Ninth Circuit reads *Comcast* to demand only that plaintiffs be able to show that their damages stemmed from the defendant's actions that created the legal liability." *Hatamian v. Advanced Micro Devices, Inc.*, No. 14-CV-00226 YGR, 2016 WL 1042502, at *8 (N.D. Cal. Mar. 16, 2016) (internal quotation marks and citation omitted). Defendant points to no securities class action in which the concerns from *Comcast* prevented certification; indeed, many courts have held that "*Comcast* is simply inapposite to Section 11 actions, where damages reflect liability by statutory formula." *New Jersey Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*, No. 08-CV-5310 (DAB), 2016 WL 7409840 (S.D.N.Y. Nov. 4, 2016) (internal quotation marks and citation omitted). In short, Plaintiff has established predominance and superiority.

**B.  Adequacy**

To determine whether named plaintiffs will adequately represent a class, courts must resolve two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011) (internal quotation marks and citation omitted). Defendants only invoke the latter concern.[3]

---

[3] To the extent that Defendants are concerned with conflicts within the class concerning causation, that concern is addressed in the discussion of predominance and superiority.

Defendants argue that the proposed class representatives are not adequate because they are not controlling this litigation, arguing that "Lead Plaintiff BRS has shown an inability (or unwillingness) to control its lawyers or legal costs" and citing to the proposed participation of ten law firms on the plaintiff side in this case. Opposition to Motion for Class Certification, p.35. Defendants similarly argue that the proposed individual class representatives "have abdicated responsibility for running this case to counsel[.]" *Id.* at 37.

Defendants assert a higher bar to establishing adequacy than is required in this circuit. "While it is true that plaintiffs must offer affirmative evidence demonstrating that they satisfy the requirements of Rule 23(a), the evidentiary burden upon plaintiffs is low; a class representative will be deemed inadequate only if startlingly unfamiliar with the case[.]" *In re Silver Wheaton Corp. Sec. Litig.*, No. 215CV05146CASJEMX, 2017 WL 2039171, at *8 (C.D. Cal. May 11, 2017) (internal quotation marks and citations omitted). Here, the proposed class representatives more than surpass this standard, and "satisfy the requirement that plaintiffs present some affirmative evidence that they are familiar with this case, the claims within it, and the role of a class representative." *Id.*

As for the number of proposed class representatives, the PSLRA does not dictate that there may only be one class representative. "[T]he PSLRA does not in any way prohibit the addition of named plaintiffs to aid the lead plaintiff in representing a class. Rather, the proposed class and Class Representatives are to be reviewed according to the standards of Rule 23, without any deference to the earlier determinations made in the appointment of Lead Plaintiffs." *In re Twitter Inc. Sec. Litig.*, 326 F.R.D. 619, 627 (N.D. Cal. 2018) (internal quotation marks and citation omitted). As for the concern about the involvement of numerous law firms, only one firm— Labaton Sucharow—seeks to serve as Lead Counsel. Labaton Sucharow has demonstrated experience in litigating securities class actions and has an incentive to avoid duplication of efforts amongst the firms it will draw on for support; indeed, any payments to other firms will be from attorney's fees due to Labaton Sucharow, should it be awarded any fees. In short, Plaintiff has established that the proposed class representatives and Lead Counsel are adequate.

## C.  Typicality

Defendants argue that the proposed class representatives are not typical because they are subject to unique actual knowledge defenses, and that this is a basis to deny certification even if the Court rejects the similar arguments concerning predominance and superiority. This argument is rejected for the same reasons as the predominance and superiority requirements. It is very probable that given the high profile nature of Uber and its IPO, some members of the class became aware of information disseminated in the news media concerning the omissions Plaintiff has averred. Plaintiff's theory of this case, however, is that the pre-IPO information available in the news did not reach the full scope of the alleged omissions. Thus, the actual knowledge defenses as to the proposed class representatives are not so unique to these plaintiffs that they defeat typicality. Typicality is therefore satisfied.

## V. Conclusion

For all the foregoing reasons, the motion for class certification is granted. BRS, David Messinger, Salvatore Toronto, and Irving S. and Judith Braun are appointed as class representatives, and Labaton Sucharow is appointed as class counsel.

**IT IS SO ORDERED**.

Dated: July 26, 2022

RICHARD SEEBORG
Chief United States District Judge

United States District Court
Northern District of California