# EXHIBIT 1

Daniel H.R. Laguardia (SBN 314654)
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105-2997
Telephone: 415.616.1100
Facsimile: 415.616.1199
Email: daniel.laguardia@shearman.com

Paula H. Anderson (admitted *pro hac vice*)
Agnès Dunogué (admitted *pro hac vice*)
Dennis D. Kitt (admitted *pro hac vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
Telephone: 212.848.4000
Facsimile: 212.848.7179
Email: paula.anderson@shearman.com
        agnes.dunogue@shearman.com
        dennis.kitt@shearman.com

*Attorneys for Defendants Uber Technologies, Inc.,*
*Dara Khosrowshahi, Nelson Chai, Glen Ceremony,*
*Ronald Sugar, Ursula Burns, Garrett Camp, Matt*
*Cohler, Ryan Graves, Arianna Huffington, Travis*
*Kalanick, Wan Ling Martello, Yasir Al-Rumayyan,*
*John Thain, and David Trujillo*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BOSTON RETIREMENT SYSTEM, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No. 3:19-cv-06361-RS<br><br>**INDIVIDUAL DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFF'S SECOND SET OF INTERROGATORIES ADDRESSED TO THE INDIVIDUAL DEFENDANTS**<br><br>**HIGHLY CONFIDENTIAL**<br><br>**Courtroom**: No. 3 – 17th Floor<br>**Judge**: Hon. Richard Seeborg |

Propounding Party:   Boston Retirement System
Responding Party:    Individual Defendants
Set:                 Two

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California (the "Local Rules"), Defendants Dara Khosrowshahi, Nelson Chai, Glen Ceremony, Ronald Sugar, Ursula Burns, Garrett Camp, Matt Cohler, Ryan Graves, Arianna Huffington, Travis Kalanick, Wan Ling Martello, Yasir Al-Rumayyan, John Thain, and David Trujillo (each an "Individual Defendant" and, collectively, the "Individual Defendants"), by and through their undersigned counsel, hereby respond and object to Lead Plaintiff Boston Retirement System's ("Lead Plaintiff") Second Set of Interrogatories Addressed to the Individual Defendants, dated July 10, 2023 (collectively, the "Interrogatories," and each individually, an "Interrogatory"). The responses herein reflect only the present state of the Individual Defendants' knowledge or information regarding the information that Lead Plaintiff has requested.[1]

## GENERAL OBJECTIONS

The Individual Defendants generally object to the Interrogatories, including the Definitions and Instructions, on the following grounds, each of which is incorporated by reference into the responses and objections to the individual Interrogatories below. All responses set forth herein are subject to and without waiver of any of these general objections.

1.    The Individual Defendants object to the Interrogatories, together with their accompanying Definitions and Instructions, to the extent they are unduly burdensome, overbroad, compound, impose extreme hardship or seek information that is neither relevant to the claims or defenses that have been asserted in the above-captioned action (the "Action") nor proportional to the needs of the case, as well as to the extent they would impose an undue burden on the Individual Defendants in the form of an excessive expenditure of time and resources, considering, among other things, whether the burden and expense of the discovery requested outweighs its likely benefit (if any).

2.    The Individual Defendants object to the Interrogatories, together with their accompanying Definitions and Instructions, to the extent they purport to seek information that is

---

[1] The responses provided herein are designated "Confidential" pursuant to the Stipulation and Protective Order, dated November 20, 2020 (Dkt. No. 113).

protected from disclosure by any privilege or immunity, including the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest privilege, data protection laws and/or regulations or any other privilege or protection from disclosure provided for by law. Any inadvertent disclosure of any privileged or protected information shall not be deemed or construed to constitute a waiver of any privilege or protection of the Individual Defendants, including the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest privilege, or any other privilege or protection from disclosure provided for by law.

3.    No response by the Individual Defendants may be deemed to be a waiver of any privilege, right, immunity, or defense.  Notwithstanding the foregoing, insofar as a response by the Individual Defendants may be deemed to be a waiver of any privilege, right, immunity, or defense, such waiver shall be deemed to be a limited waiver with respect to that particular response only.

4.    The Individual Defendants object to the Interrogatories, together with their accompanying Definitions and Instructions, to the extent they purport to seek disclosure of information that would violate individual privacy interests or proprietary rights, confidentiality agreements, or other arrangements between the Individual Defendants and another individual or entity or between other individuals and/or entities.

5.    The Individual Defendants object to the Interrogatories, together with their accompanying Definitions and Instructions, to the extent they purport to require the production of information that is proprietary, confidential, and/or commercially sensitive.

6.    The Individual Defendants object to the Interrogatories, together with their accompanying Definitions and Instructions, to the extent they are premature, improper, or purport to require the Individual Defendants to do more than is required under, and/or are inconsistent with, the Federal Rules, the Local Rules, or any other applicable statutes, rules, laws, or court order governing the scope, timing, or extent of discovery in this action.

7.    The Individual Defendants object to the Interrogatories, together with their accompanying Definitions and Instructions, to the extent they are vague, ambiguous, employ imprecise descriptions of the information sought, or lack sufficient precision to allow the Individual

Defendants to formulate an appropriate response.  The Individual Defendants will provide only that information which can reasonably be identified in response to each individual interrogatory.

