UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOSTON RETIREMENT SYSTEM, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No. 19-cv-06361-RS   (DMR)<br><br>**ORDER ON JULY 19, 2023 JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 303 |

The parties filed a joint discovery letter on July 19, 2023 in which Defendants seek an order staying 16 "apex" depositions, and Lead Plaintiff cross-moves to compel those depositions. [Docket No. 303 ("JDL").][1] On July 27, 2023, the court ordered the parties to submit additional information regarding each potential deponent. [Docket No. 305.] On August 31, 2023, the parties timely submitted a helpful 80-page summary chart setting forth each side's factual support for their position on each proposed deponent. [Docket No. 318.] On September 12, 2023, at the court's request, the parties filed a joint letter updating their respective positions in light of the summary discovery set forth in their chart. [Docket No. 330.] Having reviewed the parties' detailed evidence and arguments, the court finds that this matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, Defendants' request to stay the depositions is denied, and Lead Plaintiff's request is granted in part.[2]

---

[1] Defendants assert that all 16 individuals qualify as "apex" deponents. Lead Plaintiff does not challenge this assertion.

[2] Lead Plaintiff also filed two related administrative motions to consider whether another party's material should be sealed. [Docket Nos. 302, 319.] Defendants filed statements in support of those motions. [Docket Nos. 304, 325.] In the first motion, Lead Plaintiff seeks to seal excerpts of 11 documents cited in the JDL, but states that it does not believe that any of the designated information satisfies the definition of "confidential" under the protective order in this case. In

"When a party seeks the deposition of a high-level executive (a so-called 'apex' deposition), courts have observed that such discovery creates a tremendous potential for abuse or harassment." *Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012). Accordingly, the court has discretion to limit discovery "where the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Id.* (quotation omitted). However, concerns about a party's potential use of an apex deposition for the purposes of harassment must be balanced with the liberal discovery provisions of the Federal Rules. *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("[A] strong showing is required before a party will be denied entirely the right to take a deposition."). The party seeking to avoid an apex deposition bears the burden of showing good cause for why the deposition should not be allowed. *In re Transpacific Passenger Air Transportation Antitrust Litig.*, No. 07-cv-05634-CRB (DMR), 2014 WL 939287, at *2 (N.D. Cal. Mar. 6, 2014); *see also Hunt v. Cont'l Cas. Co.*, No. 13-cv-05966-HSG, 2015 WL 1518067, at *2 (N.D. Cal. Apr. 3, 2015) (stating that the party resisting an apex deposition must show that "extraordinary circumstances" exist that preclude taking the deposition altogether).

In considering whether to permit an apex deposition, courts examine whether the proposed

---

their statement, Defendants explain they only seek to seal excerpts from 9 of the cited documents. [Docket No. 304 at 5.] For good cause shown, Lead Plaintiff's motion is granted in part and denied in part. **By September 26, 2023**, Lead Plaintiff is directed to re-file a version of the JDL consistent with the redactions proposed in Defendants' statement.

In the second motion, Lead Plaintiff seeks to seal the entirety of the summary chart as confidential, but again states that it does not believe that any of the designated information satisfies the definition of "confidential" under the protective order. In their statement, Defendants explain they only seek to seal specific portions of the summary chart, which fall under the following categories of "commercially sensitive and proprietary information": 1) business strategy and corporate decision making, 2) confidential marketing strategy, and 3) regulatory strategy and passenger safety information. [Docket No. 325 at 3-11.] For good cause shown, Lead Plaintiff's motion is granted in part and denied in part. **By September 26, 2023**, Lead Plaintiff is directed to re-file a version of the summary chart consistent with the redactions proposed in Defendants' statement.

In granting these two sealing motions, the court applies the Ninth Circuit's lower good cause standard to sealed discovery documents attached to non-dispositive motions. *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 WL 2550831, at *1 n.1 (N.D. Cal. June 25, 2011) (citing *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).

2

deponent possesses first-hand knowledge of "important, relevant, and material facts." *First United Methodist Church of San Jose v. Atl. Mut. Ins. Co.*, No. 95-cv-2243-DLJ, 1995 WL 566026, at *2 (N.D. Cal. Sept. 19, 1995). "The party seeking to take the deposition need not prove conclusively that the deponent certainly has unique non-repetitive information; rather, where a corporate officer *may* have any first-hand knowledge of relevant facts, the deposition should be allowed." *In re Apple Iphone Antitrust Litig.*, No. 11CV06714YGRTSH, 2021 WL 485709, at *5 (N.D. Cal. Jan. 26, 2021) (emphasis added) (quotation marks and citation omitted). Courts also consider whether the party seeking the apex deposition has obtained the information sought through other discovery or less intrusive means. *See In re Transpacific Passenger*, 2014 WL 939287, at *5 (noting that the party seeking discovery is not required to exhaust other means of discovery before taking an apex deposition, but that exhaustion is an important consideration for the court). "If it appears unlikely that [the apex witness] has percipient knowledge of material facts, or if there are other witnesses who could testify to those facts from a similar vantage point, there is more reason to question whether the deposition is being sought for abusive rather than appropriate fact-finding purposes." *Id.* at *3.

In the summary chart, for each potential deponent, Lead Plaintiff provided (1) the deponent's name; (2) the deponent's title; (3) bullet points summarizing what Lead Plaintiff characterizes as that deponent's unique, first-hand, non-repetitive percipient knowledge of relevant facts; and (4) bullet points enumerating the steps taken to obtain the information sought through other discovery or less intrusive means. In the same chart, Defendants submitted bullet points summarizing the facts that they assert constitute good cause for precluding or at least limiting each deposition. Namely, Defendants described why each deponent lacks first-hand, unique knowledge regarding the relevant issues, how others could testify to the same issues from a similar vantage point, and the specific prejudice or harm that would result from the deposition.

