# EXHIBIT A

Daniel H.R. Laguardia (SBN 314654)
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105-2997
Telephone: 415.616.1100
Facsimile: 415.616.1199
Email: daniel.laguardia@shearman.com

Paula H. Anderson (admitted *pro hac vice*)
Agnès Dunogué (admitted *pro hac vice*)
Dennis D. Kitt (admitted *pro hac vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
Telephone: 212.848.4000
Facsimile: 212.848.7179
Email: paula.anderson@shearman.com
        agnes.dunogue@shearman.com
        dennis.kitt@shearman.com

*Attorneys for Defendants Uber Technologies, Inc.,*
*Dara Khosrowshahi, Nelson Chai, Glen Ceremony,*
*Ronald Sugar, Ursula Burns, Garrett Camp, Matt*
*Cohler, Ryan Graves, Arianna Huffington, Travis*
*Kalanick, Wan Ling Martello, H.E. Yasir Al-*
*Rumayyan, John Thain, and David Trujillo*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BOSTON RETIREMENT SYSTEM, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No. 3:19-cv-06361-RS<br><br>**DEFENDANT JOHN THAIN'S AMENDED RESPONSES AND OBJECTIONS TO LEAD PLAINTIFF'S FIRST SET OF INTERROGATORIES ADDRESSED TO THE INDIVIDUAL DEFENDANTS**<br><br>**HIGHLY CONFIDENTIAL**<br><br>**Courtroom**: No. 3 – 17th Floor<br>**Judge**: Hon. Richard Seeborg |

Propounding Party:    Boston Retirement System
Responding Party:     John Thain
Set:                           One

DEFENDANT'S AMENDED
RESPONSES & OBJECTIONS TO
LEAD PLAINTIFF'S 1ST SET OF INTERROGATORIES

CASE NO. 3:19-cv-06361-RS

15.      Defendant objects to the definition of the term "Uber Projections" in paragraph 22 of the Definitions on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it includes "any . . . unaudited financial projections concerning the business of Uber."  In responding to the Interrogatories, Defendant will construe the term "Uber Projections" to mean the unaudited financial projections included in the offering documents as defined herein.

16.      Defendant objects to the definition of the term "You" and "Your" in paragraph 24 of the Definitions on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it includes persons or entities other than Defendant.  In responding to the Interrogatories, Defendant will construe the terms "You" and "Your" to refer solely to Defendant.

17.      Defendant objects to all Instructions (whether or not repeated for emphasis) to the extent they purport to impose obligations on Defendant that exceed or are inconsistent with those set forth in the Federal Rules, the Local Rules, or any other applicable statutes, rules, or laws.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

Subject to and without waiver of the foregoing General Objections and Objections to Definitions and Instructions, which are incorporated into each response below whether or not repeated for emphasis, and the specific objections set forth below, and expressly stating that his responses are subject to all such objections, Defendant responds to each specific Interrogatory as follows.

Except as otherwise stated below, an objection to a specific Interrogatory does not imply that information responsive to that interrogatory exists.

**Interrogatory No. 1**:

> *Identify all mobile phones and smartphones that You used during the Relevant Time Period. For each such mobile phone or smartphone, please provide the following information:*
>
> *(a) the make and model of the mobile phone or smartphone;*
>
> *(b) the telephone number associated with the mobile phone or smartphone;*
>
> *(c) the time periods during which You used the mobile phone or smartphone;*

Defendant's Amended
Responses & Objections to
Lead Plaintiff's 1st Set of Interrogatories
9
002
Case No. 3:19-cv-06361-RS
Highly Confidential

*(d) the phone carrier for the mobile phone or smartphone (e.g., Verizon, AT&T, etc.);*

*(e) the purposes for which You used the mobile phone or smartphone;*

*(f) whether You ever sent or received any business-related text messages from/to the mobile phone or smartphone;*

*(g) whether any text message was ever sent to or received by the mobile phone or smartphone concerning the events described in the Complaint, the IPO, the Categories, Uber's New Day Theme, or Uber's Projections (whether or not such text message was business-related);*

*(h) whether the mobile phone or smartphone was personal (e.g., a device owned by You or subject to Uber's "Bring Your Own Device" policy as defined in Uber's Mobile Device Management Standard) or Uber-issued (e.g., a Corporate-Owned Device as defined in Uber's Mobile Device Management Standard);*

*(i) whether You presently have access to the mobile phone or smartphone or data associated with it (e.g., in cloud storage or other back-up) and, if not, why not;*

*(j) whether You and/or anyone else backed up or imaged any information from the mobile phone or smartphone from the time period of January 1, 2017 through the present; and*

*(k) identify when each backup or imaging was performed, the method that was used, the current location of each backup or image, and a summary of the data that was backed up or imaged.*

