UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN STIRRATT, et al.,

    Plaintiffs,

v.

UBER TECHNOLOGIES, INC., et al.,

    Defendants.

Case No. 19-cv-06361-RS

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND**

Lead Plaintiff Boston Retirement System seeks a three-month extension of all case deadlines. It argues good cause exists for its extension request because of "Defendants' belated productions and approach to discovery disputes." Dkt. 313, at 3. Some of the discovery disputes to which Lead Plaintiff refers in its opening motion have since been resolved, including disputes over apex depositions,[1] depositions from the Underwriter Defendants,[2] and the possibility that the Uber Defendants will assert an advice of counsel defense.[3] Nevertheless, Lead Plaintiff contends the apex deposition issue delayed other discovery and outstanding disputes before Chief Magistrate Judge Donna M. Ryu over privilege logs, interrogatory responses, and deposition conduct still merit extending case deadlines. Dkt. 338, at 1, 14. Further, Lead Plaintiff argues expert discovery

---

[1] On September 19, 2023, Chief Magistrate Judge Donna M. Ryu found Lead Plaintiff is entitled to take the 16 depositions at issue. *See* Dkt. 337.

[2] Lead Plaintiff and the Underwriter Defendants have stipulated to taking Rule 30(b)(6) depositions since Judge Ryu's apex deposition ruling. *See* Dkt. 339, at 7.

[3] Lead Plaintiff and the Uber Defendants resolved this dispute via stipulation. Dkt. 323.

should not begin until all depositions have been completed so that the parties will not be "forced to have their experts work without a full discovery record." Dkt. 338, at 1, 14. Absent an extension, Lead Plaintiff argues these concurrent deadlines will cause it prejudice. *See id.* at 6–7. This motion is suitable for disposition without oral argument, and the motion hearing set for October 20, 2023, is vacated. *See* Civ. L.R. 7-1(b).

The Uber Defendants and the Underwriter Defendants oppose Lead Plaintiff's motion to amend. The Uber Defendants take issue with Lead Plaintiff "recycling many of the same arguments it relied on to get an extension five months ago." Dkt. 332, at 11. For instance, the Uber Defendants point out Lead Plaintiff's acknowledgement that document discovery was substantially complete by April 21, 2023, after which point the parties stipulated to a three-month extension of discovery deadlines. *Id.* at 1. They contend discovery has been proceeding in this case since 2020 at a "glacial" pace and that, to the extent Lead Plaintiff's discovery challenges are sustained, "documents will be produced." *Id.* at 2. The Underwriter Defendants, for their part, blame Lead Plaintiff with mismanaging discovery and general delay, assert they have promptly produced documents, text messages, and privilege logs, and contend they have not delayed in preparing for depositions. Dkt. 333.

To obtain an extension, the moving party must show both its diligence in pursuing discovery and that good cause exists to extend case deadlines. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992). Good cause exists to extend some, but not all, of the current case deadlines. Lead Plaintiff has not shown good cause to extend the deadline for expert witness disclosures of August 21, 2023 (which passed eight days before Lead Plaintiff filed its motion to amend), the fact discovery cut-off of September 20, 2023, or the case management conference scheduled for October 20, 2023. However, Lead Plaintiff has shown good cause to extend the remaining discovery deadlines, beginning with the deadline for the exchange of opening expert reports, given Judge Ryu's order allowing apex depositions to proceed until December 20, 2023.

The parties stipulated to a three-month extension of case deadlines in April after the

substantial completion of document discovery. Though a number of discovery disputes have since arisen—including the dispute over apex depositions—those disputes continue to be effectively adjudicated by Judge Ryu as they arise. Even if Lead Plaintiff were correct that the bulk of the blame for discovery delays can be laid at Defendants' feet, the proper remedy here, for all parties, is to file discovery motions to address specific issues—not a three-month extension of fact discovery. Lead Plaintiff acknowledges that disputes over depositions, privilege logs, and other issues have been and continue to be adjudicated.

On the other hand, Lead Plaintiff persuasively argues for extending expert discovery deadlines until after apex depositions conclude to give experts the opportunity to work with a full discovery record. Dkt. 338, at 14. Good cause exists for extending those deadlines and the deadlines that follow. *See, e.g.*, *Tamburri v. SunTrust Mortg., Inc.*, No. 11-cv-2899, 2013 WL 3152921, at *2 (N.D. Cal. June 19, 2013) (referencing court's extension of expert discovery deadline to accommodate deposition testimony).

Accordingly, select deadlines will be extended as follows:

1) The deadline for the exchange of opening expert reports is extended to February 1, 2024.
2) The deadline for the exchange of rebuttal expert reports is extended to March 12, 2024.
3) The expert discovery cut-off is extended to April 17, 2024.
4) The deadline for dispositive motions is extended to June 12, 2024.
5) The deadline for oppositions to dispositive motions is extended to August 6, 2024.
6) The deadline for replies to dispositive motions is extended to September 9, 2024.
7) The hearing on dispositive motions will occur no later than October 11, 2024.

**IT IS SO ORDERED**.

Dated: October 2, 2023

_____
RICHARD SEEBORG
Chief United States District Judge