**LABATON SUCHAROW LLP**
Jonathan Gardner (admitted *pro hac vice*)
Alfred L. Fatale III (admitted *pro hac vice*)
Joseph N. Cotilletta (admitted *pro hac vice*)
Beth C. Khinchuk (admitted *pro hac vice*)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: jgardner@labaton.com
  afatale@labaton.com
  jcotilletta@labaton.com
  bkhinchuk@labaton.com

*Lead Counsel for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| BOSTON RETIREMENT SYSTEM, Individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>UBER TECHNOLOGIES, INC., et. al.,<br><br>　　　　　　　　Defendants. | Case No. 3:19-cv-06361-RS<br><br>**LEAD PLAINTIFF'S NOTICE OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: December 14, 2023<br>Time: 1:00 pm<br>Place: 4, 3rd Floor<br>Judge: Hon. Donna M. Ryu |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................... ii, iii

NOTICE OF MOTION AND MOTION ......................................................................................iv

STATEMENT OF ISSUES ...........................................................................................................iv

I.    PRELIMINARY STATEMENT ........................................................................................1

II.    FACTUAL BACKGROUND .............................................................................................1

III.    APPLICABLE LEGAL STANDARDS .............................................................................2

IV.    ARGUMENT ......................................................................................................................3

    A.    Documents in PwC's Possession Are Not Protected by the Work Product Doctrine .................................................................................................................3

    B.    Ordinary Course of Business Documents and Blanket Redactions Are Not Protected by the Work Product Doctrine ...............................................................3

    C.    The Documents are Not Protected Work Product.............................................4

        1.    PwC's Impairment Assessments are Not Protected Work Product .................5

        2.    The Emails are Not Protected Work Product ....................................................6

        3.    PwC's Forensic Memoranda are Not Protected Work Product ......................6

        4.    PwC's Management Representation Letters are Not Protected .......................8

    D.    PwC's Documents Must be Produced Even if They are Work Product ......................9

    E.    Alternatively, the Court Should Review the Documents *In Camera* ...........................9

V.    CONCLUSION .................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Carlson v. U. S. Postal Serv.*,
  2017 WL 3581136 (N.D. Cal. Aug. 18, 2017) ............................................................................. 9

*Castaneda v. Burger King Corp.*,
  259 F.R.D. 194 (N.D. Cal. 2009) ............................................................................................... 2

*In re Diasonics Sec. Litig.*,
  1986 WL 53402 (N.D. Cal. June 15, 1986) ............................................................................... 3

*Dolby Lab'ys Licensing Corp. v. Adobe Inc.*,
  402 F. Supp. 3d 855 (N.D. Cal. 2019) ..................................................................................... 10

*In re JDS Uniphase Corp. Sec. Litig.*,
  2006 WL 2850049 (N.D. Cal. Oct. 5, 2006) ..................................................................... 3, 5, 8

*In re NVIDIA GPU Litig.*,
  2009 WL 4573311 (N.D. Cal. Nov. 30, 2009) ........................................................................... 3

*Phoenix Techs. Ltd. v. VMware, Inc.*,
  195 F. Supp. 3d 1096 (N.D. Cal. 2016) ..................................................................................... 2

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
  2019 WL 1589974 (N.D. Cal. Apr. 11, 2019) ........................................................................... 9

*Polycast Tech. Corp. v. Uniroyal, Inc.*,
  1990 WL 138968 (S.D.N.Y. Sept. 20, 1990) ............................................................................. 5

*Tennison v. City & Cnty. of San Francisco*,
  226 F.R.D. 615 (N.D. Cal. 2005) ............................................................................................. 10

*U.S. v. Arthur Young & Co.*,
  465 U.S. 805 (1984) ................................................................................................................... 3

*U.S. v. Burga*,
  2019 WL 3859157 (N.D. Cal. Aug. 16, 2019) ......................................................................... 10

*U.S. v. Graham*,
  555 F. Supp. 2d 1046 (N.D. Cal. 2008) ..................................................................................... 8

