Jonathan Gardner (admitted *pro hac vice*)
Alfred L. Fatale III (admitted *pro hac vice*)
Joseph N. Cotilletta (admitted *pro hac vice*)
Beth Khinchuk (admitted *pro hac vice*)
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: jgardner@labaton.com
       afatale@labaton.com
       jcotilletta@labaton.com
       bkhinchuk@labaton.com

*Lead Counsel for Plaintiff and the Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| BOSTON RETIREMENT SYSTEM,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:19-cv-06361-RS<br><br>ECF CASE<br><br>**DECLARATION OF ALFRED L. FATALE III, ESQ. IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Judge: Hon. Donna M. Ryu<br>Courtroom: 4, 3rd Floor<br>Hearing Date: December 14, 2023<br>Time: 1:00 P.M. |

I, Alfred L. Fatale III, pursuant to 28 U.S.C. §746, declare and state as follows:

1. I am a member of the Bar of the State of New York, admitted *pro hac vice* to this Court, and a partner of the law firm Labaton Sucharow LLP, Lead Counsel for the Class in the above-captioned action. I respectfully submit this declaration in support of Lead Plaintiff's Motion to Compel Production of Documents (the "Motion").

2. This declaration is based on my personal knowledge of this case as well as my review of documents and communications exchanged during the course of this Action.

## I. Exhibits

3. Attached hereto as Exhibit A is an unredacted copy of a November 2018 Impairment Assessment memorandum, bates stamped PwC_00005732 - 00005744.

4. Attached hereto as Exhibit B is an unredacted copy of a November 2018 Impairment Assessment memorandum, bates stamped PwC_00002862 - 00002875.

5. Attached hereto as Exhibit C is an unredacted copy of a November 2018 Impairment Assessment memorandum, bates stamped PwC_00002933 - 00002950.

6. Attached hereto as Exhibit D is an unredacted copy of a March 2019 memorandum, bates stamped PwC_00127298 - 00127359.

7. Attached hereto as Exhibit E is an unredacted copy of an April 2018 memorandum, bates stamped PwC_00127176 - 00127233.

8. Attached hereto as Exhibit F is an unredacted copy of a March 2019 memorandum, bates stamped PwC_00127235 - 00127296.

9. Attached hereto as Exhibit G is an unredacted copy of a March 2019 memorandum, bates stamped PwC_00127298 - 00127359.

10. Attached hereto as Exhibit H is an unredacted copy of relevant portions of a PwC document, bates stamped PwC_00082608 - 00082851.

11. Attached hereto as Exhibit I is an unredacted copy of a March 25, 2019 letter from Uber to PricewaterhouseCoopers LLP ("PwC"), bates stamped PwC_00007784 - 00007801.

12. Attached hereto as Exhibit J is an unredacted copy of a March 25, 2019 letter from Uber to PwC, bates stamped PwC_0007949 - 0007966.

13. Attached hereto as Exhibit K is an unredacted copy of an April 29, 2019 letter from Uber to PwC, bates stamped PwC_0038128 - 0038135.

14. Attached hereto as Exhibit L is an unredacted copy of a February 28, 2019 letter from Uber to PwC, bates stamped PwC_00076822 - 00076832.

15. Attached hereto as Exhibit M is an unredacted copy of a March 25, 2019 letter from Uber to PwC, bates stamped PwC_00054714 - 00054731.

16. Attached hereto as Exhibit N is an unredacted copy of a December 5, 2018 letter from Uber to PwC, bates stamped PwC_00061892 - 00061898.

17. Attached hereto as Exhibit O is an unredacted copy of a March 25, 2019 letter from Uber to PwC, bates stamped PwC_00068278 - 00068299.

18. Attached hereto as Exhibit P is an unredacted copy of an April 25, 2019 letter from Uber to PwC, bates stamped PwC_00011900 - 00011908.

19. Attached hereto as Exhibit Q is an unredacted copy of a May 12, 2019 letter from Uber to PwC, bates stamped PwC_00014379 - 00014387.

20. Attached hereto as Exhibit R is an unredacted copy of an April 3, 2019 letter from Uber to PwC, bates stamped PwC_00015298 - 00015305 .

21. Attached hereto as Exhibit S is an unredacted copy of a May 12, 2019 letter from Uber to PwC, bates stamped PwC_00007596 - 00007604.

22. Attached hereto as Exhibit T is an unredacted copy of a March 25, 2019 letter from Uber to PwC, bates stamped PwC_00013223 - 00013244.

23. Attached hereto as Exhibit U is an unredacted copy of an April 3, 2019 letter from Uber to PwC, bates stamped PwC_00021914 - 00021921.

24. Attached hereto as Exhibit V is an unredacted copy of an email exchange dated November 29, 2018 – December 2, 2018, bates stamped PwC_00127046 - 00127048.

