| | |
|---|---|
| 1 | Daniel H.R. Laguardia (SBN 314654) |
| | SHEARMAN & STERLING LLP |
| 2 | 535 Mission Street, 25th Floor |
| | San Francisco, CA 94105-2997 |
| 3 | Telephone: 415.616.1100 |
| | Facsimile: 415.616.1199 |
| 4 | Email: daniel.laguardia@shearman.com |

Paula H. Anderson (admitted *pro hac vice*)
Agnès Dunogué (admitted *pro hac vice*)
Dennis D. Kitt (admitted *pro hac vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
Telephone: 212.848.4000
Facsimile: 212.848.7179
Email: paula.anderson@shearman.com
         agnes.dunogue@shearman.com
         dennis.kitt@shearman.com

*Attorneys for Defendants Uber Technologies, Inc., Dara Khosrowshahi, Nelson Chai, Glen Ceremony, Ronald Sugar, Ursula Burns, Garrett Camp, Matt Cohler, Ryan Graves, Arianna Huffington, Travis Kalanick, Wan Ling Martello, H.E. Yasir Al-Rumayyan, John Thain, and David Trujillo*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BOSTON RETIREMENT SYSTEM, *et al*., | Case No. 3:19-cv-06361-RS |
| Plaintiffs, | **DECLARATION OF JASON ALLEN** |
| v. | |
| UBER TECHNOLOGIES, INC., *et al*., | |
| Defendants. | |

I, Jason Allen, declare as follows:

1. I am a Senior Director, Litigation in the legal department at Uber Technologies, Inc. ("Uber"). I have been employed as an attorney for Uber since 2015 and am licensed to practice law in the State of California. I submit this declaration in support of Uber's Opposition to Lead Plaintiff Boston Retirement System's ("BRS") Motion to Compel (ECF No. 363). I have personal knowledge of the facts and circumstances set forth herein, and if called upon as a witness to testify in this matter, I could and would competently do so as follows:

2. As an in-house litigation attorney at Uber, one of my responsibilities is to handle inquiries from Uber's outside auditor, PricewaterhouseCoopers LLP ("PwC"), about potential or pending litigation and investigation matters that might impact Uber's financial statements or internal controls, including Uber's litigation loss reserves.

3. In handling such inquiries from PwC, I have shared materials containing attorney views, opinions, analyses, mental impressions, and conclusions created in connection with potential or pending litigation and investigation matters with PwC, and I have requested others from Uber's outside counsel and Uber's legal department to share such materials with PwC. I have done so with the understanding that both Uber and PwC, as Uber's outside auditor, share the same interest in understanding the impact of potential or pending litigation and investigation matters on Uber's financial statements or internal controls. Further, PwC was notified that the views, opinions, analyses, mental impressions, and conclusions provided to PwC were prepared by counsel for Uber, and that Uber, its outside counsel, its legal department, and I have not had any intention, belief, or understanding that the analyses we provided to PwC would be made available to anyone other than to PwC or that sharing the analyses with PwC would constitute a waiver of Uber's work product protection.

DECLARATION OF JASON ALLEN   1   Case No. 3:19-cv-06361-RS

4. One key piece of material on which PwC relies in assessing the potential impact of litigation and investigations on Uber's financial statements and internal controls are management representation letters ("MRLs") that Uber furnishes to PwC, which are signed by Uber's senior management. I was responsible for preparing the sections of the MRLs that address allegations or inquiries of possible violations of laws or regulations whose effects have been considered by Uber for disclosure in the consolidated financial statements or as a basis for recording a loss contingency. The decision as to which matters to include in the MRLs and how to describe them was based on my judgment as an attorney, as well as the judgment of other Uber in-house counsel. The sections of the MRLs incorporating our analyses in this regard reflect our opinions and mental impressions as to potential or pending litigation and investigation matters.

5. I have reviewed unredacted copies of pages 3–4 of Exhibit I, pages 3–4 of Exhibit J, page 3 of Exhibit K, page 3 of Exhibit L, pages 3–4 of Exhibit M, page 2 of Exhibit N, pages 3–4 of Exhibit O, pages 2–3 of Exhibit P, page 2 of Exhibit Q, page 2 of Exhibit R, pages 2–3 of Exhibit S, pages 3–4 of Exhibit T, and page 2 of Exhibit U to the Declaration of Al Fatale (ECF No. 364-1), and confirm that these pages of these MRLs contain a list and description of investigations and litigation that Uber's in-house counsel prepared. I confirm that the redacted material contains the opinions and mental impressions of Uber's in-house counsel regarding whether potential or pending litigation and investigation matters merited consideration for disclosure in Uber's financial statements.

6. PwC often required updated MRLs. There could be a variety of reasons that would cause PwC to request an updated MRL in the ordinary course. One such occasion was Uber's May 10, 2019 initial public offering ("IPO"). On April 25, 2019, Uber provided an updated MRL, and it provided a further updated MRL on May 12, 2019. I have reviewed unredacted copies of Exhibits P and Q to the Declaration of Al Fatale (ECF No. 364-1) and confirm that they contain the April 25, 2019 and May 12, 2019 MRLs, respectively. I believe that PwC requested these letters for ordinary-

course business reasons in connection with the IPO, and not because of any supposed deficiency in prior versions of the MRLs. In fact, the relevant portions of the two letters (paragraphs 12a-c) are identical in substance and in form.

