Daniel H.R. Laguardia (SBN 314654)
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105-2997
Telephone: 415.616.1100
Facsimile: 415.616.1199
Email: daniel.laguardia@shearman.com

Paula H. Anderson (admitted *pro hac vice*)
Agnès Dunogué (admitted *pro hac vice*)
Dennis D. Kitt (admitted *pro hac vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
Telephone: 212.848.4000
Facsimile: 212.848.7179
Email: paula.anderson@shearman.com
        agnes.dunogue@shearman.com
        dennis.kitt@shearman.com

*Attorneys for Defendants Uber Technologies, Inc.,
Dara Khosrowshahi, Nelson Chai, Glen
Ceremony, Ronald Sugar, Ursula Burns, Garrett
Camp, Matt Cohler, Ryan Graves, Arianna
Huffington, Travis Kalanick, Wan Ling Martello,
H.E. Yasir Al-Rumayyan, John Thain, and David
Trujillo*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BOSTON RETIREMENT SYSTEM, *et al.*, | Case No. 3:19-cv-06361-RS |
| Plaintiffs, | |
| v. | **DECLARATION OF JOHN C. DWYER** |
| UBER TECHNOLOGIES, INC., *et al.*, | |
| Defendants. | |

I, John C. Dwyer, declare as follows:

1.     I am a Partner at Cooley LLP ("Cooley"). I am an attorney licensed to practice in the State of California and the District of Columbia. I submit this declaration in support of Uber's Opposition to Lead Plaintiff Boston Retirement System's ("BRS") Motion to Compel (ECF No. 363). I have personal knowledge of the facts and circumstances set forth herein, and if called upon as a witness to testify in this matter I could and would competently do so as follows:

2.     In 2017, Cooley was retained by the Special Matters Committee ("SMC") of the Board of Directors ("Board") of Uber Technologies, Inc. ("Uber") to assist and advise the SMC with respect to its oversight of multiple investigations into possible incidents of non-compliance with laws and regulations and potential or actual litigation associated therewith (the "Matters"). My duties as counsel to the SMC included providing legal advice, supervising other outside counsel retained to handle the Matters, providing updates to the Board and the SMC, and communicating with PricewaterhouseCoopers LLP ("PwC"), Uber's outside auditor. I acquired an intimate familiarity with each of the Matters and outside counsel's work on the Matters based on my role supervising outside counsel handling the Matters, and in preparing reports about the Matters for the SMC, the Board and PwC. My work for the SMC continued until the SMC was wound down in early 2018.

3.     As counsel to the SMC, I was responsible for coordinating and providing responses to requests from PwC, Uber's outside auditor, for legal analyses about the Matters. Accordingly, I made myself available for interviews with PwC to share my views, opinions, mental impressions, and conclusions about the Matters. I also arranged for PwC to discuss the Matters with attorneys at outside law firms that were handling them. I did so with the understanding that both Uber and PwC, as Uber's outside auditor, shared the same interest in understanding the impact that the Matters may have on Uber's financial statements or internal controls. Further, PwC was notified that the views, opinions, mental impressions, and conclusions about the Matters provided to PwC were prepared by

me and other Uber outside counsel. I did not have any intention, belief or understanding that the legal analyses we provided to PwC would be made available to anyone other than to PwC or that sharing the legal analyses with PwC would constitute a waiver of Uber's work product protection.

4.      I understand that examples of PwC's memorialization of the material that it learned from its interviews of myself and other outside counsel have been filed as exhibits in this action, as Exhibits D, E, F and G to the Declaration of Al Fatale (ECF No. 364-1). I have reviewed unredacted copies of these memoranda to files and confirm, based on my personal knowledge of each of the Matters and my role in supervising outside counsel's work on the Matters, that the redacted material referenced at paragraphs 5–9 below reflects the views, opinions, mental impressions, and conclusions of myself and other outside counsel conveyed to PwC on a confidential basis with respect to the Matters discussed therein.

5.      I have reviewed unredacted copies of pages 2–4 of Exhibit D, pages 2–4 of Exhibit E, pages 2–4 of Exhibit F, and pages 2–4 of Exhibit G and confirm that they describe a framework categorizing the various Matters that I discussed with PwC. That categorization is based on my legal opinions and mental impressions, as well as that of other counsel handling the Matters.   The categorization necessarily depended on my legal expertise and judgment and the legal experience and judgment of the other counsel handling the Matters.

6.      I have reviewed unredacted copies of page 6 of Exhibit D, page 6 of Exhibit E, page 6 of Exhibit F, and page 6 of Exhibit G and confirm that they summarize Uber's conclusions, which were based in part on my legal opinions and mental impressions about the Matters, as well as the legal opinions and mental impressions of other counsel involved in handling the Matters, and the impact they had or might have on the historical or current financial statements of Uber (if any). This determination about the impact of the Matters depended on the legal expertise and judgment of myself

and other counsel and reflect my and other counsel's opinion work product prepared in anticipation of litigation on Uber's behalf.

7.      I have reviewed unredacted copies of page 12 of Exhibit D, page 12 of Exhibit E, page 12 of Exhibit F, and page 12 of Exhibit G and confirm that they summarize my overall conclusions about the investigations regarding the Matters.  The redacted material here contains my opinion work product prepared in anticipation of litigation on Uber's behalf.  Though the SMC concurred with my confirmations about the investigation process, I arrived at my conclusions based on my review of the Matters, my legal expertise and judgment, and my mental impressions.

8.      I and other attorneys at Cooley also advised Uber about the extent to which the Matters needed to be disclosed.  I have reviewed unredacted copies of page 13 of Exhibit D, page 13 of Exhibit E, page 13 of Exhibit F, and page 13 of Exhibit G and confirm that they reflect the opinions and mental impressions of myself and other Cooley attorneys, based on our legal expertise and judgment, with respect to whether the Matters merited external disclosure.

9.      I also coordinated meetings between PwC and other outside law firms handling the Matters and related civil litigation, during which attorneys at those firms would explain the status of each investigation, the investigation process, and their findings.  Uber shared this material with PwC with an understanding that the material would be kept confidential and would not constitute a waiver of work product protection.  These other outside law firms included Boies Schiller Flexner LLP, Covington & Burling LLP, Jenner & Block LLP, Morrison & Foerster LLP, O'Melveny & Myers LLP, Shearman & Sterling LLP, and Wilmer Cutler Pickering Hale and Dorr LLP.  I have reviewed unredacted copies of Appendices I, II, and III of Exhibits D–G and confirm that they reflect opinions, judgment and mental impressions of myself and these other outside counsel, based on our legal expertise, regarding the Matters that were confidentially conveyed to PwC.  I have reviewed unredacted copies of Pages 15–18 of Exhibit D, pages 15–18 of Exhibit F, and pages 15–18 of Exhibit

G and confirm they also reflect opinions, judgment and mental impressions of myself and these other outside counsel, based on our legal expertise, regarding the Matters that were confidentially conveyed to PwC.  In all of these cases, Cooley and these other outside counsel had been engaged by Uber to carry out our work in anticipation of litigation and/or potential regulatory or enforcement actions.  In all of these cases, at PwC's request, I arranged for this information to be conveyed to PwC on a confidential basis.

10.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 25, 2023, at Palo Alto, California.

John C. Dwyer