UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOSTON RETIREMENT SYSTEM, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No. 19-cv-06361-RS (DMR)<br><br>**ORDER ON SEPTEMBER 6, 2023 JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 322 |

The court has reviewed Lead Plaintiff and Individual Defendants' September 6, 2023 Joint Discovery Letter ("JDL") in which Lead Plaintiff seeks to compel amended responses to four interrogatories related to the due diligence defense under Section 11 of the Securities Act of 1933. This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b).  For the following reasons, Lead Plaintiff's motion is granted.

Lead Plaintiff's interrogatories 1 through 4 ask Individual Defendants: "If You contend that, prior to May 9, 2019, You conducted due diligence into the statements made in Uber's Offering Documents concerning [1) Uber's Passenger Safety Issues; 2) Uber's Business Model and Growth Strategy, including Uber's compliance with laws and regulations; 3) Uber's Financial Condition, including Uber's then-current and expected financial trends, revenue growth rate, profit and loss, and Uber's ongoing financial viability; and/or 4) Uber's New Day Theme], then identify all documents (by Bates number if applicable) and individuals You spoke with (including name, contact information, and when you spoke) that You relied on."  [Docket No. 322-1 (Individual Defendants' Responses and Objections to Lead Plaintiff's Second Set of Interrogatories Addressed to the Individual Defendants).]

Individual Defendants provided identical responses to each interrogatory, summarizing 1)

for all Defendants who were Board members during the relevant period and 2) for Defendants Dara Khosrowshahi, Nelson Chai, and Glen Ceremony, the "due diligence process they followed." JDL at 4.  The responses also refer to the same exhibit listing "examples of documents (identified by Bates number) reflecting the Individual Defendants' reasonable due diligence investigation in connection with the Uber IPO and individuals (including names, contact information, and dates of communication) involved, including rows 1-1,247 for Defendants who were Board members during the relevant time period, as well as rows 1,248-2,649 for Defendants Khosrowshahi, Chai, and/or Ceremony" ("Exhibit A").  *See, e.g.*, Docket No. 322-1 at 10.

"Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).  An answer to an interrogatory should be complete in itself and should not refer to the pleadings or other documents:

> [A]n answer to an interrogatory must be responsive to the question. It should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers.

*Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D. Ind. 2000) (citations and quotation marks omitted).  "Incorporation by reference is not a responsive answer."  *Id.* (quoting *Cont'l Ill. Nat. Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 686 (D. Kan. 1991)).  However, if an answer to an interrogatory may be determined by "examining, auditing, compiling, abstracting, or summarizing a party's business records . . ., and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by . . . specifying the records that must be reviewed[.]"  Fed. R. Civ. P. 33(d)(1).

In addition, as Lead Plaintiff points out, "[t]he [due diligence] defense is calibrated to the objective reasonable person in *each* defendant's position."  *Mehedi v. View, Inc.*, No. 21-CV-06374-BLF, 2023 WL 3592098, at *8 (N.D. Cal. May 22, 2023) (emphasis added).  The cases cited by Defendants do not state otherwise.  *See Club v. BNSF Ry. Co.*, No. C13-0967-JCC, 2016 WL 4528452, at *5-*6 (W.D. Wash. Aug. 30, 2016) (in Clean Water Act context, finding that plaintiffs' joint responses to interrogatories were appropriate where plaintiffs "brought [the]

lawsuit collectively and assert[ed] the same set of facts in support of their allegations"); *Tattersalls, Ltd. v. Wiener*, No. 17CV1125-BTM(KSC), 2019 WL 13203947, at *1 (S.D. Cal. Oct. 18, 2019) (holding that "[t]o the extent defendants' initial disclosures and/or responses to any discovery requests are the same for more than one defendant, it is not necessary for them to serve plaintiff with separate disclosures or responses for each defendant so long as the response clearly states that it is being submitted on behalf of multiple defendants").

Relying on these principles, Lead Plaintiff makes three requests in compelling Individual Defendants to amend their responses: that they (1) provide individual responses including, for example, which documents listed in Exhibit A were specifically relied on by each Individual Defendant and clear information on which Individual Defendants "receiv[ed], review[ed], and/or participat[ed] in the preparation of drafts of Uber's Offering Documents" (as stated in Individual Defendants' summary responses); (2) specify which documents are responsive to each interrogatory; and (3) provide clear responses as to which people the Individual Defendants spoke with and relied on. JDL at 3.

Having examined Individual Defendants' generalized and uniform responses to the four interrogatories, the court orders the following. With respect to Lead Plaintiff's first request, each Individual Defendant must amend his or her responses to make clear that their response is tailored and correct. In other words, each Individual Defendant must confirm that he or she reviewed the group summaries provided in response to the interrogatories, as well as every document listed in the exhibit attached to the responses, and certify that the information provided is 1) accurate as to them, and 2) provides a full and complete response to the interrogatory. Otherwise, the Individual Defendant(s) must amend their responses accordingly.

As to Lead Plaintiff's second and third requests – both related to Exhibit A – Individual Defendants respond that "due diligence is not conducted or evaluated 'with the benefit of hindsight' according to allegations later contrived by plaintiffs." JDL at 4 (quoting *In re Software Toolworks, Inc. Sec. Litig.*, 789 F. Supp. 1489, 1505 (N.D. Cal. 1992), *aff'd in part, rev'd in part sub nom. In re Software Toolworks Inc.*, 38 F.3d 1078 (9th Cir. 1994)). They also assert that "the burden of deriving or ascertaining [the name, contact information, and date of communication

from the documents] will be substantially the same for either party." JDL at 3-4, n.2. These arguments are insufficient where Lead Plaintiff is unable to decipher which listed documents respond to which interrogatory, and it is unclear which Individual Defendant spoke with which individual(s) and when. *See* JDL at 2. Indeed, Lead Plaintiff explains that "[m]any of [the] documents (there are thousands) do not reference meetings or discussions at all, and those that do involve countless meetings with numerous people over the course of several years . . . Moreover, given the group response, it is unclear which Defendant spoke with which individual or when." *Id.*

Lead Plaintiff is entitled to discover the facts supporting the Individual Defendants' contentions. While a party responding to contention interrogatories may object on the ground that it is too early in discovery for the party to make a full and complete response, *see In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 338 (N.D. Cal. 1985), and may reserve the right to supplement its response, Individual Defendants make no such argument, nor could they in light of the fact that discovery closed on September 20, 2023. Therefore, Individual Defendants must amend their answers to Lead Plaintiff's interrogatories clarifying which documents are responsive to which interrogatory and providing clear responses as to which individuals (including their name, contact information, and dates of communication) the Individual Defendants spoke with and relied on. The Individual Defendants must serve their amended answers by November 20, 2023.

**IT IS SO ORDERED.**

Dated: November 6, 2023

_____
Donna M. Ryu
Chief Magistrate Judge