# EXHIBIT 1

Daniel H.R. Laguardia (SBN 314654)
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105-2997
Telephone: 415.616.1100
Facsimile: 415.616.1199
Email: daniel.laguardia@shearman.com

Paula H. Anderson (admitted *pro hac vice*)
Agnès Dunogué (admitted *pro hac vice*)
Dennis D. Kitt (admitted *pro hac vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
Telephone: 212.848.4000
Facsimile: 212.848.7179
Email: paula.anderson@shearman.com
        agnes.dunogue@shearman.com
        dennis.kitt@shearman.com

*Attorneys for Defendants Uber Technologies, Inc.,*
*Dara Khosrowshahi, Nelson Chai, Glen Ceremony,*
*Ronald Sugar, Ursula Burns, Garrett Camp, Matt*
*Cohler, Ryan Graves, Arianna Huffington, Travis*
*Kalanick, Wan Ling Martello, Yasir Al-Rumayyan,*
*John Thain, and David Trujillo*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BOSTON RETIREMENT SYSTEM, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No. 3:19-cv-06361-RS<br><br>**DEFENDANT MATT COHLER'S AMENDED RESPONSES AND OBJECTIONS TO LEAD PLAINTIFF'S SECOND SET OF INTERROGATORIES ADDRESSED TO THE INDIVIDUAL DEFENDANTS**<br><br>**HIGHLY CONFIDENTIAL**<br><br>**Courtroom**: No. 3 – 17th Floor<br>**Judge**: Hon. Richard Seeborg |

Propounding Party:  Boston Retirement System
Responding Party:  Matt Cohler
Set:  Two

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California (the "Local Rules"), Defendant Matt Cohler, by and through his undersigned counsel, hereby responds and objects to Lead Plaintiff Boston Retirement System's ("Lead Plaintiff") Second Set of Interrogatories Addressed to the Individual Defendants, dated July 10, 2023 (collectively, the "Interrogatories," and each individually, an "Interrogatory"). The responses herein reflect only the present state of Mr. Cohler's knowledge or information regarding the information that Lead Plaintiff has requested.[1]

## **GENERAL OBJECTIONS**

Mr. Cohler generally objects to the Interrogatories, including the Definitions and Instructions, on the following grounds, each of which is incorporated by reference into the responses and objections to the individual Interrogatories below. All responses set forth herein are subject to and without waiver of any of these general objections.

1.      Mr. Cohler objects to the Interrogatories, together with their accompanying Definitions and Instructions, to the extent they are unduly burdensome, overbroad, compound, impose extreme hardship or seek information that is neither relevant to the claims or defenses that have been asserted in the above-captioned action (the "Action") nor proportional to the needs of the case, as well as to the extent they would impose an undue burden on Mr. Cohler in the form of an excessive expenditure of time and resources, considering, among other things, whether the burden and expense of the discovery requested outweighs its likely benefit (if any).

2.      Mr. Cohler objects to the Interrogatories, together with their accompanying Definitions and Instructions, to the extent they purport to seek information that is protected from disclosure by any privilege or immunity, including the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest privilege, data protection laws and/or regulations or any other privilege or protection from disclosure provided for by law. Any inadvertent disclosure of any privileged or protected information shall not be deemed or construed

---

[1] The responses provided herein and the exhibits hereto are designated "Highly Confidential" pursuant to the Stipulation and Protective Order, dated November 20, 2020 (Dkt. No. 113).

to constitute a waiver of any privilege or protection of Mr. Cohler, including the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest privilege, or any other privilege or protection from disclosure provided for by law.

3.      No response by Mr. Cohler may be deemed to be a waiver of any privilege, right, immunity, or defense.  Notwithstanding the foregoing, insofar as a response by Mr. Cohler may be deemed to be a waiver of any privilege, right, immunity, or defense, such waiver shall be deemed to be a limited waiver with respect to that particular response only.

4.      Mr. Cohler objects to the Interrogatories, together with their accompanying Definitions and Instructions, to the extent they purport to seek disclosure of information that would violate individual privacy interests or proprietary rights, confidentiality agreements, or other arrangements between Mr. Cohler and another individual or entity or between other individuals and/or entities.

5.      Mr. Cohler objects to the Interrogatories, together with their accompanying Definitions and Instructions, to the extent they purport to require the production of information that is proprietary, confidential, and/or commercially sensitive.

6.      Mr. Cohler objects to the Interrogatories, together with their accompanying Definitions and Instructions, to the extent they are premature, improper, or purport to require Mr. Cohler to do more than is required under, and/or are inconsistent with, the Federal Rules, the Local Rules, or any other applicable statutes, rules, laws, or court order governing the scope, timing, or extent of discovery in this action.

7.      Mr. Cohler objects to the Interrogatories, together with their accompanying Definitions and Instructions, to the extent they are vague, ambiguous, employ imprecise descriptions of the information sought, or lack sufficient precision to allow Mr. Cohler to formulate an appropriate response.  Mr. Cohler will provide only that information which can reasonably be identified in response to each individual interrogatory.

8.      Mr. Cohler objects to the Interrogatories, together with their accompanying Definitions and Instructions, to the extent they purport to seek information that is unreasonably cumulative or duplicative, or which is obtainable from some other source that is more convenient,

less burdensome, or less expensive, or is publicly available, including but not limited to documents that have been produced in this Action or are otherwise available to Lead Plaintiff.

9.      Mr. Cohler objects to the Interrogatories, together with their accompanying Definitions and Instructions, to the extent they seek information that is cumulative and duplicative of other discovery requests in this action, including, without limitation, Lead Plaintiff's Requests for Admission to the Individual Defendants.

10.      Mr. Cohler objects to the Interrogatories, together with their accompanying Definitions and Instructions, to the extent they seek information that is already in the possession of Lead Plaintiff, or equally or more easily available to Lead Plaintiff than it is to Mr. Cohler.

11.      Mr. Cohler objects to the Interrogatories, together with their accompanying Definitions and Instructions, to the extent they contain any explicit or implicit characterization of facts, events, circumstances, or issues.  Mr. Cohler's response to the Interrogatories is not intended to mean that Mr. Cohler agrees with or accepts any explicit or implicit characterization of facts, events, circumstances, or issues in the Interrogatories.

12.      Mr. Cohler objects to the Interrogatories, together with their accompanying Definitions and Instructions, to the extent they purport to require Mr. Cohler to draw legal conclusions or are predicated on legal conclusions or arguments.

13.      Mr. Cohler objects to the Interrogatories, together with their accompanying Definitions and Instructions, to the extent they seek information not in Mr. Cohler's possession, custody, or control, including, without limitation, information about individuals and entities other than Mr. Cohler.  Each response provided herein is being provided by Mr. Cohler only on behalf of himself and not on behalf of any other individual or entity.  Mr. Cohler objects to the use or admissibility into evidence for any purpose of these responses to the extent they are sought to be used against any party other than Mr. Cohler.  Mr. Cohler further objects to the use or admissibility into evidence for any purpose of the responses to Interrogatories submitted by any other party to the extent they are sought to be used against Mr. Cohler.

14.      Mr. Cohler objects to the Interrogatories, together with their accompanying Definitions and Instructions, to the extent they purport to require Mr. Cohler to perform anything

more than a reasonable search of readily accessible records (including electronic records) in areas of his files reasonably likely to contain responsive information. If the Interrogatories seek to require Mr. Cohler to go beyond such a search, they are overbroad and unduly burdensome.

15. Mr. Cohler expressly reserves, and the responses to the Interrogatories shall not constitute a waiver of, his right to: (i) object at any point and on any ground to the use or admissibility into evidence, for any purpose, of these responses (including but not limited to competence, relevance, materiality, privilege, or admissibility), or to the use of the information that is produced at any point in any proceeding; (ii) object on any ground to other discovery requests that involve or relate to the subject matter of the Interrogatories; (iii) revise, correct, supplement, or clarify any of the responses set forth herein at a later date; and (iv) rely on, at any time, including trial, any subsequently discovered information, or information omitted from these responses as a result of mistake, error, oversight, or inadvertence.

16. Mr. Cohler's responses and objections are based on his knowledge, recollection, and understanding of the facts as of the date on which these responses are made and without prejudice to Mr. Cohler's right to modify his responses and/or provide additional information at a later date.

17. Mr. Cohler does not hereby admit, adopt, or acquiesce in any factual or legal contention, assertion, characterization, or implication contained in the Interrogatories.

18. Mr. Cohler's responses herein are made solely for purposes of this action and not for any other purpose or for use in any other proceeding.

19. By making these objections, Mr. Cohler does not concede that he has in his possession, custody, or control any information responsive to any Interrogatory.

20. Mr. Cohler is supplying information about himself on personal knowledge and, consistent with General Objection 13, is not supplying information on behalf of any other Defendant.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Mr. Cohler objects to the Interrogatories' Definitions and Instructions to the extent they (i) impose on Mr. Cohler conditions and obligations that exceed or are inconsistent with those set forth in the Federal Rules, the Local Rules, or any other applicable statutes, rules, or laws;

(ii) depart from the customary meaning of any term or provide definitions that are inaccurate; or (iii) are based on premises that are misleading, inaccurate, or incomplete.

2.      Mr. Cohler objects to the Interrogatories' Definitions and Instructions to the extent they incorporate purported facts.  Mr. Cohler does not adopt or confirm the accuracy of any purported facts incorporated in the Definitions and Instructions.

3.      Mr. Cohler objects to the definition of the terms "Communication" and "Communications" in Paragraph 3 of the Definitions on the grounds that they are vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case, and to the extent the definitions purport to impose obligations on Mr. Cohler that exceed or are inconsistent with those set forth in the Federal Rules, the Local Rules, or any other applicable statutes, rules, or laws.  Mr. Cohler further objects to these definitions on the grounds that they are compound and purport to incorporate definitions of other terms that are inconsistent with each other and are therefore ambiguous, overbroad, and unduly burdensome.

4.      Mr. Cohler objects to the definitions of the terms "Concerning," "Document," "Electronic Data," "Electronically-Stored Information," "ESI," and "Person," in Paragraphs 5-8 and 15, of the Definitions on the grounds that they are vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case, and to the extent those definitions purport to impose obligations on Mr. Cohler that exceed or are inconsistent with those set forth in the Federal Rules, the Local Rules, or any other applicable statutes, rules, or laws.  Mr. Cohler further objects to these definitions to the extent they are compound and consist of numerous discrete subparts and are therefore overbroad and unduly burdensome.  Mr. Cohler will interpret the definition of "Electronically Stored Information" or "ESI" consistent with the Federal Rules of Civil Procedure and the Stipulated Order Re: Discovery of Electronically Stored Information (Dkt. No. 114) entered by the Court on November 20, 2020, and does not waive any future objection not asserted herein.

5.      Mr. Cohler objects to the definitions of the terms "Identify," "Identity," and "Identification" in Paragraph 11 of the Definitions on the grounds that they are vague, ambiguous,

1    overbroad, unduly burdensome, and not proportional to the needs of this case, and to the extent that

2    they purport to require Mr. Cohler to identify information not in his possession, custody, or control.

3        6.    Mr. Cohler objects to the use of the term "Offering Documents" in paragraph 14 of

4    the Definitions on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not

5    proportional to the needs of this case.  In responding to the Interrogatories, Mr. Cohler will construe

6    the term "Offering Documents" to refer to Uber's Form S-1 registration statement filed with the

7    SEC on April 11, 2019, and the Form 424B4 that Uber filed with the SEC on May 9, 2019, in

8    connection with the IPO, and exclude from this definition any other documents.

9        7.    Mr. Cohler objects to the definitions of the terms "Policy" or "Policies" on the

10   grounds that they are vague, ambiguous, and unduly burdensome to the extent they include

11   documents that are "informal," "unwritten," "unrecorded," and/or "known, recognized, or

12   followed . . . implicitly."  Mr. Cohler will interpret these Definitions to encompass only formal

13   policies and procedures created and maintained by Uber in written form.

14       8.    Mr. Cohler objects to the definitions of the terms "Refer," "Relate," "Referring," and

15   "Relating" in paragraph 17 of the Definitions to the extent those definitions purport to impose

16   obligations on Mr. Cohler that exceed or are inconsistent with those set forth in the Federal Rules,

17   the Local Rules, or any other applicable statutes, rules, or laws.

18       9.    Mr. Cohler objects to the definition of the term "Uber's Business Model and Growth

19   Strategy," in Paragraph 19 of the Definitions on the grounds that it is vague, ambiguous, overbroad,

20   unduly burdensome, and not proportional to the needs of this case.  Mr. Cohler further objects to

21   this definition to the extent it requires legal conclusions with respect to the terms "failure to

22   disclose," "breaking and thwarting laws, rules and regulations," "jurisdiction," "legality,"

23   "compliance," and "government entities" and to the extent it assumes facts that Mr. Cohler denies

24   are true.  In responding to the Interrogatories, Mr. Cohler will construe the term "Uber's Business

25   Model and Growth Strategy" to refer to the allegations in the Second Amended Complaint, Dkt. No.

26   137, at ¶ 171.

27       10.   Mr. Cohler objects to the definition of the term "Uber's Financial Condition," in

28   Paragraph 20 of the Definitions on the grounds that it is vague, ambiguous, overbroad, unduly

burdensome, and not proportional to the needs of this case.  Mr. Cohler further objects to this definition's use of the terms "failure to disclose," "cost business model," "defective," and "financial condition," as overbroad and unduly burdensome, vague and ambiguous, and improperly requiring legal conclusions and to the extent it assumes facts that Mr. Cohler denies are true.  In responding to the Interrogatories, Mr. Cohler will construe the term "Uber's Financial Condition" to refer to the allegations in the Second Amended Complaint, Dkt. No. 137, at ¶ 189.

11.    Mr. Cohler objects to the definition of the term "Uber's New Day Theme" in Paragraph 21 of the Definitions on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case.  Mr. Cohler further objects to this definition's use of the term "material" as overbroad and unduly burdensome, vague, ambiguous, and improperly requiring legal conclusions and to the extent it assumes facts that Mr. Cohler denies are true.  In responding to the Interrogatories, Mr. Cohler will construe the term "Uber's New Day Theme" to refer to the discussion of Uber's company culture and cultural norms on pp. 151-52 of the Registration Statement and pp. 11-13 of the Prospectus.

12.    Mr. Cohler objects to the definition of the term "Uber's Passenger Safety Issues" in Paragraph 22 of the Definitions on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case.  Mr. Cohler further objects to this definition's use of the terms "failure to disclose," "safety issues," "passenger safety," "defective," and "policies and practices," as overbroad and unduly burdensome, vague and ambiguous, and improperly requiring legal conclusions and to the extent it assumes facts that Mr. Cohler denies are true.  In responding to the Interrogatories, Mr. Cohler will construe the term "Uber's Passenger Safety Issues" to refer to the allegations in the Second Amended Complaint, Dkt. No. 137, at ¶ 180.

13.    Mr. Cohler objects to the definition of the term "You" and "Your" in paragraph 23 of the Definitions on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it includes persons or entities other than the Mr. Cohler.  In responding to the Interrogatories, Mr. Cohler will construe the terms "You" and "Your" to refer solely to Mr. Cohler.

14.     Mr. Cohler objects to all Instructions (whether or not repeated for emphasis) to the extent they purport to impose obligations on Mr. Cohler that exceed or are inconsistent with those set forth in the Federal Rules, the Local Rules, or any other applicable statutes, rules, or laws.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

Subject to and without waiver of the foregoing General Objections and Objections to Definitions and Instructions, which are incorporated into each response below whether or not repeated for emphasis, and the specific objections set forth below, and expressly stating that their responses are subject to all such objections, Mr. Cohler responds to each specific Interrogatory as follows.

**Interrogatory No. 1**:

*If You contend that, prior to May 9, 2019, You conducted due diligence into the statements made in Uber's Offering Documents concerning Uber's Passenger Safety Issues, then identify all documents (by Bates number if applicable) and individuals You spoke with (including name, contact information, and when you spoke) that You relied on.*

**Response to Interrogatory No. 1**:

In addition to the General Objections and Objections to Definitions and Instructions, each of which is incorporated here by this reference, Mr. Cohler objects to this Interrogatory as overbroad and unduly burdensome and because it seeks discovery of information that is neither relevant to Lead Plaintiff's claims nor proportional to the needs of the case to the extent it seeks information regarding "*all* documents . . . and individuals" Mr. Cohler spoke with, without limitation (emphasis added). Mr. Cohler further objects to this Interrogatory with respect to its use of the terms "Offering Documents" and "Uber's Passenger Safety Issues," including the terms incorporated into the definitions of those terms, for the reasons stated in the Objections to Definitions and Instructions. Mr. Cohler's response is based upon his current recollection and a reasonable search and inquiry. To the extent this Interrogatory purports to require Mr. Cohler to go beyond such a search or inquiry, Mr. Cohler objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case. Mr. Cohler further objects to this Interrogatory to the extent that it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Mr. Cohler further objects to this Interrogatory to the extent that it purports to

impose a stricter standard of due diligence than required by law.  *See, e.g.*, 15 U.S.C. § 77k(b)(3), (c); *Weinberger v. Jackson*, 1990 WL 260676, at *4 (N.D. Cal. Oct. 11, 1990).

