UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOSTON RETIREMENT SYSTEM, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No. 19-cv-06361-RS   (DMR)<br><br>**ORDER RE: NOVEMBER 9, 2023 JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 394 |

The court has reviewed the parties' joint discovery letter ("JDL") in which Lead Plaintiff Boston Retirement System moves to compel production of 12 documents listed on Defendant Uber Technologies, Inc. ("Uber")'s privilege log. [Docket No. 394.] In the alternative, Lead Plaintiff asks the court to perform an *in camera* inspection of the documents. Uber contends that the documents or their redactions are protected by the attorney-client privilege. Lead Plaintiff disputes the application of the attorney-client privilege, asserting that the documents relate to business advice, convey factual information, or contain blanket redactions. The parties agree that federal privilege law applies to this dispute.

As an initial matter, the court finds that the circumstantial evidence described in Lead Plaintiff's portion of the JDL demonstrates a "factual basis sufficient to support a reasonable, good faith belief that in camera inspection may reveal evidence that information in the materials is not privileged." *See In re Grand Jury Investigation*, 974 F.2d 1068, 1074-75 (9th Cir. 1992). Therefore, Uber shall lodge complete, unredacted versions of the 12 documents for in camera review by **January 17, 2024**. Uber shall mark the redacted portions of the documents for the court's ease of reference.

Under federal law the attorney-client privilege is "narrowly and strictly construed," *United*

*States v. Gray*, 876 F.2d 1411, 1415 (9th Cir. 1989) (citation omitted), and the party asserting it bears the burden of proving that it applies. *Richey*, 632 F.3d 559, 566 (9th Cir. 2011); *accord In re Grand Jury Investigation*, 974 F.2d at 1071 (party asserting privilege "must make a *prima facie* showing" that privilege protects information the party intends to withhold). As the parties acknowledge, the Ninth Circuit has recognized that "some communications [between attorneys and clients] might have more than one purpose." *In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021). In that circumstance, courts in this circuit apply the "primary-purpose test" to determine whether the communications are privileged. *Id.* at 1092. Under that test, "courts look at whether the primary purpose of the communication is to give or receive legal advice, as opposed to business . . . advice." *Id.* at 1091 (citation omitted).

Accordingly, by **January 19, 2024**, Uber must provide evidence in the form of non-conclusory declarations sworn under penalty of perjury containing sufficient admissible facts to meet its burden to support its claim of attorney-client privilege as well as its position that the primary purpose of the communications at issue was to provide legal advice.

Plaintiffs may file a 5-page brief addressing the information in the declarations by **January 26, 2024**. The parties may not provide any further argument. The court will rely on the arguments made in the JDL and will order additional briefing if needed after completing in camera review.

**IT IS SO ORDERED.**

Dated: January 11, 2024

_____
Donna M. Ryu
Chief Magistrate Judge