Daniel H.R. Laguardia (SBN 314654)
SHEARMAN & STERLING LLP
140 New Montgomery Street, 10th Floor
San Francisco, CA  94105-3705
Telephone:  415.616.1100
Facsimile: 415.616.1199
Email:  daniel.laguardia@shearman.com

Paula H. Anderson (admitted *pro hac vice*)
Agnès Dunogué (admitted *pro hac vice*)
Dennis D. Kitt (admitted *pro hac vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY  10022-6069
Telephone:  212.848.4000
Facsimile: 212.848.7179
Email:  paula.anderson@shearman.com
          agnes.dunogue@shearman.com
          dennis.kitt@shearman.com

George Anhang (admitted *pro hac vice*)
SHEARMAN & STERLING LLP
401 9th Street, NW, Suite 800
Washington, DC 20004
Telephone: 202.508.8000
Facsimile: 202.508.8100
Email: george.anhang@shearman.com

*Attorneys for Defendants Uber Technologies, Inc., Dara Khosrowshahi, Nelson Chai, Glen Ceremony, Ronald Sugar, Ursula Burns, Garrett Camp, Matt Cohler, Ryan Graves, Arianna Huffington, Travis Kalanick, Wan Ling Martello, H.E. Yasir Al-Rumayyan, John Thain and David Trujillo*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BOSTON RETIREMENT SYSTEM, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UBER TECHNOLOGIES, INC., *et al.*, <br><br> Defendants. | Case No.  3:19-cv-06361-RS <br><br> **UBER'S STATEMENT IN SUPPORT OF LEAD PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

Pursuant to Civil Local Rule 79-5(f)(3) and the Stipulated Protective Order entered in this Action, dated November 20, 2020 (Dkt. No. 113) ("Protective Order"), Defendant Uber Technologies, Inc. ("Uber") respectfully submits this statement in support of Lead Plaintiff Boston Retirement System's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, dated February 5, 2024 (Dkt. No. 419).

## BACKGROUND AND REQUESTED REDACTIONS

On November 9, 2023, Lead Plaintiff Boston Retirement System ("Lead Plaintiff"), plaintiffs David Messinger, Irving S. Braun, Judith Braun, Sal Toronto on behalf of Ellie Maria Toronto ESA, and Joseph Cianci (collectively, "Plaintiffs") filed a joint discovery letter with Uber regarding Lead Plaintiff's motion to compel the production or seek *in camera* review of 12 documents from Uber's privilege log over which Uber asserts claims of attorney-client privilege (the "Uber Documents") (Dkt. No. 394). On January 11, 2024, the Court granted Lead Plaintiff's request for *in camera* review, ordering Uber to lodge complete, unredacted versions of the Uber Documents and provide evidence in the form of declarations sworn under penalty of perjury (Dkt. No. 412). On January 12, 2024, the parties filed a joint stipulation and proposed order (Dkt. No. 413) extending the deadline to file Uber's declarations and Lead Plaintiff's responses to those declarations, which the Court granted (Dkt. No. 414). On January 26, 2024, Uber submitted to the Court its declarations in support of its claims of attorney-client privilege over the Uber Documents (the "Declarations") and identified them as containing confidential information in the cover email providing the Declarations to Lead Plaintiff. On February 5, 2024, Lead Plaintiff filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 419) (the "Sealing Motion"), attaching Lead Plaintiff's Memorandum in Response to Uber's Declarations Submitted Pursuant to Dkt. No. 412 (Dkt. No. 419-2) ("Lead Plaintiff's Response").[1]

---

[1] Lead Plaintiff claims in the Sealing Motion that Uber did not mark the Declarations as confidential and therefore should not be afforded any protections (Dkt. No. 419 at 1). In fact, Uber indicated that the Declarations contained confidential information when serving them on Lead Plaintiff and subsequently provided Lead Plaintiff with copies of the Declarations with highlighting to specifically reflect that confidential information. That is why Lead Plaintiff filed the documents under seal, and that demonstrates compliance with the Protective Order, which provides for the confidential treatment of confidential information when included as a copy, excerpt, summary, or compilation in other documents or discovery responses even if such documents or responses are not stamped confidential at production.

| UBER'S STATEMENT ISO | CASE NO. 3:19-CV-06361-RS |
|---|---|
| LEAD PL.'S ADMIN. MOT. | |

1

Lead Plaintiff provisionally redacted quotations from and references to the confidential information in the Declarations from the copy of Lead Plaintiff's Response filed to the public docket. Where a filing party moves to seal because a document has been designated confidential by another party, the designating party must file a statement or declaration within seven days of the motion's filing providing a "specific statement of the applicable legal standard and the reasons for keeping a document under seal." Civil L.R. 79-5(c)(1); *see also id.* at 79-5(f)(3).

