**LABATON KELLER SUCHAROW LLP**
Jonathan Gardner (admitted *pro hac vice*)
Alfred L. Fatale III (admitted *pro hac vice*)
Joseph N. Cotilletta (admitted *pro hac vice*)
Beth C. Khinchuk (admitted *pro hac vice*)
Charles J. Stiene (admitted *pro hac vice*)
140 Broadway, 34th Floor
New York, NY  10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
jgardner@labaton.com
afatale@labaton.com
jcotilletta@labaton.com
bkhinchuk@labaton.com
cstiene@labaton.com

*Lead Counsel for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BOSTON RETIREMENT SYSTEM, *et al.*,<br><br>                              Plaintiffs,<br><br>       v.<br><br>UBER TECHNOLOGIES, et al.,<br><br>                              Defendants. | Case No. 3:19-cv-06361-RS<br><br>**LEAD PLAINTIFF'S OPPOSITION TO UBER'S ADMINISTRATIVE MOTION TO SEAL CERTAIN PORTIONS OF UBER'S DECLARATIONS** |

Pursuant to Civil Local Rules 7-11 and 79-5 and the Stipulated Protective Order entered in this Action, dated November 20, 2020 (Dkt. No. 113), Lead Plaintiff respectfully submits this Opposition to Defendant Uber Technologies, Inc.'s ("Uber") Administrative Motion to Seal Certain Portions of Uber's Declarations ("Dkt. No. 435" and "Uber's Motion").

## I.    BACKGROUND

On November 9, 2023, Lead Plaintiff and Uber filed a joint discovery letter regarding Lead Plaintiff's motion to compel the production or seek *in camera* review of documents, over which Uber improperly asserts privilege (Dkt. No. 394). On January 11, 2024, the Court granted Lead Plaintiff's request for *in camera* review (Dkt. No. 412), ordering Uber to lodge complete, unredacted versions of the Uber Documents and provide evidence in the form of non-conclusory declarations (the "Declarations"). On January 26, 2024, contrary to the Court's rules, Uber submitted the Declarations to the Court via email, without filing them on the case docket and took no further action—even after Lead Plaintiff's counsel warned Uber's counsel the following day, and again on January 30, 2024, that this was improper. On February 23, 2024, the Court ordered Uber to file the Declarations on the case docket by March 1, 2024 (Dkt. No. 432). In another attempt to shroud in secrecy the facts underlying this matter, Uber seeks to improperly redact "generalized level" statements in the Declarations, which contain no "confidential business strategy, [and do not] address its litigation and regulatory analyses, or divulge financial and regulatory information about the company." Dkt. No. 425 at 14 (the "Order").

## II.    LEGAL STANDARD

The Ninth Circuit recognizes a "strong presumption in favor of access" and a "party seeking to seal a judicial record then bears the burden of overcoming this strong presumption." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations and quotations omitted). The court must "conscientiously balance . . . the competing interests of the public and the party who seeks to keep" the records secret. *Id.* at 1179. Although, "[f]ilings that are only tangentially related to the merits may be sealed upon a lesser showing of 'good cause,'" Uber must still "identify[] [(1)] the legitimate private or public interests that warrant

1  sealing, [(2)] the injury that will result if sealing is denied, and [(3)] why a less restrictive
2  alternative to sealing is not sufficient." *Jones v. PGA Tour, Inc.*, 2023 WL 3570000, at *1 (N.D.
3  Cal. May 18, 2023) (citing Civ. L.R. 79-5(c)(1)). None of which was identified in Uber's Motion.
4        Moreover, recently, this Court denied a request to seal documents in this case, where
5  certain "brief descriptions themselves do not reveal Uber's confidential business strategy, address
6  its litigation and regulatory analyses, or divulge financial and regulatory information about the
7  company." Order at 14. This Court did not seal "high-level" and "generalized level" descriptions,
8  some of which "primarily contained argument." *Id.* It granted the motion to seal where the exhibits
9  "reflect[ed] legal, business, accounting, and regulatory ***analyses***." *Id* (emphasis added). Here, Uber
10 defies the Order by seeking redactions to "generalized" and "high level descriptions," where no
11 actual analysis is conveyed. *Id.* As such, this Court should deny Uber's Motion.

