November 9, 2023                                                                                                              <u>Via ECF</u>

Hon. Donna M. Ryu
U.S. District Court, Northern District of California
Ronald V. Dellums Fed. Bldg. & U.S. Courthouse
1301 Clay Street
Oakland, California 94612

RE:   <u>Boston Retirement System v. Uber Technologies, Inc.</u>, No. 3:19-cv-06361-RS (N.D. Cal.)

Dear Judge Ryu:

Lead Plaintiff Boston Retirement System ("BRS") and defendant Uber Technologies, Inc. ("Uber") respectfully submit this letter regarding BRS's motion to compel certain documents from Uber's privilege log (the "Log") that Uber asserts are protected by attorney-client privilege. In the alternative, BRS seeks *in camera* inspection of the documents. Counsel have conferred numerous times per this Court's instruction and were able to significantly narrow the parties' disputes by agreement, but a dispute remains as to 12 documents. ECF. No. 366. The fact discovery cutoff was September 20, 2023, and dispositive pretrial motions are due June 12, 2024. ECF No. 376. Trial has been set for January 27, 2025.

**I.    Lead Plaintiff's Statement**

After many meet and confers, BRS has significantly reduced its challenges from approximately 340 documents to 12 documents. BRS seeks the production of these 12 highly relevant documents that Uber has improperly withheld or redacted for privilege because the documents relate to business advice, convey factual information, or contain blanket redactions. Uber cannot meet its burden that these documents should be protected because it cannot "establish[] the [existence of an attorney-client] relationship *and* the privileged nature of the communication." *United States v. Ruehle,* 583 F.3d 600, 607 (9th Cir. 2009). "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *Id*. "The party asserting the privilege bears the burden of proving each essential element [of the eight-part test]." *Id.* at 607-08.

***Uber improperly redacted or withheld documents where the information conveyed business-related advice***. "The [attorney-client] privilege does not protect an attorney's business advice." *Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 867 (N.D. Cal. 2019). "Dual purpose" communications containing both business and legal advice will not be privileged unless the legal advice *predominates* over the business advice. *See Shenwick v. Twitter, Inc.*, 2018 WL 5750119, at *2 (N.D. Cal. Oct. 30, 2018). Log Nos. 4941 (UBER_00606327) and 10228 (UBER_00719950) are virtually identical email chains concerning ████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████. The email is primarily between non-attorneys and contains a redaction at bates 339 or 951 of text written by in-house counsel. However, there is no request for legal advice before or after the communication (or even acknowledgement of the communication). The non-attorney communications concern ████ ████████████████████████████████████████████████, which is a business

decision. Given the scattered input from in-house counsel and the lack of acknowledgment of that input, it appears to be mere business advice. "Unlike communications with outside counsel…there is no presumption that communications with in-house counsel are protected by attorney-client privilege." *Dolby*, 402 F. Supp. 3d at 866. At bates 328, there is a single redaction from Mr. Chai: "Yes looks good [redacted]." Given the small size of the redaction and the subsequent conversation with non-attorneys, who do not acknowledge the comment, the redaction does not appear to be a request for legal advice. Log No. 13741 (UBER_00803607) is a document titled "ELT [Executive Leadership Team] Offsite Notes" with a blanket redaction under "IPO Timing and Process Part," a business-related activity. *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, 342 F.R.D. 461, 494 (C.D. Cal. 2022) ("Blanket assertions of the attorney-client privilege are 'extremely disfavored' in the Ninth Circuit.") (citing *Clarke v. Am. Com. Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992)).