8.      The Individual Defendants object to the Interrogatories, together with their accompanying Definitions and Instructions, to the extent they purport to seek information that is unreasonably cumulative or duplicative, or which is obtainable from some other source that is more convenient, less burdensome, or less expensive, or is publicly available, including but not limited to documents that have been produced in this Action or are otherwise available to Lead Plaintiff.

9.      The Individual Defendants object to the Interrogatories, together with their accompanying Definitions and Instructions, to the extent they seek information that is cumulative and duplicative of other discovery requests in this action, including, without limitation, Lead Plaintiff's Requests for Admission to the Individual Defendants.

10.      The Individual Defendants object to the Interrogatories, together with their accompanying Definitions and Instructions, to the extent they seek information that is already in the possession of Lead Plaintiff, or equally or more easily available to Lead Plaintiff than it is to the Individual Defendants.

11.      The Individual Defendants object to the Interrogatories, together with their accompanying Definitions and Instructions, to the extent they contain any explicit or implicit characterization of facts, events, circumstances, or issues.  The Individual Defendants' response to the Interrogatories is not intended to mean that the Individual Defendants agree with or accept any explicit or implicit characterization of facts, events, circumstances, or issues in the Interrogatories.

12.      The Individual Defendants object to the Interrogatories, together with their accompanying Definitions and Instructions, to the extent they purport to require the Individual Defendants to draw legal conclusions or are predicated on legal conclusions or arguments.

13.      The Individual Defendants object to the Interrogatories, together with their accompanying Definitions and Instructions, to the extent they seek information not in the Individual Defendants' possession, custody or control, including, without limitation, information about individuals and entities other than the Individual Defendants.  Each response provided herein is being provided by the Individual Defendants only on behalf of himself or herself and not on behalf

of any other individual or entity. The Individual Defendants object to the use or admissibility into evidence for any purpose of these responses to the extent they are sought to be used against any party other than the Individual Defendants. The Individual Defendants further object to the use or admissibility into evidence for any purpose of the responses to Interrogatories submitted by any other party to the extent they are sought to be used against the Individual Defendants.

14.     The Individual Defendants object to the Interrogatories, together with their accompanying Definitions and Instructions, to the extent they purport to require the Individual Defendants to perform anything more than a reasonable search of readily accessible records (including electronic records) in areas of their files reasonably likely to contain responsive information. If the Interrogatories seek to require the Individual Defendants to go beyond such a search, they are overbroad and unduly burdensome.

15.     The Individual Defendants expressly reserve, and the responses to the Interrogatories shall not constitute a waiver of, their right to: (i) object at any point and on any ground to the use or admissibility into evidence, for any purpose, of these responses (including but not limited to competence, relevance, materiality, privilege, or admissibility), or to the use of the information that is produced at any point in any proceeding; (ii) object on any ground to other discovery requests that involve or relate to the subject matter of the Interrogatories; (iii) revise, correct, supplement, or clarify any of the responses set forth herein at a later date; and (iv) rely on, at any time, including trial, any subsequently discovered information, or information omitted from these responses as a result of mistake, error, oversight, or inadvertence.

16.     The Individual Defendants' responses and objections are based on their knowledge, recollection, and understanding of the facts as of the date on which these responses are made and without prejudice to the Individual Defendants' right to modify their responses and/or provide additional information at a later date.

17.     The Individual Defendants do not hereby admit, adopt, or acquiesce in any factual or legal contention, assertion, characterization, or implication contained in the Interrogatories.

18.     The Individual Defendants' responses herein are made solely for purposes of this action and not for any other purpose or for use in any other proceeding.

19.    By making these objections, the Individual Defendants do not concede that they have in their possession, custody, or control any information responsive to any Interrogatory.

20.    The Individual Defendants are supplying information about themselves on personal knowledge and, consistent with General Objection 13, are not supplying information on behalf of any other Defendant.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    The Individual Defendants object to the Interrogatories' Definitions and Instructions to the extent they (i) impose on the Individual Defendants conditions and obligations that exceed or are inconsistent with those set forth in the Federal Rules, the Local Rules, or any other applicable statutes, rules, or laws; (ii) depart from the customary meaning of any term or provide definitions that are inaccurate; or (iii) are based on premises that are misleading, inaccurate, or incomplete.

2.    The Individual Defendants object to the Interrogatories' Definitions and Instructions to the extent they incorporate purported facts.  The Individual Defendants do not adopt or confirm the accuracy of any purported facts incorporated in the Definitions and Instructions.

3.    The Individual Defendants object to the definition of the terms "Communication" and "Communications" in Paragraph 3 of the Definitions on the grounds that they are vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case, and to the extent the definitions purport to impose obligations on the Individual Defendants that exceed or are inconsistent with those set forth in the Federal Rules, the Local Rules, or any other applicable statutes, rules, or laws.  The Individual Defendants further object to these definitions on the grounds that they are compound and purport to incorporate definitions of other terms that are inconsistent with each other and are therefore ambiguous, overbroad, and unduly burdensome.