In assessing the propriety and length of the proposed depositions, the court first analyzed whether each proposed deponent possesses first-hand knowledge of "important, relevant, and material facts" in order to assess whether the deposition was being sought for abusive rather than legitimate fact-finding purposes. In so doing, the court generally considered: 1) whether the

3

deponent is an individual defendant;[3] 2) the deponent's degree of 'apex-ness';[4] 3) the deponent's role(s) at Uber during the relevant time period and his or her alleged personal involvement in or knowledge of information relevant to the claims at issue, including involvement by outside directors in relevant committees; and 5) the extent of the deponent's institutional knowledge of Uber, given the underlying allegation that the offering materials "proudly proclaimed: 'It is a new day at Uber'" – differentiating between "2017 Uber and the purportedly new and reformed Uber of today" – while failing to disclose the truth about the company's (i) business model and growth strategy; (ii) passenger safety issues; and (iii) financial condition. [Docket No. 137 (Second Amended Complaint) ¶¶ 153, 155, 156.] As part of its analysis, the court also considered other steps taken by Lead Plaintiff to obtain the information sought – notably, interrogatories, requests for admission, requests for production, and other witness testimony – as well as all arguments proffered by Defendants to explain why the deposition should not be allowed or should be limited.

Taking the above factors into account, and based on a detailed review of the parties' evidence, the court finds that Lead Plaintiff has established that the 16 depositions at issue are all justified with the following time limitations:

- Dara Khosrowshahi (Chief Executive Officer, Board Member, and Individual Defendant): Lead Plaintiff may depose Khosrowshahi for 7 hours.

---

[3] In considering this factor, the court is mindful that there is no bright-line exception to the apex doctrine for named defendants because such an exception "would be inconsistent with [the doctrine's] aim of thwarting harassment." *Myun-Uk Choi v. Tower Rsch. Cap. LLC*, No. 14-CV-9912 (KMW), 2019 WL 6271324, at *2 (S.D.N.Y. Nov. 25, 2019) (affirming magistrate judge's order preventing named defendant's deposition where plaintiffs had failed to come forward with any evidence that the defendant had knowledge of any of the claims or defenses in the case or information that could not easily be obtained through other discovery). As part of this analysis, the court considered the individual defendant's level of involvement in the challenged conduct (and therefore their percipient knowledge of the same), as well as their potential testimony to defend against the claims made against them.

[4] *See In re Apple Iphone Antitrust Litig.*, 2021 WL 485709, at *4 (noting that senior vice presidents may have important, high-ranking jobs, but they are "not a CEO or head of an agency" and therefore "less is required to justify their depositions," given their "lesser degree of apex-ness."). "[T]he apex 'doctrine's common application to the classic paradigm of a single-hierarchy corporate structure [is] ill-suited to determining apex status . . . in the case of a large, multi-national corporation . . . For '[a] company of global proportions,' 'the two-prong test for first-hand, non-repetitive knowledge and for the party's attention to other, less intrusive discovery methods,' must also be measured against 'the person's degree of 'apex-ness' in relation to these factors.'" *Id.* (quoting *Apple Inc. v*, 282 F.R.D. at 263)).

4

- Nelson Chai (Chief Financial Officer and Individual Defendant): Lead Plaintiff may depose Chai for 7 hours.
- Gus Fuldner (Vice President, Safety and Insurance), Jill Hazelbaker (Senior Vice President, Marking and Public Affairs), and Andrew Macdonald (Vice President, Americas Operations and Global Business Development): The facts submitted by the parties suggest that there is some overlap between the knowledge of these three important non-Defendant witnesses.  Therefore, Lead Plaintiff may select two of these three witnesses for depositions of 7 hours each.  In the alternative, Lead Plaintiff may choose to depose all three witnesses for no more than 5 hours each.
- Ronald Sugar (Chairman of the Board and Individual Defendant): Lead Plaintiff may depose Sugar for no more than 5 hours.
- John Thain (Board Member and Individual Defendant): Lead Plaintiff may depose Thain for no more than 5 hours.
- Travis Kalanick (Co-founder, former CEO, Board Member, and Individual Defendant): Lead Plaintiff may depose Kalanick for no more than 3 hours.
- Garrett Camp (Co-founder, Board Member, and Individual Defendant): Lead Plaintiff may depose Camp for no more than 2.5 hours.
- Ryan Graves (Board Member and Individual Defendant): Lead Plaintiff may depose Graves for no more than 2.5 hours.
- Arianna Huffington (Board Member and Individual Defendant): Lead Plaintiff may depose Huffington for no more than 2.5 hours.
- David Trujillo (Board Member and Individual Defendant): Lead Plaintiff may depose Trujillo for no more than 2.5 hours.
- Ursula Burns (Board Member and Individual Defendant): Lead Plaintiff may depose Burns for no more than 2 hours.
- Matt Cohler (Board Member and Individual Defendant): Lead Plaintiff may depose Cohler for no more than 2 hours.
- Wan Ling Martello (Board Member and Individual Defendant): Lead Plaintiff may

depose Martello for no more than 2 hours.

- Yasir Al-Rumayyan (Board Member and Individual Defendant): Lead Plaintiff may depose Al-Rumayyan for no more than 2 hours.

The depositions shall take place by December 20, 2023.[5]

**IT IS SO ORDERED.**

Dated: September 19, 2023

_____
Donna M. Ryu
Chief Magistrate Judge

---

[5] The current discovery deadline is 9/20/23. The order does not extend that deadline; this court does not have the authority to do so. The 12/20/23 deadline only applies to the 16 depositions addressed in this discrete discovery dispute.

6