**Response to Interrogatory No. 1**:

In addition to the General Objections and Objections to Definitions and Instructions, each of which is incorporated here by this reference, Defendant objects to this Interrogatory as overbroad and unduly burdensome and because it seeks discovery of information that is neither relevant to Lead Plaintiff's claims nor proportional to the needs of the case to the extent it seeks information regarding "*all* mobile phones and smartphones," "whether *any* text message was *ever* sent," and "*each* backup or imaging" without limitation (emphasis added). Defendant further objects to this Interrogatory with respect to its use of the terms "text messages," "Categories," "Uber's New Day Theme," and "Uber Projections," and including the terms incorporated into the definitions of those terms, for the reasons stated in the Objections to Definitions and Instructions. Defendant further objects to this Interrogatory to the extent that it calls for information outside the Relevant Time Period. Defendant's responses are limited to the Relevant Time Period. Defendant further objects to the use of the term "business-related" as overbroad and unduly burdensome. Defendant will construe the term "business-related" as concerning matters relating specifically to Defendant's work

on or in connection with Uber's business.  Defendant further objects to Interrogatory No. 1(e) to the extent it seeks information regarding the "purpose for which [Defendant] used the mobile phone or smartphone" other than whether it was used for Uber business or personal purposes.  June 8, 2023 Hearing Tr. 8:18-10:1.  Defendant further objects to Interrogatory No. 1(g) to the extent it seeks information "concerning the events described in the Complaint" on the grounds that it is vague, ambiguous, and overbroad.  Defendant further objects to this Interrogatory to the extent it seeks information regarding whether text messages were sent "from/to [a] mobile phone or smartphone" on the grounds that it is vague, ambiguous, and overbroad.  Defendant's response is limited to whether Defendant sent or received text messages using a particular phone during the Relevant Time Period.  Defendant's response is based upon Defendant's current recollection and a reasonable search and inquiry.  To the extent this Interrogatory purports to require Defendant to go beyond such a search or inquiry, Defendant objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case.  Defendant further objects to this Interrogatory on the grounds that it is compound because it contains 12 sub-parts.  Defendant further objects to this Interrogatory on the grounds that it seeks discovery on discovery without adequate justification and because it seeks information that is protected from disclosure by the attorney work product doctrine.

Subject to and without waiving the foregoing objections, the General Objections, and Objections to Definitions and Instructions, and based on information currently known and available to Defendant, Defendant responds to Interrogatory No. 1 as follows:

Defendant used the following mobile phones or smartphones between September 2017, when he became a director of Uber, and March 3, 2020:

(e)  These devices were used for both business and personal purposes.

(f)  It was not Defendant's practice to communicate about Uber business by text message.  Based on his best recollection and a reasonable search, Defendant infrequently sent or received text messages on these devices related to Uber business. The infrequent text messages Defendant sent or received related to Uber business were largely non-substantive and included, for example, scheduling calls or meetings.

(g)  Based on his best recollection and a reasonable search, Defendant did not send or receive text messages on these devices regarding the IPO, the Categories, Uber's New Day Theme, or Uber's Projections.

(h)  These devices were not issued by Uber and were not subject to Uber's Bring Your Own Device policy or Mobile Device Management Standard, which policies did not and do not apply to Defendant in his role as director because he is not and has never been an employee of Uber.

(i)  Defendant currently does not have access to the devices he used during the Relevant Time Period, but does have access to the text message data associated with them.

(j)  Electronic communications on these devices have been backed up.

**Interrogatory No. 2**:

> *Identify every repository of Electronically-Stored Information (e.g., a mobile phone, smartphone, laptop, desktop computer, tablet, cloud storage account, or folder on a server) where You have ever stored electronic files concerning the events described in the Complaint, the IPO, the Categories, Uber's New Day Theme, or Uber's Projections and, for each such repository, describe the types of electronic files that were and/or are stored therein.*

**Response to Interrogatory No. 2**:

In addition to the General Objections and Objections to Definitions and Instructions, each of which is incorporated here by this reference, Defendant objects to Interrogatory No. 2 as overbroad and unduly burdensome and because it seeks discovery of information that is neither relevant to Lead Plaintiff's claims nor proportional to the needs of the case to the extent it seeks information regarding "*every* repository of Electronically-Stored Information . . . where You have *ever* stored electronic files" without limitation.  Defendant further objects to Interrogatory No. 2 with respect to its use of the terms "Categories," "Uber's New Day Theme," and "Uber Projections," and including

the terms incorporated into the definitions of those terms, for the reasons stated in the Objections to Definitions and Instructions.  Defendant further objects to this Interrogatory on the grounds that it seeks discovery on discovery without adequate justification and because it seeks information that is protected from disclosure by the attorney work product doctrine.  Defendant further objects to this Interrogatory on the grounds that it is duplicative of prior discovery requests, to which Defendant has already responded. Defendant objects to any suggestion that it is either reasonable or proportionate to the needs of the case to collect and conduct a comprehensive review of files from any particular repository of electronically stored information merely because the repository may contain an electronic file or files concerning the matters alleged in the Second Amended Complaint, especially in light of the documents that the Uber Defendants have already agreed to collect and review.