*VLSI Tech. LLC v. Intel Corp.*,
  2019 WL 13253478 (N.D. Cal. Jan. 18, 2019) .................................................................. 4, 5, 8

*Walker v. Cnty. of Contra Costa*,
  227 F.R.D. 529 (N.D. Cal. 2005) ........................................................................................... 7, 9

*Whitecryption Corp. v. Arxan Techs., Inc.*,
   2016 WL 7852471 (N.D. Cal. Mar. 9, 2016) ................................................................. 4, 6 7

**Other Authorities**

Fed. R. Civ. P. 26(b)(3) ................................................................................................... *passim*

Fed. R. Civ. P. 37(a) ................................................................................................................ 1

Fed. R. Civ. P. 37(a)(3)(B) ...................................................................................................... 2

## NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on December 14, 2023, at 1:00 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Donna M. Ryu, United States Magistrate Judge, located at 1301 Clay Street, Courtroom 4, 3rd Floor, Oakland, California 94102, Lead Plaintiff Boston Retirement System ("Lead Plaintiff") and all other Court-appointed class representatives, will and hereby do move this Court for the entry of an Order to compel the production of 28 specified redacted documents produced by non-party PricewaterhouseCoopers, which Defendant Uber Technologies, Inc. solely asserts privilege over, or in the alternative, to order an *in camera* inspection of the documents.

This motion is made pursuant to Fed. R. Civ. P. 37(a) and Civil L.R. 37, and is based upon this Notice of Motion, the Memorandum of Points and Authorities in support thereof, the Declaration of Alfred L. Fatale III in support thereof, and all papers, pleadings, documents, arguments of counsel, and other materials presented before or during the hearing on this motion, and any other evidence and argument the Court may consider.

## STATEMENT OF ISSUES

1. Whether Uber has failed to meet its burden to demonstrate that work-product protection applies to the 28 redacted PwC documents at issue?

2. Whether the documents at issue should be produced in full without redactions?

3. Whether, in the event the Court does not order that the documents at issue be produced without redaction, the Court should order an *in camera* inspection of those documents?

**MEMORANDUM OF POINTS AND AUTHORITIES**

Lead Plaintiff, Boston Retirement System, pursuant to Fed. R. Civ. P. 37(a) and Civil L.R. 37, respectfully submits this Memorandum of Points and Authorities in Support of Lead Plaintiff's Motion to Compel Production of Documents (the "Motion"), requesting that this Court compel the full production of 28 redacted documents (the "Documents") produced by non-party PricewaterhouseCoopers ("PwC") or, in the alternative, to order an *in camera* inspection of the Documents. This Motion is made pursuant to the Court's September 26, 2023 Order (ECF No. 344) and based upon the Notice of Motion, Memorandum of Points and Authorities, Fatale Declaration ("Fatale Decl.") and attached Exhibits, Lead Plaintiff's Civil Local Rule 37-2 Statement, [Proposed] Order submitted herewith, pleadings and evidence contained in the underlying record, and any other information submitted before or during the hearing on this matter.

## I.   PRELIMINARY STATEMENT

Uber Techonologies, Inc. ("Uber") and PwC's games must come to an end. After Uber's series of never-ending amendments and revisions to the privilege logs pertaining to PwC's documents (the "Log"), including changing every Log entry from attorney-client privilege to work-product protection, PwC should be ordered to produce in full 28 redacted Documents which Uber has improperly asserted privilege over because the information withheld is not protected work product. It is clear from a close inspection of the Documents, that they consist of PwC's (1) impairment assessments, (2) forensic memoranda, (3) emails, and (4) management representation letters, all of which are documents generated in the ordinary course of business. Moreover, Uber should not be afforded work-product protection over these Documents where there are blanket redactions with no context. Alternatively, Lead Plaintiff has established a good-faith basis to warrant *in camera* review.