25. Attached hereto as Exhibit W is an unredacted copy of an email exchange dated March 26, 2019 – April 11, 2019, bates stamped PwC_00127050 - 00127062.

26. Attached hereto as Exhibit X is an unredacted copy of an email exchange dated February 8, 2019 – March 6, 2019, bates stamped PwC_00127064 - 00127066.

27. Attached hereto as Exhibit Y is unredacted copy of an email exchange dated February 8, 2019 – February 12, 2019, bates stamped PwC_00127069 - 00127070.

28. Attached hereto as Exhibit Z is an unredacted copy of an email exchange dated February 1, 2019 – March 8, 2019, bates stamped PwC_00127072 - 00127079.

29. Attached hereto as Exhibit AA is an unredacted copy of a PwC memorandum, dated most recently May 23, 2019, bates stamped PwC_00021749 - 00021777.

30. Attached hereto as Exhibit BB is an unredacted copy of a PwC memorandum, dated most recently May 9, 2019, bates stamped PwC_00034241 – 00034241.0027.

31. Attached hereto as Exhibit CC is an unredacted copy of Uber's PwC Production Privilege Log, produced on October 24, 2022, bates stamped PLT_PwC_00001 - 00028.

32. Attached hereto as Exhibit DD is an unredacted copy of Uber's First Amended PwC Production Privilege, Log produced on December 23, 2022, bates stamped PLT_PwC_00029 - 00038.

33. Attached hereto as Exhibit EE is an unredacted copy of Uber's Second Amended PwC Production Privilege Log, produced on May 19, 2023, bates stamped PLT_PwC_00039 - 00060.

34. Attached hereto as Exhibit FF is an unredacted copy of Uber's Third Amended PwC Production Privilege Log, produced on August 24, 2023, bates stamped PLT_PwC_00061 - 00089.

35. Attached hereto as Exhibit GG is an unredacted copy of Uber's Fourth PwC Production Privilege Log, produced on September 1, 2023, bates stamped PLT_PwC_00090 - 00118.

36. Attached hereto as Exhibit HH is an unredacted copy of Uber's Fifth PwC Production Privilege Log, produced on September 8, 2022, bates stamped PLT_PwC_00119 - 00147.

37. Attached hereto as Exhibit II is a copy of a September 8, 2023 email from Carol Guerrero to Joseph Cotilletta.

**II.     Factual Background**

38. Uber has asserted privilege over documents produced by non-party PwC in the instant action (the "Documents"). *See* Ex. II. Specifically, in September 2023, PwC's attorneys represented that PwC produced and withheld documents at Uber's request and made no privilege assertions. *Id.*

39. On October 24, 2022, Uber produced a privilege log containing its privilege assertions as to the Documents in the possession, custody and control of PwC (the "Log"). Ex. CC.

40. On November 21, 2022, Lead Plaintiff sent a letter to Uber challenging its privilege assertions as to the Documents in the possession, custody and control of PwC. In response, and after several rounds of meet-and-confers, Uber finally provided an amended Log on December 23, 2022. Ex. DD.

41. Between December 2022 and August 22, 2023, the parties exchanged numerous correspondence and Uber amended the Log four more times, with the most recent being just two months ago, *after* the parties submitted a letter brief on disputes pertaining to the Log. *See* Exs. DD – HH.

42. On May 19, 2023, Uber produced its second amended Log. Ex. EE. On August 24, 2023, Uber produced its third amended Log. Ex. FF. On September 1, 2023, Uber produced its fourth amended Log. Ex. GG. On September 8, 2023, Uber produced its fifth amended Log. Ex. HH.

43. Based on Lead Plaintiff's challenges, the Log shrunk from 432 entries to 114. *Compare* Exs. CC *with* HH.

44. Notably, Uber initially asserted attorney-client privilege as to each document on the Log, but now asserts that each document on the Log is actually protected work product. *Compare* Exs. CC *with* DD.

45. Lead Plaintiff objected to this contradictory change in the Log and the parties reached an impasse. The parties submitted this Log dispute to the Court in the form of a joint discovery letter on September 8, 2023. ECF No. 326.

46. On September 26, 2023, the Court granted leave to file the instant motion. ECF No. 344 at 1.

/s/ Alfred L. Fatale III
Alfred L. Fatale III

**CERTIFICATE OF SERVICE**

I, Alfred L. Fatale III, certify that on October 10, 2023, the foregoing documents entitled **DECLARATION OF ALFRED L. FATALE III, ESQ. IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** were filed electronically in the Court's ECF; thereby upon completion the ECF system automatically generated a "Notice of Electronic Filing" as service through CM/ECF to registered e-mail addresses of parties of record in this case.

                                                                                   */s/ Alfred L. Fatale III*