7. The sections of the MRLs that I prepared were also included by PwC as appendices to memoranda that PwC prepared in connection with its assessment of certain investigations initiated under the Special Matters Committee of the Board of Directors of Uber (the "PwC Memoranda"). I understand that examples of these memos have been filed as Exhibits D, E, F and G to the Declaration of Al Fatale (ECF No. 364-1). I have reviewed unredacted copies of pages 57–58 of Exhibit D, pages 53–54 of Exhibit E, pages 57–58 of Exhibit F, and pages 57–58 of Exhibit G and confirm that the contents of these pages are identical to the sections of the MRLs that I prepared that address allegations or inquiries of possible violations of laws or regulations whose effects have been considered by Uber for disclosure in the consolidated financial statements or as a basis for recording a loss contingency. I confirm that the redacted material contains the opinions and mental impressions of Uber's in-house counsel regarding whether potential or pending litigation and investigation matters merited consideration for disclosure in Uber's financial statements.

8. PwC also requested letters from Uber's legal department and outside counsel containing analyses about any material loss contingencies arising from pending or overtly threatened litigation, claims, or assessments ("Loss Contingency Letters"). As an in-house litigation attorney, one of my responsibilities was to prepare these Loss Contingency Letters, which were signed by Uber's Chief Legal Officer, Tony West. I have reviewed unredacted copies of pages 1–19 of Exhibit H to the Declaration of Al Fatale (ECF No. 364-1) and confirm that they contain one example of such a Loss Contingency Letter. The decision as to which potential or pending litigation matters to include in the Loss Contingency Letters and how to describe them was based on legal judgment of myself and other Uber in-house counsel. The sections of the Loss Contingency Letters incorporating our

1  analyses in this regard reflect attorney opinions and mental impressions as to potential or pending
2  litigation and investigation matters.

3        9.      I also correspond with PwC via email regarding the Loss Contingency Letters.  I
4  confirm that examples of such emails were produced to plaintiffs in this action and filed as Exhibits
5  V, W, X, Y, and Z to the Declaration of Al Fatale.  ECF No. 364-1.  I have reviewed unredacted
6  copies of pages 1 and 3 of Exhibit V, pages 1–2 of Exhibit W, pages 1–3 of Exhibit X, page 1 of
7  Exhibit Y, and page 1 of Exhibit Z, and as an original author or recipient of the emails at such Exhibits,
8  I confirm that the redacted content contains attorney opinions and mental impressions of myself or
9  other attorneys in Uber's legal department working with me as to potential or pending litigation and
10 investigation matters, including regarding the selection of matters to be disclosed and how they are
11 described.

12        10.     PwC prepared charts summarizing the contents of the Loss Contingencies Letters and
13 included them as appendices to the PwC Memoranda.  I have reviewed unredacted copies of pages
14 55–57 of Exhibit D, pages 51–53 of Exhibit E, pages 55–57 of Exhibit F, and pages 55–57 of Exhibit
15 G and confirm that the contents of these pages summarize the substantive content of the Loss
16 Contingency Letters, and that the redacted content contains attorney opinions and mental impressions
17 of myself, other attorneys in Uber's legal department working with me, and outside counsel as to
18 potential or pending litigation and investigation matters, including regarding the selection of matters
19 to be disclosed and how they are described.

20        11.     In my role, I also helped PwC obtain Loss Contingency Letters from outside counsel.
21 I have reviewed unredacted copies of pages 38–242 of Exhibit H to the Declaration of Al Fatale (ECF
22 No. 364-1) and confirm that they contain examples of such letters.  These include letters from Uber's
23 outside litigation counsel at Boies Schiller Flexner LLP, Bredin Prat SAS, Cooley LLP, Covington
24 & Burling LLP, Davis Wright Tremaine LLP, DLA Piper LLP, Formosa Transnational Attorneys at

DECLARATION OF JASON ALLEN            4            Case No. 3:19-cv-06361-RS

Law, Gibson, Dunn & Crutcher LLP, Goodwin Procter LLP, Gorrissen Federspiel Advokatpartnerselskab, Irell & Manella LLP, Jenner & Block LLP, Lenz & Staehelin, Littler Mendelson P.C., Morgan, Lewis & Bockius LLP, Morrison & Foerster LLP, O'Melveny & Myers LLP, Perkins Coie LLP, WongPartnership LLP, and Zhong Yin Law Firm. The decision as to which potential or pending litigation matters to include in these letters and how to describe them was based on legal judgment of outside counsel, and reflects the views, analyses, opinions, mental impressions, and conclusions of attorneys as to potential or pending litigation and investigation matters.

12. The attorney analyses contained in the redacted portions of the Exhibits described at paragraphs 5–11 above were provided with the understanding that Uber and PwC, as Uber's outside auditor, share the same interest in understanding the impact of potential or pending litigation and investigation matters on Uber's financial statements or internal controls. All such analyses were provided to PwC on a confidential basis without any intent that they would become available outside of PwC or would waive any protection from discovery.

13. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 23, 2023, at Orinda, California.

_____
Jason Allen