Subject to and without waiving the foregoing objections, the General Objections, and Objections to Definitions and Instructions, and to the best of his knowledge, Mr. Cohler responds to Interrogatory No. 1 as follows:

Mr. Cohler's due diligence in connection with the IPO included, but was not limited to, participating in Board meetings at which information concerning Uber was presented, including through oral presentations, and engaging in related discussions; participating in Board committees of which Mr. Cohler was a member; receiving and reviewing materials in connection with such Board and committee meetings; receiving, reviewing, and commenting on drafts of Uber's Offering Documents; and communicating with Uber management, Uber's advisors on the IPO, PricewaterhouseCoopers ("PwC"), and other Board directors in the normal course of his Board and committee activities.

It was Mr. Cohler's consistent practice during the Relevant Period to review the materials and attend the presentations provided before and during Board meetings and committee meetings and the materials otherwise sent by the Company in connection with Mr. Cohler's role as a director. That ongoing review was part of Mr. Cohler's due diligence, and Mr. Cohler relied on the information he received thereby.

Although Mr. Cohler does not recall which materials reviewed related specifically to statements made in the Offering Documents on the topics referenced in the Second Amended Complaint, Dkt. No. 137, at ¶ 180 (the "Passenger Safety Topics"), Mr. Cohler refers Lead Plaintiff to Exhibit A-1 attached hereto, which lists documents (identified by Bates number), which were previously produced in this Action, and were provided to Mr. Cohler, and consistent with his general practice and to the best of Mr. Cohler's knowledge, were reviewed by Mr. Cohler.  The documents on Exhibit A-1 reflect written information relating to the Passenger Safety Topics, the review of which formed part of Mr. Cohler's reasonable due diligence investigation, described above, relating to the Passenger Safety Topics.  Mr. Cohler further refers Lead Plaintiff to Exhibit A-5 attached hereto, which lists documents (identified by Bates number) that were

previously produced in this Action and were provided to Mr. Cohler, and consistent with his general practice and to the best of Mr. Cohler's knowledge, were reviewed by Mr. Cohler.  The documents on Exhibit A-5 reflect written information relating to Uber's preparation for the IPO, including its preparation of the Offering Documents, and that further reflect Mr. Cohler's reasonable due diligence investigation.  Exhibits A-1 and A-5 are based on information currently known and available to Mr. Cohler, and Mr. Cohler reserves the right to amend or supplement the lists of documents included in Exhibits A-1 and A-5 and does not waive his ability to rely on documents or other evidence not listed in Exhibits A-1 and A-5.

As explained above, in addition to written information, Mr. Cohler's due diligence included participating in calls, meetings, and other oral communications.  Mr. Cohler refers Lead Plaintiff to Exhibit B-1 attached hereto, which lists individuals (including names, contact information, and dates of communication) with whom Mr. Cohler communicated and who formed part of Mr. Cohler's reasonable due diligence investigation, described above, relating to the Passenger Safety Topics.  Mr. Cohler further refers Lead Plaintiff to Exhibit B-5 attached hereto, which lists individuals (including names, contact information, and dates of communication) with whom Mr. Cohler communicated regarding Uber's preparation for the IPO, including its preparation of the Offering Documents, and who formed part of Mr. Cohler's reasonable due diligence investigation.[2] Due to the passage of time, Mr. Cohler cannot recall with specificity all communications Mr. Cohler had in connection with the Passenger Safety Topics or Uber's preparation for the IPO, including its preparation of the Offering Documents.  Exhibits B-1 and B-5 are based on a review of materials produced in this Action and information currently known and available to Mr. Cohler, and Mr. Cohler reserves the right to amend or supplement the lists of individuals included in Exhibits B-1 and B-5 and does not waive his ability to rely on documents or other evidence not listed in Exhibits B-1 and B-5.

---

[2] To the extent Exhibits B-1 or B-5 reference email distribution lists, Mr. Cohler further refers Lead Plaintiff to Uber's privilege log personnel list, enclosed to Dennis Kitt's September 8, 2023 letter to Correy A. Suk, which includes information about the individuals who participated in certain distribution lists.

**Interrogatory No. 2**:

*If You contend that, prior to May 9, 2019, You conducted due diligence into the statements made in Uber's Offering Documents concerning Uber's Business Model and Growth Strategy, including Uber's compliance with laws and regulations, and all legal and regulatory risks related to Uber's business, then identify all documents (by Bates number if applicable) and individuals You spoke with (including name, contact information, and when you spoke) that You relied on.*

**Response to Interrogatory No. 2**:

In addition to the General Objections and Objections to Definitions and Instructions, each of which is incorporated here by this reference, Mr. Cohler objects to this Interrogatory as overbroad and unduly burdensome and because it seeks discovery of information that is neither relevant to Lead Plaintiff's claims nor proportional to the needs of the case to the extent it seeks information regarding "*all* documents . . . and individuals" Mr. Cohler spoke with, without limitation (emphasis added). Mr. Cohler further objects to this Interrogatory with respect to its use of the terms "Offering Documents" and "Uber's Business Model and Growth Strategy," including the terms incorporated into the definitions of those terms, for the reasons stated in the Objections to Definitions and Instructions. Mr. Cohler's response is based upon his current recollection and a reasonable search and inquiry. To the extent this Interrogatory purports to require Mr. Cohler to go beyond such a search or inquiry, Mr. Cohler objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case. Mr. Cohler further objects to this Interrogatory to the extent that it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Mr. Cohler further objects to this Interrogatory to the extent that it purports to impose a stricter standard of due diligence than required by law. *See, e.g.*, 15 U.S.C. § 77k(b)(3), (c); *Weinberger v. Jackson*, 1990 WL 260676, at *4 (N.D. Cal. Oct. 11, 1990).

Subject to and without waiving the foregoing objections, the General Objections, and Objections to Definitions and Instructions, and to the best of his knowledge, Mr. Cohler responds to Interrogatory No. 2 as follows:

Mr. Cohler's due diligence in connection with the IPO included, but was not limited to, participating in Board meetings at which information concerning Uber was presented, including through oral presentations, and engaging in related discussions; participating in Board committees

of which Mr. Cohler was a member; receiving and reviewing materials in connection with such Board and committee meetings; receiving, reviewing, and commenting on drafts of Uber's Offering Documents; and communicating with Uber management, Uber's advisors on the IPO, PwC, and other Board directors in the normal course of his Board and committee activities.

It was Mr. Cohler's consistent practice during the Relevant Period to review the materials and attend the presentations provided before and during Board meetings and committee meetings and the materials otherwise sent by the Company in connection with Mr. Cohler's role as a director. That ongoing review was part of Mr. Cohler's due diligence, and Mr. Cohler relied on the information he received thereby.

Although Mr. Cohler does not recall which materials reviewed related specifically to statements made in the Offering Documents on the topics referenced in the Second Amended Complaint, Dkt. No. 137, at ¶ 171 (the "Business Model Topics"), Mr. Cohler refers Lead Plaintiff to Exhibit A-2 attached hereto, which lists documents (identified by Bates number), which were previously produced in this Action, and were provided to Mr. Cohler, and consistent with his general practice and to the best of Mr. Cohler's knowledge, were reviewed by Mr. Cohler. The documents on Exhibit A-2 reflect written information relating to the Business Model Topics, the review of which formed part of Mr. Cohler's reasonable due diligence investigation, described above, relating to the Business Model Topics. Mr. Cohler further refers Lead Plaintiff to Exhibit A-5 attached hereto, which lists documents (identified by Bates number) that were previously produced in this Action and were provided to Mr. Cohler, and consistent with his general practice and to the best of Mr. Cohler's knowledge, were reviewed by Mr. Cohler. The documents on Exhibit A-5 reflect written information relating to Uber's preparation for the IPO, including its preparation of the Offering Documents, and that further reflect Mr. Cohler's reasonable due diligence investigation. Exhibits A-2 and A-5 are based on information currently known and available to Mr. Cohler, and Mr. Cohler reserves the right to amend or supplement the lists of documents included in Exhibits A-2 and A-5 and does not waive his ability to rely on documents or other evidence not listed in Exhibits A-2 and A-5.

As explained above, in addition to written information, Mr. Cohler's due diligence included

participating in calls, meetings, and other oral communications. Mr. Cohler refers Lead Plaintiff to

Exhibit B-2 attached hereto, which lists individuals (including names, contact information, and

dates of communication) with whom Mr. Cohler communicated and who formed part of

Mr. Cohler's reasonable due diligence investigation, described above, relating to the Business

Model Topics. Mr. Cohler further refers Lead Plaintiff to Exhibit B-5 attached hereto, which lists

individuals (including names, contact information, and dates of communication) with whom

Mr. Cohler communicated regarding Uber's preparation for the IPO, including its preparation of the

Offering Documents, and who formed part of Mr. Cohler's reasonable due diligence investigation.[3]

Due to the passage of time, Mr. Cohler cannot recall with specificity all communications

Mr. Cohler had in connection with the Business Model Topics or Uber's preparation for the IPO,

including its preparation of the Offering Documents. Exhibits B-2 and B-5 are based on a review of

materials produced in this Action and information currently known and available to Mr. Cohler, and

Mr. Cohler reserves the right to amend or supplement the lists of individuals included in Exhibits B-

2 and B-5 and does not waive his ability to rely on documents or other evidence not listed in

Exhibits B-2 and B-5.

**Interrogatory No. 3**:

*If You contend that, prior to May 9, 2019, You conducted due diligence into the statements made in Uber's Offering Documents concerning Uber's Financial Condition, including Uber's then-current and expected financial trends, revenue growth rate, profit and loss and Uber's ongoing financial viability, then identify all documents (by Bates number if applicable) and individuals You spoke with (including name, contact information, and when you spoke) You relied on.*

**Response to Interrogatory No. 3**:

In addition to the General Objections and Objections to Definitions and Instructions, each of

which is incorporated here by this reference, Mr. Cohler objects to this Interrogatory as overbroad

and unduly burdensome and because it seeks discovery of information that is neither relevant to

Lead Plaintiff's claims nor proportional to the needs of the case to the extent it seeks information

---

[3] To the extent Exhibits B-2 or B-5 reference email distribution lists, Mr. Cohler further refers Lead Plaintiff to Uber's privilege log personnel list, enclosed to Dennis Kitt's September 8, 2023 letter to Correy A. Suk, which includes information about the individuals who participated in certain distribution lists.

regarding "*all* documents . . . and individuals" Mr. Cohler spoke with, without limitation (emphasis added). Mr. Cohler further objects to this Interrogatory with respect to its use of the terms "Offering Documents" and "Uber's Financial Condition," including the terms incorporated into the definitions of those terms, for the reasons stated in the Objections to Definitions and Instructions. Mr. Cohler's response is based upon his current recollection and a reasonable search and inquiry. To the extent this Interrogatory purports to require Mr. Cohler to go beyond such a search or inquiry, Mr. Cohler objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case. Mr. Cohler further objects to this Interrogatory to the extent that it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Mr. Cohler further objects to this Interrogatory to the extent that it purports to impose a stricter standard of due diligence than required by law. *See, e.g.*, 15 U.S.C. § 77k(b)(3), (c); *Weinberger v. Jackson*, 1990 WL 260676, at *4 (N.D. Cal. Oct. 11, 1990).

Subject to and without waiving the foregoing objections, the General Objections, and Objections to Definitions and Instructions, and to the best of his knowledge, Mr. Cohler responds to Interrogatory No. 3 as follows:

Mr. Cohler's due diligence in connection with the IPO included, but was not limited to, participating in Board meetings at which information concerning Uber was presented, including through oral presentations, and engaging in related discussions; participating in Board committees of which Mr. Cohler was a member; receiving and reviewing materials in connection with such Board and committee meetings; receiving, reviewing, and commenting on drafts of Uber's Offering Documents; and communicating with Uber management, Uber's advisors on the IPO, PwC, and other Board directors in the normal course of his Board and committee activities.

It was Mr. Cohler's consistent practice during the Relevant Period to review the materials and attend the presentations provided before and during Board meetings and committee meetings and the materials otherwise sent by the Company in connection with Mr. Cohler's role as a director. That ongoing review was part of Mr. Cohler's due diligence, and Mr. Cohler relied on the information he received thereby.

Although Mr. Cohler does not recall which materials reviewed related specifically to

statements made in the Offering Documents on the topics referenced in the Second Amended Complaint, Dkt. No. 137, at ¶ 189 (the "Financial Condition Topics"), Mr. Cohler refers Lead Plaintiff to Exhibit A-3 attached hereto, which lists documents (identified by Bates number), which were previously produced in this Action, and were provided to Mr. Cohler, and consistent with his general practice and to the best of Mr. Cohler's knowledge, were reviewed by Mr. Cohler. The documents on Exhibit A-3 reflect written information relating to the Financial Condition Topics, the review of which formed part of Mr. Cohler's reasonable due diligence investigation, described above, relating to the Financial Condition Topics. Mr. Cohler further refers Lead Plaintiff to Exhibit A-5 attached hereto, which lists documents (identified by Bates number) that were previously produced in this Action and were provided to Mr. Cohler, and consistent with his general practice and to the best of Mr. Cohler's knowledge, were reviewed by Mr. Cohler. The documents on Exhibit A-5 reflect written information relating to Uber's preparation for the IPO, including its preparation of the Offering Documents, and that further reflect Mr. Cohler's reasonable due diligence investigation. Exhibits A-3 and A-5 are based on information currently known and available to Mr. Cohler, and Mr. Cohler reserves the right to amend or supplement the lists of documents included in Exhibits A-3 and A-5 and does not waive his ability to rely on documents or other evidence not listed in Exhibits A-3 and A-5.

As explained above, in addition to written information, Mr. Cohler's due diligence included participating in calls, meetings, and other oral communications. Mr. Cohler refers Lead Plaintiff to Exhibit B-3 attached hereto, which lists individuals (including names, contact information, and dates of communication) with whom Mr. Cohler communicated and who formed part of Mr. Cohler's reasonable due diligence investigation, described above, relating to the Financial Condition Topics. Mr. Cohler further refers Lead Plaintiff to Exhibit B-5 attached hereto, which lists individuals (including names, contact information, and dates of communication) with whom Mr. Cohler communicated regarding Uber's preparation for the IPO, including its preparation of the Offering Documents, and who formed part of Mr. Cohler's reasonable due diligence investigation.[4]

---

[4] To the extent Exhibits B-3 or B-5 reference email distribution lists, Mr. Cohler further refers Lead Plaintiff to Uber's privilege log personnel list, enclosed to Dennis Kitt's September 8, 2023 letter to Correy A. Suk, which includes information about the individuals who participated in certain

Due to the passage of time, Mr. Cohler cannot recall with specificity all communications Mr. Cohler had in connection with the Financial Condition Topics or Uber's preparation for the IPO, including its preparation of the Offering Documents.  Exhibits B-3 and B-5 are based on a review of materials produced in this Action and information currently known and available to Mr. Cohler, and Mr. Cohler reserves the right to amend or supplement the lists of individuals included in Exhibits B-3 and B-5 and does not waive his ability to rely on documents or other evidence not listed in Exhibits B-3 and B-5.

**Interrogatory No. 4**:

> *If You contend that, prior to May 9, 2019, You conducted due diligence into the statements made in Uber's Offering Documents concerning Uber's New Day Theme, then identify all documents (by Bates number if applicable) and individuals You spoke with (including name, contact information, and when you spoke) that You relied on.*

**Response to Interrogatory No. 4**:

In addition to the General Objections and Objections to Definitions and Instructions, each of which is incorporated here by this reference, Mr. Cohler objects to this Interrogatory as overbroad and unduly burdensome and because it seeks discovery of information that is neither relevant to Lead Plaintiff's claims nor proportional to the needs of the case to the extent it seeks information regarding "*all* documents . . . and individuals" Mr. Cohler spoke with, without limitation (emphasis added).  Mr. Cohler further objects to this Interrogatory with respect to its use of the terms "Offering Documents" and "Uber's New Day Theme," including the terms incorporated into the definitions of those terms, for the reasons stated in the Objections to Definitions and Instructions.  Mr. Cohler's response is based upon his current recollection and a reasonable search and inquiry.  To the extent this Interrogatory purports to require Mr. Cohler to go beyond such a search or inquiry, Mr. Cohler objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case.  Mr. Cohler further objects to this Interrogatory to the extent that it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine.  Mr. Cohler further objects to this Interrogatory to the extent that it purports to impose a stricter standard of due diligence than required by law.  *See, e.g.*, 15 U.S.C. § 77k(b)(3),

_____

distribution lists.

(c); *Weinberger v. Jackson*, 1990 WL 260676, at *4 (N.D. Cal. Oct. 11, 1990).

Subject to and without waiving the foregoing objections, the General Objections, and Objections to Definitions and Instructions, and to the best of his knowledge, Mr. Cohler responds to Interrogatory No. 4 as follows:

Mr. Cohler's due diligence in connection with the IPO included, but was not limited to, participating in Board meetings at which information concerning Uber was presented, including through oral presentations, and engaging in related discussions; participating in Board committees of which Mr. Cohler was a member; receiving and reviewing materials in connection with such Board and committee meetings; receiving, reviewing, and commenting on drafts of Uber's Offering Documents; and communicating with Uber management, Uber's advisors on the IPO, PwC, and other Board directors in the normal course of his Board and committee activities.

It was Mr. Cohler's consistent practice during the Relevant Period to review the materials and attend the presentations provided before and during Board meetings and committee meetings and the materials otherwise sent by the Company in connection with Mr. Cohler's role as a director. That ongoing review was part of Mr. Cohler's due diligence, and Mr. Cohler relied on the information he received thereby.