As discussed below, Uber seeks to redact only targeted and narrow statements in Lead Plaintiff's Response that quote or reference confidential information in the Declarations. Uber's requested redactions are much narrower than those proposed by Lead Plaintiff. Uber does not object to the public filing of any other portions of Lead Plaintiff's Response.

## APPLICABLE LEGAL STANDARD AND REASONS

Courts generally apply the "compelling reasons" standard when considering motions to seal documents in the Ninth Circuit. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). This standard requires that a "party . . . articulate[ ] compelling reasons . . . that outweigh the general history of access and the public policies favoring disclosure . . . . In turn, the court must conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id*. at 1178-79 (internal citations and quotation marks omitted). But in considering motions to seal records attached to non-dispositive motions, the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure is applicable, because those records "are often unrelated, or only tangentially related, to the underlying cause of action." *Kamakana*, 447 F.3d at 1179 (internal citations and quotation marks omitted). This is the same standard applicable to the entry of a protective order in civil discovery. *See* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."). "Rule 26(c) gives the district court much flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180. Under this rule, the courts have "broad latitude" to

"prevent disclosure of materials for many types of information." *Philips ex rel. Estates of Byrd v. Gen Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

Courts regularly permit the redaction of information reflecting internal business strategy and corporate decision-making, regulatory analyses, accounting analysis, and internal financial metrics. *See, e.g.*, *Palantir Techs. Inc. v. Abramowitz*, 2022 WL 2674200, at *2 (N.D. Cal. June 21, 2022) (granting motion to seal narrowly-tailored portions of documents discussing company's accounting practices); *Adtrader Inc. v. Google LLC*, 2020 WL 6389186, at *2 (N.D. Cal. Feb. 4, 2020) (granting motion to seal portions of documents discussing "sensitive financial accounting practices and information . . . [d]isclosure of [which] could cause competitive harm to [the defendant] by providing an incomplete and misleading picture of its crediting practices and capabilities"); *Apple Inc. v. Samsung Elecs. Co. Ltd.*, 2012 WL 4120541, at *2 (N.D. Cal. Sept. 18, 2012) (granting motion to seal narrowly-tailored portions of a document "provid[ing] a detailed explanation of [the defendant's] accounting practices"); *Space Data Corp. v. Alphabet Inc.*, 2018 WL 10454864, at *2 (N.D. Cal. Feb. 26, 2018) (granting motion to seal narrowly-tailored portions of documents "relat[ing] to confidential details about . . . strategic decisions and funding"); *Adtrader, Inc. v. Google LLC*, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020) (granting motion to seal portions of document "contain[ing] highly sensitive, confidential information regarding [the defendant's] internal strategic decisions, policies, and processes"); *Contour IP Holding, LLC v. GoPro, Inc.*, No. 3:17-cv-04738-WHO, 2020 WL 10147135, at *2-3 (N.D. Cal. Oct. 26, 2020) (granting motion to redact confidential material discussing "financial information" and "[b]usiness and strategic analyses" in public filing "because it relates to subjects such as confidential sales figures, companies' positions in the market, reports to shareholders, or specific corporate decisions"); *Ramirez v. HV Glob. Mgmt. Corp.*, No. 21-CV-09955-BLF, 2023 WL 6959275, at *2 (N.D. Cal. Oct. 20, 2023) (sealing "sensitive information about . . . Defendant's sales and revenue figures"); *Hyams v. CVS Health Corp.*, 2023 WL 2960009, at *2 (N.D. Cal. Mar. 15, 2023) (sealing documents containing "business analysis, market research, and strategic planning" information); *In re Incretin-Based Therapies Prod. Liab. Litig.*, 2021 WL