### III.     ARGUMENT

13       ***Gumbs Declaration.*** Uber proposed five inappropriate redactions to the Gumbs
14 Declaration.[1] *See* Dkt. No. 435-1 at Ex. A ¶¶ 14, 19, 23, 27 (highlighted). The first proposed
15 redaction to the Gumbs Declaration does not reveal or contain any specific language, analysis or
16 strategy relating to Uber's public Form S-1 and its release would not cause Uber competitive harm.
17 *Id.* at p.7, ¶ 14, line 22. The second proposed redaction does not contain any strategy or analysis,
18 but simply generalizes job duties and responsibilities. *Id.* at p.8, ¶ 14, lines 1-3. The third proposed
19 redaction merely describes ordinary job duties and responsibilities of in-house counsel—it is not
20 unique to Uber. *Id.* at p.11, ¶ 19, lines 3-7. These proposed redactions also contain a vague, "high-
21 level description" of certain legal topics. Order at 14; *see* Dkt. No. 435-1 at Ex. A, p.11, ¶ 19, lines
22 3-7. The fourth proposed redaction contains public information and does not provide terms, parties
23 or subject matter of any transaction. Dkt. No. 435-1 at Ex. A, p.13, ¶ 23, line 7. The fifth proposed

---

[1] On February 29, 2024, Lead Plaintiff and Uber met and conferred regarding the issue at hand. Despite the case law being inapposite, and while reserving rights as to all other matters, Lead Plaintiff agreed to stipulate to the redaction of one highlighted word in the Declaration of Keir Gumbs ("Gumbs Declaration") located at: page 13, ¶ 23, lines 8, 10, 13; page 13, ¶ 24, lines 19, 20; page 14, ¶ 24, lines 1, 2, 4, 7, 8, 12, 15, 18; page 14, ¶ 25, line 20; page 15, ¶ 25, lines 2, 4, 12; and page 15, ¶ 26, lines 15, 16. Dkt. No. 435-1 at Ex. A.

redaction does not contain actual underlying legal strategy or analysis, nor does it reveal confidential business information. *Id.* at p.16, ¶ 27, lines 3-4. Rather it is a generalized description of public guidelines. *See id.*

The proposed redactions to the Gumbs Declaration should be denied because they do not "describe confidential financial and regulatory information about Uber and related corporate decision-making." Dkt. No. 435 at 3. Nor do they contain specifics about "financial performance," internal business data, or "company strategy." *See Exeltis USA Inc. v. First Databank, Inc.*, 2020 WL 2838812, at *2 (N.D. Cal. June 1, 2020); *see also DeMartini v. Microsoft Corp.*, 2023 WL 4205770, at *3 (N.D. Cal. June 26, 2023). Rather, the proposed redactions contain vague, generalized descriptions of non-privileged information. *See* Dkt. No. 435-1 at Ex. A (highlighted).

Further, the cases Uber cites to support its Gumbs Declaration argument are factually dissimilar and do not support its position. *See e.g., Jones*, 2023 WL 3570000 (sealing privilege log descriptions that contained personally identifiable information, confidential communications, and communications with government officials, unlike here); *Palantir Techs. Inc. v. Abramowitz*, 2022 WL 2674200, at *2 (N.D. Cal. June 21, 2022) (sealing portions of documents that provided insight into the Company's "financial statements, overhead costs, and accounting practices," unlike here).

Uber's proposed redactions to the Gumbs Declaration are plainly contradictory to the Order and should be denied. *See* Order at 13-14.

**Binnings Declaration.** Uber proposed three inappropriate redactions to the Declaration of Scott Binnings ("Binnings Declaration"). *See* Dkt. No. 435-1 at Ex. B, p.2, ¶ 3 (highlighted). The proposed redactions do not "describe Uber's confidential business information about safety, regulatory, and litigation analyses, the contours of pending litigation, [or] related legal and business strategy that were the subject of legal advice." Dkt. No. 435 at 4; *see* Dkt. No. 435-1 at Ex. B, p.2, ¶ 3, lines 10, 12-13, 17-19. They do not disclose the actual contents of documents, and the mere fact that a document exists is not confidential or privileged information, nor is it "sensitive proprietary information." *Deluca v. Farmers Ins. Exch.*, 2019 WL 13202012, at 2 (N.D. Cal. May 15, 2019); *see* Dkt. No. 435 at 4; *see also* Dkt. No. 435-1 at Ex. B, p.2, ¶ 3, lines 10, 12-13, 17-19.

1  Indeed, the public can access the described document on Uber's public website, and today, nearly
2  five years after the IPO, the public is well aware of information contained in these redactions. *See*
3  Dkt. No. 435 at 4; *see also* Dkt. No. 435-1 at Ex. B, p.2, ¶ 3, line 10. Moreover, some of these
4  proposed redactions state mere general job duties and responsibilities. *See* Dkt. No. 435-1 at Ex.
5  B, p.2, ¶ 3, lines 12-13, 17-19; *see also In re Incretin-Based Therapies Prod. Liab. Litig.*, 2021
6  WL 873290, at *2 (S.D. Cal. Mar. 9, 2021) (sealing the defendants' "***internal*** regulatory and safety
7  analyses" where, unlike here, the plaintiffs do not contest and the defendants "are avid competitors
8  of each other and of other companies in the highly competitive pharmaceutical industry for
9  diabetes medicines") (emphasis added). Uber's proposed redactions to the Binnings Declaration
10 are plainly contradictory to the Order and should be denied. *See* Order at 13-14.