Many of the challenged documents relate to general accounting or finance issues. Log Nos. 1887-89 are withheld and labeled as "confidential e-mail [or attachments] providing legal advice from in-house counsel Andrew Glickman re: segment reporting analysis." Segment reporting is an accounting principle and analysis under ASC 280 and the subject line of the entry indicates that the communication and documents relate to a "Segment Reporting Summary." The summary of accounting information is not legal advice and Uber does not designate this material as protected by work product. *Anastasion v. Credit Serv. of Logan, Inc.*, 2010 WL 94008, at *2 (D. Utah Jan. 8, 2010) ("Unless the records Plaintiff seeks from Movant contain some type of legal advice or strategy, rather than merely summary accounting and bookkeeping information, they would not be protected by the attorney-client privilege."). Communications regarding regulatory compliance are not per se privileged. *LD v. United Behav. Health*, No. 2022 WL 17408010, at *9 (N.D. Cal. Dec. 2, 2022) ("description of the DOL requests for information and related communications was insufficient to show that communications were primarily for a legal purpose[.]"). Moreover, the attachments are not privileged. *LightGuard Sys., Inc. v. Spot Devices, Inc.,* 281 F.R.D. 593, 603-05 (D. Nev. 2012) (finding financial reports and PowerPoint presentations not protected because attorney-client privilege protects communications seeking legal advice, not communications related to the subject matter on which the legal advice is based). Log Nos. 4816 (UBER_00605296) and 10185 (UBER_00719098) are identical emails between Mr. Ceremony and Mr. Chai concerning segment reporting where the conversations are completely redacted and provide no context. *RG Abrams*, 342 F.R.D. at 494. Moreover, in-house counsel is merely copied to the email, which is insufficient for the privilege to apply given the lack of the presumption of protection afforded to in-house counsel, *Dolby*, 402 F. Supp. 3d at 866, and that protections are not afforded to a communication merely because an attorney is copied on the communication. *See Eventbrite, Inc. v. M.R.G. Concerts Ltd.*, 2021 WL 3286827, at *2 (N.D. Cal. Aug. 2, 2021).

***Uber improperly redacted documents that clearly convey mere factual information***. Log No. 1998 (UBER_00836679) is an excel sheet showing each meeting related to the IPO in 2019 where redactions are primarily found on rows under the column titled "Action/Event/Meeting," which is merely the subject matter of the meeting (not the provision or receipt of legal advice). For example, disclosed entries in this column clearly show mundane subject matter associated with the meeting such as "Uber files publicly," "IPO All Hands – Dara/Nelson Host," and "Comms press release on pricing." Log No. 9497 (UBER_00835061) is a PowerPoint titled "Safety Report Review Update September 16, 2019" and is heavily redacted throughout. The following redactions are all underlying fact: bates 062 (contents of "Agenda" slide); bates 064 (entire slide after title slide

"Progress to Date"); bates 067-68 (two entire slides after title slide "Draft Data Set"); bates 071-75 (entirety of 5 slides after title slide "Stakeholder Plans"). The PowerPoints and excel sheets at issue are simply not privileged. *Scalia v. Int'l Longshore & Warehouse Union*, 336 F.R.D. 603 (N.D. Cal. 2020) ("privilege protects only communications, and not underlying facts.") (citing *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981)); *see LightGuard*, 281 F.R.D. at 603-05. Log No. 14326 (UBER_00829470) is a text message conversation between Mr. Chai, Mr. Ceremony and in-house counsel regarding ▮▮▮▮▮. However, redactions at 6:40 pm have no context and the redaction at 7:54 pm appears to ▮▮▮▮▮. These messages appear to convey mere fact. Log No. 14345 (UBER_00830732) are meeting minutes and materials of ▮▮▮▮▮. Apparently, this redaction is not based on privilege, but on relevancy, as ▮▮▮▮▮. Even if true, this document should still be produced without redactions because relevancy redactions are prohibited. *Kellman v. Whole Foods Mkt. California, Inc.*, 2021 WL 4476779, at *2 (N.D. Cal. Sept. 30, 2021) (prohibiting redactions based on responsiveness or relevancy). Moreover, the redaction at bates 751 redacting "D&O Update" in the subcommittee meeting minutes is inappropriate because it merely summarizes insurance coverage for the directors and officers of Uber.

Based on the foregoing, this Court should order Uber to produce these documents in full. Alternatively, this Court should perform an *in camera* inspection. To obtain such relief, a "party challenging an assertion of privilege must 'show a factual basis sufficient to support a reasonable, good faith belief that in camera inspection may reveal evidence that information in the materials is not privileged' … this burden [i]s 'minimal.'" *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 2019 WL 1589974, at *2 (N.D. Cal. Apr. 11, 2019); *Dolby*, 402 F. Supp. 3d at 861 (sample of 15 documents reviewed). BRS met the minimal burden here because the circumstantial evidence above, at minimum, shows mere communication of fact or business-related advice. Further, only an *in camera* review can properly vet Uber's assertions as to its blanket redactions without context. BRS's narrow challenge of 12 highly relevant documents, totaling approximately 20 pages of redactions, coupled with Uber's failure to create a strong enough inference to blanket these documents in privilege, further warrants *in camera* review here.