4.    The Individual Defendants object to the definitions of the terms "Concerning," "Document," "Electronic Data," "Electronically-Stored Information," "ESI," and "Person," in Paragraphs 5-8 and 15, of the Definitions on the grounds that they are vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case, and to the extent those definitions purport to impose obligations on the Individual Defendants that exceed or are inconsistent with those set forth in the Federal Rules, the Local Rules, or any other applicable

statutes, rules, or laws.  The Individual Defendants further object to these definitions to the extent they are compound and consist of numerous discrete subparts and are therefore overbroad and unduly burdensome.  The Individual Defendants will interpret the definition of "Electronically Stored Information" or "ESI" consistent with the Federal Rules of Civil Procedure and the Stipulated Order Re: Discovery of Electronically Stored Information (Dkt. No. 114) entered by the Court on November 20, 2020, and do not waive any future objection not asserted herein.

5.    The Individual Defendants object to the definitions of the terms "Identify," "Identity," and "Identification" in Paragraph 11 of the Definitions on the grounds that they are vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case, and to the extent that they purport to require the Individual Defendants to identify information not in their possession, custody, or control.

6.    The Individual Defendants object to the use of the term "Offering Documents" in paragraph 14 of the Definitions on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case.  In responding to the Interrogatories, the Individual Defendants will construe the term "Offering Documents" to refer to Uber's Form S-1 registration statement filed with the SEC on April 11, 2019 and the Form 424B4 that Uber filed with the SEC on May 9, 2019 in connection with the IPO, and exclude from this definition any other documents.

7.    The Individual Defendants object to the definitions of the terms "Policy" or "Policies" on the grounds that they are vague, ambiguous and burdensome to the extent they include documents that are "informal," "unwritten," "unrecorded" and/or "known, recognized, or followed . . . implicitly."  The Individual Defendants will interpret these Definitions to encompass only formal policies and procedures created and maintained by Uber in written form.

8.    The Individual Defendants object to the definitions of the terms "Refer," "Relate," "Referring," and "Relating" in paragraph 17 of the Definitions to the extent those definitions purport to impose obligations on the Individual Defendants that exceed or are inconsistent with those set forth in the Federal Rules, the Local Rules, or any other applicable statutes, rules, or laws.

9.     The Individual Defendants object to the definition of the term "Uber's Business Model and Growth Strategy," in Paragraph 19 of the Definitions on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case.  The Individual Defendants further object to this definition to the extent it requires legal conclusions with respect to the terms "failure to disclose," "breaking and thwarting laws, rules and regulations," "jurisdiction," "legality," "compliance," and "government entities" and to the extent it assumes facts that the Individual Defendants deny are true.  In responding to the Interrogatories, the Individual Defendants will construe the term "Uber's Business Model and Growth Strategy" to refer to the allegations in the Second Amended Complaint, Dkt. No. 137, at ¶ 171.

10.     The Individual Defendants object to the definition of the term "Uber's Financial Condition," in Paragraph 20 of the Definitions on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case.  The Individual Defendants further object to this definition's use of the terms "failure to disclose," "cost business model," "defective," and "financial condition," as overbroad and unduly burdensome, vague and ambiguous, and improperly requiring legal conclusions and to the extent it assumes facts that the Individual Defendants deny are true.  In responding to the Interrogatories, the Individual Defendants will construe the term "Uber's Financial Condition" to refer to the allegations in the Second Amended Complaint, Dkt. No. 137, at ¶ 189.

11.     The Individual Defendants object to the definition of the term "Uber's New Day Theme" in Paragraph 21 of the Definitions on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and not proportional to the needs of this case.  The Individual Defendants further object to this definition's use of the term "material" as overbroad and unduly burdensome, vague and ambiguous, and improperly requiring legal conclusions and to the extent it assumes facts that the Individual Defendants deny are true.  In responding to the Interrogatories, the Individual Defendants will construe the term "Uber's New Day Theme" to refer to the discussion of Uber's company culture and cultural norms on pp. 151-52 of the Registration Statement and pp. 11-13 of the Prospectus.

12.     The Individual Defendants object to the definition of the term "Uber's Passenger Safety Issues" in Paragraph 22 of the Definitions on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case.  The Individual Defendants further object to this definition's use of the terms "failure to disclose," "safety issues," "passenger safety," "defective," and "policies and practices," as overbroad and unduly burdensome, vague and ambiguous, and improperly requiring legal conclusions and to the extent it assumes facts that the Individual Defendants deny are true.  In responding to the Interrogatories, the Individual Defendants will construe the term "Uber's Passenger Safety Issues" to refer to the allegations in the Second Amended Complaint, Dkt. No. 137, at ¶ 180.

13.     The Individual Defendants object to the definition of the term "You" and "Your" in paragraph 23 of the Definitions on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it includes persons or entities other than the Individual Defendants.  In responding to the Interrogatories, the Individual Defendants will construe the terms "You" and "Your" to refer solely to each Individual Defendant.

14.     The Individual Defendants object to all Instructions (whether or not repeated for emphasis) to the extent they purport to impose obligations on the Individual Defendants that exceed or are inconsistent with those set forth in the Federal Rules, the Local Rules, or any other applicable statutes, rules, or laws.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

Subject to and without waiver of the foregoing General Objections and Objections to Definitions and Instructions, which are incorporated into each response below whether or not repeated for emphasis, and the specific objections set forth below, and expressly stating that their responses are subject to all such objections, the Individual Defendants respond to each specific Interrogatory as follows.