Subject to and without waiver of the foregoing objections, the General Objections, and the Objections to Definitions and Instructions, based on the information currently known and available to Defendant, and in addition to the text messages, if any, identified above in response to Interrogatory No. 1, Defendant responds to Interrogatory No. 2 as follows:

Electronic communications and/or other documents concerning the IPO, the Categories, Uber's New Day Theme, or Uber's Projections, as defined herein, if any, have been stored on Uber's servers and the Diligent platform, which Uber used to share materials related to board meetings with the Board of Directors. ███████████████████████████ ████████████████████████████████ It was not Defendant's practice to save documents related to Uber business locally or to use his personal email account or iCloud to store responsive documents other than for communications with Uber that would reside on Uber's servers as well.

Dated:    June 29, 2023            SHEARMAN & STERLING LLP

                                By:    _/s/ Daniel H.R. Laguardia_
                                       Daniel H.R. Laguardia

                                _Attorney for Defendant John Thain_

## **<u>VERIFICATION</u>**

I, John Thain, hereby attest as follows:

I have reviewed the foregoing Responses and Objections to Lead Plaintiffs' First Set of Interrogatories Addressed to the Individual Defendants (the "Responses and Objections") and am familiar with the content of my responses stated therein.  I believe that my responses are true and correct, based on my present knowledge, information, and belief, and subject to the general and specific objections set forth in the Responses and Objections.  I verify under penalty of perjury that the foregoing is true and correct.

Executed on:  June 28, 2023
Location: <u>Rye, NY</u>

_____
                John Thain

1  Daniel H.R. Laguardia (SBN 314654)
   SHEARMAN & STERLING LLP
2  535 Mission Street, 25th Floor
   San Francisco, CA 94105-2997
3  Telephone:  415.616.1100
   Facsimile:  415.616.1199
4  Email: daniel.laguardia@shearman.com

5  Paula H. Anderson (admitted *pro hac vice*)
   Agnès Dunogué (admitted *pro hac vice*)
6  Dennis D. Kitt (admitted *pro hac vice*)
   SHEARMAN & STERLING LLP
7  599 Lexington Avenue
   New York, NY 10022-6069
8  Telephone:  212.848.4000
   Facsimile:  212.848.7179
9  Email: paula.anderson@shearman.com
          agnes.dunogue@shearman.com
10         dennis.kitt@shearman.com

11  *Attorneys for Defendants Uber Technologies, Inc.,*
    *Dara Khosrowshahi, Nelson Chai, Glen Ceremony,*
12  *Ronald Sugar, Ursula Burns, Garrett Camp, Matt*
    *Cohler, Ryan Graves, Arianna Huffington, Travis*
13  *Kalanick, Wan Ling Martello, H.E. Yasir Al-*
    *Rumayyan, John Thain, and David Trujillo*

14

15                 UNITED STATES DISTRICT COURT

16                NORTHERN DISTRICT OF CALIFORNIA

17                   SAN FRANCISCO DIVISION

18  BOSTON RETIREMENT SYSTEM,                Case No. 3:19-cv-06361-RS
    Individually and on behalf of all others similarly
19  situated,
                                             **DEFENDANT WAN LING**
20                Plaintiff,                  **MARTELLO'S AMENDED RESPONSES**
                                             **AND OBJECTIONS TO LEAD**
21          v.                               **PLAINTIFF'S FIRST SET OF**
                                             **INTERROGATORIES ADDRESSED TO**
22  UBER TECHNOLOGIES, INC., et al.,         **THE INDIVIDUAL DEFENDANTS**

23                Defendants.                **HIGHLY CONFIDENTIAL**

24                                           **Courtroom**:  No. 3 – 17th Floor
                                             **Judge**:      Hon.  Richard Seeborg
25

26

27  Propounding Party:    Boston Retirement System
    Responding Party:     Wan Ling Martello
28  Set:                  One
    DEFENDANT'S AMENDED
    RESPONSES & OBJECTIONS TO                         CASE NO. 3:19-cv-06361-RS
    LEAD PLAINTIFF'S 1ST SET OF INTERROGATORIES

15.     Defendant objects to the definition of the term "Uber Projections" in paragraph 22 of the Definitions on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it includes "any . . . unaudited financial projections concerning the business of Uber."  In responding to the Interrogatories, Defendant will construe the term "Uber Projections" to mean the unaudited financial projections included in the offering documents as defined herein.

16.     Defendant objects to the definition of the term "You" and "Your" in paragraph 24 of the Definitions on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it includes persons or entities other than Defendant.  In responding to the Interrogatories, Defendant will construe the terms "You" and "Your" to refer solely to Defendant.

17.     Defendant objects to all Instructions (whether or not repeated for emphasis) to the extent they purport to impose obligations on Defendant that exceed or are inconsistent with those set forth in the Federal Rules, the Local Rules, or any other applicable statutes, rules, or laws.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

Subject to and without waiver of the foregoing General Objections and Objections to Definitions and Instructions, which are incorporated into each response below whether or not repeated for emphasis, and the specific objections set forth below, and expressly stating that her responses are subject to all such objections, Defendant responds to each specific Interrogatory as follows.