## II.   FACTUAL BACKGROUND

Uber has asserted privilege over the Documents produced by non-party PwC in this action. Fatale Decl. at ¶ 37; *see* Ex. II. Specifically, in September 2023, PwC's attorneys stated: "███████████████████████████████████████████████████████████████████████████████████████████████████████████████" *Id.* On November 21, 2022, Lead Plaintiff sent a letter to Uber challenging its privilege assertions as to the Documents in the possession, custody,

and control of PwC. Fatale Decl. at ¶ 39. In response, and after several rounds of meet-and-confers, Uber finally provided an amended Log on December 23, 2022. *Id.*; Ex. DD. Between December 2022 and August 22, 2023, the parties exchanged numerous correspondence and Uber amended the Log four more times, with the most recent being just two months ago, *after* the parties submitted a letter brief on disputes pertaining to the Log. Fatale Decl. at ¶ 40; *see* Exs. DD – HH. Based on Lead Plaintiff's challenges, the Log shrunk from 432 entries to 114. Fatale Decl. at ¶ 42; *compare* Exs. CC *with* HH. Notably, Uber initially asserted attorney-client privilege as to each document on the Log, but now asserts that each document on the Log is actually protected work product. Fatale Decl. at ¶ 43; *compare* Exs. CC *with* DD. Lead Plaintiff objected to this contradictory change in the Log and the parties reached an impasse. Fatale Decl. at ¶ 44. The parties submitted this Log dispute to the Court in the form of a joint discovery letter on September 8, 2023. *Id.*; ECF No. 326. On September 26, 2023, the Court granted leave to file the instant motion. Fatale Decl. at 45; ECF No. 344 at 1.

### III.   APPLICABLE LEGAL STANDARDS

Per Fed. R. Civ. P. 37(a)(3)(B), a "party seeking discovery may move for an order compelling…production … [if] a party … fails to permit inspection – as requested under Rule 34." When the matter concerns whether work-product protection applies to bar discovery, the burden applies to the party asserting the work-product protection to show that it applies. *Phoenix Techs. Ltd. v. VMware, Inc.*, 195 F. Supp. 3d 1096, 1102 (N.D. Cal. 2016). In order for work-product protection to apply, Uber must show that "documents and tangible things [] are prepared in anticipation of litigation or for trial by or for another party or its representative" because the documents contain "mental impressions, conclusions, opinions, or legal theories of a party's attorney" that were "prepared in anticipation of litigation or for trial." Fed. R. Civ. P. 26(b)(3). Motions to compel production of documents should be granted when defendants fail to provide adequate bases for their work-product protection assertions. *See Castaneda v. Burger King Corp.*, 259 F.R.D. 194, 195 (N.D. Cal. 2009) (granting motion to compel production of documents). Thus, the Documents should be produced in full.

## IV. ARGUMENT

### A. Documents in PwC's Possession Are Not Protected by the Work Product Doctrine

The Documents are in the possession, custody and control of Uber's public accountant/auditor, PwC, and are not protected work product. *See U.S. v. Arthur Young & Co.*, 465 U.S. 805, 817-18 (1984) ("to insulate from disclosure ... interpretations of the client's financial statements would be to ignore the significance of the accountant's role as a disinterested analyst charged with public obligations."); *In re Diasonics Sec. Litig.*, 1986 WL 53402, at *1 (N.D. Cal. June 15, 1986) ("no work product protection … [because] documents were generated [by auditor] for the business purpose of creating financial statements which would satisfy the requirements of the federal securities laws and not to assist in litigation."). The Documents establish that PwC served in a public accountant role to Uber, and not as a consult to Uber in this case. *See id.* ("it appears that [PwC] was acting as a public accountant rather than as a consultant in this case[,]" and thus, "the work product protection is inapplicable"); s*ee e.g.,* Ex. A at PwC_00005731 (purpose of PwC's Impairment Assessment Letters was to "[REDACTED]" and not created in anticipation of litigation). Thus, the Documents should be produced in full.