Although Mr. Cohler does not recall which materials reviewed related specifically to statements made in the Offering Documents related to Uber's New Day Theme, Mr. Cohler refers Lead Plaintiff to Exhibit A-4 attached hereto, which lists documents (identified by Bates number), which were previously produced in this Action, and were provided to Mr. Cohler, and consistent with his general practice and to the best of Mr. Cohler's knowledge, were reviewed by Mr. Cohler. The documents on Exhibit A-4 reflect written information relating to Uber's New Day Theme, the review of which formed part of Mr. Cohler's reasonable due diligence investigation, described above, relating to Uber's New Day Theme.  To the extent that Lead Plaintiff's allegations concerning the Passenger Safety Topics, Business Model Topics, or Financial Condition Topics are also referenced by Lead Plaintiff in connection with Lead Plaintiff's allegations concerning Uber's New Day Theme, Mr. Cohler also refers Lead Plaintiff to Exhibits A-1, A-2, and A-3, which list documents relating to, respectively, the (i) Passenger Safety Topics, (ii) Business Model Topics,

and (iii) Financial Condition Topics, and which were previously produced in this Action, were provided to Mr. Cohler, and consistent with his general practice and to the best of Mr. Cohler's knowledge he reviewed.  Mr. Cohler further refers Lead Plaintiff to Exhibit A-5 attached hereto, which lists documents (identified by Bates number) that were previously produced in this Action and were provided to Mr. Cohler, and consistent with his general practice and to the best of Mr. Cohler's knowledge, were reviewed by Mr. Cohler.  The documents on Exhibit A-5 reflect written information relating to Uber's preparation for the IPO, including its preparation of the Offering Documents, and that further reflect Mr. Cohler's reasonable due diligence investigation. Exhibits A-1, A-2, A-3, A-4, and A-5 are based on information currently known and available to Mr. Cohler, and Mr. Cohler reserves the right to amend or supplement the lists of documents included in Exhibits A-1, A-2, A-3, A-4, and A-5 and does not waive his ability to rely on documents or other evidence not listed in Exhibits A-1, A-2, A-3, A-4, and A-5.

As explained above, in addition to written information, Mr. Cohler's due diligence included participating in calls, meetings, and other oral communications.  Mr. Cohler refers Lead Plaintiff to Exhibit B-4 attached hereto, which lists individuals (including names, contact information, and dates of communication) with whom Mr. Cohler communicated and who formed part of Mr. Cohler's reasonable due diligence investigation, described above, relating to Uber's New Day Theme.  To the extent that Lead Plaintiff's allegations concerning the Passenger Safety Topics, Business Model Topics, or Financial Condition Topics are also referenced by Lead Plaintiff in connection with Lead Plaintiff's allegations concerning Uber's New Day Theme, Mr. Cohler also refers Lead Plaintiff to Exhibits B-1, B-2, and B-3, which list individuals (including names, contact information, and dates of communication) with whom Mr. Cohler communicated regarding respectively, the (i) Passenger Safety Topics, (ii) Business Model Topics, and (iii) Financial Condition Topics, and who formed part of Mr. Cohler's reasonable due diligence investigation. Mr. Cohler further refers Lead Plaintiff to Exhibit B-5 attached hereto, which lists individuals (including names, contact information, and dates of communication) with whom Mr. Cohler communicated regarding Uber's preparation for the IPO, including its preparation of the Offering

Documents, and who formed part of Mr. Cohler's reasonable due diligence investigation.[5]  Due to the passage of time, Mr. Cohler cannot recall with specificity all communications Mr. Cohler had in connection with the Passenger Safety Topics, Business Model Topics, Financial Condition Topics, Uber's New Day Theme, or Uber's preparation for the IPO, including its preparation of the Offering Documents.  Exhibits B-1, B-2, B-3, B-4, and B-5 are based on a review of materials produced in this Action and information currently known and available to Mr. Cohler, and Mr. Cohler reserves the right to amend or supplement the lists of individuals included in Exhibits B-1, B-2, B-3, B-4, and B-5 and does not waive his ability to rely on documents or other evidence not listed in Exhibits B-1, B-2, B-3, B-4, and B-5.

Dated:      November 20, 2023                      SHEARMAN & STERLING LLP

                                                                    By:    _/s/    *Daniel H.R. Laguardia*_
                                                                            Daniel H.R. Laguardia

                                                                    *Attorney for Defendant Matt Cohler*

---

[5] To the extent Exhibits B-1, B-2, B-3, B-4, or B-5 reference email distribution lists, Mr. Cohler further refers Lead Plaintiff to Uber's privilege log personnel list, enclosed to Dennis Kitt's September 8, 2023 letter to Correy A. Suk, which includes information about the individuals who participated in certain distribution lists.

## **VERIFICATION**

I, Matt Cohler, hereby attest as follows:

I have reviewed the foregoing Amended Responses and Objections to Lead Plaintiff's Second Set of Interrogatories Addressed to the Individual Defendants (the "Responses and Objections") and am familiar with the content of the responses stated therein. I believe that those responses are true and correct, based on my present knowledge, information, and belief, and subject to the general and specific objections set forth in the Responses and Objections. I verify under penalty of perjury that the foregoing is true and correct.

Executed on: November 17, 2023
Location: London, UK

_Matt Cohler_
_____
Matt Cohler

**Highly Confidential**

**Exhibit A-1**

| Beginning Bates Number |
| --- |
| UBER_00226635 |
| UBER_00411045 |
| UBER_00411110 |
| UBER_00411041 |
| UBER_00024833 |
| UBER_00025960 |
| UBER_00786511 |
| UBER_00197529 |

**Highly Confidential**

**Exhibit A-2**

| Beginning Bates Number |
|---|
| UBER_00226747 |
| UBER_00632002 |
| UBER_00227672 |
| UBER_00227075 |
| UBER_00227076 |
| UBER_00227077 |
| UBER_00227073 |
| UBER_00090641 |
| UBER_00090637 |
| UBER_00720378 |
| UBER_00720379 |
| UBER_00720377 |
| UBER_00720125 |
| UBER_00720134 |
| UBER_00192135 |
| UBER_00720124 |
| UBER_00174438 |
| UBER_00719940 |
| UBER_00719941 |
| UBER_00719939 |
| UBER_00026928 |
| UBER_00023840 |
| UBER_00846808 |
| UBER_00846899 |
| UBER_00847020 |
| UBER_00024132 |
| UBER_00846753 |
| UBER_00846736 |
| UBER_00846738 |
| UBER_00578887 |
| UBER_00578800 |
| UBER_00846756 |
| UBER_00775946 |
| UBER_00027196 |
| UBER_00027366 |
| UBER_00025727 |
| UBER_00027732 |
| UBER_00027987 |
| UBER_00028183 |
| UBER_00028394 |
| UBER_00028931 |
| UBER_00022504 |

**Highly Confidential**

| Beginning Bates Number |
|---|
| UBER_00029156 |

**Highly Confidential**

**Exhibit A-3**

| Beginning Bates Number |
|---|
| UBER_00227083 |
| UBER_00227084 |
| UBER_00313257 |
| UBER_00313256 |
| UBER_00846324 |
| UBER_00026928 |
| UBER_00846808 |
| UBER_00848448 |
| UBER_00848317 |
| UBER_00846899 |
| UBER_00757979 |
| UBER_00847020 |
| UBER_00024132 |
| UBER_00847003 |
| UBER_00024833 |
| UBER_00846753 |
| UBER_00848113 |
| UBER_00024856 |
| UBER_00848099 |
| UBER_00846736 |
| UBER_00846738 |
| UBER_00803156 |
| UBER_00578887 |
| UBER_00848019 |
| UBER_00803154 |
| UBER_00578800 |
| UBER_00025006 |
| UBER_00758088 |
| UBER_00848713 |
| UBER_00846756 |
| UBER_00848226 |
| UBER_00848709 |
| UBER_00848707 |
| UBER_00775946 |
| UBER_00787003 |
| UBER_00025473 |
| UBER_00025521 |
| UBER_00027196 |
| UBER_00027366 |
| UBER_00025727 |
| UBER_00027555 |
| UBER_00025960 |

**Highly Confidential**

| Beginning Bates Number |
| --- |
| UBER_00786511 |
| UBER_00197529 |
| UBER_00027732 |
| UBER_00846335 |
| UBER_00027987 |
| UBER_00026086 |
| UBER_00198377 |
| UBER_00028183 |
| UBER_00028394 |
| UBER_00026383 |
| UBER_00028931 |
| UBER_00036141 |
| UBER_00022504 |
| UBER_00046366 |
| UBER_00485073 |
| UBER_00830685 |
| UBER_00029156 |
| UBER_00845304 |
| UBER_00830732 |
| UBER_00830721 |

**Highly Confidential**

**Exhibit A-4**

| Beginning Bates Number |
|---|
| UBER_00411114 |
| UBER_00632006 |
| UBER_00632017 |
| UBER_00632010 |
| UBER_00846324 |
| UBER_00023840 |
| UBER_00848448 |
| UBER_00848317 |
| UBER_00787003 |
| UBER_00025521 |

**Highly Confidential**

**Exhibit A-5**

| Beginning Bates Number |
|---|
| UBER_00750304 |
| UBER_00411222 |
| UBER_00411223 |
| UBER_00741288 |
| UBER_00741292 |
| UBER_00741287 |
| UBER_00090645 |
| UBER_00720378 |
| UBER_00720379 |
| UBER_00720377 |
| UBER_00313432 |
| UBER_00741169 |
| UBER_00741176 |
| UBER_00741183 |
| UBER_00741191 |
| UBER_00741167 |
| UBER_00411054 |
| UBER_00411109 |
| UBER_00411113 |
| UBER_00411271 |
| UBER_00411574 |
| UBER_00411950 |
| UBER_00412342 |
| UBER_00412645 |
| UBER_00413021 |
| UBER_00411259 |
| UBER_00412330 |
| UBER_00411248 |
| UBER_00313326 |
| UBER_00313325 |
| UBER_00043018 |
| UBER_00750609 |
| UBER_00719940 |
| UBER_00719941 |
| UBER_00719939 |
| UBER_00022973 |
| UBER_00024833 |
| UBER_00024856 |
| UBER_00846736 |
| UBER_00846738 |
| UBER_00803156 |

**Highly Confidential**

| Beginning Bates Number |
| --- |
| UBER_00578887 |
| UBER_00025006 |
| UBER_00848713 |
| UBER_00846756 |
| UBER_00025280 |
| UBER_00848711 |
| UBER_00848709 |
| UBER_00848707 |
| UBER_00848705 |
| UBER_00025960 |
| UBER_00786511 |
| UBER_00197529 |
| UBER_00027987 |
| UBER_00026086 |
| UBER_00198377 |
| UBER_00028183 |
| UBER_00028394 |
| UBER_00026383 |
| UBER_00028931 |
| UBER_00830685 |
| UBER_00029156 |
| UBER_00845304 |
| UWS-UBER-00201637 |
| UBER_00830732 |
| UBER_00830721 |
| UBER_00022655 |

Highly Confidential

Exhibit B-1[1]

| Date | Individuals With Whom Defendant Exchanged Electronic Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation | | | | Individuals With Whom Defendant Had Meetings or Oral Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation |
|---|---|---|---|---|---|
| | Sender | Recipient(s) | Carbon-Copied Individual(s) | Blind-Carbon-Copied Individuals | Meeting Participants |
| 11/07/2017 | Dara Khosrowshahi [dk@uber.com] | Arianna Huffington [arianna@thriveglobal.com]; Garrett Camp [gmc@expa.com]; Matt Cohler [matt@benchmark.com]; Ryan Graves [rg@saltwater.com]; Travis Kalanick [travis@uber.com]; David Trujillo [DTrujillo@tpg.com]; Ursula Burns [uburns@mac.com]; Wan Ling Martello [wlmartello@icloud.com]; Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa]; John Thain [john.a.thain@gmail.com] | Dara Khosrowshahi [dara@uber.com]; Salle Yoo [salle@uber.com] | | |
| 05/15/2018 | Dara Khosrowshahi [dk@uber.com] | John Thain [john.a.thain@gmail.com]; Arianna Huffington [arianna@thriveglobal.com]; David Trujillo [DTrujillo@tpg.com]; Garrett Camp [gmc@expa.com]; Matt Cohler [matt@benchmark.com]; Ryan Graves [rg@saltwater.com]; Ryan Graves [ryan@uber.com]; Travis Kalanick [travis@uber.com]; Ursula Burns [uburns@mac.com]; Wan Ling Martello [wlmartello@icloud.com]; Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa] | | | |

[1] For full clarity, Defendant's involvement in a communication or meeting is included in this and the other tables in Exhibit B.

Highly Confidential

| Date | Individuals With Whom Defendant Exchanged Electronic Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation | | | | Individuals With Whom Defendant Had Meetings or Oral Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation |
|---|---|---|---|---|---|
| | Sender | Recipient(s) | Carbon-Copied Individual(s) | Blind-Carbon-Copied Individuals | Meeting Participants |
| 06/04/2018 | Matt Kallman [kallman@uber.com] | undisclosed-recipients: | | Global Regional General Managers [rgm@uber.com]; US-Canada GMs 2&3 [uscanada-gms23@uber.com]; Social [social@uber.com]; Policy [policy@uber.com]; Communications [comms@uber.com]; Global General Managers [GM@uber.com]; ELT [elt@uber.com]; Directors Plus [directorsplus@uber.com]; Dave Paley [dave@uber.com]; Nikhil Goel [ngoel@uber.com]; Dara Khosrowshahi [dk@uber.com]; Travis Kalanick [travis@uber.com]; Ryan Graves [rg@saltwater.com]; Garrett Camp [gmc@expa.com]; Matt Cohler [matt@benchmark.com]; Arianna Huffington [arianna@thriveglobal.com]; Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa]; David Trujillo [dtrujillo@tpg.com]; Wan Ling Martello [wlmartello@icloud.com]; Ursula Burns [uburns@mac.com]; John Thain [john.a.thain@gmail.com]; Deborah Hyun [debhyun@uber.com]; Jeff Campbell [jeff.campbell@uber.com] | |
| 07/31/2018 | | | | | Matt Cohler [matt@benchmark.com]; Wan Ling Martello [wlmartello@icloud.com]; Arianna Huffington [arianna@thriveglobal.com]; Travis Kalanick [travis@uber.com]; Dara Khosrowshahi [dk@uber.com]; Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa]; David Trujillo [DTrujillo@tpg.com]; Tony West [twest@uber.com]; Cameron Poetzscher [cameron@uber.com]; Keir Gumbs [keir@uber.com]; Mark Schroeder [mschroeder@uber.com]; Gus Fuldner [gus@uber.com]; Scott Schools [sschools@uber.com]; Sidney Majalya [sidneym@uber.com] |