| UBER'S STATEMENT ISO LEAD PL.'S ADMIN. MOT. | CASE NO. 3:19-CV-06361-RS |
|---|---|

873290, at *2 n.2 (S.D. Cal. Mar. 9, 2021) (sealing documents containing "internal regulatory and safety analyses, and confidential regulatory strategies and communications"). Additionally, courts also redact information that, if disclosed, would cause competitive harm. *See In re NCAA Student-Athlete Name and Likeness Licensing Litig.*, No. 09-cv-01967 CW (NC), 2013 WL 1997252, at *2 (N.D. Cal. May 13, 2013) (granting motion to redact material "contain[ing] confidential financial information likely to cause competitive harm if disclosed"); *DeMartini v. Microsoft Corp.*, 2023 WL 4205770, at *3 (N.D. Cal. June 26, 2023) (finding non-public confidential information concerning "internal business data, console competition research, observations about consumer behavior and engagement, and other strategy decisions" would cause injury). Further, courts in this circuit have sealed attorney declarations in full that contain confidential business information. *See Garrity Power Servs. LLC v. Samsung Elecs. Co.*, 2021 WL 3473937, at *2 (N.D. Cal. July 29, 2021) (sealing exhibits to a declaration of counsel as they "contain confidential business information and proprietary technical information . . . ."); *see also Meeker v. Meeker*, 2004 WL 2623241 (N.D. Cal. Nov. 15, 2004) (sealing supplemental declaration of counsel).

The redactions that Uber requests be made in Lead Plaintiff's Response meet these criteria and are narrowly tailored. The majority of Lead Plaintiff's Response will remain unredacted and accessible to the public. Therefore, the proposed redactions are "narrow enough as to not significantly reduce the public's understanding [of the issue] or the Court's analysis." *DeMartini*, 2023 WL 4205770, at *3.

For the foregoing reasons, pursuant to Civil Local Rules 79-5(f)(3) and (c)(1), Uber provides in the table below the narrowly tailored portions of Lead Plaintiff's Response that it requests be redacted from the publicly filed version of Lead Plaintiff's Response. Uber does not object to the public filing of any other portions of Lead Plaintiff's Response.

| Material to be Sealed and Redacted | Basis for Sealing Portion of Document |
|---|---|
| The content in the second paragraph, lines 9-10 on page 2 of Lead Plaintiff's Response, after "legal advice" and before "Gumbs Decl. § C." | This content describes confidential financial and regulatory information about Uber. Such information should be sealed to protect Uber's confidential business strategy and prevent competitive harm. *See Exeltis USA Inc. v. First* |

UBER'S STATEMENT ISO                                           CASE NO. 3:19-CV-06361-RS
LEAD PL.'S ADMIN. MOT.

4

| | |
|---|---|
| | *Databank, Inc.*, 2020 WL 2838812, at *2 (N.D. Cal. June 1, 2020) (granting a motion to seal "financial performance and company strategy"); *see also DeMartini*, 2023 WL 4205770, at *3 (finding that the public disclosure of confidential information concerning "internal business data, console competition research, observations about consumer behavior and engagement, and other strategy decisions" would cause injury); *Palantir Techs.*, 2022 WL 2674200, at *2 (granting motion to seal narrowly-tailored portions of documents discussing company's accounting practices).  There are no less restrictive alternatives to sealing. |
| The content in the second paragraph, line 8 on page 3 of Lead Plaintiff's Response, after "'legal advice'" and before "in its Quarterly Report." | This content describes confidential financial and regulatory information about Uber.  Such information should be sealed to protect Uber's confidential business strategy and prevent competitive harm.  *See Exeltis USA*, 2020 WL 2838812, at *2 (granting a motion to seal "financial performance and company strategy"); *see also DeMartini*, 2023 WL 4205770, at *3 (finding that the public disclosure of confidential information concerning "internal business data, console competition research, observations about consumer behavior and engagement, and other strategy decisions" would cause injury); *Palantir Techs.*, 2022 WL 2674200, at *2 (granting motion to seal narrowly-tailored portions of documents discussing company's accounting practices).  There are no less restrictive alternatives to sealing. |
| The content in the first paragraph, lines 2-3 on page 4 of Lead Plaintiff's Response, after "legal advice" and before "Gumbs Decl. § D." | This content describes confidential financial and regulatory information about Uber.  Such information should be sealed to protect Uber's confidential business strategy and prevent competitive harm.  *See Exeltis USA*, 2020 WL 2838812, at *2 (granting a motion to seal "financial performance and company strategy"); *see also DeMartini*, 2023 WL 4205770, at *3 (finding that the public disclosure of confidential information concerning "internal business data, console competition research, observations about consumer behavior and engagement, and other strategy decisions" would cause injury); *Palantir Techs.*, 2022 WL 2674200, at *2 (granting motion to seal narrowly-tailored portions of documents discussing company's accounting practices). There are no less restrictive alternatives to sealing. |
| The content in the first paragraph, line 4 on page 4 of Lead Plaintiff's Response, | This content describes confidential financial and regulatory information about Uber.  Such information should be sealed to protect Uber's |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | after "legal advice as to" and before "*Id.* ¶ 14." | confidential business strategy and prevent competitive harm. *See Exeltis USA*, 2020 WL 2838812, at *2 (granting a motion to seal "financial performance and company strategy")*; see also DeMartini*, 2023 WL 4205770, at *3 (finding that the public disclosure of confidential information concerning "internal business data, console competition research, observations about consumer behavior and engagement, and other strategy decisions" would cause injury); *Palantir Techs.*, 2022 WL 2674200, at *2 (granting motion to seal narrowly-tailored portions of documents discussing company's accounting practices). There are no less restrictive alternatives to sealing. |
| 9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17 | The content in the first paragraph, lines 5-6 on page 4 of Lead Plaintiff's Response, after "concerns whether" and before "— a discussion." | This content describes confidential financial and regulatory information about Uber. Such information should be sealed to protect Uber's confidential business strategy and prevent competitive harm. *See Exeltis USA*, 2020 WL 2838812, at *2 (granting a motion to seal "financial performance and company strategy")*; see also DeMartini*, 2023 WL 4205770, at *3 (finding that the public disclosure of confidential information concerning "internal business data, console competition research, observations about consumer behavior and engagement, and other strategy decisions" would cause injury); *Palantir Techs.*, 2022 WL 2674200, at *2 (granting motion to seal narrowly-tailored portions of documents discussing company's accounting practices). There are no less restrictive alternatives to sealing. |
| 18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26 | The content in the first paragraph, lines 7-8 on page 4 of Lead Plaintiff's Response, after "address how" and before "is legal advice." | This content describes confidential financial and regulatory information about Uber. Such information should be sealed to protect Uber's confidential business strategy and prevent competitive harm. *See Exeltis USA*, 2020 WL 2838812, at *2 (granting a motion to seal "financial performance and company strategy")*; see also DeMartini*, 2023 WL 4205770, at *3 (finding that the public disclosure of confidential information concerning "internal business data, console competition research, observations about consumer behavior and engagement, and other strategy decisions" would cause injury); *Palantir Techs.*, 2022 WL 2674200, at *2 (granting motion to seal narrowly-tailored portions of documents discussing company's accounting practices). There are no less restrictive alternatives to sealing. |
| 27 | The content in the third paragraph, lines 16-17 on page 4 of Lead Plaintiff's | This content describes confidential financial and regulatory information about Uber. Such |