11      ***Waitzman Declaration.*** Uber proposed six inappropriate redactions to the Declaration of
12 Kathleen Waitzman ("Waitzman Declaration") that are nearly identical. *See* Dkt. No. 435-1 at Ex.
13 C ¶¶ 2, 4-7 (highlighted). These proposed redactions should be rejected because they do not reveal
14 "confidential regulatory analyses that were the subject of legal advice." Dkt. No. 435 at 4; *see id*.
15 They also do not identify specific past, current, or potential litigation. *See id.* Further, they include
16 no "confidential regulatory analyses," as Uber attempts to argue. *See id.* Uber instead seeks to
17 redact mere job duties and responsibilities. *See e.g.,* Dkt. No. 435-1 at Ex. C ¶¶ 2, 4 (highlighted).
18 The proposed redactions to the Waitzman Declaration are plainly contradictory to the Order and
19 should be denied. *See* Order at 13-14.

20                    **IV.    CONCLUSION**

21      For the foregoing reasons, this Court should deny Uber's Motion in full and grant such
22 other and further relief that this Court may deem just and proper.

| | |
|---|---|
| Dated: March 5, 2024 | Respectfully Submitted, |
| | **LABATON KELLER SUCHAROW LLP** |
| | By: */s/ Alfred L. Fatale III* |
| | Jonathan Gardner (admitted *pro hac vice*)<br>Alfred L. Fatale III (admitted *pro hac vice*)<br>Joseph N. Cotilletta (admitted *pro hac vice*)<br>Beth C. Khinchuk (admitted *pro hac vice*)<br>Charles J. Stiene (admitted *pro hac vice*)<br>140 Broadway<br>New York, NY 10005<br>Telephone: (212) 907-0700<br>Fax: (212) 818-0477<br>Email: jgardner@labaton.com<br>          afatale@labaton.com<br>          jcotilletta@labaton.com<br>          bkhinchuk@labaton.com<br>          cstiene@labaton.com |
| | *Lead Counsel for Lead Plaintiff and the Class* |
| | LEVI & KORSINSKY, LLP<br>Gregory M. Nespole (admitted *pro hac vice*)<br>Daniel Tepper (admitted *pro hac vice*)<br>Correy A. Suk (admitted *pro hac vice*)<br>55 Broadway, Suite 427<br>New York, NY 10006<br>Telephone: (212) 363-7500<br>Facsimile: (212) 363-7171<br>Email: gnespole@zlk.com<br>          dtepper@zlk.com<br>          ckamin@zlk.com |
| | LEVI & KORSINSKY, LLP<br>Adam M. Apton<br>75 Broadway, Suite 200<br>San Francisco, CA 94111<br>Telephone: (415) 373-1671<br>Facsimile: (415) 484-1294<br>Email: aapton@zlk.com |
| | *Liaison Counsel for Lead Plaintiff Boston Retirement System* |
| | SCOTT+SCOTT ATTORNEYS AT LAW LLP |

5

LEAD PLAINTIFF'S OPPOSITION TO UBER'S ADMINISTRATIVE MOTION TO SEAL
CERTAIN PORTIONS OF UBER'S DECLARATIONS
CASE NO: 3:19-CV-06361-RS

John T. Jasnoch
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
Email: jjasnoch@scott-scott.com

SCOTT+SCOTT ATTORNEYS AT LAW LLP
David R. Scott
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432
Email: david.scott@scott-scott.com

SCOTT+SCOTT ATTORNEYS AT LAW LLP
William C. Fredericks
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 233-6444
Facsimile: (212) 233-6334
Email: wfredericks@scott-scott.com

ROBBINS GELLER RUDMAN & DOWD LLP
James I. Jaconette
Sara B. Polychron
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
Email: jamesj@rgrdlaw.com
        spolychron@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
Samuel H. Rudman
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: (631) 367-7100
Facsimile: (631) 367-1173
Email: srudman@rgrdlaw.com

COTCHETT, PITRE & McCARTHY, LLP
Mark C. Molumphy
Tyson Redenbarger
San Francisco Airport Office Center

|   |   |
|---|---|
| 1 | 840 Malcolm Road, Suite 200 |
| 2 | Burlingame, CA 94010 |
|   | Telephone: (650) 697-6000 |
| 3 | Facsimile: (650) 697-0577 |
|   | Email: mmolumphy@cpmlegal.com |
| 4 | tredenbarger@cpmlegal.com |

*Counsel for Class Representatives David Messinger, Ellie Marie Toronto ESA, and Irving S. and Judith Braun*

7

LEAD PLAINTIFF'S OPPOSITION TO UBER'S ADMINISTRATIVE MOTION TO SEAL
CERTAIN PORTIONS OF UBER'S DECLARATIONS
CASE NO: 3:19-CV-06361-RS