## II.   Uber's Statement

The documents at issue contain or reveal confidential attorney-client communications made for the purpose of seeking or rendering legal advice regarding regulatory filings, financial disclosure regulations, or passenger safety issues potentially giving rise to legal liability. Contrary to BRS's distortions, Uber has not withheld or redacted "business advice," and whether legal advice is "business-related" is irrelevant. Nor is Uber required to disclose facts within privileged communications, which in this case were compiled or conveyed for purposes of seeking or rendering legal advice.

***Communications with a primary purpose of seeking or providing legal advice regarding draft disclosures are privileged.*** Communications "to facilitate counsel's role in providing legal advice as to [a] company's disclosures" are privileged. *In re Banc of Cal. Sec. Litig.*, 2018 WL 6167907, at *2 (C.D. Cal. Nov. 26, 2018). "When a client sends a draft disclosure document to an attorney

for comment or input, the attorney-client privilege attaches to the draft and remains intact even after the final document is disclosed," *id.*, even if "[the] document [was] prepared for a business purpose," *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 329 F.R.D. 656, 662 (D. Or. 2019). Contrary to BRS's contention, "[t]he determination of what information should be disclosed for compliance [with securities laws and regulations] is not merely a business operation, but a legal concern." *Roth v. Aon Corp.*, 254 F.R.D. 538, 541 (N.D. Ill. 2009). Thus, communications for the purpose of receiving or rendering legal advice relating to "crafting a proxy statement that complies with securities laws" are privileged. *NECA-IBEW Pension Tr. Fund v. Precision Castparts Corp.*, 2019 WL 4750251, at *2 (D. Or. Sept. 27, 2019). "Counsel [may also] render[] legal advice throughout the process of structuring and implementing [a] transaction." *U.S. v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1069 (N.D. Cal. 2002). Here, **the at-issue portions of the documents at Log Nos. 1887–89, 4816, 4941, 10185, 10228, and 13741 contain and/or reveal Uber's attorney-client communications for the purpose of receiving or providing legal advice regarding regulatory disclosures or filings, including compliance with SEC regulations regarding financial reporting**. That the portions concern Uber's business (or may implicate accounting issues) is irrelevant. "A client is entitled to hire a lawyer, and have his secrets kept, for legal advice regarding the client's business affairs." *U.S. v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996); *see also Staley v. Gilead Scis., Inc.*, 2021 WL 4318403, at *2 (N.D. Cal. July 16, 2021) ("[P]rivilege can still obtain even where a business decision is implicated.").