**Interrogatory No. 1**:

*If You contend that, prior to May 9, 2019, You conducted due diligence into the statements made in Uber's Offering Documents concerning Uber's Passenger Safety Issues, then identify all documents (by Bates number if applicable) and individuals You spoke with (including name, contact information, and when you spoke) that You relied on.*

**Response to Interrogatory No. 1**:

In addition to the General Objections and Objections to Definitions and Instructions, each of which is incorporated here by this reference, the Individual Defendants object to this Interrogatory as overbroad and unduly burdensome and because it seeks discovery of information that is neither relevant to Lead Plaintiff's claims nor proportional to the needs of the case to the extent it seeks information regarding *all* "documents" and *all* "individuals" the Individual Defendants spoke with without limitation (emphasis added). The Individual Defendants further object to this Interrogatory with respect to its use of the terms "Offering Documents" and "Uber's Passenger Safety Issues," including the terms incorporated into the definitions of those terms, for the reasons stated in the Objections to Definitions and Instructions. The Individual Defendants' response is based upon their current recollection and a reasonable search and inquiry. To the extent this Interrogatory purports to require the Individual Defendants to go beyond such a search or inquiry, the Individual Defendants object to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case. The Individual Defendants further object to this Interrogatory to the extent that it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. The Individual Defendants further object to this Interrogatory to the extent that it purports to impose a stricter standard than required by law. *See, e.g.*, 15 U.S.C. §77k(b)(3), (c); *Weinberger v. Jackson*, 1990 WL 260676, at *4 (N.D. Cal. Oct. 11, 1990).

Subject to and without waiving the foregoing objections, the General Objections, and Objections to Definitions and Instructions, the Individual Defendants respond to Interrogatory No. 1 as follows:

The Individual Defendants' due diligence in connection with the IPO included, but was not limited to:

**(1) for all Defendants who were Board members during the relevant period:**

participating in Board meetings at which information concerning Uber was presented; participating in Board committees of which certain Defendants were members; receiving, reviewing, and/or participating in the preparation of materials in connection with such Board meetings; receiving, reviewing, and/or participating in the preparation of drafts of Uber's Offering

Documents; and/or communicating with Uber management in the normal course of their Board

activities; as well as

    **(2) for Defendants Khosrowshahi, Chai, and Ceremony:**

receiving, reviewing, and/or participating in the preparation of materials in connection with

the day-to-day activities of their roles as officers of Uber; participating in work with Uber and/or its

advisors on the IPO; and ongoing responsibilities as an officer of Uber and contemporaneous

familiarity with Uber's business and operations.

The Individual Defendants further refer Lead Plaintiff to Exhibit A attached hereto, which

lists examples of documents (identified by Bates number) reflecting the Individual Defendants'

reasonable due diligence investigation in connection with the Uber IPO and individuals (including

names, contact information, and dates of communication) involved, including rows 1-1,247 for

Defendants who were Board members during the relevant time period, as well as rows 1,248-2,649

for Defendants Khosrowshahi, Chai, and/or Ceremony.  This list is based on information currently

known and available to the Individual Defendants, and the Individual Defendants reserve the right

to amend or supplement the list of documents included in Exhibit A and do not waive their ability to

rely on documents or other evidence not listed in Exhibit A.


**Interrogatory No. 2:**

    *If You contend that, prior to May 9, 2019, You conducted due diligence into the statements made in Uber's Offering Documents concerning Uber's Business Model and Growth Strategy, including Uber's compliance with laws and regulations, and all legal and regulatory risks related to Uber's business, then identify all documents (by Bates number if applicable) and individuals You spoke with (including name, contact information, and when you spoke) that You relied on.*

**Response to Interrogatory No. 2**:

In addition to the General Objections and Objections to Definitions and Instructions, each of

which is incorporated here by this reference, the Individual Defendants object to this Interrogatory

as overbroad and unduly burdensome and because it seeks discovery of information that is neither

relevant to Lead Plaintiff's claims nor proportional to the needs of the case to the extent it seeks

information regarding *all* "documents" and *all* "individuals" the Individual Defendants spoke with

INDIVIDUAL DEFENDANTS'
RESPONSES & OBJECTIONS TO      10      CASE NO. 3:19-cv-06361-RS
LEAD PLAINTIFF'S 2ND SET OF INTERROGATORIES      CONFIDENTIAL

without limitation (emphasis added).  The Individual Defendants further object to this Interrogatory with respect to its use of the terms "Offering Documents" and "Uber's Business Model and Growth Strategy," including the terms incorporated into the definitions of those terms, for the reasons stated in the Objections to Definitions and Instructions.  The Individual Defendants further object to this Interrogatory with respect to its use of the phrase "Uber's compliance with laws and regulations, and all legal and regulatory risks related to Uber's business," on the grounds that it is undefined, overbroad, vague, and ambiguous.  The Individual Defendants' response is based upon their current recollection and a reasonable search and inquiry.  To the extent this Interrogatory purports to require the Individual Defendants to go beyond such a search or inquiry, the Individual Defendants object to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case.  The Individual Defendants further object to this Interrogatory to the extent that it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine.  The Individual Defendants further object to this Interrogatory to the extent that it purports to impose a stricter standard than required by law.  *See, e.g.*, 15 U.S.C. §77k(b)(3), (c); *Weinberger v. Jackson*, 1990 WL 260676, at *4 (N.D. Cal. Oct. 11, 1990).