Except as otherwise stated below, an objection to a specific Interrogatory does not imply that information responsive to that interrogatory exists.

**Interrogatory No. 1**:

*Identify all mobile phones and smartphones that You used during the Relevant Time Period. For each such mobile phone or smartphone, please provide the following information:*

*(a) the make and model of the mobile phone or smartphone;*

*(b) the telephone number associated with the mobile phone or smartphone;*

*(c) the time periods during which You used the mobile phone or smartphone;*

(d) *the phone carrier for the mobile phone or smartphone (e.g., Verizon, AT&T, etc.);*

(e) *the purposes for which You used the mobile phone or smartphone;*

(f) *whether You ever sent or received any business-related text messages from/to the mobile phone or smartphone;*

(g) *whether any text message was ever sent to or received by the mobile phone or smartphone concerning the events described in the Complaint, the IPO, the Categories, Uber's New Day Theme, or Uber's Projections (whether or not such text message was business-related);*

(h) *whether the mobile phone or smartphone was personal (e.g., a device owned by You or subject to Uber's "Bring Your Own Device" policy as defined in Uber's Mobile Device Management Standard) or Uber-issued (e.g., a Corporate-Owned Device as defined in Uber's Mobile Device Management Standard);*

(i) *whether You presently have access to the mobile phone or smartphone or data associated with it (e.g., in cloud storage or other back-up) and, if not, why not;*

(j) *whether You and/or anyone else backed up or imaged any information from the mobile phone or smartphone from the time period of January 1, 2017 through the present; and*

(k) *identify when each backup or imaging was performed, the method that was used, the current location of each backup or image, and a summary of the data that was backed up or imaged.*

**Response to Interrogatory No. 1**:

In addition to the General Objections and Objections to Definitions and Instructions, each of which is incorporated here by this reference, Defendant objects to this Interrogatory as overbroad and unduly burdensome and because it seeks discovery of information that is neither relevant to Lead Plaintiff's claims nor proportional to the needs of the case to the extent it seeks information regarding "*all* mobile phones and smartphones," "whether *any* text message was *ever* sent," and "*each* backup or imaging" without limitation (emphasis added). Defendant further objects to this Interrogatory with respect to its use of the terms "text messages," "Categories," "Uber's New Day Theme," and "Uber Projections," and including the terms incorporated into the definitions of those terms, for the reasons stated in the Objections to Definitions and Instructions. Defendant further objects to this Interrogatory to the extent that it calls for information outside the Relevant Time Period. Defendant's responses are limited to the Relevant Time Period. Defendant further objects to the use of the term "business-related" as overbroad and unduly burdensome. Defendant will construe the term "business-related" as concerning matters relating specifically to Defendant's work

DEFENDANT'S AMENDED
RESPONSES & OBJECTIONS TO                    10
LEAD PLAINTIFF'S 1ST SET OF INTERROGATORIES

**010**

CASE NO. 3:19-cv-06361-RS
HIGHLY CONFIDENTIAL

on or in connection with Uber's business. Defendant further objects to Interrogatory No. 1(e) to the extent it seeks information regarding the "purpose for which [Defendant] used the mobile phone or smartphone" other than whether it was used for Uber business or personal purposes. June 8, 2023 Hearing Tr. 8:18-10:1. Defendant further objects to Interrogatory No. 1(g) to the extent it seeks information "concerning the events described in the Complaint" on the grounds that it is vague, ambiguous, and overbroad. Defendant further objects to this Interrogatory to the extent it seeks information regarding whether text messages were sent "from/to [a] mobile phone or smartphone" on the grounds that it is vague, ambiguous, and overbroad. Defendant's response is limited to whether Defendant sent or received text messages using a particular phone during the Relevant Time Period. Defendant's response is based upon Defendant's current recollection and a reasonable search and inquiry. To the extent this Interrogatory purports to require Defendant to go beyond such a search or inquiry, Defendant objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case. Defendant further objects to this Interrogatory on the grounds that it is compound because it contains 12 sub-parts. Defendant further objects to this Interrogatory on the grounds that it seeks discovery on discovery without adequate justification and because it seeks information that is protected from disclosure by the attorney work product doctrine.

Subject to and without waiving the foregoing objections, the General Objections, and Objections to Definitions and Instructions, and based on information currently known and available to Defendant, Defendant responds to Interrogatory No. 1 as follows:

Defendant used the following mobile phones or smartphones between June 2017, when she became a director of Uber, and March 3, 2020:



█████████████████████████████████████████

e) These devices were used for both business and personal purposes.

f) It was not Defendant's practice to communicate about Uber business by text message. Defendant does not recall frequently sending or receiving text messages on these devices related to Uber business but may, for example, have sent or received text messages regarding procedural matters, like confirming availability for meetings.

g) It was not Defendant's practice to communicate regarding the IPO, the Categories, Uber's New Day Theme, or Uber's Projections by text message. Defendant does not recall sending or receiving any text messages on these devices related to the IPO, the Categories, Uber's New Day Theme, or Uber's Projections.

h) These devices were not issued by Uber and were not subject to Uber's Bring Your Own Device policy or Mobile Device Management Standard, which policies did not and do not apply to Defendant in her role as director because she is not and has never been an employee of Uber.

i) Defendant currently does not have access to these devices and does not have access to the text message data associated with them from the Relevant Time Period.

j) Electronic communications on these devices have not been backed up.

k) Electronic communications on these devices have not been backed up.