### B. Ordinary Course of Business Documents and Blanket Redactions Are Not Protected by the Work Product Doctrine

While work-product protection protects "mental impressions, conclusions, opinions, or legal theories of a party's attorney" that were "prepared in anticipation of litigation or for trial," it does not protect "[m]aterials [prepared] in the ordinary course of business." Fed. R. Civ. P. 26(b)(3); *see In re NVIDIA GPU Litig.*, 2009 WL 4573311, at *2 (N.D. Cal. Nov. 30, 2009) (holding that documents are subject to work-product protection if they "would not have been created … but for the prospect of that litigation.")*.* To the extent that a document is argued to have encompassed both materials prepared in the ordinary course of business and materials prepared in anticipation of litigation, the Ninth Circuit has adopted the "because of" litigation standard for determining whether these "dual purpose" documents are protected by the work-product doctrine. *See In re JDS Uniphase Corp. Sec. Litig.*, 2006 WL 2850049, at *2 (N.D. Cal. Oct. 5, 2006). The "because of" litigation test "states that a

document should be deemed prepared 'in anticipation of litigation' and thus eligible for work product protection under Rule 26(b)(3) if 'in light of the nature of the document and the factual situation in the particular case the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'" (citing *In re Grand Jury Subpoena,* 357 F.3d 900, 907 (9th Cir. 2004)). This test "affords protection when it can fairly be said that the 'document was created because of anticipated litigation, and *would not have been created* in substantially similar form *but for the prospect of that litigation.*'" *Id.* at 908 (emphasis added). Even if (as Uber has argued) information provided to PwC contains litigation outcomes or theories about those outcomes, the information is not protected because "a document [containing] concocted theories about the results of possible litigation, but which was not designed to prepare a specific case for trial or negotiation," is not protected. *VLSI Tech. LLC v. Intel Corp.*, 2019 WL 13253478, at *4 (N.D. Cal. Jan. 18, 2019) (internal quotations omitted) (holding that "a letter from a [party's] counsel to a third-party accounting firm, giving the attorney's assessment of the financial risk to the company posed by pending litigation[,]" is not protected work product because it gives "a general assessment of the likely outcome of a case and what financial impact the case may have on [a] client"). For this reason too, the Documents should be produced in full.

Uber also has applied blanket redactions with little to no context when unredacted portions of the documents suggest that the redaction portion is mere fact. *See Whitecryption Corp. v. Arxan Techs., Inc.*, 2016 WL 7852471, at *2 (N.D. Cal. Mar. 9, 2016) (holding that blanket redactions are inappropriate because "[i]t is the parties' responsibility to evaluate their exhibits and, only if it is necessary, to redact them in the narrowest way possible to preserve their confidential information while protecting the general right of the public to access court records."). Given Uber's blanket redactions, the Documents should be produced in full.

C.   **The Documents are Not Protected Work Product**

Uber seeks to preclude production of the Documents not subject to work-product protection. The Documents consist of: (1) Impairment Assessments; (2) Forensic Memoranda; (3) Emails; and (4) Management Representation Letters. The Documents are not protected because they: (a) contain merely fact; (b) created by primarily non-attorneys; and/or (c) otherwise provide little to no context.

The surrounding evidence further undermines Uber's assertion that work product is being redacted.

### 1. PwC's Impairment Assessments are Not Protected Work Product

Uber has improperly withheld PwC's "impairment assessments," which PwC's accountants prepared for business (not litigation) purposes, and thus, are not protected work product. *See* Exs. A, B, C (the "███████████████"); *see JDS Uniphase*, 2006 WL 2850049, at *2; *see also Polycast Tech. Corp. v. Uniroyal, Inc.*, 1990 WL 138968, at *2 (S.D.N.Y. Sept. 20, 1990) (holding auditor's notes regarding litigation were not protected work product because "document[s were] prepared by and in the hands of a" disinterested third-party).