Highly Confidential

Exhibit B-2

| Date | Individuals With Whom Defendant Exchanged Electronic Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation | | | | Individuals With Whom Defendant Had Meetings or Oral Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation |
|---|---|---|---|---|---|
| | Sender | Recipient(s) | Carbon-Copied Individual(s) | Blind-Carbon-Copied Individuals | Meeting Participants |
| 06/26/2017 | Matt Kallman [kallman@uber.com] | Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa]; Travis Kalanick [travis@uber.com]; Arianna Huffington [arianna@thriveglobal.com]; Matt Cohler [matt@benchmark.com]; Garrett Camp [gmc@expa.com]; Ryan Graves [ryan@uber.com]; David Trujillo [dtrujillo@tpg.com]; Wan Ling Martello [wlmartello@icloud.com] | Jill Hazelbaker [jill@uber.com]; Salle Yoo [salle@uber.com] | | |
| 07/27/2017 | | | | | Wan Ling Martello [wlmartello@icloud.com]; Matt Cohler [matt@benchmark.com]; David Trujillo [DTrujillo@tpg.com]; Prabir Adarkar [prabir@uber.com]; Francois Chadwick [fchadwick@uber.com]; Marcus Wong [marcusw@uber.com]; Salle Yoo [salle@uber.com]; Joe Spiegler [joe.spiegler@uber.com]; Angela Padilla [angela.padilla@uber.com]; Todd Hamblet [thamblet@uber.com]; Joe Sullivan [joesullivan@uber.com]; Emmanuelle Rivet [emmanuelle.s.rivet@pwc.com]; Jeff Mollenhauer [jeff.mollenhauer@pwc.com]; Kristen Rivera; Andrew Macdonald [mac@uber.com]; Mike Brown [mbrown@uber.com]; Nick Talwar [talwar@xchangeleasing.com]; Sid Breja [breja@xchangeleasing.com]; Alan Kipust [alank@uber.com]; James Rasen [jrasen@uber.com]; Warren Tseng [warren@uber.com]; Michael Beckmann [beckmann@uber.com]; Aik Chuan Goh [aikchuan@uber.com]; Brian Crist [bcrist@uber.com]; Tracey Merwise [tracey.merwise@uber.com]; Tommy O'Toole [tommy.f.otoole@pwc.com]; Gus Fuldner [gus@uber.com]; Frank Chang [frank@uber.com] |
| 10/19/2017 | | | | | Ursula Burns [uburns@mac.com]; Garrett Camp [gmc@expa.com]; Matt Cohler [matt@benchmark.com]; Ryan Graves [rg@uber.com]; Arianna Huffington [arianna@thriveglobal.com]; Travis Kalanick [travis@uber.com]; Dara Khosrowshahi [dk@uber.com]; John Thain [john.a.thain@gmail.com]Salle Yoo [salle@uber.com]; Cameron Poetzscher [cameron@uber.com]; Todd Hamblet [thamblet@uber.com]; Carolyn Mo [cmo@uber.com]; Gregg Lemkau [gregg.lemkau@gs.com]; David Peinsipp [dpeinsipp@cooley.com] |
| 10/25/2017 | | | | | Wan Ling Martello [wlmartello@icloud.com]; Matt Cohler [matt@benchmark.com]; David Trujillo [DTrujillo@tpg.com]; Curtis Scott [curtis.scott@uber.com]; Matthew Wilson [mwilson@uber.com]; Katrina Johnson [katrina@uber.com]; Prabir Adarkar [prabir@uber.com]; Francois Chadwick [fchadwick@uber.com]; Mark Schroeder [mschroeder@uber.com]; Michelle DeBella [michelle.debella@uber.com]; Salle Yoo [salle@uber.com]; Sidney Majalya [sidneym@uber.com]; Angela Padilla [angela.padilla@uber.com]; Carolyn Mo [cmo@uber.com]; Joe Sullivan [joesullivan@uber.com]; Emmanuelle Rivet [emmanuelle.s.rivet@pwc.com] |
| 01/30/2018 | | | | | Wan Ling Martello [wlmartello@icloud.com]; Matt Cohler [matt@benchmark.com]; David Trujillo [DTrujillo@tpg.com]; Barney Harford [barney@uber.com]; Tony West [twest@uber.com]; Prabir Adarkar [prabir@uber.com]; Francois Chadwick [fchadwick@uber.com]; Mark Schroeder [mschroeder@uber.com]; Mike Bungo [mbungo@uber.com]; Sidney Majalya [sidneym@uber.com]; Todd Hamblet [thamblet@uber.com]; Josh Waldron [jw@uber.com]; Emmanuelle Rivet [emmanuelle.s.rivet@pwc.com] |
| 05/02/2018 | | | | | Wan Ling Martello [wlmartello@icloud.com]; Ursula Burns [uburns@mac.com]; Matt Cohler [matt@benchmark.com]; John Thain [john.a.thain@gmail.com]Barney Harford [barney@uber.com]; Tony West [twest@uber.com]; Prabir Adarkar [prabir@uber.com]; Francois Chadwick [fchadwick@uber.com]; Mark Schroeder [mschroeder@uber.com]; Josh Waldron [jw@uber.com]; Kevin Campbell [kcampbell@uber.com]; Sidney Majalya [sidneym@uber.com]; Emmanuelle Rivet [emmanuelle.s.rivet@pwc.com]; Kristen Rivera |
| 05/08/2018 | | | | | Ursula Burns [uburns@mac.com]; Garrett Camp [gmc@expa.com]; Matt Cohler [matt@benchmark.com]; Ryan Graves [rg@uber.com]; Arianna Huffington [arianna@thriveglobal.com]; Travis Kalanick [travis@uber.com] (present for part of meeting); Dara Khosrowshahi [dk@uber.com]; John Thain [john.a.thain@gmail.com]; David Trujillo [DTrujillo@tpg.com]; Barney Harford [barney@uber.com] (present for part of meeting); Tony West [twest@uber.com]; Cameron Poetzscher [cameron@uber.com] (present for part of meeting); Jason Droege [jd@uber.com]; Ravi Inukonda [rinukonda@uber.com]; Todd Hamblet [thamblet@uber.com] |
| 06/26/2018 | Ryan Graves [rg@saltwater.com] | Garrett Camp [gmc@expa.com]; Dara Khosrowshahi [dk@uber.com] | Travis Kalanick [travisk@gmail.com]; Ursula Burns [ursula.burns@veon.com]; Matt Cohler [matt@benchmark.com]; Tony West [twest@uber.com]; Ursula Burns [uburns@mac.com]; Arianna Huffington [arianna@thriveglobal.com]; David Trujillo [dtrujillo@tpg.com]; John Thain [john.a.thain@gmail.com]; Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa]; Jill Hazelbaker [jill@uber.com] | | |

| Date | Individuals With Whom Defendant Exchanged Electronic Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation | | | | Individuals With Whom Defendant Had Meetings or Oral Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation |
|---|---|---|---|---|---|
| | Sender | Recipient(s) | Carbon-Copied Individual(s) | Blind-Carbon-Copied Individuals | Meeting Participants |
| 07/28/2018 | Cameron Poetzscher [cameron@uber.com] | Cameron Poetzscher [cameron@uber.com] | | James Franklin [james.e.franklin.iii@aexp.com]; Kevin Tsang [Kevin.S.Tsang@aexp.com]; Steve Spurlock [ssprlock@benchmark.com]; M. Lasky [mlasky@benchmark.com]; Bill Gurley [bg@benchmark.com]; Matt Cohler [mcohler@benchmark.com]; Phil Rovinsky [phil.rovinsky@blackrock.com]; Raffaele Savi [raffaele.savi@blackrock.com]; Tony Kim [tony.kim@blackrock.com]; Reid Menge [reid.menge@blackrock.com]; Brian Thackray [brian.thackray@blackrock.com]; Angela Yu [angela.yu@blackrock.com]; Daniel Daniel [daniel.daniel@blackrock.com]; Christopher Daniels [christopher.daniels@blackrock.com]; Alla Christoforou [alla.christoforou@blackrock.com]; Sarah Michelle Iskra [sarahmichelle.iskra@blackrock.com]; Samuel Indyawan [samuel.indyawan@blackrock.com]; Ali Almufti [Ali.Almufti@blackrock.com]; Melissa Smith [Melissa.Smith@blackrock.com]; Ben Spielman [ben.spielman@blackrock.com]; MCJT [mcjt@capgroup.com]; Carl Kawaja [carl.kawaja@capitalworld.com]; David Penner [david.penner@capitalworld.com]; Anand Desai [desai@darsana.com]; Chris Golden [golden@darsana.com]; Irom [irom@darsana.com]; Marc Stad [marc@dragoneer.com]; Jared [jared@dragoneer.com]; James Cappiello [james.cappiello@ozcap.com]; Taj Sidhu [taj.sidhu@ozcap.com]; James Fairbanks [James.Fairbanks@ozcap.com]; Christopher Lin [christopher.lin@fmr.com]; Andrew Boyd [andrew.boyd@fmr.com]; Peter Superstone [Peter.Superstone@fmr.com]; Aleksandr Zotov [Aleksandr.Zotov@fmr.com]; Somu Kalra [Somu.kalra@fmr.com]; Will Danoff [Will.danoff@fmr.com]; Steve Wymer [Steve.wymer@fmr.com]; Ramin Arani [Ramin.arani@fmr.com]; Jeff Feingold [Jeff.feingold@fmr.com]; Jason Weiner [Jason.weiner@fmr.com]; Daniel Kelley [Daniel.kelley@fmr.com]; Kyle Weaver [Kyle.weaver@fmr.com]; Kevin Nielsen [Kevin.nielsen@fmr.com]; Rob Hayes [rob@firstround.com]; Jeff Donnon [jeff@firstround.com]; Eric Paley [eric@foundercollective.com]; Joe de Filippo [joedefilippo@foundercollective.com]; B. Ford [bford@gapartners.com]; Anton Levy [alevy@generalatlantic.com]; Denning [denning@gapartners.com]; F. Brown [fbrown@generalatlantic.com]; T. Murphy [tmurphy@generalatlantic.com]; Samuel Lerer [slerer@generalatlantic.com]; David George [dgeorge@generalatlantic.com]; Paul Hudson [phudson@gladebrookcapital.com]; John-Paul VanArsdale [jpvanarsdale@gladebrookcapital.com]; Anish Agarwal [anish.agrawal@gs.com]; Heather von Zuben [heather.vonzuben@gs.com]; Christopher Dawe [christopher.dawe@gs.com]; Ian Friedman [ian.friedman@gs.com]; Matthew Doherty [Matthew.Doherty@gs.com]; Philippe Rich [philippe.rich@gs.com]; Stefanie Sclafani [Stefanie.Sclafani@gs.com]; David Krane [david@google.com]; Daphne Chang [daphne@gv.com]; Sanghee Park [sangheepark@google.com]; J. Kouchakji [jkouchakji@google.com]; Nick Giovanni [nick.giovanni@gs.com]; Ryan Nolan [ryan.nolan@gs.com]; S. Heetal [sheetal@hoplitecapital.com]; G. Hart [ghart@hoplitecapital.com]; Previn Mankodi [previn@hoplitecapital.com]; will@iconiqcapital.com; Kevin Foster [kevin@iconiqcapital.com]; Mood Rowghani [mood@kpcb.com]; A. Parikh [aparikh@kpcb.com]; J. Doerr [jdoerr@kpcb.com]; A. Krey [akrey@kpcb.com]; Mitchell Green [mitchell@leadedgecapital.com]; David Craver [dc@lpcap.com]; nt@lpcap.com; Christopher Sacca [chris@lowercasellc.com]; Shaker Khayatt [Shaker.Khayatt@magnetar.com]; Ben Burnett [ben.burnett@magnetar.com]; Tyson Taylor [Tyson.taylor@magnetar.com]; Matt Greenwald [matt.greenwald@magnetar.com]; Tyler Sosin [tyler@menlovc.com]; Shawn Carolan [shawn@menlovc.com]; Sandeep Chainani [Sandeep.Chainani@morganstanley.com]; Mark Todtfeld [Mark.Todtfeld@morganstanley.com]; Dennis Lynch [Dennis.P.Lynch@morganstanley.com]; Jon Sakoda [jsakoda@nea.com]; A. Mukharjee [amukharjee@NEA.com]; Alfred Lin [lin@sequoiacap.com]; Michael Abramson [Abramson@sequoiacap.com]; Wes Tang-Wymer [wes@softbank.com]; Ervin Tu [ervin@softbank.com]; Angela Du [angela.du@softbank.com]; Denton Xu [denton@softbank.com]; Harrison B. Miller [hmiller@summitpartners.com]; C. Mintele [cmintele@summitpartners.com]; Corey Shull [corey_shull@troweprice.com]; Christopher Casserly [christopher_casserly@troweprice.com]; Tony Wang [Tony_Wang@troweprice.com]; David Rowlett [David_Rowlett@troweprice.com]; Grant Yuan [Grant_Yuan@troweprice.com]; Joseph Fath [Joseph_Fath@troweprice.com]; Julio Novo [Julio_Novo@troweprice.com]; Paul Greene [Paul_Greene@troweprice.com]; Scott Havertz [Scott_Havertz@troweprice.com]; Shane Steinberg [Shane_Steinberg@troweprice.com]; Taymor Tamaddon [Taymor_Tamaddon@troweprice.com]; David Trujillo [dtrujillo@tpg.com]; David Bonderman [dbonderman@tpg.com]; Kristopher Wong [KWong@tpg.com]; Curtis [curtis@ttybournecapital.com]; Tanvir [tanvir@ttybournecapital.com]; Catherine [catherine@ttybournecapital.com]; Uma Bhagtiar [uma@ttybournecapital.com]; Simon [Simon@ttybournecapital.com]; Michael Kahn [mike@valiantcapital.com]; Chris [chris@valiantcapital.com]; David Gallo [dgallo@valinor.com]; Phil Austern [paustern@valinor.com]; Anchya Gujral [ag@aj@valinor.com]; D. Oleary [DOLeary@valinor.com]; G. Wonders [gwonders@vikingglobal.com]; Abhishek Agrawal [agrawal@vulcan.com]; Alexander Tamas [tamas@vycapital.com] | |
| 07/31/2018 | | | | | Wan Ling Martello [wlmartello@icloud.com]; Matt Cohler [matt@benchmark.com]; John Thain [john.a.thain@gmail.com]; Ursula Burns [uburns@mac.com] |
| 08/10/2018 | Dara Khosrowshahi [dk@uber.com] | John Thain [john.a.thain@gmail.com]; Arianna Huffington [arianna@thriveglobal.com]; David Trujillo [DTrujillo@tpg.com]; Garrett Camp [gmc@expa.com]; Matt Cohler [matt@benchmark.com]; Ryan Graves [rg@saltwater.com]; Ryan Graves [ryan@uber.com]; Travis Kalanick [travis@uber.com]; Ursula Burns [uburns@mac.com]; Wan Ling Martello [wlmartello@icloud.com]; Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa]; Ronald Sugar [ron.sugar@me.com] | Tony West [twest@uber.com]; Barney Harford [barney@uber.com]; Jill Hazelbaker [jill@uber.com] | | |
| 10/29/2018 | | | | | John Thain [john.a.thain@gmail.com]; Wan Ling Martello [wlmartello@icloud.com]; Matt Cohler [matt@benchmark.com]; Ursula Burns [uburns@mac.com]; Ronald Sugar [ron.sugar@me.com]; Tony West [twest@uber.com]; Francois Chadwick [fchadwick@uber.com]; Annie Armstrong [annie.armstrong@uber.com]; Michelle DeBella [michelle.debella@uber.com]; Emmanuelle Rivet [emmanuelle.s.rivet@pwc.com]; Scott Schools [sschools@uber.com]; Mark Schroeder [mschroeder@uber.com]; Keir Gumbs [keir@uber.com]; Josh Waldron [jw@uber.com]; Kevin Campbell [kcampbell@uber.com]; Sidney Majalya [sidneym@uber.com] |
| 11/30/2018 | | | | | Wan Ling Martello [wlmartello@icloud.com]; Matt Cohler [matt@benchmark.com]; John Thain [john.a.thain@gmail.com]; Ursula Burns [uburns@mac.com]; Ronald Sugar [ron.sugar@me.com]; Nelson Chai [nchai@uber.com]; Tony West [twest@uber.com]; Glen Ceremony [gceremony@uber.com]; Francois Chadwick [fchadwick@uber.com]; Michelle DeBella [michelle.debella@uber.com]; Annie Armstrong [annie.armstrong@uber.com]; Josh Waldron [jw@uber.com]; Keir Gumbs [keir@uber.com]; Jeff Mollenhauer [jeff.mollenhauer@pwc.com]; Emmanuelle Rivet [emmanuelle.s.rivet@pwc.com]; Chris Perkins [chris.perkins@pwc.com] |

| Date | Individuals With Whom Defendant Exchanged Electronic Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation | | | | Individuals With Whom Defendant Had Meetings or Oral Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation |
|---|---|---|---|---|---|
| | Sender | Recipient(s) | Carbon-Copied Individual(s) | Blind-Carbon-Copied Individuals | Meeting Participants |
| 12/05/2018 | | | | | Wan Ling Martello [wlmartello@icloud.com]; Matt Cohler [matt@benchmark.com]; John Thain [john.a.thain@gmail.com]; Ursula Burns [uburns@mac.com]; Nelson Chai [nchai@uber.com]; Sydney Meheula [smeheula@uber.com]; Glen Ceremony [gceremony@uber.com]; Tony West [twest@uber.com]; Francois Chadwick [fchadwick@uber.com]; Josh Waldron [jw@uber.com]; Christopher Cincotta [cincotta@uber.com]; Carolyn Mo [cmo@uber.com]; Robert Wu [robert@uber.com]; Michelle DeBella [michelle.debella@uber.com]; Emmanuelle Rivet [emmanuelle.s.rivet@pwc.com]; Jeff Mollenhauer [jeff.mollenhauer@pwc.com] |
| 12/27/2018 | Bill Gurley [bg@benchmark.com] | Dara Khosrowshahi [dk@uber.com] | Matt Cohler [matt@benchmark.com] | | |
| 12/28/2018 | Dara Khosrowshahi [dk@uber.com] | Bill Gurley [bg@benchmark.com] | Matt Cohler [matt@benchmark.com] | | |
| 01/28/2019 | | | | | Wan Ling Martello [wlmartello@icloud.com]; Matt Cohler [matt@benchmark.com]; John Thain [john.a.thain@gmail.com]; Ursula Burns [uburns@mac.com]; Nelson Chai [nchai@uber.com]; Tony West [twest@uber.com]; Francois Chadwick [fchadwick@uber.com]; Mike Bungo [mbungo@uber.com]; Annie Armstrong [annie.armstrong@uber.com]; Josh Waldron [jw@uber.com]; Carolyn Mo [cmo@uber.com]; Emmanuelle Rivet [emmanuelle.s.rivet@pwc.com]; Dirk Tissera [dirk.tissera@pwc.com]; Scott Schools [sschools@uber.com] |
| 02/15/2019 | Emmanuelle Rivet [emmanuelle.s.rivet@pwc.com] | John [John Thain [john.a.thain@gmail.com]; Matt Cohler [matt@benchmark.com]; Ursula Burns [ursula.burns@veon.com]; Wan Ling Martello [wlmartello@icloud.com] | Nelson Chai [nchai@uber.com]; Tony West [twest@uber.com]; Carolyn Mo [cmo@uber.com]; Jeff Mollenhauer [jeff.mollenhauer@pwc.com]; Keir Gumbs [keir@uber.com]; Dirk Tissera [dirk.tissera@pwc.com]; Josh Waldron [jw@uber.com]; Francois Chadwick [fchadwick@uber.com]; Glen Ceremony [gceremony@uber.com] | | |
| 03/13/2019 | | | | | Wan Ling Martello [wlmartello@icloud.com]; Matt Cohler [matt@benchmark.com]; John Thain [john.a.thain@gmail.com]; Ronald Sugar [ron.sugar@me.com]; Nelson Chai [nchai@uber.com]; Tony West [twest@uber.com]; Glen Ceremony [gceremony@uber.com]; Dominique Vincenti [dvincenti@uber.com]; Annie Armstrong; Josh Waldron [jw@uber.com]; Kevin Campbell [kcampbell@uber.com]; Keir Gumbs [keir@uber.com]; Emmanuelle Rivet [emmanuelle.s.rivet@pwc.com]; Daniel Zwan |
| 04/11/2019 | Emmanuelle Rivet [emmanuelle.s.rivet@pwc.com] | John [John Thain [john.a.thain@gmail.com]; Matt Cohler [matt@benchmark.com]; Ursula Burns [ursula.burns@veon.com]; Wan Ling Martello [wlmartello@icloud.com] | Nelson Chai [nchai@uber.com]; Dirk Tissera [dirk.tissera@pwc.com]; Jeff Mollenhauer [jeff.mollenhauer@pwc.com]; Josh Waldron [jw@uber.com]; Francois Chadwick [fchadwick@uber.com]; Glen Ceremony [gceremony@uber.com]; Carolyn Mo [cmo@uber.com]; Nancy Le [nancy.le@pwc.com]; Keir Gumbs [keir@uber.com]; Tony West [twest@uber.com] | | |
| 04/11/2019 | Tony West [twest@uber.com] | Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa]; Ursula Burns [ursula.burns@veon.com]; Garrett Camp [gmc@expa.com]; Matt Cohler [matt@benchmark.com]; Ryan Graves [rg@saltwater.com]; Arianna Huffington [arianna@thriveglobal.com]; Travis Kalanick [travis@tkoffice.com]; Dara Khosrowshahi [dk@uber.com]; Wan Ling Martello [wlmartello@icloud.com]; Ronald Sugar [ron.sugar@me.com]; John Thain [john.a.thain@gmail.com]; David Trujillo [dtrujillo@tpg.com] | Nelson Chai [nchai@uber.com]; Keir Gumbs [keir@uber.com] | | |
| 04/22/2019 | | | | | John Thain [john.a.thain@gmail.com]; Wan Ling Martello [wlmartello@icloud.com]; Matt Cohler [matt@benchmark.com]; Ursula Burns [uburns@mac.com]; Tony West [twest@uber.com]; Nelson Chai [nchai@uber.com]; Glen Ceremony [gceremony@uber.com]; Francois Chadwick [fchadwick@uber.com]; Emmanuelle Rivet [emmanuelle.s.rivet@pwc.com]; Dominique Vincenti [dvincenti@uber.com]; Scott Schools [sschools@uber.com]; Keir Gumbs [keir@uber.com]; Josh Waldron [jw@uber.com]; Annie Armstrong [annie.armstrong@uber.com]; Sidney Majalya [sidneym@uber.com] |