| | | |
|---|---|---|
| | Response, after "in connection with" and before "Gumbs Decl. ¶ 15." | information should be sealed to protect Uber's confidential business strategy and prevent competitive harm. *See Exeltis USA*, 2020 WL 2838812, at *2 (granting a motion to seal "financial performance and company strategy"); *see also DeMartini*, 2023 WL 4205770, at *3 (finding that the public disclosure of confidential information concerning "internal business data, console competition research, observations about consumer behavior and engagement, and other strategy decisions" would cause injury); *Palantir Techs.*, 2022 WL 2674200, at *2 (granting motion to seal narrowly-tailored portions of documents discussing company's accounting practices). There are no less restrictive alternatives to sealing. |
| | The content in the fourth paragraph, lines 23-24 on page 5 of Lead Plaintiff's Response, after "fairness of" and before "two weeks." | This content describes confidential financial and regulatory information about Uber. Such information should be sealed to protect Uber's confidential business strategy and prevent competitive harm. *See Exeltis USA*, 2020 WL 2838812, at *2 (granting a motion to seal "financial performance and company strategy"); *see also DeMartini*, 2023 WL 4205770, at *3 (finding that the public disclosure of confidential information concerning "internal business data, console competition research, observations about consumer behavior and engagement, and other strategy decisions" would cause injury); *Palantir Techs.*, 2022 WL 2674200, at *2 (granting motion to seal narrowly-tailored portions of documents discussing company's accounting practices). There are no less restrictive alternatives to sealing. |

**CONCLUSION**

Accordingly, Uber respectfully requests that the Court order that the quotations from and descriptions of confidential information from the Declarations in Lead Plaintiff's Response as noted in the chart above be redacted from the publicly filed copy of Lead Plaintiff's Response.

DATED: February 12, 2024          SHEARMAN & STERLING LLP

By:    */s/ Daniel H.R. Laguardia*
           Daniel H.R. Laguardia

*Attorneys for Defendants Uber Technologies, Inc., Dara Khosrowshahi, Nelson Chai, Glen Ceremony, Ronald Sugar, Ursula Burns, Garrett Camp, Matt Cohler, Ryan Graves, Arianna Huffington, Travis Kalanick, Wan Ling Martello, H.E. Yasir Al-Rumayyan, John Thain and David Trujillo*