BRS's characterization of the email chains at **Log Nos. 4941 and 10228** as "primarily between non-attorneys" is a red herring; the targeted redactions at issue are in emails from an attorney or describe discussions with the attorney. Similarly, BRS's complaint that the request for legal advice is not explicit is irrelevant; a privileged "request for legal advice need not be express." *Gramercy Grp., Inc. v. D.A. Builders, LLC*, 2017 WL 5179530, at *3 (D. Haw. Nov. 8, 2017); *see also Karl Storz Endoscopy-Am., Inc. v Stryker Corp.*, 2010 WL 727220, at *2 (N.D. Cal. Mar. 1, 2010). BRS's argument that **Log Nos. 4816 and 10185** are not privileged because an in-house lawyer is merely copied likewise fails. The in-house lawyer was explicitly addressed in the first email in the chain. And even if he was not, non-lawyer communications are privileged if, for example, they discuss the "intent to seek legal advice about a particular issue," *Datel Holdings Ltd. v. Microsoft Corp.*, 2011 WL 866993, at *5 (N.D. Cal. Mar. 11, 2011), or had "the purposes of transmitting information to legal counsel so they may provide legal advice," *Stevens v. Corelogic, Inc.*, 2016 WL 397936, at *7 (S.D. Cal. Feb. 2, 2016), which is contrary to BRS's misreading of *Eventbrite, Inc. v. M.R.G. Concerts Ltd.*, 2021 WL 3286827, at *2 (N.D. Cal. Aug. 2, 2021). BRS's attempt to characterize the attorney communications at **Log Nos. 1887-89** as merely relating to "segment reporting" ignores that segment reporting implicates SEC disclosure issues for which Uber needed *legal* advice. Unlike in *Anastasion v. Credit Serv. of Logan, Inc.*, 2010 WL 94008, at *2 (D. Utah Jan. 8, 2010), these materials are not just mere "financial summaries," and unlike in *LightGuard Sys., Inc. v. Spot Devices, Inc.*, 281 F.R.D. 593, 605 (D. Nev. 2012), there are no waiver issues and no dispute that these are confidential communications with attorneys. These issues "require[d] a knowledge of [] law beyond that possessed by [accountants]" and thus make the "lawyer's assistance . . . legal in nature." *Roseville Emps.' Ret. Sys. v. Apple Inc.*, 2022 WL 3083000, at *10 n.5 (N.D. Cal. Aug. 3, 2022). The redaction in **Log No. 13741** is likewise proper because it involves legal advice regarding Uber's IPO and preparation of required regulatory filings. Finally, BRS's reliance on *Dolby* and *Shenwick* is inappropriate because the documents here involve attorney-client communications for purposes of obtaining legal advice.

4

*See Dolby*, 402 F. Supp. 3d at 872 (communication related to business impact of removing certain technology from a product); *Shenwick*, 2018 WL 5750119, at *2.

***Communications about factual information to obtain or render legal advice are privileged.*** Information compiled by non-attorneys "for the purpose of seeking legal advice and later communicated to counsel are protected by [the] attorney-client privilege." *AT&T Corp. v. Microsoft Corp.*, 2003 WL 21212614, at *3 (N.D. Cal. Apr. 18, 2003) (citation omitted); *see also U.S. ex rel. Schmuckley v. Rite Aid Corp.*, 2023 WL 425841, at *2 (E.D. Cal. Jan. 26, 2023) (collecting cases); *Roseville*, 2022 WL 3083000, at *25. The same is true for "communications *about* facts that relate to potential legal liability" of the type at issue here. *See Roseville*, 2022 WL 3083000, at *14; *see also Fox v. Shinseki*, 2013 WL 11319070, at *5-6 (N.D. Cal. June 11, 2013). And it is wrong to state that "PowerPoints and excel sheets are simply not privileged." *See*, *e.g.*, *Hart v. TWC Prod. & Tech. LLC*, 2022 WL 1529407, at *2 (N.D. Cal. Apr. 11, 2022); *U.S. v. Electron Hydro LLC*, 2021 WL 1909800, at *9 (W.D. Wash. May 12, 2021). The redacted portions of the documents at **Log Nos. 1998, 14326 and 14345** contain and/or reveal attorney-client communications for the purpose of receiving or providing legal advice regarding regulatory disclosures or filings, including compliance with SEC regulations regarding financial reporting. The redacted portions of **Log No. 9497** contain and/or reveal attorney-client communications for the purpose of receiving or providing legal advice regarding passenger safety issues that could give rise to potential legal liability. **Log No. 1998** is privileged regardless of whether the redactions are under the "Action/Event/Meeting" column because "[m]aterials . . . that reflect matters about which the client intends to seek legal advice are comparable to notes a client would make to prepare for a meeting with her lawyer . . . . It would undermine the purpose of the attorney-client privilege not to extend protection to such notes." *ChevronTexaco*, 241 F. Supp. 2d at 1077. The same goes for the redactions in **Log No. 9497**. The "overall tenor" and contents of **Log No. 14326** clearly indicate that they relate to SEC disclosures and compliance—underlying requests or provisions of legal advice and discussions of factual information embedded in such communications are protected by the attorney-client privilege. *See Karl*, 2010 WL 727220, at *2. And the redacted material at **Log No. 14345** "directly [and] indirectly reveal[s] communications of a confidential nature by [Uber] to [its] attorney[s]." *U.S. v. Christensen*, 828 F.3d 763, 802 (9th Cir. 2015).