Subject to and without waiving the foregoing objections, the General Objections, and Objections to Definitions and Instructions, the Individual Defendants respond to Interrogatory No. 2 as follows:

The Individual Defendants' due diligence in connection with the IPO included, but was not limited to:

**(1) for all Defendants who were Board members during the relevant period:**

participating in Board meetings at which information concerning Uber was presented; participating in Board committees of which certain Defendants were members; receiving, reviewing, and/or participating in the preparation of materials in connection with such Board meetings; receiving, reviewing, and/or participating in the preparation of drafts of Uber's Offering Documents; and/or communicating with Uber management in the normal course of their Board activities; as well as

**(2) for Defendants Khosrowshahi, Chai, and Ceremony:**

receiving, reviewing, and/or participating in the preparation of materials in connection with the day-to-day activities of their roles as officers of Uber; participating in work with Uber and/or its advisors on the IPO; and ongoing responsibilities as an officer of Uber and contemporaneous familiarity with Uber's business and operations.

The Individual Defendants further refer Lead Plaintiff to Exhibit A attached hereto, which lists examples of documents (identified by Bates number) reflecting the Individual Defendants' reasonable due diligence investigation in connection with the Uber IPO and individuals (including names, contact information, and dates of communication) involved, including rows 1-1,247 for Defendants who were Board members during the relevant time period, as well as rows 1,248-2,649 for Defendants Khosrowshahi, Chai, and/or Ceremony. This list is based on information currently known and available to the Individual Defendants, and the Individual Defendants reserve the right to amend or supplement the list of documents included in Exhibit A and do not waive their ability to rely on documents or other evidence not listed in Exhibit A.

**Interrogatory No. 3**:

*If You contend that, prior to May 9, 2019, You conducted due diligence into the statements made in Uber's Offering Documents concerning Uber's Financial Condition, including Uber's then-current and expected financial trends, revenue growth rate, profit and loss and Uber's ongoing financial viability, then identify all documents (by Bates number if applicable) and individuals You spoke with (including name, contact information, and when you spoke) You relied on.*

**Response to Interrogatory No. 3**:

In addition to the General Objections and Objections to Definitions and Instructions, each of which is incorporated here by this reference, the Individual Defendants object to this Interrogatory as overbroad and unduly burdensome and because it seeks discovery of information that is neither relevant to Lead Plaintiff's claims nor proportional to the needs of the case to the extent it seeks information regarding *all* "documents" and *all* "individuals" the Individual Defendants spoke with without limitation (emphasis added). The Individual Defendants further object to this Interrogatory with respect to its use of the terms "Offering Documents" and "Uber's Financial Condition," including the terms incorporated into the definitions of those terms, for the reasons stated in the

Objections to Definitions and Instructions. The Individual Defendants further object to this Interrogatory with respect to its use of the terms "then-current and expected financial trends, revenue growth rate, profit and loss and Uber's ongoing financial viability," on the grounds that they are undefined, overbroad, vague, and ambiguous. The Individual Defendants' response is based upon their current recollection and a reasonable search and inquiry. To the extent this Interrogatory purports to require the Individual Defendants to go beyond such a search or inquiry, the Individual Defendants object to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case. The Individual Defendants further object to this Interrogatory to the extent that it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. The Individual Defendants further object to this Interrogatory to the extent that it purports to impose a stricter standard than required by law. *See, e.g.*, 15 U.S.C. §77k(b)(3), (c); *Weinberger v. Jackson*, 1990 WL 260676, at *4 (N.D. Cal. Oct. 11, 1990).

Subject to and without waiving the foregoing objections, the General Objections, and Objections to Definitions and Instructions, the Individual Defendants respond to Interrogatory No. 3 as follows:

The Individual Defendants' due diligence in connection with the IPO included, but was not limited to:

**(1) for all Defendants who were Board members during the relevant period:**

participating in Board meetings at which information concerning Uber was presented; participating in Board committees of which certain Defendants were members; receiving, reviewing, and/or participating in the preparation of materials in connection with such Board meetings; receiving, reviewing, and/or participating in the preparation of drafts of Uber's Offering Documents; and/or communicating with Uber management in the normal course of their Board activities; as well as

**(2) for Defendants Khosrowshahi, Chai, and Ceremony:**

receiving, reviewing, and/or participating in the preparation of materials in connection with the day-to-day activities of their roles as officers of Uber; participating in work with Uber and/or its

advisors on the IPO; and ongoing responsibilities as an officer of Uber and contemporaneous familiarity with Uber's business and operations.

The Individual Defendants further refer Lead Plaintiff to Exhibit A attached hereto, which lists examples of documents (identified by Bates number) reflecting the Individual Defendants' reasonable due diligence investigation in connection with the Uber IPO and individuals (including names, contact information, and dates of communication) involved, including rows 1-1,247 for Defendants who were Board members during the relevant time period, as well as rows 1,248-2,649 for Defendants Khosrowshahi, Chai, and/or Ceremony.  This list is based on information currently known and available to the Individual Defendants, and the Individual Defendants reserve the right to amend or supplement the list of documents included in Exhibit A and do not waive their ability to rely on documents or other evidence not listed in Exhibit A.