**Interrogatory No. 2**:

> *Identify every repository of Electronically-Stored Information (e.g., a mobile phone, smartphone, laptop, desktop computer, tablet, cloud storage account, or folder on a server) where You have ever stored electronic files concerning the events described in the Complaint, the IPO, the Categories, Uber's New Day Theme, or Uber's Projections and, for each such repository, describe the types of electronic files that were and/or are stored therein.*

**Response to Interrogatory No. 2**:

In addition to the General Objections and Objections to Definitions and Instructions, each of which is incorporated here by this reference, Defendant objects to Interrogatory No. 2 as overbroad and unduly burdensome and because it seeks discovery of information that is neither relevant to Lead Plaintiff's claims nor proportional to the needs of the case to the extent it seeks information regarding "*every* repository of Electronically-Stored Information . . . where You have *ever* stored electronic files" without limitation. Defendant further objects to Interrogatory No. 2 with respect to its use of the terms "Categories," "Uber's New Day Theme," and "Uber Projections," and including

the terms incorporated into the definitions of those terms, for the reasons stated in the Objections to Definitions and Instructions.  Defendant further objects to this Interrogatory on the grounds that it seeks discovery on discovery without adequate justification and because it seeks information that is protected from disclosure by the attorney work product doctrine.  Defendant further objects to this Interrogatory on the grounds that it is duplicative of prior discovery requests, to which Defendant has already responded. Defendant objects to any suggestion that it is either reasonable or proportionate to the needs of the case to collect and conduct a comprehensive review of files from any particular repository of electronically stored information merely because the repository may contain an electronic file or files concerning the matters alleged in the Second Amended Complaint, especially in light of the documents that the Uber Defendants have already agreed to collect and review.

Subject to and without waiver of the foregoing objections, the General Objections, and the Objections to Definitions and Instructions, based on the information currently known and available to Defendant, and in addition to the text messages, if any, identified above in response to Interrogatory No. 1, Defendant responds to Interrogatory No. 2 as follows:

Electronic communications and/or other documents concerning the IPO, the Categories, Uber's New Day Theme, or Uber's Projections, as defined herein, if any, have been stored on Uber servers and the Diligent platform, which Uber used to share materials related to board meetings with the Board of Directors. ████████████████████████████████████ ████████████████████████ It was not Defendant's practice to save documents related to Uber business locally or to use her personal email account or iCloud to store responsive documents other than for communications with Uber that would reside on Uber's servers as well.

Dated:      July 6, 2023                              SHEARMAN & STERLING LLP

                                                      By:     */s/ Daniel H.R. Laguardia*
                                                              Daniel H.R. Laguardia

                                                      *Attorney for Defendant Wan Ling Martello*

## **VERIFICATION**

I, Wan Ling Martello, hereby attest as follows:

I have reviewed the foregoing Responses and Objections to Lead Plaintiffs' First Set of Interrogatories Addressed to the Individual Defendants (the "Responses and Objections") and am familiar with the content of my responses stated therein.  I believe that my responses are true and correct, based on my present knowledge, information, and belief, and subject to the general and specific objections set forth in the Responses and Objections.  I verify under penalty of perjury that the foregoing is true and correct.

Executed on:  July 6, 2023
Location:  Glencoe, IL

_Wan Ling Martello_
Wan Ling Martello

**014**

Daniel H.R. Laguardia (SBN 314654)
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105-2997
Telephone:  415.616.1100
Facsimile:  415.616.1199
Email: daniel.laguardia@shearman.com

Agnès Dunogué (admitted *pro hac vice*)
Dennis D. Kitt (admitted *pro hac vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
Telephone:  212.848.4000
Facsimile:  212.848.7179
Email: agnes.dunogue@shearman.com
        dennis.kitt@shearman.com

*Attorneys for Defendants Uber Technologies, Inc.,
Dara Khosrowshahi, Nelson Chai, Glen Ceremony,
Ronald Sugar, Ursula Burns, Garrett Camp, Matt
Cohler, Ryan Graves, Arianna Huffington, Travis
Kalanick, Wan Ling Martello, H.E. Yasir Al-
Rumayyan, John Thain, and David Trujillo*

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

#### SAN FRANCISCO DIVISION

| | |
|---|---|
| BOSTON RETIREMENT SYSTEM, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No. 3:19-cv-06361-RS<br><br>**DEFENDANT TRAVIS KALANICK'S RESPONSES AND OBJECTIONS TO LEAD PLAINTIFF'S REQUESTS FOR ADMISSIONS DIRECTED TO INDIVIDUAL DEFENDANT TRAVIS KALANICK**<br><br>**HIGHLY CONFIDENTIAL**<br><br>**Courtroom:** No. 3 – 17th Floor<br>**Judge:**    Hon.  Richard Seeborg |

Propounding Party:  Boston Retirement System
Responding Party:   Travis Kalanick
Set:                One

22.     Defendant objects to Instruction No. 9 to the extent it purports to impose obligations on Defendant that exceed or are inconsistent with those set forth in the Federal Rules, the Local Rules, or any other applicable statutes, rules, or laws.