Exhibits A, B, and C each include a "████████████████████" dated ████████, well before this litigation. The Impairment Assessments each contain the same redactions and are similar documents, except that Exhibit C includes comment bubbles on the side of the document and appears to be an earlier draft of Exhibits A and B. These three Documents contain a memorandum "████████████████████████████████," two non-lawyer PwC employees. The Impairment Assessments were drafted to "██████████████████████████████████████████████████████████████████████," which show "█████████████████████████." *See e.g.,* Ex. A at PwC_00005731. According to the Impairment Assessments, PwC was testing "█████████████████████████████████████████████████████████████████████████████████████ or." *See e.g., id.* at PwC_00005735. The discussion following this statement in each of the Impairment Assessments was entirely redacted, with an excuse of "Attorney-Client Privilege," even though Uber now claims that each Document is protected work product and not privileged attorney-client communications as per Uber's previous assertions. *See e.g., id.* at PwC_00005735; *see* Ex. HH at 1.

Even if the unsupported "Attorney-Client Privilege" stamp was found to be inadvertent, it is clear that the Impairment Assessments are not work product because they were not created in anticipation of litigation. PwC employees wrote the Impairment Assessments pursuant to an "██████████████," plainly in the ordinary course of business. *See JDS Uniphase*, 2006 WL 2850049, at *2; *see also VLSI Tech.*, 2019 WL 13253478, at *4.

### 2. The Emails are Not Protected Work Product

Exhibits V, W, X, Y, and Z contain redacted email exchanges (the "Emails") that are not subject to work-product protection based on either the circumstantial evidence provided by the unredacted portions of the document or the lack of information to support the assertions in the Log. The Emails are redacted for the following purported reasons: "█████████████████████████████████████████████████████████████████████████████;" and "█████████████████████████████████████████████████████████████████████████████████████████████████████████" Ex. HH at 18, 20-23 (Log Nos. 985.1, 999, 1008, 1014, 1019.1).

However, PwC and Uber have redacted a portion of the Emails ████████████. See Exs. V at PwC_00127046, 127048; X at PwC_00127064-00127066; Y at PwC_00127069. Discussion ███████████ is not subject to work-product protection, and although ████████████ is present on the chain, there is no indication that the redacted language constitutes protected work product. Further, Exhibits W and Z contain blanket redactions with no indication as to what the "protected work product" might be. See Exs. W at PwC_00127050, 00127051; Z at PwC_00127072. Due to the inability to ascertain whether the Emails constitute work product under Fed. R. Civ. P. 26(b)(3) and the use of blanket redactions, Exhibits V-Z should be produced. See *Whitecryption Corp.*, 2016 WL 7852471, at *1.

### 3. PwC's Forensic Memoranda are Not Protected Work Product

Uber improperly redacted several internal PwC forensic memoranda ("Memo") on the basis that each is a "████████████████████████████████████████████████████████████████████████████████████████████." Ex. HH at 13 (Log Nos. 937.1, 729). Specifically, Exhibits D, E, F, and G consist of a nearly identical PwC Memo from ████████ (Ex. E) and some updated in ███████ (Ex. D, F, G) regarding "████████████████████████████████████." *E.g.* Ex. E at PwC_00127176. However, the purpose of the Memo was to "███████████████████████████████████████████████," and the Memo