Highly Confidential

| Date | Individuals With Whom Defendant Exchanged Electronic Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation | | | | Individuals With Whom Defendant Had Meetings or Oral Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation |
|---|---|---|---|---|---|
| | Sender | Recipient(s) | Carbon-Copied Individual(s) | Blind-Carbon-Copied Individuals | Meeting Participants |
| 04/25/2019 | Emmanuelle Rivet [emmanuelle.x.rivet@pwc.com] | John Thain [john.a.thain@gmail.com]; Matt Cohler [matt@benchmark.com]; Ursula Burns [ursula.burns@veon.com]; Wan Ling Martello [wlmartello@icloud.com] | Nelson Chai [nchai@uber.com]; Tony West [twest@uber.com]; Deb Tissera [dirk.tissera@uber.com]; Jeff Mollenhauer[Jeff Mollenhauer [jeff.mollenhauer@pwc.com]; Josh Waldron [jw@uber.com]; Francois Chadwick [fchadwick@uber.com]; Glen Ceremony [gceremony@uber.com]; Carolyn Mo [cmo@uber.com]; Nancy Le [nancy.le@pwc.com]; Keir Gumbs [keir@uber.com] | | |

Exhibit B-3

| Date | Individuals With Whom Defendant Exchanged Electronic Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation | | | | Individuals With Whom Defendant Had Meetings or Oral Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation |
|---|---|---|---|---|---|
| | Sender | Recipient(s) | Carbon-Copied Individual(s) | Blind-Carbon-Copied Individuals | Meeting Participants |
| 06/22/2017 | | | | | Garrett Camp [gmc@expa.com]; Matt Cohler [matt@benchmark.com]; Ryan Graves [rg@uber.com]; Arianna Huffington [arianna@thriveglobal.com]; David Plouffe [daplouffe@icloud.com]; Travis Kalanick [travis@uber.com]; Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa]; David Trujillo [DTrujillo@tpg.com]; Salle Yoo [salle@uber.com]; Gordon Davidson [GDavidson@fenwick.com]; Susan Muck [smuck@fenwick.com]; Prabir Adarkar [prabir@uber.com]; Jordan Burke [burke@uber.com]; Jill Hazelbaker [jill@uber.com]; Liane Hornsey [liane@uber.com]; Robert Wu [robert@uber.com] |
| 07/27/2017 | | | | | Wan Ling Martello [wlmartello@icloud.com]; Matt Cohler [matt@benchmark.com]; David Trujillo [DTrujillo@tpg.com]; Prabir Adarkar [prabir@uber.com]; Francois Chadwick [fchadwick@uber.com]; Marcus Wong [marcusw@uber.com]; Salle Yoo [salle@uber.com]; Joe Spiegler [joe.spiegler@uber.com]; Angela Padilla [angela.padilla@uber.com]; Todd Hamblet [thamblet@uber.com]; Joe Sullivan [joesullivan@uber.com]; Emmanuelle Rivet [emmanuelle.s.rivet@pwc.com]; Jeff Mollenhauer [jeff.mollenhauer@pwc.com]; Kristen Rivera; Andrew Macdonald [mac@uber.com]; Mike Brown [mbrown@uber.com]; Nick Talwar [talwar@xchangeleasing.com]; Sid Breja [breja@xchangeleasing.com]; Alan Kipust [alank@uber.com]; James Rauen [jrauen@uber.com];Warren Tseng [warren@uber.com]; Michael Beckmann [beckmann@uber.com]; Aik Chuan Goh [aikchuan@uber.com]; Brian Crist [bcrist@uber.com]; Tracey Merwise [tracey.merwise@uber.com]; Tommy OToole [tommy.f.otoole@pwc.com]; Gus Fuldner [gus@uber.com]; Frank Chang [frank@uber.com] |
| 10/24/2017 | Prabir Adarkar [prabir@uber.com] | Matt Cohler [matt@benchmark.com] | | | |
| 10/24/2017 | Matt Cohler [matt@benchmark.com] | Prabir Adarkar [prabir@uber.com] | | | |

| Date | Individuals With Whom Defendant Exchanged Electronic Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation | | | | Individuals With Whom Defendant Had Meetings or Oral Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation |
|---|---|---|---|---|---|
| | Sender | Recipient(s) | Carbon-Copied Individual(s) | Blind-Carbon-Copied Individuals | Meeting Participants |
| 10/25/2017 | | | | | Wan Ling Martello [wlmartello@icloud.com]; Matt Cohler [matt@benchmark.com]; David Trujillo [DTrujillo@tpg.com]; Curtis Scott [curtis.scott@uber.com]; Matthew Wilson [mwilson@uber.com];Katrina Johnson [katrina@uber.com]; Prabir Adarkar [prabir@uber.com]; Francois Chadwick [fchadwick@uber.com]; Mark Schroeder [mschroeder@uber.com]; Michelle DeBella [michelle.debella@uber.com]; Salle Yoo [salle@uber.com]; Sidney Majalya [sidneym@uber.com]; Angela Padilla [angela.padilla@uber.com]; Carolyn Mo [cmo@uber.com]; Joe Sullivan [joesullivan@uber.com]; Emmanuelle Rivet [emmanuelle.s.rivet@pwc.com] |
| 10/27/2017 | | | | | Ursula Burns [uburns@mac.com]; Garrett Camp [gmc@expa.com]; Matt Cohler [matt@benchmark.com]; Ryan Graves [rg@uber.com]; Arianna Huffington [arianna@thriveglobal.com]; Travis Kalanick [travis@uber.com]; Dara Khosrowshahi [dk@uber.com]; Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa]; John Thain [john.a.thain@gmail.com]; David Trujillo [DTrujillo@tpg.com]; Salle Yoo [salle@uber.com]; Cameron Poetzscher [cameron@uber.com]; Todd Hamblet [thamblet@uber.com]; Prabir Adarkar [prabir@uber.com]; Liane Hornsey [liane@uber.com]; Rachel Holt [rachel@uber.com]; Angela Padilla [angela.padilla@uber.com]; Gregg Lemkau [gregg.lemkau@gs.com]; Kim Posnett [kim-thu.posnett@ny.ibd.email.gs.com]; Gordon Davidson [GDavidson@fenwick.com] |
| 11/30/2017 | | | | | Travis Kalanick [travis@uber.com]; Ryan Graves [rg@uber.com]; Garrett Camp [gmc@expa.com];Arianna Huffington [arianna@thriveglobal.com]; Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa];Wan Ling Martello [wlmartello@icloud.com]; Matt Cohler [matt@benchmark.com]; David Trujillo [dtrujillo@tpg.com]; David Plouffe [daplouffe@icloud.com]; Tony West [twest@uber.com]; Cameron Poetzscher [cameron@uber.com]; Todd Hamblet [thamblet@uber.com]; Gordon Davidson [GDavidson@fenwick.com] |

| Date | Individuals With Whom Defendant Exchanged Electronic Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation | | | | Individuals With Whom Defendant Had Meetings or Oral Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation |
|---|---|---|---|---|---|
| | Sender | Recipient(s) | Carbon-Copied Individual(s) | Blind-Carbon-Copied Individuals | Meeting Participants |
| 01/30/2018 | | | | | Garrett Camp [gmc@expa.com]; Matt Cohler [matt@benchmark.com]; Ryan Graves [rg@uber.com]; Arianna Huffington [arianna@thriveglobal.com]; Travis Kalanick [travis@uber.com]; Dara Khosrowshahi [dk@uber.com]; John Thain [john.a.thain@gmail.com]; David Trujillo [DTrujillo@tpg.com]; Ursula Burns [uburns@mac.com]; Wan Ling Martello [wlmartello@icloud.com]; Barney Harford [barney@uber.com] (present for part of meeting); Tony West [twest@uber.com]; Cameron Poetzscher [cameron@uber.com] (present for part of meeting); Prabir Adarkar [prabir@uber.com] (present for part of meeting); Eric Meyhofer [ericm@uber.com] (present for part of meeting); Todd Hamblet [thamblet@uber.com]; John Dwyer [dwyerjc@cooley.com] (present for part of meeting); Dan Bookin (present for part of meeting); Patrick Robbins [Patrick.Robbins@shearman.com] (present for part of meeting); Randall Lee (present for part of meeting) |
| 01/30/2018 | | | | | Wan Ling Martello [wlmartello@icloud.com]; Matt Cohler [matt@benchmark.com]; David Trujillo [DTrujillo@tpg.com], Barney Harford [barney@uber.com]; Tony West [twest@uber.com]; Prabir Adarkar [prabir@uber.com]; Francois Chadwick [fchadwick@uber.com]; Mark Schroeder [mschroeder@uber.com]; Mike Bungo [mbungo@uber.com]; Sidney Majalya [sidneym@uber.com]; Todd Hamblet [thamblet@uber.com]; Josh Waldron [jw@uber.com]; Emmanuelle Rivet [emmanuelle.s.rivet@pwc.com] |
| 03/13/2018 | | | | | Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa]; Ursula Burns [uburns@mac.com]; Garrett Camp [gmc@expa.com]; Matt Cohler [matt@benchmark.com]; Arianna Huffington [arianna@thriveglobal.com]; Dara Khosrowshahi [dk@uber.com]; Travis Kalanick [travis@uber.com]; John Thain [john.a.thain@gmail.com]; David Trujillo [DTrujillo@tpg.com]; Tony West [twest@uber.com]; Cameron Poetzscher [cameron@uber.com]; Todd Hamblet [thamblet@uber.com] |

| Date | Individuals With Whom Defendant Exchanged Electronic Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation | | | | Individuals With Whom Defendant Had Meetings or Oral Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation |
|---|---|---|---|---|---|
| | Sender | Recipient(s) | Carbon-Copied Individual(s) | Blind-Carbon-Copied Individuals | Meeting Participants |
| 05/02/2018 | | | | | Wan Ling Martello [wlmartello@icloud.com]; Ursula Burns [uburns@mac.com]; Matt Cohler [matt@benchmark.com]; John Thain [john.a.thain@gmail.com]; Barney Harford [barney@uber.com]; Tony West [twest@uber.com]; Prabir Adarkar [prabir@uber.com]; Francois Chadwick [fchadwick@uber.com]; Mark Schroeder [mschroeder@uber.com]; Josh Waldron [jw@uber.com]; Kevin Campbell [kcampbell@uber.com]; Sidney Majalya [sidneym@uber.com]; Todd Hamblet [thamblet@uber.com]; Emmanuelle Rivet [emmanuelle.s.rivet@pwc.com]; Kristen Rivera |
| 05/08/2018 | | | | | Ursula Burns [uburns@mac.com]; Garrett Camp [gmc@expa.com]; Matt Cohler [matt@benchmark.com]; Ryan Graves [rg@uber.com]; Arianna Huffington [arianna@thriveglobal.com]; Travis Kalanick [travis@uber.com] (present for part of meeting); Dara Khosrowshahi [dk@uber.com]; John Thain [john.a.thain@gmail.com]; David Trujillo [DTrujillo@tpg.com]; Barney Harford [barney@uber.com] (present for part of meeting); Tony West [twest@uber.com]; Cameron Poetzscher [cameron@uber.com] (present for part of meeting); Jason Droege [jd@uber.com]; Ravi Inukonda [rinukonda@uber.com]; Todd Hamblet [thamblet@uber.com] |
| 05/08/2018 | | | | | Wan Ling Martello [wlmartello@icloud.com]; Ursula Burns [uburns@mac.com]; John Thain [john.a.thain@gmail.com]; Matt Cohler [matt@benchmark.com]; Barney Harford [barney@uber.com]; Tony West [twest@uber.com]; Prabir Adarkar [prabir@uber.com]; Francois Chadwick [fchadwick@uber.com]; Mark Schroeder [mschroeder@uber.com]; Michelle DeBella [michelle.debella@uber.com]; Josh Waldron [jw@uber.com]; Kevin Campbell [kcampbell@uber.com]; Sidney Majalya [sidneym@uber.com]; Todd Hamblet [thamblet@uber.com]; Emmanuelle Rivet [emmanuelle.s.rivet@pwc.com]; Daniel Zwan |

| Date | Individuals With Whom Defendant Exchanged Electronic Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation | | | | Individuals With Whom Defendant Had Meetings or Oral Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation |
|---|---|---|---|---|---|
| | Sender | Recipient(s) | Carbon-Copied Individual(s) | Blind-Carbon-Copied Individuals | Meeting Participants |
| 07/31/2018 | | | | | Matt Cohler [matt@benchmark.com]; Wan Ling Martello [wlmartello@icloud.com]; Arianna Huffington [arianna@thriveglobal.com]; Travis Kalanick [travis@uber.com]; Dara Khosrowshahi [dk@uber.com]; Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa]; David Trujillo [DTrujillo@tpg.com]; Tony West [twest@uber.com]; Cameron Poetzscher [cameron@uber.com]; Keir Gumbs [keir@uber.com]; Mark Schroeder [mschroeder@uber.com]; Gus Fuldner [gus@uber.com]; Scott Schools [sschools@uber.com]; Sidney Majalya [sidneym@uber.com] |
| 07/31/2018 | | | | | Wan Ling Martello [wlmartello@icloud.com]; Matt Cohler [matt@benchmark.com]; John Thain [john.a.thain@gmail.com]; Ursula Burns [uburns@mac.com] |
| 08/20/2018 | | | | | Ursula Burns [uburns@mac.com]; Matt Cohler [matt@benchmark.com]; Ryan Graves [rg@uber.com]; Arianna Huffington [arianna@thriveglobal.com]; Travis Kalanick [travis@uber.com]; Dara Khosrowshahi [dk@uber.com]; Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa]; Ronald Sugar [ron.sugar@me.com]; John Thain [john.a.thain@gmail.com]; David Trujillo [DTrujillo@tpg.com]; Tony West [twest@uber.com]; Keir Gumbs [keir@uber.com] |
| 10/29/2018 | | | | | John Thain [john.a.thain@gmail.com]; Wan Ling Martello [wlmartello@icloud.com]; Matt Cohler [matt@benchmark.com]; Ursula Burns [uburns@mac.com] Nelson Chai [nchai@uber.com]; Tony West [twest@uber.com]; Francois Chadwick [fchadwick@uber.com]; Annie Armstrong [annie.armstrong@uber.com]; Michelle DeBella [michelle.debella@uber.com]; Emmanuelle Rivet [emmanuelle.s.rivet@pwc.com]; Scott Schools [sschools@uber.com]; Mark Schroeder [mschroeder@uber.com]; Keir Gumbs [keir@uber.com]; Josh Waldron [jw@uber.com]; Kevin Campbell [kcampbell@uber.com]; Sidney Majalya [sidneym@uber.com] |