These documents were not prepared in the normal course of business and do not constitute mere factual information. Instead, they were prepared at the direction of counsel, or for purposes of seeking or providing legal advice, and are protected from disclosure by the attorney-client privilege. *See, e.g.*, *AT&T*, 2003 WL 21212614, at *3 (documents containing factual analysis privileged because they addressed matters upon which party intended to seek legal advice). BRS's own cases reinforce this point. *See Upjohn*, 449 U.S. at 395–96 ("[T]he protection of the privilege extends . . . to *communications* . . . . A fact is one thing and a communication concerning that fact is an entirely different thing.") (citation and quotation marks omitted); *Dolby*, 402 F. Supp. 3d at 869 (analysis or opinions about facts for the purpose of seeking legal advice are privileged).

In sum, BRS's challenges to the Log are baseless and fail to demonstrate any need for in camera review. *See AT&T*, 2003 WL 21212614, at *8; *see also In re Grand Jury Investigation*, 974 F.2d 1068, 1075 (9th Cir. 1992). If the Court is nevertheless inclined to entertain BRS's challenges or request for in camera review, Uber respectfully requests full briefing of the dispute.

BRS's counsel and counsel for Uber attest that they have met and conferred regarding these discovery issues, with the last meet and confer occurring on November 8, 2023. Uber requests oral argument. BRS believes this matter should be decided on the written submission herein, or via in camera review of the limited documents being presented to this Court.

Respectfully submitted,

| LABATON SUCHAROW LLP | SHEARMAN & STERLING LLP |
|---|---|
| By: /s/ Alfred L. Fatale III | By: /s/ Daniel H.R. Laguardia |

Jonathan Gardner (admitted *pro hac vice*)
Alfred L. Fatale III (admitted *pro hac vice*)
Joseph N. Cotilletta (admitted *pro hac vice*)
Beth C. Khinchuk (admitted *pro hac vice*)
Charles J. Stiene (admitted *pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: jgardner@labaton.com
    afatale@labaton.com
    jcotilletta@labaton.com
    bkhinchuk@labaton.com
    cstiene@labaton.com

*Lead Counsel for the Class*

LEVI & KORSINSKY LLP
Gregory M. Nespole (admitted *pro hac vice*)
55 Broadway, 10th Floor
New York, NY 10006
Telephone: (212) 363-7500
Facsimile: (212) 363-1294
Email: gnespole@zlk.com

   -and-

Adam M. Apton (SBN 316506)
388 Market Street, Suite 1300
San Francisco, CA 94111
Telephone: (415) 373-1671
Facsimile: (415) 484-1294
Email: aapton@zlk.com

*Liaison Counsel for Lead Plaintiff Boston Retirement System*

Daniel H.R. Laguardia (SBN 314654)
535 Mission Street, 25th Floor
San Francisco, CA 94105-2997
Telephone: (415) 616-1100
Facsimile: (415) 616-1199
Email: daniel.laguardia@shearman.com

   -and-

Paula Anderson (*admitted pro hac vice*)
Agnès Dunogué (*admitted pro hac vice*)
Dennis D. Kitt (*admitted pro hac vice*)
599 Lexington Avenue
New York, NY 10022-6069
Telephone: 212.848.4000
Facsimile: 212.848.7179
Email: paula.anderson@shearman.com
    agnes.dunogue@shearman.com
    dennis.kitt@shearman.com

*Attorneys for Defendants Uber Technologies, Inc., Dara Khosrowshahi, Nelson Chai, Glen Ceremony, Ronald Sugar, Ursula Burns, Garrett Camp, Matt Cohler, Ryan Graves, Arianna Huffington, Travis Kalanick, Wan Ling Martello, Yasir Al-Rumayyan, John Thain, and David Trujillo*

Cc:  All Counsel of Record (*via ECF*)

## ECF ATTESTATION

Pursuant to Civil L.R. 5-1(i)(3), the filer attests that concurrence in the filing of this document has been obtained from each of the other signatories thereto.

Executed this 9th day of November, 2023.

*/s/ Alfred L. Fatale III*