**Interrogatory No. 4**:

*If You contend that, prior to May 9, 2019, You conducted due diligence into the statements made in Uber's Offering Documents concerning Uber's New Day Theme, then identify all documents (by Bates number if applicable) and individuals You spoke with (including name, contact information, and when you spoke) that You relied on.*

**Response to Interrogatory No. 4**:

In addition to the General Objections and Objections to Definitions and Instructions, each of which is incorporated here by this reference, the Individual Defendants object to this Interrogatory as overbroad and unduly burdensome and because it seeks discovery of information that is neither relevant to Lead Plaintiff's claims nor proportional to the needs of the case to the extent it seeks information regarding *all* "documents" and *all* "individuals" the Individual Defendants spoke with without limitation (emphasis added).  The Individual Defendants further object to this Interrogatory with respect to its use of the terms "Offering Documents" and "Uber's New Day Theme," including the terms incorporated into the definitions of those terms, for the reasons stated in the Objections to Definitions and Instructions.  The Individual Defendants' response is based upon their current recollection and a reasonable search and inquiry.  To the extent this Interrogatory purports to require the Individual Defendants to go beyond such a search or inquiry, the Individual Defendants object to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of

the case.  The Individual Defendants further object to this Interrogatory to the extent that it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine.  The Individual Defendants further object to this Interrogatory to the extent that it purports to impose a stricter standard than required by law.  *See, e.g.*, 15 U.S.C. §77k(b)(3), (c); *Weinberger v. Jackson*, 1990 WL 260676, at *4 (N.D. Cal. Oct. 11, 1990).

Subject to and without waiving the foregoing objections, the General Objections, and Objections to Definitions and Instructions, the Individual Defendants respond to Interrogatory No. 4 as follows:

The Individual Defendants' due diligence in connection with the IPO included, but was not limited to:

**(1) for all Defendants who were Board members during the relevant period:**

participating in Board meetings at which information concerning Uber was presented; participating in Board committees of which certain Defendants were members; receiving, reviewing, and/or participating in the preparation of materials in connection with such Board meetings; receiving, reviewing, and/or participating in the preparation of drafts of Uber's Offering Documents; and/or communicating with Uber management in the normal course of their Board activities; as well as

**(2) for Defendants Khosrowshahi, Chai, and Ceremony:**

receiving, reviewing, and/or participating in the preparation of materials in connection with the day-to-day activities of their roles as officers of Uber; participating in work with Uber and/or its advisors on the IPO; and ongoing responsibilities as an officer of Uber and contemporaneous familiarity with Uber's business and operations.

The Individual Defendants further refer Lead Plaintiff to Exhibit A attached hereto, which lists examples of documents (identified by Bates number) reflecting the Individual Defendants' reasonable due diligence investigation in connection with the Uber IPO and individuals (including names, contact information, and dates of communication) involved, including rows 1-1,247 for Defendants who were Board members during the relevant time period, as well as rows 1,248-2,649 for Defendants Khosrowshahi, Chai, and/or Ceremony.  This list is based on information currently

known and available to the Individual Defendants, and the Individual Defendants reserve the right

to amend or supplement the list of documents included in Exhibit A and do not waive their ability to

rely on documents or other evidence not listed in Exhibit A.

Dated:      August 9, 2023                                SHEARMAN & STERLING LLP

By:    _/s/ Daniel H.R. Laguardia_
Daniel H.R. Laguardia

*Attorney for the Individual Defendants*

# **VERIFICATION**

I, Dara Khosrowshahi, hereby attest as follows:

I have reviewed the foregoing Responses and Objections to Lead Plaintiffs' Second Set of Interrogatories Addressed to the Individual Defendants (the "Responses and Objections") and am familiar with the content of the responses stated therein that apply to me.  I believe that those responses are true and correct, based on my present knowledge, information, and belief, and subject to the general and specific objections set forth in the Responses and Objections.  I verify under penalty of perjury that the foregoing is true and correct.


Executed on:  August 4, 2023
Location:  New York

_Dara Khosrowshahi_
Dara Khosrowshahi

## **VERIFICATION**

I, Nelson Chai, hereby attest as follows:

I have reviewed the foregoing Responses and Objections to Lead Plaintiffs' Second Set of Interrogatories Addressed to the Individual Defendants (the "Responses and Objections") and am familiar with the content of the responses stated therein that apply to me. I believe that those responses are true and correct, based on my present knowledge, information, and belief, and subject to the general and specific objections set forth in the Responses and Objections. I verify under penalty of perjury that the foregoing is true and correct.


Executed on:  August 4, 2023
Location:  NY

_____
Nelson Chai

## **VERIFICATION**

I, Glen Ceremony, hereby attest as follows:

I have reviewed the foregoing Responses and Objections to Lead Plaintiffs' Second Set of Interrogatories Addressed to the Individual Defendants (the "Responses and Objections") and am familiar with the content of the responses stated therein that apply to me.  I believe that those responses are true and correct, based on my present knowledge, information, and belief, and subject to the general and specific objections set forth in the Responses and Objections.  I verify under penalty of perjury that the foregoing is true and correct.