23.     Defendant objects to Instruction No. 12 to the extent it is inconsistent with the Federal Rules, the Local Rules, or any other applicable statutes, rules, or laws.

24.     Defendant objects to Instruction No. 13 to the extent it purports to impose obligations on Defendant that exceed or are inconsistent with those set forth in the Federal Rules, the Local Rules, or any other applicable statutes, rules, or laws in light of the agreement between the parties to extend the time for responses and objections to the Requests to April 22, 2022.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to and without waiver of the foregoing General Objections and Objections to Definitions and Instructions, which are incorporated into each response below whether or not repeated for emphasis, and the specific objections set forth below, and expressly stating that his responses are subject to all such objections, Defendant responds to each specific Request as follows.

**Request No. 1:**

*Admit that You used Text messages to communicate about the Uber IPO, the Uber Projections, or the Categories.*

**Response to Request No. 1:**

Defendant objects to this Request on the basis of his General Objections and Objections to Definitions and Instructions.  Defendant further objects to this Request with respect to its use of the terms "Text messages," "Uber Projections" and "Categories," including the terms incorporated into the definitions of those terms, for the reasons stated in the Objections to Definitions and Instructions.  Defendant further objects to this Request on the grounds that it is unduly burdensome, overly broad, and seeks an admission that is neither relevant to the claims or defenses that have been asserted in the Action nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, and based on information currently known and available to Defendant, Defendant states that it was not Defendant's general practice to

use text messages to communicate about the Uber IPO, the Uber Projections, or the Categories, as defined herein, and otherwise denies Request No. 1 at this time.

**Request No. 2:**

> *Admit that You did not use Text messages to communicate about the Uber IPO, the Uber Projections, or the Categories.*

**Response to Request No. 2:**

Defendant objects to this Request on the basis of his General Objections and Objections to Definitions and Instructions. Defendant further objects to this Request with respect to its use of the terms "Text messages," "Uber Projections" and "Categories," including the terms incorporated into the definitions of those terms, for the reasons stated in the Objections to Definitions and Instructions. Defendant further objects to this Request on the grounds that it is unduly burdensome, overly broad, and seeks an admission that is neither relevant to the claims or defenses that have been asserted in the Action nor proportional to the needs of the case. Defendant further objects to this Request as duplicative in relevant part of Request No. 1 and incorporates herein his Response and Objections to Request No. 1.

**Request No. 3:**

> *Admit that You communicated about the Uber IPO, the Uber Projections, or the Categories via Your email:* ███████████

**Response to Request No. 3:**

Defendant objects to this Request on the basis of his General Objections and Objections to Definitions and Instructions. Defendant further objects to this Request with respect to its use of the terms "Uber Projections" and "Categories," including the terms incorporated into the definitions of those terms, for the reasons stated in the Objections to Definitions and Instructions. Defendant further objects to this Request on the grounds that it is unduly burdensome, overly broad, and seeks an admission that is neither relevant to the claims or defenses that have been asserted in the Action nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, and based on information currently known and available to Defendant, Defendant admits that Defendant communicated about the Uber

to this Request on the grounds that it seeks discovery on discovery. Defendant further objects to this Request because it seeks an admission from Defendant about the conduct of another defendant.

**Request No. 57:**

*Admit that Uber collected Documents and Communications stored on Your Devices in connection with unrelated litigation at any time between January 1, 2017 and present.*

**Response to Request No. 57:**

Defendant objects to this Request on the basis of his General Objections and Objections to Definitions and Instructions. Defendant further objects to this Request on the grounds that it is unduly burdensome, overly broad, and seeks an admission that is neither relevant to the claims or defenses that have been asserted in the Action nor proportional to the needs of the case, including insofar as it seeks information "in connection with unrelated litigation." Defendant further objects to this Request on the grounds that it seeks discovery on discovery. Defendant further objects to this Request because it seeks an admission from Defendant about the conduct of another defendant.