1  was prepared as "█████████████████████████████████████████████████████"
2  *Id.* at PwC_00127176 (emphasis added). The Memo contains numerous redactions where mere facts
3  were recited by a non-attorney or with no context. *See e.g.*, Ex. D at PwC_00127303 ("████
4  ██████████████"), 00127309-10 ("████████████████████████████████████████
5  ████████████████████████████████████████████"; "████████████████
6  ████████████████████████████████████████████████████"), 00127312
7  (redaction with no context and "█████████████████████████████████████████
8  ██████████████████"), 00127313-51 (no context), 00127352-358 (PwC "██████" wholly
9  redacted); Ex. E at PwC_00127181, 00127187; Ex. F at PwC_00127240, 00127246, 00127249-50,
10 00127253-284; Ex. G at PwC_00127303, 00127309, 00127312-313, 00127316-347.
11         Considering actual disclosures made in the Memo, it appears that the redactions have no basis.
12 For example, █████████████████████████████████████████████████████
13 ██████" appears to be redacting repetitive, non-work product language in later aspects of the
14 document – "████████████████████████████████████████." *Compare* Ex. D at
15 PwC_00127312 *with* 00127313-14.
16         Further, Exhibits D – G include communications from non-attorneys █████████████
17 ████████████████████████████████████████ to "█████████████████
18 ████████████████████████." Courts in this District have held that no work-product protection
19 exists for reports drafted by non-attorneys at the request of counsel where the report contained no
20 legal opinion. *See Walker v. Cnty. of Contra Costa*, 227 F.R.D. 529, 534 (N.D. Cal. 2005) ("no work
21 product privilege since the investigation had begun months before the plaintiff's suit started").
22         Exhibits AA and BB also consist of forensic Memos and an appendix, which contain pages of
23 blanket redactions with no context. Ex. AA at PwC_00021756-774; Ex. BB at PwC_00034241.004-
24 241.0024. These two documents are also from "████████████████████████████" to "████
25 ████████." The Log describes them as follows: "████████████████████████████
26 ████████████████████████████████████████████████████████████████
27 ████████████████████████████████████████████████████" Ex. HH at Log
28 Nos. 932, 949. Like Exhibits D-G, AA and BB are clearly PwC internal documents, with blanket

redactions with no context, not created in anticipation of litigation, and must be produced.

### 4.   PwC's Management Representation Letters are Not Protected

Uber improperly redacts several "Management Representation" letters ("MRLs") on the basis that most of these documents are "[c]onfidential document[s] prepared in anticipation of litigation by in-house counsel." However, the MRLs are non-attorney communications pertaining to PwC's audit of Uber's financials. *See* Exs. P (Ex. HH at Log No. 893.1), Q (Log No. 895) (same as Ex. P, except dated ▮▮▮▮ and contains some additional language), R (Log No. 896) (same as Ex. Q, except dated ▮▮▮▮), S (Log No. 904.1) (same as Ex. Q, except ▮▮▮▮), T (Log No. 916) (same as Ex. Q, except dated ▮▮▮▮), U (Log No. 933) (same as Ex. Q, except dated April 3, 2019), I (Log No. 14305) (same as Ex. Q, except dated ▮▮▮▮), J (Log No. 14306) (same as Ex. Q, except dated ▮▮▮▮), K (Log No. 14307) (same as Ex. Q, except dated ▮▮▮▮), L (Log No. 14308) (same as Ex. Q, except dated ▮▮▮▮), M (Log No. 14309) (same as Ex. Q, except dated ▮▮▮▮), N (Log No. 14310) (same as Ex. Q, except dated ▮▮▮▮), O (Log No. 14311) (same as Ex. Q, except dated ▮▮▮▮), and H (Log No. 1061); *see also U.S. v. Graham*, 555 F. Supp. 2d 1046, 1050 (N.D. Cal. 2008) (holding that work-product protection does not exist for a document prepared for non-party).

For example, Exhibit P (Log No. 893.1) states that the MRL provides "▮▮▮▮" that has "▮▮▮▮" relating to "▮▮▮▮," which is redacted "▮▮▮▮ ▮▮▮▮ ▮▮▮▮ ▮▮▮▮." (Emphasis added). These documents were not prepared in anticipation of litigation. *See JDS Uniphase*, 2006 WL 2850049, at *2; *VLSI Tech.*, 2019 WL 13253478, at *4. Uber's management's (CEO, CFO, and CAO) "▮▮▮▮ ▮▮▮▮ ▮▮▮▮" is redacted. Ex. P at PwC_00011901. These individuals are not attorneys and thus no attorney mental impression or opinions are being conveyed. *See* Fed. R. Civ. P. 26(b)(3).