Highly Confidential

| Date | Individuals With Whom Defendant Exchanged Electronic Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation | | | | Individuals With Whom Defendant Had Meetings or Oral Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation |
|---|---|---|---|---|---|
| | Sender | Recipient(s) | Carbon-Copied Individual(s) | Blind-Carbon-Copied Individuals | Meeting Participants |
| 10/29/2018 | | | | | Matt Cohler [matt@benchmark.com]; Wan Ling Martello [wlmartello@icloud.com]; Arianna Huffington [arianna@thriveglobal.com]; Travis Kalanick [travis@uber.com]; Dara Khosrowshahi [dk@uber.com]; Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa]; Ronald Sugar [ron.sugar@me.com]; David Trujillo [DTrujillo@tpg.com]; Ursula Burns [uburns@mac.com]; Garrett Camp [gmc@expa.com]; Ryan Graves [rg@uber.com]; John Thain [john.a.thain@gmail.com]; Barney Harford [barney@uber.com]; Nelson Chai [nchai@uber.com]; Tony West [twest@uber.com]; Keir Gumbs [keir@uber.com] |
| 10/30/2018 | | | | | Matt Cohler [matt@benchmark.com]; Wan Ling Martello [wlmartello@icloud.com]; Arianna Huffington [arianna@thriveglobal.com]; Travis Kalanick [travis@uber.com]; Dara Khosrowshahi [dk@uber.com]; Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa]; Ronald Sugar [ron.sugar@me.com]; David Trujillo [DTrujillo@tpg.com]; Ursula Burns [uburns@mac.com]; Garrett Camp [gmc@expa.com]; Ryan Graves [rg@uber.com]; John Thain [john.a.thain@gmail.com]; Tony West [twest@uber.com]; Nelson Chai [nchai@uber.com]; Keir Gumbs [keir@uber.com]; Barney Harford [barney@uber.com]; Jason Droege [jd@uber.com]; Rachel Holt [rachel@uber.com]; Eriv Meyhofer; Noah Zach;Lior Ron [lioron@uber.com] |
| 11/30/2018 | | | | | Wan Ling Martello [wlmartello@icloud.com]; Matt Cohler [matt@benchmark.com]; John Thain [john.a.thain@gmail.com]; Ursula Burns [uburns@mac.com]; Ronald Sugar [ron.sugar@me.com]; Nelson Chai [nchai@uber.com]; Tony West [twest@uber.com]; Glen Ceremony [gceremony@uber.com]; Francois Chadwick [fchadwick@uber.com]; Michelle DeBella [michelle.debella@uber.com]; Annie Armstrong [annie.armstrong@uber.com]; Josh Waldron [jw@uber.com]; Keir Gumbs [keir@uber.com]; Jeff Mollenhauer [jeff.mollenhauer@pwc.com]; Emmanuelle Rivet [emmanuelle.s.rivet@pwc.com]; Chris Perkins [chris.perkins@pwc.com] |

| Date | Individuals With Whom Defendant Exchanged Electronic Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation | | | | Individuals With Whom Defendant Had Meetings or Oral Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation |
|---|---|---|---|---|---|
| | Sender | Recipient(s) | Carbon-Copied Individual(s) | Blind-Carbon-Copied Individuals | Meeting Participants |
| 12/05/2018 | | | | | Wan Ling Martello [wlmartello@icloud.com]; Matt Cohler [matt@benchmark.com]; John Thain [john.a.thain@gmail.com]; Ursula Burns [uburns@mac.com]; Nelson Chai [nchai@uber.com]; Sydney Meheula [smeheula@uber.com]; Glen Ceremony [gceremony@uber.com]; Tony West [twest@uber.com]; Francois Chadwick [fchadwick@uber.com]; Josh Waldron [jw@uber.com]; Christopher Cincotta [cincotta@uber.com]; Keir Gumbs [keir@uber.com]; Carolyn Mo [cmo@uber.com]; Robert Wu [robert@uber.com]; Michelle DeBella [michelle.debella@uber.com]; Emmanuelle Rivet [emmanuelle.s.rivet@pwc.com]; Jeff Mollenhauer [jeff.mollenhauer@pwc.com] |
| 01/28/2019 | | | | | Matt Cohler [matt@benchmark.com]; Wan Ling Martello [wlmartello@icloud.com]; Arianna Huffington [arianna@thriveglobal.com]; Travis Kalanick [travis@uber.com]; Dara Khosrowshahi [dk@uber.com]; Ronald Sugar [ron.sugar@me.com]; David Trujillo [DTrujillo@tpg.com]; Garrett Camp [gmc@expa.com]; Ryan Graves [rg@uber.com]; John Thain [john.a.thain@gmail.com]; Ursula Burns [uburns@mac.com]; Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa]; Barney Harford [barney@uber.com]; Nelson Chai [nchai@uber.com]; Tony West [twest@uber.com]; Jennifer Jarrett [jennifer.jarrett@uber.com]; Keir Gumbs [keir@uber.com] |
| 01/28/2019 | | | | | Wan Ling Martello [wlmartello@icloud.com]; Matt Cohler [matt@benchmark.com]; John Thain [john.a.thain@gmail.com]; Ursula Burns [uburns@mac.com]; Nelson Chai [nchai@uber.com]; Tony West [twest@uber.com]; Francois Chadwick [fchadwick@uber.com]; Mike Bungo [mbungo@uber.com]; Annie Armstrong [annie.armstrong@uber.com]; Josh Waldron [jw@uber.com]; Carolyn Mo [cmo@uber.com]; Emmanuelle Rivet [emmanuelle.s.rivet@pwc.com]; Dirk Tissera [dirk.tissera@pwc.com]; Scott Schools [sschools@uber.com] |

| Date | Individuals With Whom Defendant Exchanged Electronic Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation | | | | Individuals With Whom Defendant Had Meetings or Oral Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation |
|---|---|---|---|---|---|
| | Sender | Recipient(s) | Carbon-Copied Individual(s) | Blind-Carbon-Copied Individuals | Meeting Participants |
| 01/29/2019 | | | | | Matt Cohler [matt@benchmark.com]; Wan Ling Martello [wlmartello@icloud.com]; Arianna Huffington [arianna@thriveglobal.com]; Travis Kalanick [travis@uber.com]; Dara Khosrowshahi [dk@uber.com]; Ronald Sugar [ron.sugar@me.com]; David Trujillo [DTrujillo@tpg.com]; Garrett Camp [gmc@expa.com]; Ryan Graves [rg@uber.com]; John Thain [john.a.thain@gmail.com]; Barney Harford [barney@uber.com]; Nelson Chai [nchai@uber.com]; Dennis Cinelli [dennis.cinelli@uber.com]; John Flynn [four@uber.com]; Ruby Zefo [razefo@uber.com]; Tony West [twest@uber.com]; Keir Gumbs [keir@uber.com] |
| 02/20/2019 | | | | | Garrett Camp [gmc@expa.com]; Ryan Graves [rg@uber.com]; Arianna Huffington [arianna@thriveglobal.com]; Travis Kalanick [travis@uber.com]; Dara Khosrowshahi [dk@uber.com]; Wan Ling Martello [wlmartello@icloud.com]; Ronald Sugar [ron.sugar@me.com]; Matt Cohler [matt@benchmark.com]; Ursula Burns [uburns@mac.com]; David Trujillo [DTrujillo@tpg.com]; Tony West [twest@uber.com]; Nelson Chai [nchai@uber.com]; Jennifer Jarrett [jennifer.jarrett@uber.com]; Saurabh Tejwani [saurabh@uber.com]; Keir Gumbs [keir@uber.com]; Andrew Macdonald [mac@uber.com]; Christian Lymn [clymn@uber.com] |
| 03/13/2019 | | | | | Wan Ling Martello [wlmartello@icloud.com]; Matt Cohler [matt@benchmark.com]; John Thain [john.a.thain@gmail.com]; Ronald Sugar [ron.sugar@me.com]; Nelson Chai [nchai@uber.com]; Tony West [twest@uber.com]; Glen Ceremony [gceremony@uber.com]; Dominique Vincenti [dvincenti@uber.com]; Annie Armstong; Josh Waldron [jw@uber.com]; Kevin Campbell [kcampbell@uber.com]; Keir Gumbs [keir@uber.com]; Emmanuelle Rivet [emmanuelle.s.rivet@pwc.com]; Daniel Zwan |

| Date | Individuals With Whom Defendant Exchanged Electronic Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation | | | | Individuals With Whom Defendant Had Meetings or Oral Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation |
|---|---|---|---|---|---|
| | Sender | Recipient(s) | Carbon-Copied Individual(s) | Blind-Carbon-Copied Individuals | Meeting Participants |
| 03/21/2019 | | | | | Ursula Burns [uburns@mac.com]; Matt Cohler [matt@benchmark.com]; Ryan Graves [rg@uber.com]; Arianna Huffington [arianna@thriveglobal.com]; Dara Khosrowshahi [dk@uber.com]; Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa]; Ronald Sugar [ron.sugar@me.com]; John Thain [john.a.thain@gmail.com]; David Trujillo [DTrujillo@tpg.com]; Tony West [twest@uber.com]; Nelson Chai [nchai@uber.com]; Jennifer Jarrett [jennifer.jarrett@uber.com]; Saurabh Tejwani [saurabh@uber.com]; Prashant Garg [pgarg@uber.com]; Keir Gumbs [keir@uber.com]; Christian Lymn [clymn@uber.com]; Andrew Glickman [andrew.glickman@uber.com] |
| 03/29/2019 | | | | | Dara Khosrowshahi [dk@uber.com]; Ronald Sugar [ron.sugar@me.com]; Ursula Burns [uburns@mac.com]; Garrett Camp [gmc@expa.com]; Matt Cohler [matt@benchmark.com]; Ryan Graves [rg@uber.com]; Arianna Huffington [arianna@thriveglobal.com]; Travis Kalanick [travis@uber.com]; Wan Ling Martello [wlmartello@icloud.com]; Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa]; John Thain [john.a.thain@gmail.com]; David Trujillo [DTrujillo@tpg.com]; Nelson Chai [nchai@uber.com]; Barney Harford [barney@uber.com]; Tony West [twest@uber.com]; Keir Gumbs [keir@uber.com]; Michael Grimes [Michael.Grimes@morganstanley.com]; Colin Stewart  [Colin.R.Stewart@morganstanley.com] |
| 04/09/2019 | | | | | John Thain [john.a.thain@gmail.com]; Dara Khosrowshahi [dk@uber.com]; Ronald Sugar [ron.sugar@me.com]; David Trujillo [DTrujillo@tpg.com]; Matt Cohler [matt@benchmark.com]; Ryan Graves [rg@uber.com]; Travis Kalanick [travis@uber.com]; Nelson Chai [nchai@uber.com]; Tony West [twest@uber.com]; Keir Gumbs [keir@uber.com]; Jennifer Jarrett [jennifer.jarrett@uber.com]; Emily Maher Reuter [emr@uber.com]; Carolyn Mo [cmo@uber.com]; Robert Wu [robert@uber.com]; Christian Lymn [clymn@uber.com]; Andrew Glickman [andrew.glickman@uber.com]; Ian Kleinfeld; Gus Fuldner [gus@uber.com]; Katie Waitzman [kwaitzman@uber.com]; representatives from Woodruff Saywer and Morgan Stanley |

| Date | Individuals With Whom Defendant Exchanged Electronic Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation | | | | Individuals With Whom Defendant Had Meetings or Oral Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation |
|---|---|---|---|---|---|
| | Sender | Recipient(s) | Carbon-Copied Individual(s) | Blind-Carbon-Copied Individuals | Meeting Participants |
| 04/22/2019 | | | | | John Thain [john.a.thain@gmail.com]; Wan Ling Martello [wlmartello@icloud.com]; Matt Cohler [matt@benchmark.com]; Ursula Burns [uburns@mac.com]; Tony West [twest@uber.com]; Nelson Chai [nchai@uber.com]; Glen Ceremony [gceremony@uber.com]; Francois Chadwick [fchadwick@uber.com]; Emmanuelle Rivet [emmanuelle.s.rivet@pwc.com]; Dominique Vincenti [dvincenti@uber.com]; Scott Schools [sschools@uber.com]; Keir Gumbs [keir@uber.com]; Josh Waldron [jw@uber.com]; Annie Armstrong [annie.armstrong@uber.com]; Sidney Majalya [sidneym@uber.com] |
| 04/23/2019 | | | | | Matt Cohler [matt@benchmark.com]; Wan Ling Martello [wlmartello@icloud.com]; Arianna Huffington [arianna@thriveglobal.com]; Travis Kalanick [travis@uber.com]; Dara Khosrowshahi [dk@uber.com]; Ronald Sugar [ron.sugar@me.com]; David Trujillo [DTrujillo@tpg.com]; Garrett Camp [gmc@expa.com]; Ryan Graves [rg@uber.com]; John Thain [john.a.thain@gmail.com]; Ursula Burns [uburns@mac.com]; Barney Harford [barney@uber.com]; Nelson Chai [nchai@uber.com]; Dennis Cinelli [dennis.cinelli@uber.com]; Tony West [twest@uber.com]; Tammy Albarran [talbarran@uber.com]; Keir Gumbs [keir@uber.com]; Manik Gupta [manik@uber.com]; Thuan Pham [tpham@uber.com]; Mads Johnsen [mads@uber.com]; Jace Alfiere [jace@uber.com]; Emily Maher Reuter [emr@uber.com] |
| 04/23/2019 | Dara Khosrowshahi [dk@uber.com] | Matt Cohler [matt@benchmark.com] | | | |

| Date | Individuals With Whom Defendant Exchanged Electronic Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation | | | | Individuals With Whom Defendant Had Meetings or Oral Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation |
|---|---|---|---|---|---|
| | Sender | Recipient(s) | Carbon-Copied Individual(s) | Blind-Carbon-Copied Individuals | Meeting Participants |
| 05/04/2019 | | | | | John Thain [john.a.thain@gmail.com]; Dara Khosrowshahi [dk@uber.com]; Ronald Sugar [ron.sugar@me.com]; David Trujillo [DTrujillo@tpg.com]; Wan Ling Martello [wlmartello@icloud.com]; Matt Cohler [matt@benchmark.com], Tony West [twest@uber.com]; Nelson Chai [nchai@uber.com]; Jennifer Jarrett [jennifer.jarrett@uber.com]; Keir Gumbs [keir@uber.com]; Robert Wu [robert@uber.com]; Andrew Glickman [andrew.glickman@uber.com]; Carolyn Mo [cmo@uber.com]; Emily Maher Reuter [emr@uber.com]; Michael Grimes [Michael.Grimes@morganstanley.com]; Kate Claassen [Kate.Claassen@MorganStanley.com]; Colin Stewart  [Colin.R.Stewart@morganstanley.com]; Rizvan Dhalla [Rizvan.Dhalla@morganstanley.com] |
| 05/07/2019 | | | | | John Thain [john.a.thain@gmail.com]; Dara Khosrowshahi [dk@uber.com]; Ronald Sugar [ron.sugar@me.com]; David Trujillo [DTrujillo@tpg.com]; Wan Ling Martello [wlmartello@icloud.com]; Matt Cohler [matt@benchmark.com], Tony West [twest@uber.com]; Nelson Chai [nchai@uber.com]; Jennifer Jarrett [jennifer.jarrett@uber.com]; Keir Gumbs [keir@uber.com]; Robert Wu [robert@uber.com]; Andrew Glickman [andrew.glickman@uber.com]; Carolyn Mo [cmo@uber.com]; Emily Maher Reuter [emr@uber.com]; Michael Grimes [Michael.Grimes@morganstanley.com]; Kate Claassen [Kate.Claassen@MorganStanley.com]; Colin Stewart  [Colin.R.Stewart@morganstanley.com]; Rizvan Dhalla [Rizvan.Dhalla@morganstanley.com] |