Executed on:  August 4, 2023
Location:  San Francisco, CA

_____
Glen Ceremony

## **<u>VERIFICATION</u>**

I, Ron Sugar, hereby attest as follows:

I have reviewed the foregoing Responses and Objections to Lead Plaintiffs' Second Set of Interrogatories Addressed to the Individual Defendants (the "Responses and Objections") and am familiar with the content of the responses stated therein that apply to me.  I believe that those responses are true and correct, based on my present knowledge, information, and belief, and subject to the general and specific objections set forth in the Responses and Objections.  I verify under penalty of perjury that the foregoing is true and correct.


Executed on:  August 4, 2023
Location: <u>Los Angeles, CA</u>

_____
                    Ron Sugar

## **<u>VERIFICATION</u>**

I, Ursula Burns, hereby attest as follows:

I have reviewed the foregoing Responses and Objections to Lead Plaintiffs' Second Set of Interrogatories Addressed to the Individual Defendants (the "Responses and Objections") and am familiar with the content of the responses stated therein that apply to me. I believe that those responses are true and correct, based on my present knowledge, information, and belief, and subject to the general and specific objections set forth in the Responses and Objections. I verify under penalty of perjury that the foregoing is true and correct.


Executed on: August 4, 2023
Location: _Washington DC_

                                                                    Ursula Burns

## **VERIFICATION**

I, Garrett Camp, hereby attest as follows:

I have reviewed the foregoing Responses and Objections to Lead Plaintiffs' Second Set of Interrogatories Addressed to the Individual Defendants (the "Responses and Objections") and am familiar with the content of the responses stated therein that apply to me.  I believe that those responses are true and correct, based on my present knowledge, information, and belief, and subject to the general and specific objections set forth in the Responses and Objections.  I verify under penalty of perjury that the foregoing is true and correct.

Executed on:  August 4, 2023
Location:  London, UK

_____
                Garrett Camp

## **VERIFICATION**

I, Matt Cohler, hereby attest as follows:

I have reviewed the foregoing Responses and Objections to Lead Plaintiffs' Second Set of Interrogatories Addressed to the Individual Defendants (the "Responses and Objections") and am familiar with the content of the responses stated therein that apply to me.  I believe that those responses are true and correct, based on my present knowledge, information, and belief, and subject to the general and specific objections set forth in the Responses and Objections.  I verify under penalty of perjury that the foregoing is true and correct.


Executed on:  August 7, 2023
Location:  Oslo, Norway

_Matt Cohler_
_____
Matt Cohler

## **<u>VERIFICATION</u>**

I, Ryan Graves, hereby attest as follows:

I have reviewed the foregoing Responses and Objections to Lead Plaintiffs' Second Set of Interrogatories Addressed to the Individual Defendants (the "Responses and Objections") and am familiar with the content of the responses stated therein that apply to me. I believe that those responses are true and correct, based on my present knowledge, information, and belief, and subject to the general and specific objections set forth in the Responses and Objections. I verify under penalty of perjury that the foregoing is true and correct.


Executed on:  August 7, 2023
Location: Woody Creek, CO                    _____
                                                                    Ryan Graves

## **<u>VERIFICATION</u>**

I, Arianna Huffington, hereby attest as follows:

I have reviewed the foregoing Responses and Objections to Lead Plaintiffs' Second Set of Interrogatories Addressed to the Individual Defendants (the "Responses and Objections") and am familiar with the content of the responses stated therein that apply to me.  I believe that those responses are true and correct, based on my present knowledge, information, and belief, and subject to the general and specific objections set forth in the Responses and Objections.  I verify under penalty of perjury that the foregoing is true and correct.

Executed on:  August 7, 2023
Location:  <u>Los Angeles, CA</u>

_Arianna Huffington_
————————————————————
Arianna Huffington

## <u>VERIFICATION</u>

I, Travis Kalanick, hereby attest as follows:

I have reviewed the foregoing Responses and Objections to Lead Plaintiffs' Second Set of Interrogatories Addressed to the Individual Defendants (the "Responses and Objections") and am familiar with the content of the responses stated therein that apply to me.  I believe that those responses are true and correct, based on my present knowledge, information, and belief, and subject to the general and specific objections set forth in the Responses and Objections.  I verify under penalty of perjury that the foregoing is true and correct.

Executed on:  August 7, 2023
Location: <u>Los Angeles, ca</u>

_____
Travis Kalanick

## **VERIFICATION**

I, Wan Ling Martello, hereby attest as follows:

I have reviewed the foregoing Responses and Objections to Lead Plaintiffs' Second Set of Interrogatories Addressed to the Individual Defendants (the "Responses and Objections") and am familiar with the content of the responses stated therein that apply to me. I believe that those responses are true and correct, based on my present knowledge, information, and belief, and subject to the general and specific objections set forth in the Responses and Objections. I verify under penalty of perjury that the foregoing is true and correct.

Executed on: August 7, 2023
Location: Glencoe, IL

_Wan Ling Martello_
Wan Ling Martello

## **VERIFICATION**

I, Yasir Al-Rumayyan, hereby attest as follows:

I have reviewed the foregoing Responses and Objections to Lead Plaintiffs' Second Set of Interrogatories Addressed to the Individual Defendants (the "Responses and Objections") and am familiar with the content of the responses stated therein that apply to me. I believe that those responses are true and correct, based on my present knowledge, information, and belief, and subject to the general and specific objections set forth in the Responses and Objections. I verify under penalty of perjury that the foregoing is true and correct.