Dated:      April 22, 2022                    SHEARMAN & STERLING LLP

By:      */s/ Daniel H. R. Laguardia*
                    Daniel H.R. Laguardia

*Attorney for Defendant*

Daniel H.R. Laguardia (SBN 314654)
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105-2997
Telephone:  415.616.1100
Facsimile:  415.616.1199
Email: daniel.laguardia@shearman.com

Agnès Dunogué (admitted *pro hac vice*)
Dennis D. Kitt (admitted *pro hac vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
Telephone:  212.848.4000
Facsimile:  212.848.7179
Email: agnes.dunogue@shearman.com
         dennis.kitt@shearman.com

*Attorneys for Defendants Uber Technologies, Inc.,*
*Dara Khosrowshahi, Nelson Chai, Glen Ceremony,*
*Ronald Sugar, Ursula Burns, Garrett Camp, Matt*
*Cohler, Ryan Graves, Arianna Huffington, Travis*
*Kalanick, Wan Ling Martello, H.E. Yasir Al-*
*Rumayyan, John Thain, and David Trujillo*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BOSTON RETIREMENT SYSTEM, Individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>      v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>               Defendants. | Case No. 3:19-cv-06361-RS<br><br>**DEFENDANT JOHN THAIN'S RESPONSES AND OBJECTIONS TO LEAD PLAINTIFF'S REQUESTS FOR ADMISSIONS DIRECTED TO INDIVIDUAL DEFENDANT JOHN THAIN**<br><br>**HIGHLY CONFIDENTIAL**<br><br>**Courtroom:** No. 3 – 17th Floor<br>**Judge:**     Hon.  Richard Seeborg |

Propounding Party:    Boston Retirement System
Responding Party:     John Thain
Set:                  One

22.    Defendant objects to Instruction No. 9 to the extent it purports to impose obligations on Defendant that exceed or are inconsistent with those set forth in the Federal Rules, the Local Rules, or any other applicable statutes, rules, or laws.

23.    Defendant objects to Instruction No. 12 to the extent it is inconsistent with the Federal Rules, the Local Rules, or any other applicable statutes, rules, or laws.

24.    Defendant objects to Instruction No. 13 to the extent it purports to impose obligations on Defendant that exceed or are inconsistent with those set forth in the Federal Rules, the Local Rules, or any other applicable statutes, rules, or laws in light of the agreement between the parties to extend the time for responses and objections to the Requests to April 22, 2022.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to and without waiver of the foregoing General Objections and Objections to Definitions and Instructions, which are incorporated into each response below whether or not repeated for emphasis, and the specific objections set forth below, and expressly stating that his responses are subject to all such objections, Defendant responds to each specific Request as follows.

**Request No. 1:**

*Admit that You used Text messages to communicate about the Uber IPO, the Uber Projections, or the Categories.*

**Response to Request No. 1:**

Defendant objects to this Request on the basis of his General Objections and Objections to Definitions and Instructions.  Defendant further objects to this Request  with respect to its use of the terms "Text messages," "Uber Projections" and "Categories," including the terms incorporated into the definitions of those terms, for the reasons stated in the Objections to Definitions and Instructions.  Defendant further objects to this Request on the grounds that it is unduly burdensome, overly broad, and seeks an admission that is neither relevant to the claims or defenses that have been asserted in the Action nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, and based on information currently known and available to Defendant, Defendant states that it was not Defendant's general practice to

use text messages to communicate about the Uber IPO, the Uber Projections, or the Categories, as defined herein, and otherwise denies Request No. 1 at this time.

**Request No. 2:**

> *Admit that You did not use Text messages to communicate about the Uber IPO, the Uber Projections, or the Categories.*

**Response to Request No. 2:**

Defendant objects to this Request on the basis of his General Objections and Objections to Definitions and Instructions. Defendant further objects to this Request with respect to its use of the terms "Text messages," "Uber Projections" and "Categories," including the terms incorporated into the definitions of those terms, for the reasons stated in the Objections to Definitions and Instructions. Defendant further objects to this Request on the grounds that it is unduly burdensome, overly broad, and seeks an admission that is neither relevant to the claims or defenses that have been asserted in the Action nor proportional to the needs of the case. Defendant further objects to this Request as duplicative in relevant part of Request No. 1 and incorporates herein his Response and Objections to Request No. 1.

**Request No. 3:**

> *Admit that You communicated about the Uber IPO, the Uber Projections, or the Categories via Your email:* ████████████████

**Response to Request No. 3:**

Defendant objects to this Request on the basis of his General Objections and Objections to Definitions and Instructions. Defendant further objects to this Request with respect to its use of the terms "Uber Projections" and "Categories," including the terms incorporated into the definitions of those terms, for the reasons stated in the Objections to Definitions and Instructions. Defendant further objects to this Request on the grounds that it is unduly burdensome, overly broad, and seeks an admission that is neither relevant to the claims or defenses that have been asserted in the Action nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, and based on information currently known and available to Defendant, Defendant admits that Defendant communicated about the Uber

**Request No. 57:**

> *Admit that Uber collected Documents and Communications stored on Your Devices in connection with unrelated litigation at any time between January 1, 2017 and present.*

**Response to Request No. 57:**

Defendant objects to this Request on the basis of his General Objections and Objections to Definitions and Instructions.  Defendant further objects to this Request on the grounds that it is unduly burdensome, overly broad, and seeks an admission that is neither relevant to the claims or defenses that have been asserted in the Action nor proportional to the needs of the case, including insofar as it seeks information "in connection with unrelated litigation."  Defendant further objects to this Request on the grounds that it seeks discovery on discovery.  Defendant further objects to this Request because it seeks an admission from Defendant about the conduct of another defendant.