1  Further, ████████████████████████████████████
2  ████████████████████████████████████████████████
3  ████████████████████████████████████████████████
4  ████████████████████████████████████████████████
5  ████████████████████████████████████████████████
6  █ █████████████████████████████████████████████
7  ████████████████████████████████████████████████
8  ████████████████████████████████████████████████
9  ████████████████████████████████. *See Due Diligence in Securities Offerings*, Corey R. Chivers, Law Journal Press, 2015 at 91 § 5:01(6) (bringdown due diligence is required immediately prior to closing). Based on this limited evidence, PwC should produce Exhibits H – U because they do not contain work product.

### D.  PwC's Documents Must be Produced Even if They are Work Product

Even if the Documents were protected, the Documents should still be produced "upon an adverse party's demonstration of substantial need or inability to obtain the equivalent without undue hardship." *Carlson v. U. S. Postal Serv.*, 2017 WL 3581136, at *19 (N.D. Cal. Aug. 18, 2017) (citation omitted); *see Walker*, 227 F.R.D. 529 at 536 ("Work product protection, unlike attorney client privilege, is not absolute and can be overcome by a showing of substantial need and inability to obtain the equivalent of the materials through other means."). The Documents are central to Lead Plaintiff's theory of Uber's business model because they may show the state of Uber's business operations before and after the IPO and how it was not a "New Day at Uber." Until now, Uber has cloaked this information in privilege and protection, even though Judge Seeborg has allowed the theory to proceed.

### E.  Alternatively, the Court Should Review the Documents *In Camera*

Alternatively, this Court can perform an *in camera* inspection of the Documents. To obtain such relief, a "party challenging an assertion of privilege must 'show a factual basis sufficient to support a reasonable, good faith belief that in camera inspection may reveal evidence that information in the materials is not privileged' … this burden [i]s 'minimal.'" *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 2019 WL 1589974, at *2 (N.D. Cal. Apr. 11, 2019); *see also Dolby*

1  *Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 861 (N.D. Cal. 2019) (sample of 15 documents reviewed). Lead Plaintiff has met that minimal burden here. *See U.S. v. Burga,* 2019 WL 3859157, at *4-5, *7 (N.D. Cal. Aug. 16, 2019) (holding that *in camera* review was appropriate based on the possibility that a non-party created a document at direction of party's lawyers in anticipation of litigation).

Through five amendments to the Log, Uber has made several significant and objectionable changes. Most notably, Uber changed every privilege designation in the Log from "attorney-client" to "work product." *Compare* Ex. CC *with* Ex. DD; *see Tennison v. City & Cnty. of San Francisco*, 226 F.R.D. 615, 621 (N.D. Cal. 2005) ("courts have repeatedly held that the two privileges are distinct"). The "Privilege Description" for the Documents on the Log also changed drastically with each Log amendment. *Compare* Ex. CC at Log No. 940 ( "███████████████████████████████████████████████████████████████████████████████████████" ) *with* Ex. GG at Log No. 940 ("███████████████████████████████████████████████████████████████████████████████████████████████████████") (emphasis added).

It is clear that Uber is an experienced player in this game it created. Uber has a well-documented history of making privilege designation changes. In *X One, Inc. v. Uber Techs., Inc.*, PwC, at Uber's direction, made significant late changes to its privilege log, resulting in *in camera* review of the documents in question. 2019 WL 2513688, at *1 (N.D. Cal. June 18, 2019) ("Uber's late-change to its privilege log … provides sufficient grounds for *in camera* review of the emails from which Uber has" switched privilege bases). Based on this conduct, as well as the circumstantial evidence provided above and importance of the Documents in proving Lead Plaintiff's claims regarding Uber's business model, this Court should alternatively order *in camera* review.

## V.   CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court issue an order to compel the production of the Documents from the Log, or in the alternative, to order an *in camera* inspection of the Documents.