Exhibit B-4

| Date | Individuals With Whom Defendant Exchanged Electronic Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation | | | | Individuals With Whom Defendant Had Meetings or Oral Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation |
|---|---|---|---|---|---|
| | Sender | Recipient(s) | Carbon-Copied Individual(s) | Blind-Carbon-Copied Individuals | Meeting Participants |
| 06/22/2017 | | | | | Garrett Camp [gmc@expa.com]; Matt Cohler [matt@benchmark.com]; Ryan Graves [rg@uber.com]; Arianna Huffington [arianna@thriveglobal.com]; David Plouffe [daplouffe@icloud.com]; Travis Kalanick [travis@uber.com]; Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa]; David Trujillo [DTrujillo@tpg.com]; Salle Yoo [salle@uber.com]; Gordon Davidson [GDavidson@fenwick.com]; Susan Muck [smuck@fenwick.com]; Prabir Adarkar [prabir@uber.com]; Jordan Burke [burke@uber.com]; Jill Hazelbaker [jill@uber.com]; Liane Hornsey [liane@uber.com]; Robert Wu [robert@uber.com] |
| 08/29/2017 | Ryan Graves [ryan@uber.com] | Garrett Camp [gmc@expa.com]; David Trujillo [DTrujillo@tpg.com] | Arianna Huffington [arianna@thriveglobal.com]; Jill Hazelbaker [jill@uber.com]; Liane Hornsey [liane@uber.com]; Matt Cohler [matt@benchmark.com]; Matt Kallman [kallman@uber.com]; Salle Yoo [salle@uber.com]; Travis Kalanick [travis@uber.com]; Wan Ling Martello [wlmartello@icloud.com]; Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa] | | |

| Date | Individuals With Whom Defendant Exchanged Electronic Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation | | | | Individuals With Whom Defendant Had Meetings or Oral Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation |
|---|---|---|---|---|---|
| | Sender | Recipient(s) | Carbon-Copied Individual(s) | Blind-Carbon-Copied Individuals | Meeting Participants |
| 08/29/2017 | Ryan Graves [ryan@uber.com] | Garrett Camp [gmc@expa.com]; David Trujillo [DTrujillo@tpg.com] | Arianna Huffington [arianna@thriveglobal.com]; Jill Hazelbaker [jill@uber.com]; Liane Hornsey [liane@uber.com]; Matt Cohler [matt@benchmark.com]; Matt Kallman [kallman@uber.com]; Salle Yoo [salle@uber.com]; Travis Kalanick [travis@uber.com]; Wan Ling Martello [wlmartello@icloud.com]; Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa] | | |
| 08/29/2017 | Ryan Graves [ryan@uber.com] | Arianna Huffington [arianna@thriveglobal.com]; Matt Kallman [kallman@uber.com] | Garrett Camp [gmc@expa.com]; Jill Hazelbaker [jill@uber.com]; Liane Hornsey [liane@uber.com]; Matt Cohler [matt@benchmark.com]; Salle Yoo [salle@uber.com]; Travis Kalanick [travis@uber.com]; David Trujillo [DTrujillo@tpg.com]; Wan Ling Martello [wlmartello@icloud.com]; Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa] | | |
| 10/19/2017 | | | | | Ursula Burns [uburns@mac.com]; Garrett Camp [gmc@expa.com]; Matt Cohler [matt@benchmark.com]; Ryan Graves [rg@uber.com]; Arianna Huffington [arianna@thriveglobal.com]; Travis Kalanick [travis@uber.com]; Dara Khosrowshahi [dk@uber.com]; John Thain [john.a.thain@gmail.com]; Salle Yoo [salle@uber.com]; Cameron Poetzscher [cameron@uber.com]; Todd Hamblet [thamblet@uber.com]; Carolyn Mo [cmo@uber.com]; Gregg Lemkau [gregg.lemkau@gs.com]; David Peinsipp [dpeinsipp@cooley.com] |

| Date | Individuals With Whom Defendant Exchanged Electronic Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation | | | | Individuals With Whom Defendant Had Meetings or Oral Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation |
|---|---|---|---|---|---|
| | Sender | Recipient(s) | Carbon-Copied Individual(s) | Blind-Carbon-Copied Individuals | Meeting Participants |
| 10/27/2017 | | | | | Ursula Burns [uburns@mac.com]; Garrett Camp [gmc@expa.com]; Matt Cohler [matt@benchmark.com]; Ryan Graves [rg@uber.com]; Arianna Huffington [arianna@thriveglobal.com]; Travis Kalanick [travis@uber.com]; Dara Khosrowshahi [dk@uber.com]; Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa]; John Thain [john.a.thain@gmail.com]; David Trujillo [DTrujillo@tpg.com]; Salle Yoo [salle@uber.com]; Cameron Poetzscher [cameron@uber.com]; Todd Hamblet [thamblet@uber.com]; Prabir Adarkar [prabir@uber.com]; Liane Hornsey [liane@uber.com]; Rachel Holt [rachel@uber.com]; Angela Padilla [angela.padilla@uber.com]; Gregg Lemkau [gregg.lemkau@gs.com]; Kim Posnett [kim-thu.posnett@ny.ibd.email.gs.com]; Gordon Davidson [GDavidson@fenwick.com] |
| 01/30/2018 | | | | | Garrett Camp [gmc@expa.com]; Matt Cohler [matt@benchmark.com]; Ryan Graves [rg@uber.com]; Arianna Huffington [arianna@thriveglobal.com]; Travis Kalanick [travis@uber.com]; Dara Khosrowshahi [dk@uber.com]; John Thain [john.a.thain@gmail.com]; David Trujillo [DTrujillo@tpg.com]; Ursula Burns [uburns@mac.com]; Wan Ling Martello [wlmartello@icloud.com]; Barney Harford [barney@uber.com] (present for part of meeting); Tony West [twest@uber.com]; Cameron Poetzscher [cameron@uber.com] (present for part of meeting); Prabir Adarkar [prabir@uber.com] (present for part of meeting); Eric Meyhofer [ericm@uber.com] (present for part of meeting); Todd Hamblet [thamblet@uber.com]; John Dwyer [dwyerjc@cooley.com] (present for part of meeting); Dan Bookin (present for part of meeting); Patrick Robbins [Patrick.Robbins@shearman.com] (present for part of meeting); Randall Lee (present for part of meeting) |

Highly Confidential

Exhibit B-5

| Date | Individuals With Whom Defendant Exchanged Electronic Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation | | | | Individuals With Whom Defendant Had Meetings or Oral Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation |
|---|---|---|---|---|---|
| | Sender | Recipient(s) | Carbon-Copied Individual(s) | Blind-Carbon-Copied Individuals | Meeting Participants |
| 09/16/2017 | Cameron Poetzscher [cameron@uber.com] | Matt Cohler [matt@benchmark.com]; Steve Spurlock [sspurlock@benchmark.com]; David Mills [dmills@dmills.com] | Dara Khosrowshahi [dk@uber.com]; Gregg Lemkau [gregg.lemkau@gs.com]; Todd Hamblet [thamblet@uber.com]; Robert Wu [robert@uber.com]; David Peinsipp [dpeinsipp@cooley.com] | | |
| 10/03/2017 | | | | | Ursula Burns [uburns@mac.com]; Garrett Camp [gmc@expa.com]; Matt Cohler [matt@benchmark.com]; Ryan Graves [rg@uber.com]; Arianna Huffington [arianna@thriveglobal.com]; Travis Kalanick [travis@uber.com]; Dara Khosrowshahi [dk@uber.com]; Wan Ling Martello [wlmartello@icloud.com]; John Thain [john.a.thain@gmail.com]; David Trujillo [DTrujillo@tpg.com]Salle Yoo [salle@uber.com]; Cameron Poetzscher [cameron@uber.com]; Todd Hamblet [thamblet@uber.com]; Gregg Lemkau [gregg.lemkau@gs.com]; Kim-Thu Posnett [kim-thu.posnett@gs.com]; Gordon Davidson [GDavidson@fenwick.com]; David Peinsipp [dpeinsipp@cooley.com]; Kevin Abrams [abrams@abramsbayliss.com] |
| 10/03/2017 | Cameron Poetzscher [cameron@uber.com] | Dara Khosrowshahi [dk@uber.com]; Arianna Huffington [arianna@thriveglobal.com]; David Trujillo [DTrujillo@tpg.com]; Garrett Camp [gmc@expa.com]; Matt Cohler [matt@benchmark.com]; Ryan Graves [rg@uber.com]; Travis Kalanick [travis@uber.com]; Ursula Burns [uburns@mac.com]; Wan Ling Martello [wlmartello@icloud.com]; John Thain [john.a.thain@gmail.com] | Gregg Lemkau [gregg.lemkau@gs.com]; Salle Yoo [salle@uber.com]; Gordon Davidson [GDavidson@fenwick.com] | | |

| Date | Individuals With Whom Defendant Exchanged Electronic Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation | | | | Individuals With Whom Defendant Had Meetings or Oral Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation |
|---|---|---|---|---|---|
| | Sender | Recipient(s) | Carbon-Copied Individual(s) | Blind-Carbon-Copied Individuals | Meeting Participants |
| 07/31/2018 | | | | | Matt Cohler [matt@benchmark.com]; Wan Ling Martello [wlmartello@icloud.com]; Arianna Huffington [arianna@thriveglobal.com]; Travis Kalanick [travis@uber.com]; Dara Khosrowshahi [dk@uber.com]; Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa]; David Trujillo [DTrujillo@tpg.com], Tony West [twest@uber.com]; Cameron Poetzscher [cameron@uber.com]; Keir Gumbs [keir@uber.com]; Mark Schroeder [mschroeder@uber.com]; Gus Fuldner [gus@uber.com]; Scott Schools [sschools@uber.com]; Sidney Majalya [sidneym@uber.com] |
| 10/29/2018 | | | | | John Thain [john.a.thain@gmail.com]; Wan Ling Martello [wlmartello@icloud.com]; Matt Cohler [matt@benchmark.com]; Ursula Burns [uburns@mac.com] Nelson Chai [nchai@uber.com]; Tony West [twest@uber.com]; Francois Chadwick [fchadwick@uber.com]; Annie Armstrong [annie.armstrong@uber.com]; Michelle DeBella [michelle.debella@uber.com]; Emmanuelle Rivet [emmanuelle.s.rivet@pwc.com]; Scott Schools [sschools@uber.com]; Mark Schroeder [mschroeder@uber.com]; Keir Gumbs [keir@uber.com]; Josh Waldron [jw@uber.com]; Kevin Campbell [kcampbell@uber.com]; Sidney Majalya [sidneym@uber.com] |
| 10/29/2018 | | | | | Matt Cohler [matt@benchmark.com]; Wan Ling Martello [wlmartello@icloud.com]; Arianna Huffington [arianna@thriveglobal.com]; Travis Kalanick [travis@uber.com]; Dara Khosrowshahi [dk@uber.com]; Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa]; Ronald Sugar [ron.sugar@me.com]; David Trujillo [DTrujillo@tpg.com]; Ursula Burns [uburns@mac.com]; Garrett Camp [gmc@expa.com]; Ryan Graves [rg@uber.com]; John Thain [john.a.thain@gmail.com]; Barney Harford [barney@uber.com]; Nelson Chai [nchai@uber.com]; Tony West [twest@uber.com]; Keir Gumbs [keir@uber.com] |

| Date | Individuals With Whom Defendant Exchanged Electronic Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation | | | | Individuals With Whom Defendant Had Meetings or Oral Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation |
| | Sender | Recipient(s) | Carbon-Copied Individual(s) | Blind-Carbon-Copied Individuals | Meeting Participants |
| --- | --- | --- | --- | --- | --- |
| 11/30/2018 | | | | | Wan Ling Martello [wlmartello@icloud.com]; Matt Cohler [matt@benchmark.com]; John Thain [john.a.thain@gmail.com]; Ursula Burns [uburns@mac.com]; Ronald Sugar [ron.sugar@me.com]; Nelson Chai [nchai@uber.com]; Tony West [twest@uber.com]; Glen Ceremony [gceremony@uber.com]; Francois Chadwick [fchadwick@uber.com]; Michelle DeBella [michelle.debella@uber.com]; Annie Armstrong [annie.armstrong@uber.com]; Josh Waldron [jw@uber.com]; Keir Gumbs [keir@uber.com]; Jeff Mollenhauer [jeff.mollenhauer@pwc.com]; Emmanuelle Rivet [emmanuelle.s.rivet@pwc.com]; Chris Perkins [chris.perkins@pwc.com] |
| 12/05/2018 | | | | | Wan Ling Martello [wlmartello@icloud.com]; Matt Cohler [matt@benchmark.com]; John Thain [john.a.thain@gmail.com]; Ursula Burns [uburns@mac.com]; Nelson Chai [nchai@uber.com]; Sydney Meheula [smeheula@uber.com]; Glen Ceremony [gceremony@uber.com]; Tony West [twest@uber.com]; Francois Chadwick [fchadwick@uber.com]; Josh Waldron [jw@uber.com]; Christopher Cincotta [cincotta@uber.com]; Keir Gumbs [keir@uber.com]; Carolyn Mo [cmo@uber.com]; Robert Wu [robert@uber.com]; Michelle DeBella [michelle.debella@uber.com]; Emmanuelle Rivet [emmanuelle.s.rivet@pwc.com]; Jeff Mollenhauer [jeff.mollenhauer@pwc.com] |
| 12/06/2018 | Emmanuelle Rivet [emmanuelle.s.rivet@pwc.com] | Matt Cohler [matt@benchmark.com]; John [John Thain [john.a.thain@gmail.com]; Ursula Burns [ursula.burns@veon.com]; Wan Ling Martello [wlmartello@icloud.com] | Nelson Chai [nchai@uber.com]; Tony West [twest@uber.com]; Keir Gumbs [keir@uber.com]; Glen Ceremony [gceremony@uber.com]; Josh Waldron [jw@uber.com]; Francois Chadwick [fchadwick@uber.com]; Carolyn Mo [cmo@uber.com]; Jeff Mollenhauer [Jeff Mollenhauer [jeff.mollenhauer@pwc.com]; Dirk Tissera [dirk.tissera@pwc.com] | | |
| 12/27/2018 | Bill Gurley [bg@benchmark.com] | Dara Khosrowshahi [dk@uber.com] | Matt Cohler [matt@benchmark.com] | | |

| Date | Individuals With Whom Defendant Exchanged Electronic Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation | | | | Individuals With Whom Defendant Had Meetings or Oral Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation |
| --- | --- | --- | --- | --- | --- |
| | Sender | Recipient(s) | Carbon-Copied Individual(s) | Blind-Carbon-Copied Individuals | Meeting Participants |
| 01/28/2019 | | | | | Matt Cohler [matt@benchmark.com]; Wan Ling Martello [wlmartello@icloud.com]; Arianna Huffington [arianna@thriveglobal.com]; Travis Kalanick [travis@uber.com]; Dara Khosrowshahi [dk@uber.com]; Ronald Sugar [ron.sugar@me.com]; David Trujillo [DTrujillo@tpg.com]; Garrett Camp [gmc@expa.com]; Ryan Graves [rg@uber.com]; John Thain [john.a.thain@gmail.com]; Ursula Burns [uburns@mac.com]; Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa]; Barney Harford [barney@uber.com]; Nelson Chai [nchai@uber.com]; Tony West [twest@uber.com]; Jennifer Jarrett [jennifer.jarrett@uber.com]; Keir Gumbs [keir@uber.com] |
| 01/28/2019 | | | | | Wan Ling Martello [wlmartello@icloud.com]; Matt Cohler [matt@benchmark.com]; John Thain [john.a.thain@gmail.com]; Ursula Burns [uburns@mac.com]; Nelson Chai [nchai@uber.com]; Tony West [twest@uber.com]; Francois Chadwick [fchadwick@uber.com]; Mike Bungo [mbungo@uber.com]; Annie Armstrong [annie.armstrong@uber.com]; Josh Waldron [jw@uber.com]; Carolyn Mo [cmo@uber.com]; Emmanuelle Rivet [emmanuelle.s.rivet@pwc.com]; Dirk Tissera [dirk.tissera@pwc.com]; Scott Schools [sschools@uber.com] |
| 02/15/2019 | Emmanuelle Rivet [emmanuelle.s.rivet@pwc.com] | John [John Thain [john.a.thain@gmail.com]; Matt Cohler [matt@benchmark.com]; Ursula Burns [ursula.burns@veon.com]; Wan Ling Martello [wlmartello@icloud.com] | Nelson Chai [nchai@uber.com]; Tony West [twest@uber.com]; Carolyn Mo [cmo@uber.com]; Jeff Mollenhauer[Jeff Mollenhauer [jeff.mollenhauer@pwc.com]; Keir Gumbs [keir@uber.com]; Dirk Tissera [dirk.tissera@pwc.com]; Josh Waldron [jw@uber.com]; Francois Chadwick [fchadwick@uber.com]; Glen Ceremony [gceremony@uber.com] | | |

Highly Confidential

| Date | Individuals With Whom Defendant Exchanged Electronic Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation | | | | Individuals With Whom Defendant Had Meetings or Oral Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation |
|------|--------|--------------|-------------------------|--------------------------------|------------------------|
| | **Sender** | **Recipient(s)** | **Carbon-Copied Individual(s)** | **Blind-Carbon-Copied Individuals** | **Meeting Participants** |
| 02/21/2019 | Keir Gumbs [notifications@diligent.com] | Arianna Huffington [arianna@thriveglobal.com]; Dara Khosrowshahi [dk@uber.com]; David Trujillo [dtrujillo@tpg.com]; Garrett Camp [gmc@expa.com]; John Thain [john.a.thain@gmail.com]; Matt Cohler [matt@benchmark.com]; Ryan Graves [ryan@uber.com]; Travis Kalanick [travis@uber.com]; Ursula Burns [uburns@mac.com]; Wan Ling Martello [wlmartello@icloud.com]; Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa] | | | |
| 03/12/2019 | Anna Perotti [aperotti@benchmark.com] | Robert Wu [robert@uber.com] | Carolyn Mo [cmo@uber.com]; Andrew Glickman [andrew.glickman@uber.com]; Peter Mandel [pmandel@cooley.com]; Arielle Friehling [afriehling@cooley.com]; Eric Steiner [esteiner@cooley.com]; Keir Gumbs [keir@uber.com]; Steve Spurlock [sspurlock@benchmark.com]; Matt Cohler [matt@benchmark.com]; Veronica Kriebel [veronica@benchmark.com] | | |
| 03/20/2019 | Tony West [twest@uber.com] | Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa]; Ursula Burns [ursula.burns@veon.com]; Garrett Camp [gmc@expa.com]; Matt Cohler [matt@benchmark.com]; Ryan Graves [rg@saltwater.com]; Arianna Huffington [arianna@thriveglobal.com]; Travis Kalanick [travis@tckoffice.com]; Dara Khosrowshahi [dk@uber.com]; Wan Ling Martello [wlmartello@icloud.com]; Ronald Sugar [ron.sugar@me.com]; John Thain [john.a.thain@gmail.com]; David Trujillo [dtrujillo@tpg.com] | Nelson Chai [nchai@uber.com]; Keir Gumbs [keir@uber.com] | Tony West [twest@uber.com] | |