Executed on: August 9, 2023

Location: Riyadh

_____
Yasir Al-Rumayyan

## **VERIFICATION**

I, John Thain, hereby attest as follows:

I have reviewed the foregoing Responses and Objections to Lead Plaintiffs' Second Set of Interrogatories Addressed to the Individual Defendants (the "Responses and Objections") and am familiar with the content of the responses stated therein that apply to me.  I believe that those responses are true and correct, based on my present knowledge, information, and belief, and subject to the general and specific objections set forth in the Responses and Objections.  I verify under penalty of perjury that the foregoing is true and correct.


Executed on:  August 4, 2023
Location: Paul Smiths NY

_____
                    John Thain

## **VERIFICATION**

I, David Trujillo, hereby attest as follows:

I have reviewed the foregoing Responses and Objections to Lead Plaintiffs' Second Set of Interrogatories Addressed to the Individual Defendants (the "Responses and Objections") and am familiar with the content of the responses stated therein that apply to me.  I believe that those responses are true and correct, based on my present knowledge, information, and belief, and subject to the general and specific objections set forth in the Responses and Objections.  I verify under penalty of perjury that the foregoing is true and correct.


Executed on:  August 4, 2023

Location: Sonoma, CA

_____
David Trujillo

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 9, 2023, I caused to be served, via electronic mail,

- **INDIVIUDAL DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFF'S SECOND SET OF INTERROGATORIES ADDRESSED TO THE INDIVIDUAL DEFENDANTS**

in connection with the above-captioned matter, upon the following:

Jonathan Gardner
Eric J. Belfi
Christopher J. Keller
Alfred L. Fatale III
Joseph N. Cotilletta
Francis P. McConville
Robert Sean Rowley
Lisa Strejlau
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: jgardner@labaton.com

     ebelfi@labaton.com
     ckeller@labaton.com
     afatale@labaton.com
     jcotilletta@labaton.com
     fmcconville@labaton.com
     rrowley@labaton.com
     lstrejlau@labaton.com


*Lead Counsel for Plaintiffs and the Proposed Class*


Gregory M. Nespole (admitted *pro hac vice*)
Correy Suk (admitted *pro hac vice*)
**LEVI & KORSINSKY LLP**
55 Broadway, 10th Floor
New York, New York 10006
Telephone: (212) 363-7500
Facsimile: (212) 363-1294
Email: gnespole@zlk.com
     ckamin@zlk.com

Adam M. Apton (SBN 316506)
**LEVI & KORSINSKY LLP**
75 Broadway, Suite 202
San Francisco, California 94111
Telephone: (415) 373-1671
Facsimile: (415) 484-1294
Email: aapton@zlk.com

*Liaison Counsel for Lead Plaintiff Boston Retirement System*


Laurence Matthew Rosen (219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com


Mollie Elizabeth Chadwick (329524)
John T. Jasnoch (CA 281605)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, California 82101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
Email: jjasnoch@scott-scott.com

William C. Fredericks
Emilie B. Kokmanian (*pro hac vice*)
Mandeep S Minhas (*pro hac vice*)
Jonathan M. Zimmerman (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, New York 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
Email: wfredericks@scott-scott.com
        ekokmanian@scott-scott.com
        mminhas@scott-scott.com
        jzimmerman@scott-scott.com

David R. Scott
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, Connecticut 06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432
Email: david.scott@scott-scott.com


Curtis V. Trinko
**LAW OFFICES OF CURTIS V. TRINKO**
39 Sintsink Drive West
First Floor
Port Washington, NY 11050
Telephone:  (212) 490-9950
Facsimile: (212) 986-0158
Email: Ctrinko@trinko.com


Samuel H. Rudman
**ROBBINS GELLER RUDMAN & DOWD LLP**
58 South Service Road, Suite 200
Melville, New York 11747
Telephone: (631) 367-7100
Facsimile: (631) 367-1173
Email: srudman@rgrdlaw.com


Henry Rosen (156963)
Thomas Edward Egler (189871)
Nicole Quaid Gilliland (335132)
James I. Jaconette (179565)
Nathan R. Lindell (248668)
Sara Bierl Polychron (244685)
Juan Carlos Sanchez (301834)
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619-231-1058
Fax:  619-231-7423
Email: henryr@rgrdlaw.com
      tome@rgrdlaw.com
      ngilliland@rgrdlaw.com
      jamesj@rgrdlaw.com
      nlindell@rgrdlaw.com

spolychron@rgrdlaw.com
jsanchez@rgrdlaw.com

Mark C. Molumphy (SBN 168009)
Tyson Redenbarger (SBN 294424)
**COTCHETT, PITRE & MCCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email: mmolumphy@cpmlegal.com
        tredenbarger@cpmlegal.com

*Counsel for Proposed Class Representatives Irving S. Braun and Judith Braun, David Messinger, and Ellie Marie Toronto ESA*

By:   /s/    Dennis D. Kitt
         Dennis D. Kitt

*Counsel for Defendants Uber Technologies, Inc., Dara Khosrowshahi, Nelson Chai, Glen Ceremony, Ronald Sugar, Ursula Burns, Garrett Camp, Matt Cohler, Ryan Graves, Arianna Huffington, Travis Kalanick, Wan Ling Martello, Yasir Al-Rumayyan, John Thain, and David Trujillo*