Dated:      April 22, 2022                          SHEARMAN & STERLING LLP

                                                    By:     */s/ Daniel H. R. Laguardia*
                                                            Daniel H.R. Laguardia

                                                    *Attorney for Defendant*

Daniel H.R. Laguardia (SBN 314654)
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105-2997
Telephone: 415.616.1100
Facsimile: 415.616.1199
Email: daniel.laguardia@shearman.com

Agnès Dunogué (admitted *pro hac vice*)
Dennis D. Kitt (admitted *pro hac vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
Telephone: 212.848.4000
Facsimile: 212.848.7179
Email: agnes.dunogue@shearman.com
         dennis.kitt@shearman.com

*Attorneys for Defendants Uber Technologies, Inc.,*
*Dara Khosrowshahi, Nelson Chai, Glen Ceremony,*
*Ronald Sugar, Ursula Burns, Garrett Camp, Matt*
*Cohler, Ryan Graves, Arianna Huffington, Travis*
*Kalanick, Wan Ling Martello, H.E. Yasir Al-*
*Rumayyan, John Thain, and David Trujillo*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BOSTON RETIREMENT SYSTEM, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No. 3:19-cv-06361-RS<br><br>**DEFENDANT WAN LING MARTELLO'S RESPONSES AND OBJECTIONS TO LEAD PLAINTIFF'S REQUESTS FOR ADMISSIONS DIRECTED TO INDIVIDUAL DEFENDANT WAN LING MARTELLO**<br><br>**HIGHLY CONFIDENTIAL**<br><br>**Courtroom:** No. 3 – 17th Floor<br>**Judge:** Hon. Richard Seeborg |

Propounding Party: Boston Retirement System
Responding Party:  Wan Ling Martello
Set:               One

23.    Defendant objects to Instruction No. 12 to the extent it is inconsistent with the Federal Rules, the Local Rules, or any other applicable statutes, rules, or laws.

24.    Defendant objects to Instruction No. 13 to the extent it purports to impose obligations on Defendant that exceed or are inconsistent with those set forth in the Federal Rules, the Local Rules, or any other applicable statutes, rules, or laws in light of the agreement between the parties to extend the time for responses and objections to the Requests to April 22, 2022.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to and without waiver of the foregoing General Objections and Objections to Definitions and Instructions, which are incorporated into each response below whether or not repeated for emphasis, and the specific objections set forth below, and expressly stating that her responses are subject to all such objections, Defendant responds to each specific Request as follows:

**Request No. 1:**

*Admit that You used Text messages to communicate about the Uber IPO, the Uber Projections, or the Categories.*

**Response to Request No. 1:**

Defendant objects to this Request on the basis of her General Objections and Objections to Definitions and Instructions.  Defendant further objects to this Request with respect to its use of the terms "Text messages," "Uber Projections" and "Categories," including the terms incorporated into the definitions of those terms, for the reasons stated in the Objections to Definitions and Instructions.  Defendant further objects to this Request on the grounds that it is unduly burdensome, overly broad, and seeks an admission that is neither relevant to the claims or defenses that have been asserted in the Action nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, and based on information currently known and available to Defendant, Defendant states that it was not Defendant's general practice to use text messages to communicate about the Uber IPO, the Uber Projections, or the Categories, as defined herein, and otherwise denies Request No. 1 at this time.

**Request No. 2:**

*Admit that You did not use Text messages to communicate about the Uber IPO, the Uber Projections, or the Categories.*

1  to this Request on the grounds that it seeks discovery on discovery. Defendant further objects to

2  this Request because it seeks an admission from Defendant about the conduct of another defendant.

3  **Request No. 57:**

4      *Admit that Uber collected Documents and Communications stored on Your Devices in*
       *connection with unrelated litigation at any time between January 1, 2017 and present.*

5

6  **Response to Request No. 57:**

7          Defendant objects to this Request on the basis of her General Objections and Objections to

8  Definitions and Instructions. Defendant further objects to this Request on the grounds that it is

9  unduly burdensome, overly broad, and seeks an admission that is neither relevant to the claims or

10 defenses that have been asserted in the Action nor proportional to the needs of the case, including

11 insofar as it seeks information "in connection with unrelated litigation." Defendant further objects

12 to this Request on the grounds that it seeks discovery on discovery. Defendant further objects to

13 this Request because it seeks an admission from Defendant about the conduct of another defendant.

Dated:      April 22, 2022                    SHEARMAN & STERLING LLP

14                                             By:      */s/ Daniel H. R. Laguardia*

15                                                      Daniel H.R. Laguardia

16                                             *Attorney for Defendant*

17

18

19

20

21

22

23

24

25

26

27

28