Dated: October 10, 2023                    Respectfully Submitted,

**LABATON SUCHAROW LLP**

By: /s/ *Alfred L. Fatale III*

    Jonathan Gardner (admitted *pro hac vice*)
    Alfred L. Fatale III (admitted *pro hac vice*)
    Joseph N. Cotilletta (admitted *pro hac vice*)
    Beth C. Khinchuk (admitted *pro hac vice*)
    140 Broadway
    New York, NY 10005
    Telephone: 212 907 0700
    Fax: 212 818 0477
    Email: jgardner@labaton.com
           afatale@labaton.com
           jcotilletta@labaton.com
           bkhinchuk@labaton.com

*Lead Counsel for Lead Plaintiff and the Class*

LEVI & KORSINSKY, LLP
Gregory M. Nespole (admitted *pro hac vice*)
Daniel Tepper (admitted *pro hac vice*)
Correy A. Suk (admitted *pro hac vice*)
55 Broadway, Suite 427
New York, NY 10006
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: gnespole@zlk.com
       dtepper@zlk.com
       ckamin@zlk.com

LEVI & KORSINSKY, LLP
Adam M. Apton
75 Broadway, Suite 200
San Francisco, CA 94111
Telephone: (415) 373-1671
Facsimile: (415) 484-1294
Email: aapton@zlk.com

*Liaison Counsel for Lead Plaintiff Boston Retirement System*

SCOTT+SCOTT ATTORNEYS AT LAW LLP
John T. Jasnoch

```
 1                              600 West Broadway, Suite 3300
                                San Diego, CA 92101
 2                              Telephone: (619) 233-4565
                                Facsimile: (619) 233-0508
 3                              Email: jjasnoch@scott-scott.com
 4
                                SCOTT+SCOTT ATTORNEYS AT LAW LLP
 5                              David R. Scott
                                156 South Main Street
 6                              P.O. Box 192
                                Colchester, CT 06415
 7                              Telephone: (860) 537-5537
                                Facsimile: (860) 537-4432
 8                              Email: david.scott@scott-scott.com
 9
                                SCOTT+SCOTT ATTORNEYS AT LAW LLP
10                              William C. Fredericks
                                The Helmsley Building
11                              230 Park Avenue, 17th Floor
                                New York, NY 10169
12                              Telephone: (212) 233-6444
                                Facsimile: (212) 233-6334
13                              Email: wfredericks@scott-scott.com
14
                                ROBBINS GELLER RUDMAN & DOWD LLP
15                              James I. Jaconette
                                Sara B. Polychron
16                              655 West Broadway, Suite 1900
                                San Diego, CA 92101
17                              Telephone: (619) 231-1058
                                Facsimile: (619) 231-7423
18                              Email: jamesj@rgrdlaw.com
                                       spolychron@rgrdlaw.com
19
20                              ROBBINS GELLER RUDMAN & DOWD LLP
                                Samuel H. Rudman
21                              58 South Service Road, Suite 200
                                Melville, NY 11747
22                              Telephone: (631) 367-7100
                                Facsimile: (631) 367-1173
23                              Email: srudman@rgrdlaw.com
24
25                              COTCHETT, PITRE & McCARTHY, LLP
                                Mark C. Molumphy
26                              Tyson Redenbarger
                                San Francisco Airport Office Center
27                              840 Malcolm Road, Suite 200
                                Burlingame, CA 94010
28
```

LEAD PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS          12
CASE NO. 3:19-CV-06361-RS

Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email: mmolumphy@cpmlegal.com
            tredenbarger@cpmlegal.com

*Counsel for Class Representatives David Messinger, Ellie Marie Toronto ESA, and Irving S. and Judith Braun*

## CERTIFICATE OF SERVICE

I, Joseph N. Cotilletta, certify that on October 10, 2023, the foregoing documents entitled **LEAD PLAINTIFF'S NOTICE OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** were filed electronically in the Court's ECF; thereby upon completion the ECF system automatically generated a "Notice of Electronic Filing" as service through CM/ECF to registered e-mail addresses of parties of record in this case.

                                                            */s/ Joseph N. Cotilletta*