| Date | Individuals With Whom Defendant Exchanged Electronic Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation | | | | Individuals With Whom Defendant Had Meetings or Oral Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation |
|---|---|---|---|---|---|
| | Sender | Recipient(s) | Carbon-Copied Individual(s) | Blind-Carbon-Copied Individuals | Meeting Participants |
| 03/20/2019 | Tony West [twest@uber.com] | Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa]; Ursula Burns [ursula.burns@veon.com]; Garrett Camp [gmc@expa.com]; Matt Cohler [matt@benchmark.com]; Ryan Graves [rg@saltwater.com]; Arianna Huffington [arianna@thriveglobal.com]; Travis Kalanick [travis@tckoffice.com]; Dara Khosrowshahi [dk@uber.com]; Wan Ling Martello [wlmartello@icloud.com]; Ronald Sugar [ron.sugar@me.com]; John Thain [john.a.thain@gmail.com]; David Trujillo [dtrujillo@tpg.com] | Nelson Chai [nchai@uber.com]; Keir Gumbs [keir@uber.com] | | |
| 03/21/2019 | | | | | Ursula Burns [uburns@mac.com]; Matt Cohler [matt@benchmark.com]; Ryan Graves [rg@uber.com]; Arianna Huffington [arianna@thriveglobal.com]; Dara Khosrowshahi [dk@uber.com]; Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa]; Ronald Sugar [ron.sugar@me.com]; John Thain [john.a.thain@gmail.com]; David Trujillo [DTrujillo@tpg.com]; Tony West [twest@uber.com]; Nelson Chai [nchai@uber.com]; Jennifer Jarrett [jennifer.jarrett@uber.com]; Saurabh Tejwani [saurabh@uber.com];Prashant Garg [pgarg@uber.com]; Keir Gumbs [keir@uber.com]; Christian Lymn [clymn@uber.com]; Andrew Glickman [andrew.glickman@uber.com] |
| 03/25/2019 | Tony West [twest@uber.com] | Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa]; Ursula Burns [ursula.burns@veon.com]; Garrett Camp [gmc@expa.com]; Matt Cohler [matt@benchmark.com]; Ryan Graves [rg@saltwater.com]; Arianna Huffington [arianna@thriveglobal.com]; Travis Kalanick [travis@tckoffice.com]; Dara Khosrowshahi [dk@uber.com]; Wan Ling Martello [wlmartello@icloud.com]; Ronald Sugar [ron.sugar@me.com]; John Thain [john.a.thain@gmail.com]; David Trujillo [dtrujillo@tpg.com] | Nelson Chai [nchai@uber.com]; Keir Gumbs [keir@uber.com] | | |
| 03/26/2019 | Keir Gumbs [keir@uber.com] | Matt Cohler [matt@benchmark.com] | | | |
| 03/26/2019 | Keir Gumbs [keir@uber.com] | Matt Cohler [matt@benchmark.com] | | | |
| 03/26/2019 | Matt Cohler [matt@benchmark.com] | Keir Gumbs [keir@uber.com] | | | |

| Date | Individuals With Whom Defendant Exchanged Electronic Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation | | | | Individuals With Whom Defendant Had Meetings or Oral Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation |
|---|---|---|---|---|---|
| | **Sender** | **Recipient(s)** | **Carbon-Copied Individual(s)** | **Blind-Carbon-Copied Individuals** | **Meeting Participants** |
| 03/26/2019 | Keir Gumbs [keir@uber.com] | Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa]; Dara Khosrowshahi [dk@uber.com]; Matt Cohler [matt@benchmark.com]; David Trujillo [dtrujillo@tpg.com]; Wan Ling Martello [wlmartello@icloud.com]; Arianna Huffington [arianna@thriveglobal.com]; Ronald Sugar [ron.sugar@me.com]; Garrett Camp [gmc@expa.com]; John Thain [john.a.thain@gmail.com]; Ryan Graves [rg@saltwater.com]; Travis Kalanick [travis@tckoffice.com]; Ursula Burns [ursula.burns@veon.com] | Nelson Chai [nchai@uber.com]; Tony West [twest@uber.com]; Robert Wu [robert@uber.com]; Carolyn Mo [cmo@uber.com] | | |
| 03/29/2019 | Keir Gumbs [keir@uber.com] | Arianna Huffington [arianna@thriveglobal.com]; Barney Harford [barney@uber.com]; Dara Khosrowshahi [dk@uber.com]; David Trujillo [dtrujillo@tpg.com]; Garrett Camp [gmc@expa.com]; Gloria San Pedro [gsanpedro@tpg.com]; Helga Bosma [helga.bosma@veon.com]; Jacob Alvarez [jakea@uber.com]; John Thain [john.a.thain@gmail.com]; Judy Evans [judyevans07@icloud.com]; Marijke van Dam [marijke.vandam@veon.com]; Matt Cohler [matt@benchmark.com]; Nelson Chai [nchai@uber.com]; Ryan Graves [rg@saltwater.com]; Ronald Sugar [ron.sugar@me.com]; Travis Kalanick [travis@tckoffice.com]; Tony West [twest@uber.com]; Ursula Burns [ursula.burns@veon.com]; Veronica Kriebel [veronica@benchmark.com]; Wan Ling Martello [wlmartello@icloud.com]; Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa] | | | |
| 04/04/2019 | Tony West [twest@uber.com] | Yasir Al-Rumayyan [yalrumayyan@pif.gov.sa]; Ursula Burns [ursula.burns@veon.com]; Garrett Camp [gmc@expa.com]; Matt Cohler [matt@benchmark.com]; Ryan Graves [rg@saltwater.com]; Arianna Huffington [arianna@thriveglobal.com]; Travis Kalanick [travis@tckoffice.com]; Dara Khosrowshahi [dk@uber.com]; Wan Ling Martello [wlmartello@icloud.com]; Ronald Sugar [ron.sugar@me.com]; John Thain [john.a.thain@gmail.com]; David Trujillo [dtrujillo@tpg.com] | Nelson Chai [nchai@uber.com]; Keir Gumbs [keir@uber.com] | | |

Highly Confidential

| Date | Individuals With Whom Defendant Exchanged Electronic Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation | | | | Individuals With Whom Defendant Had Meetings or Oral Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation |
|---|---|---|---|---|---|
| | Sender | Recipient(s) | Carbon-Copied Individual(s) | Blind-Carbon-Copied Individuals | Meeting Participants |
| 04/09/2019 | | | | | John Thain [john.a.thain@gmail.com]; Dara Khosrowshahi [dk@uber.com]; Ronald Sugar [ron.sugar@me.com]; David Trujillo [DTrujillo@tpg.com]; Matt Cohler [matt@benchmark.com]; Ryan Graves [rg@uber.com]; Travis Kalanick [travis@uber.com], Nelson Chai [nchai@uber.com]; Tony West [twest@uber.com]; Keir Gumbs [keir@uber.com]; Jennifer Jarrett [jennifer.jarrett@uber.com]; Emily Maher Reuter [emr@uber.com]; Carolyn Mo [cmo@uber.com]; Robert Wu [robert@uber.com]; Christian Lymn [clymn@uber.com]; Andrew Glickman [andrew.glickman@uber.com]; Ian Kleinfeld; Gus Fuldner [gus@uber.com]; Katie Waitzman [kwaitzman@uber.com]; representatives from Woodruff Sawyer and Morgan Stanley |
| 04/22/2019 | | | | | John Thain [john.a.thain@gmail.com]; Wan Ling Martello [wlmartello@icloud.com]; Matt Cohler [matt@benchmark.com]; Ursula Burns [uburns@mac.com] Tony West [twest@uber.com]; Nelson Chai [nchai@uber.com]; Glen Ceremony [gceremony@uber.com]; Francois Chadwick [fchadwick@uber.com]; Emmanuelle Rivet [emmanuelle.s.rivet@pwc.com]; Dominique Vincenti [dvincenti@uber.com]; Scott Schools [sschools@uber.com]; Keir Gumbs [keir@uber.com]; Josh Waldron [jw@uber.com]; Annie Armstrong [annie.armstrong@uber.com]; Sidney Majalya [sidneym@uber.com] |
| 04/22/2019 | | | | | Matt Cohler [matt@benchmark.com]; Wan Ling Martello [wlmartello@icloud.com]; Arianna Huffington [arianna@thriveglobal.com]; Travis Kalanick [travis@uber.com]; Dara Khosrowshahi [dk@uber.com]; Ronald Sugar [ron.sugar@me.com]; David Trujillo [DTrujillo@tpg.com]; Garrett Camp [gmc@expa.com]; Ryan Graves [rg@uber.com]; Ursula Burns [uburns@mac.com]; John Thain [john.a.thain@gmail.com]; Barney Harford [barney@uber.com]; Nelson Chai [nchai@uber.com]; Tony West [twest@uber.com]; Jennifer Jarrett [jennifer.jarrett@uber.com]; Keir Gumbs [keir@uber.com]; (David Peinsipp [dpeinsipp@cooley.com] and John Dwyer [dwyerjc@cooley.com] participated in portions of the meeting) |

| Date | Individuals With Whom Defendant Exchanged Electronic Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation | | | | Individuals With Whom Defendant Had Meetings or Oral Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation |
|---|---|---|---|---|---|
| | Sender | Recipient(s) | Carbon-Copied Individual(s) | Blind-Carbon-Copied Individuals | Meeting Participants |
| 04/23/2019 | | | | | John Thain [john.a.thain@gmail.com]; Dara Khosrowshahi [dk@uber.com]; Ronald Sugar [ron.sugar@me.com]; David Trujillo [DTrujillo@tpg.com]; Garrett Camp [gmc@expa.com]; Matt Cohler [matt@benchmark.com]; Travis Kalanick [travis@uber.com]; Wan Ling Martello [wlmartello@icloud.com]; John Thain [john.a.thain@gmail.com]; Tony West [twest@uber.com]; Nelson Chai [nchai@uber.com]; Jennifer Jarrett [jennifer.jarrett@uber.com]; Keir Gumbs [keir@uber.com]; Robert Wu [robert@uber.com]; Emily Maher Reuter [emr@uber.com]; Barney Harford [barney@uber.com]; Gus Fuldner [gus@uber.com]; Katie Waitzman [kwaitzman@uber.com]; Michael Grimes [Michael.Grimes@morganstanley.com]; Kate Claassen [Kate.Claassen@MorganStanley.com]; Colin Stewart [Colin.R.Stewart@morganstanley.com]; Rizvan Dhalla [Rizvan.Dhalla@morganstanley.com]; Susan Miner [sminer@wsandco.com] |
| 04/25/2019 | Emmanuelle Rivet [emmanuelle.s.rivet@pwc.com] | John [John Thain [john.a.thain@gmail.com]; Matt Cohler [matt@benchmark.com]; Ursula Burns [ursula.burns@veon.com]; Wan Ling Martello [wlmartello@icloud.com] | Nelson Chai [nchai@uber.com]; Tony West [twest@uber.com]; Dirk Tissera [dirk.tissera@uber.com]; Jeff Mollenhauer [jeff.mollenhauer@pwc.com]; Josh Waldron [jw@uber.com]; Francois Chadwick [fchadwick@uber.com]; Glen Ceremony [gceremony@uber.com]; Carolyn Mo [cmo@uber.com]; Nancy Le [nancy.le@pwc.com]; Keir Gumbs [keir@uber.com] | | |

| Date | Individuals With Whom Defendant Exchanged Electronic Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation | | | | Individuals With Whom Defendant Had Meetings or Oral Communications That Formed Part of Defendant's Reasonable Due Diligence Investigation |
|---|---|---|---|---|---|
| | Sender | Recipient(s) | Carbon-Copied Individual(s) | Blind-Carbon-Copied Individuals | Meeting Participants |
| 05/04/2019 | | | | | John Thain [john.a.thain@gmail.com]; Dara Khosrowshahi [dk@uber.com]; Ronald Sugar [ron.sugar@me.com]; David Trujillo [DTrujillo@tpg.com]; Wan Ling Martello [wlmartello@icloud.com]; Matt Cohler [matt@benchmark.com], Tony West [twest@uber.com]; Nelson Chai [nchai@uber.com]; Jennifer Jarrett [jennifer.jarrett@uber.com]; Keir Gumbs [keir@uber.com]; Robert Wu [robert@uber.com]; Andrew Glickman [andrew.glickman@uber.com]; Carolyn Mo [cmo@uber.com]; Emily Maher Reuter [emr@uber.com]; Michael Grimes [Michael.Grimes@morganstanley.com]; Kate Claassen [Kate.Claassen@MorganStanley.com]; Colin Stewart  [Colin.R.Stewart@morganstanley.com]; Rizvan Dhalla [Rizvan.Dhalla@morganstanley.com] |
| 05/07/2019 | | | | | John Thain [john.a.thain@gmail.com]; Dara Khosrowshahi [dk@uber.com]; Ronald Sugar [ron.sugar@me.com]; David Trujillo [DTrujillo@tpg.com]; Wan Ling Martello [wlmartello@icloud.com]; Matt Cohler [matt@benchmark.com], Tony West [twest@uber.com]; Nelson Chai [nchai@uber.com]; Jennifer Jarrett [jennifer.jarrett@uber.com]; Keir Gumbs [keir@uber.com]; Robert Wu [robert@uber.com]; Andrew Glickman [andrew.glickman@uber.com]; Carolyn Mo [cmo@uber.com]; Emily Maher Reuter [emr@uber.com]; Michael Grimes [Michael.Grimes@morganstanley.com]; Kate Claassen [Kate.Claassen@MorganStanley.com]; Colin Stewart  [Colin.R.Stewart@morganstanley.com]; Rizvan Dhalla [Rizvan.Dhalla@morganstanley.com] |
| 05/08/2019 | | | | | John Thain [john.a.thain@gmail.com]; Dara Khosrowshahi [dk@uber.com]; Ronald Sugar [ron.sugar@me.com]; David Trujillo [DTrujillo@tpg.com]; Wan Ling Martello [wlmartello@icloud.com]; Matt Cohler [matt@benchmark.com], Tony West [twest@uber.com]; Nelson Chai [nchai@uber.com]; Jennifer Jarrett [jennifer.jarrett@uber.com]; Keir Gumbs [keir@uber.com]; Robert Wu [robert@uber.com]; Andrew Glickman [andrew.glickman@uber.com]; Carolyn Mo [cmo@uber.com]; Christian Lymn [clymn@uber.com]; Emily Maher Reuter [emr@uber.com]; Michael Grimes [Michael.Grimes@morganstanley.com]; Kate Claassen [Kate.Claassen@MorganStanley.com]; Colin Stewart [Colin.R.Stewart@morganstanley.com]; Ashley MacNeill [Ashley.MacNeill@morganstanley.com]; Rizvan Dhalla [Rizvan.Dhalla@morganstanley.com] |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 20, 2023, I caused to be served, via electronic mail,

- **DEFENDANT MATT COHLER'S AMENDED RESPONSES AND OBJECTIONS TO LEAD PLAINTIFF'S SECOND SET OF INTERROGATORIES ADDRESSED TO THE INDIVIDUAL DEFENDANTS**

in connection with the above-captioned matter, upon the following:

Jonathan Gardner
Eric J. Belfi
Christopher J. Keller
Alfred L. Fatale III
Joseph N. Cotilletta
Marco A. Dueñas
Francis P. McConville
Robert Sean Rowley
Lisa Strejlau
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: jgardner@labaton.com
    ebelfi@labaton.com
    ckeller@labaton.com
    afatale@labaton.com
    jcotilletta@labaton.com
    mduenas@labaton.com
    fmcconville@labaton.com
    rrowley@labaton.com
    lstrejlau@labaton.com

*Lead Counsel for Plaintiffs and the Proposed Class*


Gregory M. Nespole (admitted *pro hac vice*)
Correy Suk (admitted *pro hac vice*)
**LEVI & KORSINSKY LLP**
55 Broadway, 10th Floor
New York, New York 10006
Telephone: (212) 363-7500
Facsimile: (212) 363-1294
Email: gnespole@zlk.com
    ckamin@zlk.com

Adam M. Apton (SBN 316506)
**LEVI & KORSINSKY LLP**
75 Broadway, Suite 202
San Francisco, California 94111
Telephone: (415) 373-1671
Facsimile: (415) 484-1294
Email: aapton@zlk.com

*Liaison Counsel for Lead Plaintiff Boston Retirement System*

Laurence Matthew Rosen (219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Mollie Elizabeth Chadwick (329524)
John T. Jasnoch (CA 281605)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, California 82101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
Email: jjasnoch@scott-scott.com

William C. Fredericks
Emilie B. Kokmanian (*pro hac vice*)
Mandeep S Minhas (*pro hac vice*)
Jonathan M. Zimmerman (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, New York 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
Email: wfredericks@scott-scott.com
        ekokmanian@scott-scott.com
        mminhas@scott-scott.com
        jzimmerman@scott-scott.com

David R. Scott
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, Connecticut 06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432
Email: david.scott@scott-scott.com


Curtis V. Trinko
**LAW OFFICES OF CURTIS V. TRINKO**
39 Sintsink Drive West
First Floor
Port Washington, NY 11050
Telephone:  (212) 490-9950
Facsimile: (212) 986-0158
Email: Ctrinko@trinko.com


Samuel H. Rudman
**ROBBINS GELLER RUDMAN & DOWD LLP**
58 South Service Road, Suite 200
Melville, New York 11747
Telephone: (631) 367-7100
Facsimile: (631) 367-1173
Email: srudman@rgrdlaw.com


Henry Rosen (156963)
Thomas Edward Egler (189871)
Nicole Quaid Gilliland (335132)
James I. Jaconette (179565)
Nathan R. Lindell (248668)
Sara Bierl Polychron (244685)
Juan Carlos Sanchez (301834)
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619-231-1058
Fax:  619-231-7423
Email: henryr@rgrdlaw.com
      tome@rgrdlaw.com
      ngilliland@rgrdlaw.com
      jamesj@rgrdlaw.com
      nlindell@rgrdlaw.com

spolychron@rgrdlaw.com
jsanchez@rgrdlaw.com


Mark C. Molumphy (SBN 168009)
Tyson Redenbarger (SBN 294424)
**COTCHETT, PITRE & MCCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email: mmolumphy@cpmlegal.com
          tredenbarger@cpmlegal.com

*Counsel for Proposed Class Representatives Irving S. Braun and Judith Braun, David Messinger, and Ellie Marie Toronto ESA*


By:  */s/   Dennis D. Kitt*
          Dennis D. Kitt

*Counsel for Defendant Matt Cohler*