# EXHIBIT 1

EXECUTION VERSION

Jonathan Gardner (admitted *pro hac vice*)
Alfred L. Fatale III (admitted *pro hac vice*)
Joseph N. Cotilletta (admitted *pro hac vice*)
Beth C. Khinchuk (admitted *pro hac vice*)
LABATON KELLER SUCHAROW LLP
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: jgardner@labaton.com
        afatale@labaton.com
        jcotilletta@labaton.com
        bkhinchuk@labaton.com

*Class Counsel for Plaintiffs and the Class*

[*additional counsel listed on signature page*]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| BOSTON RETIREMENT SYSTEM, | Case No.:  3:19-cv-06361-RS |
| Plaintiff, | **STIPULATION AND AGREEMENT OF SETTLEMENT** |
| v. | |
| UBER TECHNOLOGIES, INC., et al., | |
| Defendants. | |

This Stipulation and Agreement of Settlement, dated as of July 19, 2024 (the "Stipulation" or "Settlement Agreement"), is entered into between: (i) Lead Plaintiff Boston Retirement System ("BRS"), David Messinger ("Messinger"), Salvatore Toronto acting on behalf of the Ellie Marie Toronto ESA ("Toronto"), and Irving S. and Judith Braun (the "Brauns") (collectively, "Class Representatives"); additional named plaintiff Joseph Cianci ("Cianci" and, together with Class Representatives, "Plaintiffs"), on behalf of themselves and the other members of the certified Class (defined below), and (ii) Uber Technologies, Inc. ("Uber" or the "Company"); Dara Khosrowshahi, Nelson Chai, Glen Ceremony, Ronald Sugar, Ursula Burns, Garrett Camp, Matt Cohler, Ryan Graves, Arianna Huffington, Travis Kalanick, Wan Ling Martello, Yasir Al-Rumayyan, John Thain, and David Trujillo (collectively, the "Individual Defendants" and, together with Uber, the "Uber Defendants"); and Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Barclays Capital Inc., Citigroup Global Markets, Inc., Allen & Company LLC, RBC Capital Markets, LLC, SunTrust Robinson Humphrey, Inc. (now known as Truist Securities, Inc.), Deutsche Bank Securities Inc., HSBC Securities (USA) Inc., SMBC Nikko Securities America, Inc., Mizuho Securities USA LLC, Needham & Company, LLC, Loop Capital Markets LLC, Siebert Cisneros Shank & Co., L.L.C., Academy Securities, Inc., BTIG, LLC, Canaccord Genuity LLC, CastleOak Securities, L.P., Cowen and Company, LLC, Evercore Group L.L.C., JMP Securities LLC, Macquarie Capital (USA) Inc., Mischler Financial Group, Inc., Oppenheimer & Co. Inc., Raymond James & Associates, Inc., William Blair & Company, L.L.C., The Williams Capital Group, L.P., and TPG Capital BD, LLC (collectively, the "Underwriter Defendants" and, together with Uber and the Individual Defendants, the "Defendants" and, together with Plaintiffs, the "Parties"), and embodies the terms and conditions of the settlement of the above-captioned litigation (the "Action") pending in the United States District Court for the Northern District of California (the "Court").  This Stipulation is intended by the Parties to fully, finally, and forever resolve, discharge, relinquish, release, waive and

dismiss with prejudice, and without costs, the Released Claims (defined below), upon and subject to the terms and conditions hereof and subject to the Court's approval.

WHEREAS:

A.     All words or terms used herein that are capitalized shall have the meanings ascribed to those words or terms as set forth herein and in ¶ 1 hereof, entitled "Definitions."

B.     On or about May 10, 2019, Uber commenced its initial public offering ("IPO").

C.     On September 25, 2019, a class action complaint was filed in the Superior Court of the State of California, County of San Francisco under the caption *Messinger v. Uber Technologies, Inc., et al.*, Case No. CGC-19-579544, asserting violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act").  Several other complaints were filed in California state court, including by plaintiffs Toronto, the Brauns, and Cianci, and such cases were eventually consolidated (the "State Court Action").

D.     On October 4, 2019, a class action complaint was filed in the United States District Court for the Northern District of California under the caption *Stirratt v. Uber Technologies, Inc., et al.,* Case No. 19-cv-06361 (ECF No. 1), asserting violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act").

E.     On October 17, 2019, notice of the Action was published pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), notifying eligible purchasers of Uber's common stock about their right to move for appointment as lead plaintiff.  ECF No. 6.

F.     On January 3, 2020, the Court appointed Boston Retirement System as Lead Plaintiff and approved its selection of Labaton Sucharow LLP (n/k/a Labaton Keller Sucharow LLP) ("Labaton") as Lead Counsel.  ECF No. 59.

G.     On March 3, 2020, Lead Plaintiff filed an Amended Class Action Complaint for Violations of the Federal Securities Laws (the "First Amended Complaint") asserting claims against Defendants under Sections 11, 12(a)(2), and 15 of the Securities Act.  In particular, the First Amended Complaint alleged that the registration statement and prospectus (the "Offering Documents") filed in connection with the IPO contained three categories of allegedly materially

false and misleading statements or omissions.  First, the First Amended Complaint alleged that the Offering Documents failed to disclose that, at the time of the IPO, (i) Uber had an alleged practice of skirting laws and regulations to expand and operate in various jurisdictions, and that its business model depended on the purported misclassification of drivers as independent contractors, rather than employees.  Second, the First Amended Complaint alleged that the Offering Documents failed to disclose, at the time of the IPO, information about passenger safety, including incidents of sexual assault and deficiencies in background check procedures for drivers.  Third, the First Amended Complaint alleged that the Offering Documents failed to disclose that, at the time of the IPO, (i) Uber had increasing losses, expenses and slowing growth, and (ii) a plan to cut costs post-IPO through layoffs that allegedly further hindered Uber's growth.

H.      On May 5, 2020, Defendants moved to dismiss the First Amended Complaint (the "First Motion to Dismiss").  ECF No. 85. After briefing, and without oral argument, on August 7, 2020, the Court denied the First Motion to Dismiss (the "First Motion to Dismiss Order") in full.  ECF No. 95.

I.      On September 18, 2020, the Uber Defendants commenced discovery against Lead Plaintiff.  During the course of the litigation, the discovery Defendants directed at Plaintiffs included requests for documents, interrogatories, notices of depositions, and requests for admission.  Plaintiffs, in due course, responded to each of the Defendants' discovery demands.

J.      On September 25, 2020, Lead Plaintiff moved for class certification, appointment of BRS as class representative, and appointment of Labaton as class counsel (the "First Class Certification Motion").  ECF No. 104.

K.      On September 30, 2020, Defendants filed their answers to the First Amended Complaint, denying all allegations of wrongdoing or damages and asserting affirmative defenses. ECF Nos. 106, 107.

L.      In October 2020, Lead Plaintiff and the Uber Defendants began discussing the possibility of exploring a mediated resolution of the Action.  Those discussions expanded to include the *Messinger* Plaintiffs (defined below).    To facilitate these discussions and

subsequently assist them in reaching a potential negotiated resolution of the Action's claims against all Defendants, Lead Plaintiff, the *Messinger* Plaintiffs, and the Uber Defendants engaged Robert A. Meyer, Esq. (the "Mediator"), a well-respected and highly experienced mediator from JAMS.

M.     On November 3, 2020, Lead Plaintiff commenced discovery against Defendants. During the course of the litigation, the discovery that Lead Plaintiff directed at Defendants included requests for documents, interrogatories, notices of depositions, and requests for admission.  In due course, Defendants responded to each of Lead Plaintiff's discovery requests.

N.     On November 16, 2020, the Superior Court of California dismissed the State Court Action on the ground of *forum non conveniens*, requiring that claims brought under the Securities Act be brought in federal court.  The dismissal was appealed by the plaintiffs in the State Court Action, but they withdrew their appeal of such dismissal.

O.     On December 5, 2020, following dismissal of their State Court Action, plaintiffs Messinger, the Brauns, Toronto, and Cianci, along with plaintiffs Varghese Pallathu, Gerald Ashford, and Johnny Ramey, the latter three of whom are not currently named as plaintiffs in this Action (the "*Messinger* Plaintiffs") filed a class action complaint alleging violations of the federal securities laws in connection with the IPO against the same Defendants named in this Action, in an action captioned *Messinger, et al. v. Uber Technologies, Inc.*, *et al.* No. 3:20-cv-08610-WHA ("*Messinger* Action").

P.     On December 16, 2020, the Court entered a stipulated order staying the Action pending mediation and ordered the Parties to engage in private mediation prior to March 31, 2021.  Thereafter, Lead Plaintiff, the *Messinger* Plaintiffs, and the Uber Defendants focused on preparing for a planned mediation session.  These preparations included the Uber Defendants producing over 8,600 pages of documents, which counsel for Lead Plaintiff and *Messinger* Plaintiffs reviewed, separate and joint pre-mediation calls with the Mediator, and the mutual exchange of thorough mediation statements.

Q.     On January 25, 2021, pursuant to Fed. R. Civ. P. 42(a), the Court granted a stipulation to consolidate the *Messinger* Action into this Action.  ECF No. 125.

R.     On March 10, 2021, counsel for Lead Plaintiff, the *Messinger* Plaintiffs, and the Uber Defendants met remotely via video conference with the Mediator for a mediation session. However, no settlement was reached at the session.

S.     On May 14, 2021, Lead Plaintiff filed the Second Amended Class Action Complaint for Violations of the Federal Securities Laws adding Messinger, Toronto, the Brauns, and Cianci to the operative pleadings (the "Second Amended Complaint"). ECF No. 137.  Other than adding additional named plaintiffs, the Second Amended Complaint alleged the same violations of Sections 11, 12(a)(2), and 15 of the Securities Act based on the same factual allegations set forth in the First Amended Complaint.

T.     On June 28, 2021, Defendants moved to dismiss the additional named plaintiffs' claims from the Second Amended Complaint on statute of limitations and other procedural grounds.  ECF No. 141.  After briefing, and without oral argument, on October 1, 2021, the Court entered an order denying the Defendants' Motion to Dismiss the Second Amended Complaint. ECF No. 172.

U.     Between August 29, 2021, and December 15, 2021, Defendants deposed ten witnesses in this Action, including Lead Plaintiff, Lead Plaintiff's investment manager, and the additional named plaintiffs.

V.     On October 15, 2021, the Uber Defendants filed an answer to the Second Amended Complaint, denying all allegations of wrongdoing or damages and asserting affirmative defenses.  ECF No. 174.  On October 22, 2021, the Underwriter Defendants filed an answer to the Second Amended Complaint, denying all allegations of wrongdoing or damages and asserting affirmative defenses.  ECF No. 178.

W.     On October 29, 2021, Lead Plaintiff filed a Revised Motion for Class Certification requesting that the Court: (1) certify a class of all persons and entities that purchased or otherwise acquired Uber's publicly traded common stock pursuant and/or traceable to the Offering

Documents for Uber's IPO, and who were damaged thereby; (2) appoint Lead Plaintiff and Messinger, Toronto, and the Brauns as class representatives; and (3) appoint Lead Counsel as class counsel. ECF No. 182. After briefing and oral argument, on July 26, 2022, the Court entered an order granting the Revised Motion for Class Certification, appointing BRS, Messinger, Toronto, and the Brauns as class representatives, and appointing Labaton as class counsel. ECF No. 217.

X.      Between June 21, 2021, and April 8, 2024, the Parties brought numerous discovery disputes to the Court for resolution, including disputes over absent class member discovery, scope of document and deposition discovery, discovery related to text messages, responses to interrogatories, responses to requests for production, responses to requests for admission, privilege logs, and documents withheld on the basis of privilege. ECF Nos. 138, 192, 223, 265, 303, 322, 326, 330, 340, 345 – 347, 349, 351, 357-359, 363, 380, 386, 394, 410, 420, 423, 424. The Court ruled on each of these matters on the basis of the Parties' letter briefing or after request for additional briefing or oral argument. ECF Nos. 232, 268, 292, 328, 337, 344, 365, 366, 368, 390, 422, 425, 412. At the time the Action was stayed for negotiations regarding this Stipulation, the Parties were in the process of briefing a dispute regarding the scope of expert reports. ECF Nos. 440, 441.

Y.      Between August 3, 2022, and December 20, 2023, Class Representatives took 26 depositions, consisting of witnesses on behalf of Uber and the Individual Defendants, and Rule 30(b)(6) corporate designees of Uber and the Underwriter Defendants.

Z.      On August 9, 2022, Defendants petitioned the U.S. Court of Appeals for the Ninth Circuit for permission to appeal the Court's class certification order under Federal Rule of Civil Procedure 23(f). *See Boston Retirement System et. al. v. Uber Technologies Inc., et al.*, No. 22-80076 (9th Cir.). After briefing, and without oral argument, on February 24, 2023, the Ninth Circuit denied the petition.

AA.     On May 12, 2023, Class Representatives filed an unopposed motion to approve the form, content, and method for providing notice of the pendency of the Action to the Class.

ECF No. 272.  On June 7, 2023, the Court entered an order approving the proposed notice of pendency program (ECF No. 291), which included the mailing of a postcard notice ("Class Postcard") to all potential Class Members who could be identified through reasonable effort, publication of a summary notice, and the posting of a long-form notice on a website created for the litigation.

BB.    Beginning on July 7, 2023, the Class Postcard was mailed to potential Class Members and a long-form notice was made available on a website created for the Action.  On July 21, 2023, a summary notice was published in *The Wall Street Journal* and distributed on the internet using *PR Newswire*.  In addition to summarizing the Action, the notices collectively provided potential class members with the opportunity to request exclusion from the Class (*i.e.*, to "opt-out"), explained that right, and set forth procedures for doing so.  The notices informed Class Members that if they did not request exclusion, they would remain a member of the Class, and that they would be bound by all Court orders, whether favorable or unfavorable.  The deadline for mailing any requests for exclusion from the Class was September 5, 2023.  Only 19 requests for exclusion from the Class were received.  ECF Nos. 342 and 401.

CC.    On August 28, 2023, the Parties exchanged witness disclosures for opening experts whom they may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.  Class Representatives disclosed one expert witness and Defendants, in total, disclosed six expert witnesses.

DD.    Beginning in February 2024, Class Representatives and the Uber Defendants again agreed to explore the possibility of a negotiated resolution of the Action with the assistance of the Mediator.

EE.    On February 1, 2024, Defendants served five expert reports, authored by Jonathan Foster regarding due diligence; René Stulz regarding financial economics, including causation of security price changes, economic materiality, damages, and information in financial markets; Jack Wiener regarding tracing and securities transactions; DeDe Church regarding safety-related reporting, policies, procedures, and investigations; and Gary Lawerence regarding underwriter

due diligence. On this same date, Class Representatives served one expert report authored by Chad Coffman on damages.

FF.     On February 14, 2024, the Parties exchanged witness disclosures for rebuttal experts whom they may use at trial. Class Representatives disclosed four expert rebuttal witnesses (William Purcell, Chad Coffman, Daniel Taylor, Jim Miller), and the Defendants disclosed one expert rebuttal witness (René M. Stulz).

GG.     On March 6, 2024, counsel for Class Representatives and the Uber Defendants met by remote means with the Mediator for a pre-mediation session during which counsel for the Uber Defendants made a presentation regarding the Class Representatives' claims and the Defendants' defenses.

HH.     On March 12, 2024, Class Representatives served four expert rebuttal reports, authored by William Purcell, Chad Coffman, Daniel Taylor, and Jim Miller.  On the same date, Defendants served one expert rebuttal report, authored by René Stulz.  The rebuttal report of William Purcell addressed the topic of director due diligence in response to the initial report of Jonathan Foster.  The rebuttal report of Chad Coffman was written on the topic of damages in response to the initial report of René Stulz.  The rebuttal report of Daniel Taylor was written on the topic of tracing shares in response to the initial report of Jack Wiener.  The rebuttal report of Jim Miller addressed the topic of Underwriter due diligence in response to the initial report of Gary Lawrence.  The rebuttal report of René Stulz was written on the topic of damages in response to the initial report of Chad Coffman.

II.     On March 18, 2024, counsel for Class Representatives and the Uber Defendants met with the Mediator again by remote means for a pre-mediation session during which counsel for Class Representatives made a presentation regarding the Class Representatives' claims and the Defendants' defenses.  On March 20, 2024, Class Representatives and the Uber Defendants exchanged extensive mediation briefs.

JJ.     On March 28, 2024, representatives of Lead Plaintiff and Uber as well as counsel for Class Representatives and the Uber Defendants, met in person for a full-day mediation with

the Mediator in an attempt to reach a settlement.  After extensive arm's length negotiations, Class Representatives and the Uber Defendants were unable to reach an agreement to settle the Action, but agreed to continue negotiations through the Mediator.

KK.     Between April 3 and April 17, 2024, Class Representatives deposed five of Defendants' experts, and Defendants deposed four of the Class Representatives' experts.

LL.     On April 22, 2024, after several one-on-one discussions between counsel for Class Representatives and the Uber Defendants, on one hand, and the Mediator, on the other hand, the Mediator issued a $200 million mediator's proposal to resolve all claims subject to the negotiation of non-financial terms for the Settlement and Court approval.  On April 23, 2024, Class Representatives and the Uber Defendants accepted the Mediator's proposal.

MM.   On April 24, 2024, the Parties filed a Stipulated Request to Stay Case Management Deadlines, while they negotiated the terms of a settlement.  ECF No. 451.  On the same day, the Court granted the requested stay.  ECF No. 452.

NN.     On June 13, 2024, the Parties filed a Joint Stipulation and [Proposed] Order to Continue the Stay of Case Management Deadlines and Adjourn the Status Conference.  ECF No. 455.  On June 14, 2024, the Court granted the extension of case management deadlines and the adjournment of the status conference.  ECF No. 456.

OO.     Prior to agreeing to settle the Action, Class Representatives and Class Counsel were well informed as to the strengths and weaknesses of their claims and the defenses thereto. During this Action, the Uber Defendants produced a total of 107,668 documents (893,997 pages) in over 70 productions. An additional 31,379 were produced by third parties, and 86,280 were produced by the Underwriter Defendants. Class Representatives reviewed substantially each document produced by Defendants.  The Uber Defendants, Underwriter Defendants, and Uber's auditor produced at least 27 privilege logs, containing at least 50,442 entries. Class Representatives reviewed substantially each entry of every privilege log produced.  Class Representatives served approximately 40 subpoenas and 140 deposition notices (including amended notices), and Defendants served approximately 28 subpoenas and 36 deposition notices

(including amended notices). In total, 46 depositions were taken, with Class Representatives taking 32 and Defendants taking 14.

PP. Class Representatives and Class Counsel believe that the claims asserted in this Action have merit and the evidence developed supports the claims asserted; however, Class Representatives and Class Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action through trial and appeals. Class Representatives and Class Counsel also have taken into account the uncertain outcome and risks in the Action, as well as the difficulties, delays, and risks inherent in any complex action such as the Action. Class Representatives and Class Counsel also are mindful of the inherent problems of proof of, and the possible defenses to, the claims alleged in the Action. Class Representatives and Class Counsel believe that the Settlement set forth in this Stipulation confers substantial monetary benefits upon the Class, subject to any further determination by the Court. Based on their evaluation, Class Representatives and Class Counsel have determined that the Settlement set forth in this Stipulation is in the best interest of Plaintiffs and the other Class Members.

QQ. Defendants have denied and continue to deny any fault, liability, or wrongdoing of any kind and that the evidence developed supports in any way the claims asserted. Defendants also have denied and continue to deny each and every of the allegations, claims, and contentions alleged by Plaintiffs, including all allegations, claims, and contentions alleged in the Second Amended Complaint. Defendants also have denied, and continue to deny, among other things, each and all of the claims alleged by Plaintiffs in the Action, including without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action or that any alleged misstatements or omissions were made. Defendants also have denied and continue to deny, among other things, the allegations that the Offering Documents contained any misstatements or omissions giving rise to any liability under the Securities Act or otherwise. Defendants further have denied and continue to deny that Plaintiffs were harmed or suffered

any loss or damages as a result of any of the conduct alleged in the Action or that could have been alleged in the Action, including the conduct alleged in the Second Amended Complaint. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

RR.    Defendants are entering into the Settlement to eliminate the burden, expense, uncertainty, distraction, and risk of further litigation.    Defendants have taken into account the expense, risks, and uncertainty inherent in any litigation and Defendants have determined that it is desirable and beneficial to them that the Action be settled in the matter and upon the terms and conditions set forth in this Stipulation.  This Stipulation, whether or not consummated,  any proceedings relating to any settlement, or any of the terms of any settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of any Defendant with respect to any claim of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in any defense that Defendants have or could have asserted.

SS.    This Stipulation (together with the exhibits hereto) reflects the final and binding agreement to settle the Action between the Parties.

NOW THEREFORE, without any concession by Plaintiffs that the Action lacks merit, and without any admission or concession by Defendants of any fault, liability, wrongdoing, or damages, or as to any lack of merit in their defenses, IT IS HEREBY STIPULATED AND AGREED, by and among the Parties to this Stipulation, through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the PSLRA, that, in consideration of the benefits flowing to the Parties hereto, all Released Claims, as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed, with prejudice and without costs (except as provided herein), upon and subject to the following terms and conditions:

**DEFINITIONS**

1.      As used in this Stipulation, the following terms shall have the meanings set forth below.  In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

(a)      "Action" means the civil action captioned *Boston Retirement System v. Uber Technologies, Inc.,* Case No. 3:19-cv-06361-RS, pending in the United States District Court for the Northern District of California before the Honorable Richard Seeborg.

(b)      "Alternative Judgment" means a form of final judgment that may be entered by the Court in a form other than the form of Judgment provided for in this Stipulation, so long as none of the Parties hereto elects to terminate the Settlement by reason of such variance and instead, each Party consents to the form of Alternative Judgment.

(c)      "Authorized Claimant" means a Class Member who submits a valid Claim Form to the Claims Administrator that is approved for payment from the Net Settlement Fund.

(d)      "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(e)      "Claims Administrator" means A.B. Data, Ltd., which is the firm previously appointed to provide all notices approved by the Court to Class Members.

(f)      "Class" or "Class Member" means all persons and entities that purchased or otherwise acquired Uber's publicly traded common stock pursuant and/or traceable to the Offering Documents for Uber's IPO, and who were damaged thereby, *i.e.,* those who purchased shares during the Traceability Period.  Excluded from the Class by definition are: (i) Defendants and the Individual Defendants' immediate family members; (ii) the officers, directors, affiliates, and subsidiaries of Uber and the Underwriter Defendants, at all relevant times; (iii) Uber's affiliates and employee retirement and/or benefit plan(s) and their participants or beneficiaries to the extent they purchased or acquired Uber common stock pursuant or traceable to the Offering

Documents through any such plan(s); (iv) any entity in which Defendants have or had a controlling interest; and (v) the legal representatives, heirs, successors, or assigns of any such excluded person or entity. Also excluded from the Class is any person or entity that requested exclusion from the Class in connection with the previously issued Class Notice who has not submitted a request to opt back into the Class or, if and only if the Court requires a second opportunity for Class Members to request exclusion from the Class or Class Counsel or the Court otherwise permits any persons or entities to be excluded from the Class, any persons and entities that exclude themselves by submitting a timely and valid request for exclusion in connection with such second opportunity. However, any "Investment Vehicle" shall not be excluded from the Class. Investment Vehicle will be defined to mean "any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange traded funds, fund of funds and hedge funds, in which the Underwriter Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but in which any Underwriter Defendant alone, or together with its respective affiliates, is not a majority owner or does not hold a majority beneficial interest."

(g)     "Class Counsel" means Labaton Keller Sucharow LLP.

(h)     "Class Notice" means the notice program that advised the Class of the pendency of the Action, consisting of, *inter alia*, the Class Postcard, the long-form Notice of Pendency of Class Action, and a summary notice for publication, which was previously authorized by Order of the Court.

(i)     "Class Postcard" means the postcard Notice of Pendency of Class Action previously authorized by the Court and mailed to Class Members beginning on July 7, 2023.

(j)     "Class Representatives" means Boston Retirement System, David Messinger, Salvatore Toronto acting on behalf of the Ellie Marie Toronto ESA, and Irving S. and Judith Braun.

(k)     "Defendants" means Uber Technologies, Inc., Dara Khosrowshahi, Nelson Chai, Glen Ceremony, Ronald Sugar, Ursula Burns, Garrett Camp, Matt Cohler, Ryan

Graves, Arianna Huffington, Travis Kalanick, Wan Ling Martello, Yasir Al-Rumayyan, John Thain, David Trujillo, Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Barclays Capital Inc., Citigroup Global Markets, Inc., Allen & Company LLC, RBC Capital Markets, LLC, SunTrust Robinson Humphrey, Inc. (now known as Truist Securities, Inc.), Deutsche Bank Securities Inc., HSBC Securities (USA) Inc., SMBC Nikko Securities America, Inc., Mizuho Securities USA LLC, Needham & Company, LLC, Loop Capital Markets LLC, Siebert Cisneros Shank & Co., L.L.C., Academy Securities, Inc., BTIG, LLC, Canaccord Genuity LLC, CastleOak Securities, L.P., Cowen and Company, LLC, Evercore Group L.L.C., JMP Securities LLC, Macquarie Capital (USA) Inc., Mischler Financial Group, Inc., Oppenheimer & Co. Inc., Raymond James & Associates, Inc., William Blair & Company, L.L.C., The Williams Capital Group, L.P., and TPG Capital BD, LLC.

(l)  "Defendants' Counsel" means the law firms of Allen Overy Shearman Sterling US LLP and Willkie Farr & Gallagher LLP.

(m)  "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶ 36 below.

(n)  "Escrow Account" means the separate escrow account maintained at Citibank, N.A. (Private Bank), wherein the Settlement Amount will be deposited and held for the benefit of the Class.

(o)  "Escrow Agent" means Class Counsel.

(p)  "Fee and Expense Application" means Class Counsel's application, to be filed on behalf of Plaintiffs' Counsel, for an award of attorneys' fees and payment of Litigation Expenses incurred in prosecuting the case, including the expenses of Plaintiffs in connection with their representation of the Class, pursuant to 15 U.S.C. § 77z-1(a)(4) of the PSLRA.

(q)  "Final," with respect to a court order, including a judgment, means the later of: (i) if there is an appeal from a court order, the date of final affirmance on appeal (or on any remand) and the expiration of the time for any further judicial review whether by appeal, request for reconsideration or petition for a *writ of certiorari* and, if *certiorari* is granted, the date

of final affirmance of the order following review pursuant to the grant; or (ii) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding on, or denial of any petition for *writ of certiorari* to review, the order; or (iii) the expiration of the time for the filing or noticing of any appeal or petition for *certiorari* from the order (or, if the date for taking an appeal or seeking review of the order shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought), without any such filing or noticing being made.  However, approval of this Stipulation and entry of final Judgment thereon pursuant to Rule 54(b) is not conditioned on and need not await any ruling by the Court pertaining solely to the Plan of Allocation, or the Court's award of attorneys' fees or expenses; and any appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation or the award of attorneys' fees and expenses shall not in any way delay or affect the time set forth above for the Judgment or Alternative Judgment to become Final or otherwise preclude the Judgment or Alternative Judgment from becoming Final.

(r)     "Immediate Family(ies)" means, as set forth in 17 C.F.R. § 229.404, children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(s)     "Individual Defendants" means Dara Khosrowshahi, Nelson Chai, Glen Ceremony, Ronald Sugar, Ursula Burns, Garrett Camp, Matt Cohler, Ryan Graves, Arianna Huffington, Travis Kalanick, Wan Ling Martello, Yasir Al-Rumayyan, John Thain, and David Trujillo.

(t)     "Judgment" means the proposed final judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.

(u)     "Lead Plaintiff" means Boston Retirement System.

(v)     "Liaison Counsel" means Levi & Korsinsky LLP.

(w)   "Litigation Expenses" means the costs and expenses incurred in connection with commencing, prosecuting, and settling the Action for which Class Counsel intend to apply to the Court for payment from the Settlement Fund, which may include the costs and expenses of Plaintiffs in connection with their representation of the Class, pursuant to 15 U.S.C. § 77z-1(a)(4) of the PSLRA.

(x)   "Mediator" means Robert Meyer of JAMS.

(y)   "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and Litigation Expenses; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other fees or expenses approved by the Court.

(z)   "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Class and the administration of the Settlement, including but not limited to: (i) providing the Class Notice and notice of the proposed Settlement by mail, publication, and other means to Class Members; (ii) receiving and reviewing Claim Forms for recovery from the Settlement Fund; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

(aa)   "Offering Documents" means the documents filed by Defendants with the Securities and Exchange Commission ("SEC") in connection with the IPO, including an April 11, 2019 registration statement on Form S-1, which following amendment, was declared effective by the SEC on May 5, 2019, and a May 9, 2019 final prospectus on Form 424(b)(4), which forms part of the registration statement.

(bb)   "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, corporation, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and

any other business or legal entity, as well as each of their spouses, heirs, predecessors, successors, representatives, agents, trustees, estates, administrators, executors, or assignees.

(cc)     "Plan of Allocation" means the Plan of Allocation for the Net Settlement Fund, which, subject to approval of the Court, shall be substantially in the form described in the Settlement Notice or any other plan of allocating the Net Settlement Fund approved by the Court.

(dd)     "Plaintiffs" means Class Representatives and Joseph Cianci.

(ee)     "Plaintiffs' Counsel" means Labaton Keller Sucharow LLP, Robbins Geller Rudman & Dowd LLP, Cotchett Pitre McCarthy LLP, Scott + Scott Attorneys at Law LLP, Levi & Korsinsky LLP, Thornton Law Firm LLP, Brager Eagel & Squire, P.C., Bottini & Bottini Inc., and the Law Offices of Curtis V. Trinko.

(ff)     "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, substantially in the form attached hereto as Exhibit A.

(gg)     "Proof of Claim" or "Claim Form" means the Proof of Claim and Release form for submitting a claim for recovery from the Settlement Fund, which shall be substantially in the form attached as Exhibit 2 to Exhibit A hereto.

(hh)     "Released Claims" means the Released Plaintiffs' Claims and the Released Defendants' Claims.

(ii)     "Released Defendant Party (Parties)" means Defendants, and each of their respective past or present or future direct or indirect parents, subsidiaries, divisions, branches, Controlling Persons, associates, entities, affiliates or joint ventures, as well as each of their respective past or present directors, officers, employees, managers, managing directors, supervisors, contractors, consultants, servants, general partners, limited partners, partnerships, members, principals, trusts, trustees, advisors, auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, fiduciaries, financial or investment advisors or consultants, banks or investment bankers, personal or legal

representatives, counsel, agents, predecessors, predecessors-in-interest, successors, assigns, spouses, heirs, executors, administrators, legal or personal representatives of each of them in their capacities as such, related or affiliated entities, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other entities in which a Defendant has or had a Controlling Interest, any Immediate Family Member of an Individual Defendant, any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, and the legal representatives, heirs, successors in interest or assigns of Defendants.

(jj)     "Released Defendants' Claims" means all claims and causes of action of any and every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiff Parties that arise out of or are connected to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement or any claim against any Person who, as of December 1, 2023, requested exclusion from the Class in connection with the Class Notice and has not opted back into the Class, and anyone else who submits a request for exclusion that is accepted by the Court.

(kk)    "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

(ll)     "Released Plaintiffs' Claims" means any and all claims, demands, losses, rights, and causes of action of every nature and description, whether known or Unknown (as defined below), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory, whether direct, representative, derivative, class, or individual in nature, and whether arising under federal, state, local, common, statutory, administrative, or foreign law, that Plaintiffs or any other member of the Class, and any and all of the Releasing Plaintiff Parties, in their capacities as such, have or could have asserted in the Action or have or could in the future assert in any forum, whether

foreign or domestic, whether brought directly or indirectly, against any of the Defendants and the Released Defendant Parties, which in any way arise out of or are based upon both (1) any of the allegations, acts, transactions, facts, matters, occurrences, representations or omissions involved, set forth, or alleged in the Action and (2) the purchase, acquisition, holding, sale, or disposition of any publicly traded Uber common stock purchased or acquired pursuant and/or traceable to the Offering Documents, including any publicly traded Uber common stock purchased or acquired during the Traceability Period.  The Released Plaintiffs' Claims also include a waiver of any rights under California Civil Code § 1542 and other similar applicable state statutes.  The release shall not include any claim(s) (i) to enforce the Settlement; (ii) of the 19 persons and entities who, as of December 1, 2023, requested exclusion in connection with the Class Notice, unless they choose to opt-back into the Class; (iii) alleged in the Amended Class Action Complaint, dated January 30, 2023, in *Cao v. Uber Technologies, Inc., et al.*, No. 22-cv-4688 (N.D. Cal.); (iv) alleged in *Fazio v. Khosrowshahi, et al.*, No. 20-cv-7916 (N.D. Cal.); (v) alleged in *Jain v. Khosrowshahi, et al.*, No. 24-cv-0403 (D. Del.) or *Feghali Foods Inc. PSP v. Khosrowshahi, et al.*, No. 24-cv-0758 (D. Del.), other than claims related to the Traceability Period, if any; or (vi) arising from shareholder demands received by Uber and/or Uber's board of directors prior to the agreement to the Confidential Term Sheet executed by the Parties on July 17, 2024 (the "Term Sheet").

             (mm)   "Released Plaintiff Party (Parties)" means Plaintiffs, the Class, Plaintiffs' Counsel, and each of their respective past or present trustees, officers, directors, partners, members, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, limited liability companies, heirs, trustees, administrators, and any of their legal representatives (and the predecessors, heirs, executors, administrators, trustees, successors, Immediate Family members, purchasers, and assigns of each of the foregoing), in their capacities as such.  Released Plaintiff Parties does not include any Person who timely and validly sought exclusion from the Class.

(nn)     "Releasing Plaintiff Party (Parties)" means Plaintiffs, Class Members, and each of their respective current and former direct and indirect parents, owners, subsidiaries, affiliates, divisions, predecessors, successors, assigns, shareholders, officers, directors, principals, partners, members, heirs, spouses, trustees, estates, administrators, and legal representatives, in their capacities as such.  Releasing Plaintiff Parties does not include any Person who timely and validly sought exclusion from the Class.

(oo)     "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

(pp)     "Settlement Amount" means the total principal amount of two hundred million U.S. dollars ($200,000,000).

(qq)     "Settlement Notice" means the Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses to be provided to Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit 1 to Exhibit A hereto.

(rr)     "Settlement Fund" means the Settlement Amount and any interest earned thereon.

(ss)     "Settlement Hearing" means the final hearing to be held by the Court to determine, among other things, whether: (i) the Settlement is fair, reasonable, and adequate and should be approved; (ii) the Plan of Allocation is fair, reasonable, and adequate and should be approved; and (iii) Class Counsel's application for an award of attorneys' fees and expenses should be approved.

(tt)     "Settlement Postcard" means the postcard notice concerning the Settlement to be mailed to Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-4.

(uu)     "Stipulation" means this Stipulation and Agreement of Settlement.

(vv)   "Summary Notice" means the Summary Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses for publication, which shall be substantially in the form attached as Exhibit 3 to Exhibit A hereto.

(ww)   "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund, including any interest or penalties thereon, and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, the expenses of tax attorneys and accountants and expenses relating to the filing of any tax return, information return or other tax document).

(xx)   "Traceability Period" means the time period from May 10, 2019 through November 5, 2019, inclusive.

(yy)   "Unknown Claims" means any and all Released Plaintiffs' Claims that Plaintiffs, or any other Class Member and Releasing Plaintiff Party, do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor as of the Effective Date, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including, in the case of any Class Member, the decision to object to the terms of the Settlement or to seek to be excluded from the Class.  With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Defendants shall expressly, and each Class Member and Releasing Plaintiff Party, shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, including, or which is similar, comparable, or equivalent to, Cal. Civ. Code § 1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her**

**favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs, other Class Members, Releasing Plaintiff Parties, or the Defendants, may hereafter discover facts, legal theories, or authorities in addition to, contrary to, or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and Released Defendants' Claims, but Plaintiffs and Defendants expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Class Member and Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different, contrary, or additional facts, legal theories, or authorities.  Plaintiffs and Defendants acknowledge, and all other Class Members and Releasing Plaintiff Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

2.      The obligations incurred pursuant to the Stipulation are: (i) subject to approval by the Court and the Judgment, or Alternative Judgment, reflecting such approval becoming Final; and (ii) in full and final disposition of the Action with respect to the Released Parties and any and all Released Claims.

3.      By operation of the Judgment or Alternative Judgment, as of the Effective Date, Plaintiffs and each and every other Releasing Plaintiff Party, in their capacities as such, shall be deemed to have fully, finally, and forever compromised, settled, waived, released, resolved,

relinquished, discharged, and dismissed, with prejudice, each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any action or other proceeding, in any forum, asserting any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Class Member executes and delivers a Claim Form or shares in the Net Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

4.     By operation of the Judgment or Alternative Judgment, as of the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever compromised, settled, waived, released, resolved, relinquished, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any action or other proceeding, in any forum, asserting any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.  Claims to enforce the terms of the Stipulation are not released.

## THE SETTLEMENT CONSIDERATION

5.     In full settlement of the claims in the Action against Defendants and in consideration of the releases specified in ¶¶ 3-4, above, all of which the Parties agree are good and valuable consideration, Uber agrees to pay, or shall cause to be paid, two hundred million U.S. dollars ($200,000,000) in cash into the Escrow Account as follows:  (a) one million dollars ($1,000,000) on or before ten (10) calendar days after the later of (i) entry of the Preliminary Approval Order or (ii) Class Counsel having sent Defendants' Counsel customary written instructions, in a form reasonably acceptable to Uber and its insurers, for payment of the Settlement Amount by check, Automated Clearing House, or wire into the Escrow Account, along with a Form W-9 for the Escrow Account, a contact person from Class Counsel with a phone number who can verbally verify the payment instructions, and verbal verification of the

payment instructions by the contact provided; and (b) one hundred twenty million dollars ($120,000,000) on or before October 31, 2024; and (c) seventy-nine million dollars ($79,000,000) no later than ten (10) calendar days before the Settlement Hearing.

6.     With the sole exceptions of Uber's obligation to pay, or cause to be paid, the Settlement Amount into the Escrow Account as provided for in ¶ 5, and Defendants' obligations pursuant to ¶¶ 19 and 34, Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Plaintiffs' Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

7.     Other than Uber's obligation to pay, or cause to be paid, the Settlement Amount pursuant to ¶ 5, Defendants shall have no obligation to make any other payments into the Escrow Account, to any Class Member, to Class Counsel, or anyone else pursuant to this Stipulation. Under no circumstances shall Defendants be required to contribute more to the Settlement Fund than the Settlement Amount.

## USE AND TAX TREATMENT OF SETTLEMENT FUND

8.     The Settlement Fund shall be used to: (i) pay any Taxes; (ii) pay Notice and Administration Expenses; (iii) pay any attorneys' fees and expenses awarded by the Court; (iv) pay any costs and expenses awarded to Plaintiffs by the Court, pursuant to the PSLRA; (v) pay any other fees and expenses ordered by the Court; and (vi) pay the claims of Authorized Claimants.

9.      The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶¶ 20-32 hereof.  The Net Settlement Fund shall remain in the Escrow Account before and until the Effective Date.  All funds held in the Escrow Account, and all earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall have been disbursed or returned, pursuant to the terms of this Stipulation, and/or further order of the Court.

10.     The Escrow Agent shall invest funds in the Escrow Account in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in non-interest-bearing transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance.  Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent.  All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

11.     After the Settlement Amount has been paid into the Escrow Account, the Parties agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.  All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Settlement Fund being a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1.  In addition, Class Counsel shall timely make, or cause to be made, such elections as may be necessary or advisable to carry out the provisions of this ¶ 11, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.  Such election shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the sole responsibility of Class Counsel to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter to take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to timely occur.  Consistent with the foregoing:

(a)     For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be Class Counsel or its successor, which shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns (together, "Tax Returns") necessary or advisable with respect to the Settlement Fund or earnings on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)). Such Tax Returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in subparagraph (c) of this ¶ 11.

(b)     All Taxes shall be paid out of the Settlement Fund. In all events, Defendants and Defendants' Counsel shall have no liability or responsibility whatsoever for Taxes or the filing of any tax return or other document with the Internal Revenue Service or any other state or local taxing authority in respect of the Settlement Fund or the Escrow Account, or any liability or responsibility for any taxes or governmental charges of any kind (or interest or penalties imposed with respect thereto) imposed on any Claimant or other person in connection with the Settlement Fund or Escrow Account. Defendants shall have no liability or responsibility for any Taxes or the filing of any Tax Returns or other documents with the Internal Revenue Service or any other taxing authority in respect of the Settlement Fund or the Escrow Account, and shall have no responsibility for, and no liability with respect to, the acts or omissions of the Class Counsel, its successor or any other person with regard to Taxes or the tax administration of the Settlement Fund or the Escrow Account. In the event any Taxes are owed by any Defendants on any earnings on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Settlement Fund.

(c)     Taxes shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by Class Counsel out of the Settlement Fund without prior order from the Court or approval by Defendants, and Class

Counsel shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)). The Parties agree to cooperate with Class Counsel, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 11.

12. This is not a claims-made settlement. As of the Effective Date, Uber, and/or any other Person(s) funding the Settlement on Defendants' behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.

### ATTORNEYS' FEES AND EXPENSES

13. Class Counsel, on behalf of all Plaintiffs' Counsel, will apply to the Court for an award from the Settlement Fund of attorneys' fees and payment of Litigation Expenses incurred in prosecuting the Action, including reimbursement to Plaintiffs pursuant to the PSLRA, with earnings on such amounts at the same rate and for the same periods as earned by the Settlement Fund. The Fee and Expense Application is not the subject of any agreement between the Defendants and Plaintiffs other than what is set forth in this Stipulation.

14. The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court. Subject to the provisions of ¶ 15 below, any attorneys' fees and expenses awarded by the Court shall be paid from the Settlement Fund to Class Counsel immediately after entry of the Judgment (or Alternative Judgment) and an order awarding such attorneys' fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the awarded fees and expenses, the Settlement, or any part thereof. Class Counsel shall allocate any Court-awarded attorneys' fees and expenses among Plaintiffs' Counsel.

15. Any payment of attorneys' fees and expenses pursuant to ¶¶ 13-14 above shall be subject to Class Counsel's obligation to make refunds or repayments to the Settlement Fund of any paid amounts, plus accrued earnings at the same rate as is earned by the Settlement Fund, if the Judgment approving the Settlement does not become Final and/or the Settlement is terminated

pursuant to the terms of this Stipulation or fails to become effective for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the award of attorneys' fees and/or expenses is reduced, vacated or reversed by Final non-appealable court order.  Class Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after receiving notice of the termination of the Settlement pursuant to this Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the Settlement by Final non-appealable court order, or notice of any reduction, vacatur or reversal of the award of attorneys' fees and/or expenses by Final non-appealable court order.

16.     The Settlement Fund will be the sole source of payment from Defendants for any award of attorneys' fees and expenses and/or costs ordered by the Court.  With the sole exception of Uber's obligation to pay, or cause to be paid, the Settlement Amount into the Escrow Account as provided for in ¶ 5, Defendants shall have no responsibility for, and no liability whatsoever with respect to, any payment whatsoever to Class Counsel in the Action, or to any other Person who may assert some claim thereto, or any fee or expense award the Court may make.  Nor shall Defendants have any responsibility for, or any liability with respect to, any allocation of any attorneys' fees or expenses among Plaintiffs' Counsel in the Action, or to any other Person who may assert some claim thereto, or any fee or expense awards the Court may make.

17.     The procedures for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and any order or proceeding relating to any Fee and Expense Application, including any award of attorneys' fees or expenses in an amount less than the amount requested by Class Counsel, or any appeal from any order relating thereto or reversal, vacatur or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay entry or the finality of the Judgment or Alternative Judgment approving this Stipulation and the Settlement set forth herein.  Plaintiffs and Class Counsel may not cancel or terminate the Stipulation or the Settlement, whether in accordance with ¶¶ 37-42, or otherwise, based on the Court's or any appellate court's ruling with respect to fees and expenses in the Action.

1

## NOTICE AND ADMINISTRATION EXPENSES

2

3

18.     Except as otherwise provided herein, the Net Settlement Fund shall be held in the Escrow Account until the Effective Date.

4

5

6

7

8

9

10

19.     All Notice and Administration Expenses will be paid out of the Settlement Fund, except that Defendants shall be responsible for and shall pay for, at no cost to the Class, timely service of any notice that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, and the costs of providing Uber's transfer agent records, pursuant to ¶ 34, below, if any. Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid by Class Counsel as incurred, without further approval of Defendants or further order of the Court.

11

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

12

13

14

15

16

17

18

19

20.     The Claims Administrator, subject to such supervision and direction of Class Counsel and/or the Court as may be ordered, or otherwise necessary, or as circumstances may require, shall administer and calculate the claims submitted by Claimants, subject to the jurisdiction of the Court, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.  Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no responsibility or liability to the Class in connection with such administration.

20

21

22

23

21.     The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as defined in the Plan of Allocation included in the Notice, or in such other plan of allocation as the Court may approve.

24

25

26

27

22.     Defendants shall have no role in the development of, and will take no position with respect to, the Plan of Allocation.  The Plan of Allocation is a matter separate and apart from the Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect or delay entry or the validity or finality of the Judgment or Alternative Judgment approving this

28

Stipulation or the proposed Settlement set forth herein.  The Plan of Allocation is not a necessary term of this Stipulation, and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court.  Plaintiffs and Class Counsel may not cancel or terminate the Stipulation or the Settlement based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Action.  Defendants and Defendants' Counsel shall have no responsibility or liability for reviewing or challenging claims, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

23.     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval or order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.

24.     If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, Class Counsel shall, if feasible and economical, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion.  These redistributions shall be repeated until the balance in the Net Settlement Fund is no longer feasible to distribute to Class Members.  Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, shall be contributed to the Council of Institutional Investors, a non-profit, non-sectarian organization, or such other organization approved by the Court.

## ADMINISTRATION OF THE SETTLEMENT

25.     Any Class Member who fails to timely submit a valid Claim Form (substantially in the form of Exhibit 2 to Exhibit A) will not be entitled to receive any distribution from the Net Settlement Fund, except as otherwise ordered by the Court or allowed by Class Counsel in its discretion, but will otherwise be bound in all respects by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the

Action and all releases provided for herein, and will be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties.

26.     Class Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator.  Class Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Class Counsel deems to be *de minimis* or formal or technical defects in any Claim Form submitted. Defendants and Defendants' Counsel shall have no liability, obligation, or responsibility for the administration of the Settlement, the allocation of the Net Settlement Fund, or the reviewing or challenging of claims of Claimants.

27.     For purposes of determining the extent, if any, to which a Claimant shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Claimant shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Class Counsel, in their discretion, may deem acceptable;

(b)     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Postcard Notice and Settlement Notice, unless such deadline is extended by Class Counsel in its discretion or by order of the Court.  Any Class Member who fails to submit a Claim Form by such date shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by order of the Court or the discretion of Class Counsel, late-filed Claim Forms are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment and all releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind regarding the Released Plaintiffs' Claims against any and all of the Released Defendant Parties.  A Claim Form shall be deemed to be submitted when mailed, if received with

a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.  Notwithstanding the foregoing, Class Counsel shall have the discretion (but not the obligation) to accept for processing late-submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.  Class Counsel shall have no liability for exercising its discretion in accepting (or not accepting) late claims;

(c)     Each Claim Form shall be submitted to and reviewed by the Claims Administrator, under such supervision of Class Counsel as necessary, who shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed;

(d)     Claim Forms that do not meet the submission requirements may be rejected.  However, before rejecting a Claim Form in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator, under such supervision of Class Counsel, as necessary, shall notify, in a timely fashion and in writing, all Claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below;

(e)     If any Claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.

28.     Each Claimant who submits a Claim Form shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject

to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Class Member and the validity and amount of the Claimant's claim.  In connection with processing the Claim Forms, no discovery shall be allowed on the merits of the Action or the Settlement, and no discovery in any form may be taken from Defendants or Defendants' Counsel related to a Claimant's disputed claim.

29.     Payment pursuant to the Stipulation and Plan of Allocation shall be deemed final and conclusive against any and all Class Members.  All Class Members whose claims are not approved shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any action or other proceeding, in any forum, against the Released Defendant Parties concerning the Released Plaintiffs' Claims.

30.     All proceedings with respect to the administration, processing and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect entry of, or the finality of, the Judgment or Alternative Judgment.

31.     No Person shall have any claim of any kind against the Released Defendant Parties or Defendants' Counsel with respect to the matters set forth in this section (*i.e.*, ¶¶ 25-32) or any of its subsections, or otherwise related in any way to the administration of the Settlement, including, without limitation, the processing, review, determination, calculation, investment or distribution of the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, processing, review or payment of any claim; nonperformance of the Claims

Administrator; the payment or withholding of Taxes (including interest and penalties) owed by the Net Settlement Fund; or any losses incurred in connection therewith.

32.     No Person shall have any claim against Plaintiffs, Class Counsel, or the Claims Administrator, or other Person designated by Class Counsel, based on decisions and distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

33.     Class Counsel shall use best efforts to, within five (5) calendar days of the execution of this Stipulation by all Parties, apply to the Court for preliminary approval of the Settlement contemplated by this Stipulation and entry of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A.  The Preliminary Approval Order will, *inter alia*, preliminarily approve the Settlement, set the date for the Settlement Hearing, approve the form of notice, and prescribe the method for giving notice of the Settlement to the Class.

34.     Uber has provided to the Claims Administrator, at no cost to Plaintiffs or the Class, records from the Company's transfer agent in electronic searchable form, such as Excel, containing the names and addresses of persons or entities who purchased or otherwise acquired Uber's publicly traded common stock during the Traceability Period.

## TERMS OF THE JUDGMENT

35.     If the Settlement contemplated by this Stipulation is approved by the Court, Class Counsel shall request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

## EFFECTIVE DATE OF SETTLEMENT

36.     The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been waived:

(a)     entry of the Preliminary Approval Order, which shall be in all material respects substantially in the form set forth in Exhibit A annexed hereto;

(b)    payment of the Settlement Amount into the Escrow Account pursuant to ¶ 5;

(c)    Uber has not exercised its option to terminate the Settlement pursuant to ¶ 38 and the Supplemental Agreement (as defined below), and the option to do so has expired in accordance with the terms of this Stipulation and the Supplemental Agreement;

(d)    final approval by the Court of the Settlement, following notice to the Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(e)    a Judgment, which shall be in all material respects substantially in the form set forth in Exhibit B annexed hereto, has been entered by the Court and has become Final; or in the event that an Alternative Judgment has been entered, the Alternative Judgment has become Final.

## WAIVER OR TERMINATION

37.    Defendants and Class Representatives shall each have the right to terminate the Settlement and the Stipulation by providing written notice of their election to do so ("Termination Notice"), through counsel, to all other Parties hereto within thirty (30) calendar days of: (i) the Court's Final refusal to enter the Preliminary Approval Order in any material respect and the Parties failure, following a meet and confer process overseen by the Mediator, to agree on any modifications or amendments to the Stipulation or other papers to address any issues identified by the Court in its order denying preliminary approval of the Settlement; (ii) the Court's Final refusal to approve this Stipulation or any material part of it; (iii) the Court's Final refusal to enter the Judgment in any material respect, unless Defendants and Plaintiffs each, in their sole and unfettered discretion, consent to entry of an Alternative Judgment and such Alternative Judgment is entered by the Court; or (iv) the date upon which the Judgment or Alternative Judgment is modified, vacated or reversed in any material respect by a Final order of the Court, the United States Court of Appeals for the Ninth Circuit, or the Supreme Court of the United States (including following any proceedings on remand).  For the avoidance of doubt, Plaintiffs shall

not have the right to terminate the Settlement due to any decision, ruling, or order relating to either the Fee and Expense Application or any plan of allocation.  For the further avoidance of doubt, Defendants shall deem any decision, ruling, or order that purports to limit the scope of the Released Plaintiffs' Claims or the Released Defendant Parties to constitute a material change for purposes of the foregoing.

38.    In addition to the foregoing, Uber shall also have the right to terminate the Settlement in the event the Court requires any other opportunity to request exclusion and the Termination Threshold (defined below) has been reached.

(a)    Simultaneously herewith, Defendants' Counsel and Class Counsel are executing a confidential Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement").  The Supplemental Agreement sets forth certain conditions under which Uber shall have the sole option to terminate the Settlement and render this Stipulation null and void as to all Parties in the event that: (i) the Court requires any other opportunity for Class Members to seek exclusion from the Class in connection with the Settlement; and (ii) requests for exclusion from the Class exceed certain agreed-upon criteria (the "Termination Threshold").

(b)    The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court.  If submission of the Supplemental Agreement to the Court is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will use their reasonable best efforts to have the Supplemental Agreement submitted to the Court *in camera* or under seal.  In the event of a termination of the Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶ 43-45 which shall continue to apply.

(c)    The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that, if the Court requires any other opportunity for Class Members to request exclusion from the Class, such requests shall be received no later than twenty-one (21) calendar days prior

to the Settlement Hearing. Upon receiving any request for exclusion pursuant to the Settlement Notice, Class Counsel shall promptly, and in no event no later than five (5) calendar days after receiving a request for exclusion or fifteen (15) calendar days prior to the Settlement Hearing, whichever is earlier, notify Defendants' Counsel of such requests for exclusion and provide copies of such requests for exclusion and any documentation accompanying it by email.

39.     In addition to all of the rights and remedies that Class Representatives have under the terms of this Stipulation, Class Representatives shall also have the right (which must be exercised by them unanimously) to terminate the Settlement (with the exception of the provisions of ¶¶ 43-45, which shall continue to apply) in the event that (i) the Settlement Amount has not been paid in the time period provided for in ¶ 5 above, by providing written notice of the election to terminate to all other Parties' counsel and (ii) there is a failure to pay the Settlement Amount within fifteen (15) business days of receipt of such written notice.

40.     If, before the Effective Date, any Defendant files for protection under the Bankruptcy Code or any similar law, or a trustee, receiver, conservator, or other fiduciary is appointed under the Bankruptcy Code, or any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Settlement Fund by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not deposited into the Settlement Fund by others within fourteen (14) calendar days of receipt of written notice of such requirement from Class Representatives, then, at the election of Class Representatives (which must be exercised by them unanimously), the Parties shall jointly move the Court to vacate and set aside the release given and the Judgment or Alternative Judgment entered in favor of that Defendant or all Defendants, as the case may be, and that Defendant or all Defendants, as the case may be, Class Representatives and the members of the Class shall be restored to their litigation positions as of April 24, 2024 (with the exception of the provisions of ¶¶ 43-45, which shall continue to apply).  All releases and the Judgment or Alternative Judgment as to other Defendants shall remain unaffected.

41.     Defendants each warrant, as to themselves and the payments made on their behalves, that, at the time of such payment, they will not be insolvent, nor will payment render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including Sections 101 and 547 thereof.

42.     If an option to withdraw from and terminate this Stipulation and Settlement arises under any of ¶¶ 37-40 above: (i) neither Defendants nor Class Representatives (as the case may be) will be required for any reason or under any circumstance to exercise that option; and (ii) any exercise of that option shall be made in good faith, but in the sole and unfettered discretion of Defendants or Class Representatives, as applicable.

43.     With the exception of the provisions of ¶¶ 43-45, which shall survive termination of this Settlement and continue to apply, in the event the Settlement is terminated as set forth herein or cannot or does not become effective for any reason, then: (i) this Stipulation and the Settlement shall be without prejudice, and none of its terms or the provisions in the Stipulation shall be effective or enforceable except as otherwise specifically provided herein; (ii) the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of April 24, 2024; and (iii) except as specifically provided herein, the Parties shall proceed in all respects as if this Stipulation had not been executed and any related proceedings had not occurred and any related order had not been entered.   In such event, this Stipulation, and any aspect of the documents (including the Term Sheet) or any papers or proceedings in connection herewith, discussions or negotiations leading to this Stipulation, shall not be offered or admissible in this Action and shall not be used against or to the prejudice of Defendants or against or to the prejudice of Plaintiffs, in any court proceedings, filing, deposition, trial, or otherwise.

44.     In the event the Settlement is terminated or fails to become effective for any reason, any portion of the Settlement Amount previously paid, together with any earnings thereon, less any Taxes paid or due, less Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount, shall be returned to the Person(s) that made the deposit(s) within thirty (30) calendar days after written notification of such event in accordance

with instructions provided by Defendants' Counsel to Class Counsel. At the request of Defendants' Counsel, the Escrow Agent or their designees shall apply for any tax refund owed or obtainable on or with respect to the amounts deposited in the Escrow Account and shall pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), of such refund to the Person(s) that made the deposits or as otherwise directed.

## NO ADMISSION

45.     Except as set forth in ¶ 46 below, this Stipulation and Settlement, whether or not consummated or Final, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements (including the Term Sheet), shall not be offered or received against or to the prejudice of the Parties or their respective counsel for any purpose other than to enforce the terms hereof, and in particular, but without limitation:

(a)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Plaintiffs and the Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault, or wrongdoing of Defendants or any person or entity whatsoever, or of any infirmity in any defenses of Defendants;

(b)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence, or a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Plaintiffs, or any other member of the Class as evidence of any infirmity in the claims of Plaintiffs, or the other members of the Class;

(c)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties, Plaintiffs, any other member of the Class, or their respective counsel, as evidence of, or a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants or the Released Defendant Parties, Plaintiffs, other members of the Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than as may be necessary to effectuate the provisions of this Stipulation;

(d)     do not constitute, and shall not be construed against any of the Defendants or the Released Defendant Parties, Plaintiffs, or any other member of the Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)     do not constitute, and shall not be construed as or received as evidence of or as an admission, concession, or presumption against Plaintiffs, or any other member of the Class, that any of their claims are without merit or infirm or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount.

46.     Notwithstanding ¶ 45 above, the Parties, and any Released Party, and their respective counsel, may file and rely upon this Stipulation and/or the Judgment or Alternative Judgment in any action or other proceeding that may be brought by or against them, or as to any claim or argument asserted by or against them, in order to support a defense, argument, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar, or reduction, or any theory of claim preclusion or issue preclusion or similar defense, argument, claim, or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy.  The Parties may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment or Alternative

1   Judgment.  All Parties and Class Members submit to the jurisdiction of the Court for purposes of

2   implementing and enforcing the Settlement.

3   **MISCELLANEOUS PROVISIONS**

4   47.     Nothing contained herein shall bar the Parties from bringing any action or claim

5   to enforce the terms of this Stipulation, the Judgment, or the Alternative Judgment.

6   48.     All of the exhibits to the Stipulation, and the Supplemental Agreement, are

7   material and integral parts hereof and are fully incorporated herein by this reference.

8   49.     The Parties intend the Settlement to be the full, final, and complete resolution of

9   all claims asserted or that could have been asserted by the Parties with respect to the Released

10  Plaintiffs' Claims and Released Defendants' Claims.  Accordingly, the Parties agree not to assert

11  in any forum that the Action was brought, prosecuted, or defended in bad faith or without a

12  reasonable basis.  The Parties and their respective counsel agree that each has complied fully

13  with Rule 11 of the Federal Rules of Civil Procedure in connection with the maintenance,

14  prosecution, defense, and settlement of the Action and shall not make any application for

15  sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense

16  in this Action.  The Judgment shall contain a finding that the Parties and their counsel at all times

17  complied with Rule 11.  The Parties agree that the amount paid and the other terms of the

18  Settlement were negotiated at arm's-length and in good faith by the Parties and their respective

19  counsel and reflect a settlement that was reached voluntarily based upon adequate information

20  and after consultation with experienced legal counsel.

21  50.     In all events, Plaintiffs and their counsel and Defendants and their counsel shall,

22  in good faith, communicate the terms of the Settlement in a manner that is consistent with the

23  fact that no adjudication of fault was made by the Court or a jury, and shall not otherwise suggest

24  that the Settlement constitutes an admission or other evidence of any claim or defense alleged or

25  of any other wrongdoing by any person.  Plaintiffs and Class Counsel agree that they will not

26  intentionally assist or cooperate with any Person to publicly disparage Defendants or the

27  Released Defendant Parties with respect to any matter relating to the subject matter of this Action.

28

51.    This Stipulation, along with its exhibits and the Supplemental Agreement, may not be modified or amended, nor may any of its or their provisions be waived, except by a writing signed by counsel for the Parties hereto.

52.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

53.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and any expenses, and implementing and enforcing the terms of this Stipulation and the Judgment or Alternative Judgment.

54.    The waiver by any Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach by that or any other Party of this Stipulation.

55.    This Stipulation, its exhibits, the Supplemental Agreement, and the Term Sheet constitute the entire agreement among the Parties concerning the Settlement as against Defendants, and no other agreement exists or shall be enforceable as to its subject matter.  No representation, warranty, or inducement has been made by any Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents, and the existence and materiality of and reliance upon any such other representation, warranty, or inducement are hereby disclaimed by all Parties.

56.    Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, work product protection, or mediation privilege.

57.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

58.     All designations and agreements made, or orders entered during the course of the Action relating to the confidentiality of documents or information shall survive this Stipulation and entry of the Judgment or Alternative Judgment.

59.     This Stipulation may be executed in one or more counterparts but no party shall be bound unless and until it has been executed and delivered by all Parties.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Signatures sent by facsimile or via e-mail in pdf format, or via DocuSign, shall be deemed originals.

60.     The Released Parties who do not appear on the signature lines below are acknowledged and agreed to be third-party beneficiaries with respect to the releases in this Stipulation and Settlement.

61.     This Stipulation shall be binding when signed and delivered by all Parties, but the Settlement shall be effective only upon the entry of the Judgment or Alternative Judgment and the payment in full of the Settlement Amount, and subject only to the condition that the Effective Date will have occurred.

62.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties and of all Released Parties.

63.     The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

64.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

65.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement document, warrant and represent that they have the full authority

to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

66.    Plaintiffs and Class Counsel represent and warrant that Plaintiffs are Class Members and that none of Plaintiffs' claims or causes of action against one or more Defendants in the Action, or referred to in this Stipulation, or that could have been alleged against one or more Defendants in the Action, have been assigned, encumbered or in any manner transferred in whole or in part.

67.    The Parties and their respective counsel agree to cooperate fully with one another in promptly applying for preliminary approval by the Court of the Settlement and for the scheduling of a hearing for consideration of Final approval of the Settlement and entry of the Judgment, and approval of the Plan of Allocation and Class Counsel's Fee and Expense Application, and to agree promptly upon and execute all such other documentation as reasonably may be required to obtain Final approval by the Court of the Settlement.

68.    All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

69.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties to the Settlement or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

70.    Except as otherwise provided herein, each Party shall bear its own costs.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of July 19, 2024.

LABATON KELLER SUCHAROW LLP

By: _Alfred L Fatale III_

Jonathan Gardner (admitted *pro hac vice*)
Alfred L. Fatale III (admitted *pro hac vice*)
Joseph N. Cotilletta (admitted *pro hac vice*)
Beth C. Khinchuk (admitted *pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Email: jgardner@labaton.com
        afatale@labaton.com
        jcotilleta@labaton.com
        bkhinchuk@labaton.com

*Lead Counsel for Plaintiffs and the Class*

LEVI & KORSINSKY LLP
Gregory M. Nespole (*pro hac vice*)
Daniel Tepper (*pro hac vice*)
Correy A. Suk (*pro hac vice*)
55 Broadway, 10th Floor
New York, New York 10006
Telephone: (212) 363-7500
Facsimile: (212) 363-1294
Email: gnespole@zlk.com
        dtepper@zlk.com
        ckamin@zlk.com

*-and-*

Adam M. Apton (SBN 316506)
75 Broadway, Suite 202
San Francisco, California 94111
Telephone: (415) 373-1671
Facsimile: (415) 484-1294
Email: aapton@zlk.com

*Liaison Counsel for Lead Plaintiff Boston Retirement System and the Class*

SCOTT+SCOTT ATTORNEYS AT LAW LLP
John T. Jasnoch (SBN 281605)
600 W. Broadway, Suite 3300
San Diego, California 82101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
Email:  jjasnoch@scott-scott.com

-and-

David R. Scott
156 South Main Street P.O. Box 192
Colchester, Connecticut 06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432
Email:  david.scott@scott-scott.com

-and-

William C. Fredericks
The Helmsley Building
230 Park Avenue, 17th Floor
New York, New York 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
Email:  wfredericks@scott-scott.com

ROBBINS GELLER RUDMAN & DOWD LLP
Thomas Egler
Nathan Lindell
One Montgomery Street, Suite 1800
San Francisco, California, 94104
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
Email:  tegler@rgrdlaw.com
        nlindell@rgrdlaw.com

COTCHETT, PITRE & MCCARTHY, LLP
Mark C. Molumphy (SBN 168009)
Tyson Redenbarger (SBN 294424)
Gia Jung (SBN 340160)
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email:  mmolumphy@cpmlegal.com
        tredenbarger@cpmlegal.com

jpeng@cpmlegal.com

*Counsel for Plaintiffs David Messinger, Salvatore Toronto on behalf of Ellie Marie Toronto ESA, Joseph Cianci, and Irving S. and Judith Braun*

ALLEN OVERY SHEARMAN
  STERLING US LLP

By: _____
Daniel H.R. Laguardia
140 New Montgomery Street, 10th Floor
San Francisco, CA 94105
Telephone: (415) 616-1100
Facsimile: (415) 616-1199
Email: daniel.laguardia@aoshearman.com

*-and-*

Paula Howell Anderson (admitted *pro hac vice*)
Agnès Dunogué (admitted *pro hac vice*)
Austin Zachary Deaton (admitted *pro hac vice*)
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
Email: paula.anderson@aoshearman.com
      agnes.dunogue@aoshearman.com
      zach.deaton@aoshearman.com

*Attorneys for Defendants Uber Technologies, Inc., Dara Khosrowshahi, Nelson Chai, Glen Ceremony, Ronald Sugar, Ursula Burns, Garrett Camp, Matt Cohler, Ryan Graves, Arianna Huffington, Travis Kalanick, Wan Ling Martello, Yasir Al-Rumayyan, John Thain, and David Trujillo*

WILLKIE FARR & GALLAGHER LLP

By: _____
Todd G. Cosenza (admitted pro hac vice)
Zeh S. Ekono (admitted pro hac vice)
787 Seventh Avenue
New York, NY  10019-6099
Telephone: (212) 728-8677
Facsimile: (212) 728-9677
Email:  tcosenza@willkie.com

*-and-*

jpeng@cpmlegal.com

*Counsel for Plaintiffs David Messinger, Salvatore Toronto on behalf of Ellie Marie Toronto ESA, Joseph Cianci, and Irving S. and Judith Braun*

ALLEN OVERY SHEARMAN
  STERLING US LLP

By: _____
Daniel H.R. Laguardia
140 New Montgomery Street, 10th Floor
San Francisco, CA 94105
Telephone: (415) 616-1100
Facsimile: (415) 616-1199
Email: daniel.laguardia@aoshearman.com

*-and-*

Paula Howell Anderson (admitted *pro hac vice*)
Agnès Dunogué (admitted *pro hac vice*)
Austin Zachary Deaton (admitted *pro hac vice*)
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
Email: paula.anderson@aoshearman.com
        agnes.dunogue@aoshearman.com
        zach.deaton@aoshearman.com

*Attorneys for Defendants Uber Technologies, Inc., Dara Khosrowshahi, Nelson Chai, Glen Ceremony, Ronald Sugar, Ursula Burns, Garrett Camp, Matt Cohler, Ryan Graves, Arianna Huffington, Travis Kalanick, Wan Ling Martello, Yasir Al-Rumayyan, John Thain, and David Trujillo*

WILLKIE FARR & GALLAGHER LLP

By: *Todd G. Cosenza*
Todd G. Cosenza (admitted pro hac vice)
Zeh S. Ekono (admitted pro hac vice)
787 Seventh Avenue
New York, NY  10019-6099
Telephone: (212) 728-8677
Facsimile: (212) 728-9677
Email:  tcosenza@willkie.com

*-and-*

Simona Agnolucci (SBN 246943)
One Front Street
San Francisco, CA 94111
Telephone: (415) 858-7447
Facsimile: (415) 858-7599
Email:  sagnolucci@willkie.com

-and-

Joseph G. Davis (SBN 157764)
1875 K Street, N.W.
Washington, DC  20006-1238
Telephone: (202) 303.1131
Facsimile: (202) 303-2131
Email:  jdavis@willkie.com

*Attorneys for Defendants Morgan Stanley & Co.
LLC, Goldman Sachs & Co. LLC, Merrill Lynch,
Pierce, Fenner & Smith Incorporated, Barclays
Capital Inc., Citigroup Global Markets Inc., Allen
& Company LLC, RBC Capital Markets, LLC,
SunTrust Robinson Humphrey, Inc., Deutsche Bank
Securities Inc., HSBC Securities (USA) Inc., SMBC
Nikko Securities America, Inc., Mizuho Securities
USA LLC, Needham & Company, LLC, Loop
Capital Markets LLC, Siebert Cisneros Shank &
Co., L.L.C., Academy Securities, Inc., BTIG, LLC,
Canaccord Genuity LLC, CastleOak Securities,
L.P., Cowen and Company, LLC, Evercore Group
L.L.C., JMP Securities LLC, Macquarie Capital
(USA) Inc., Mischler Financial Group, Inc.,
Oppenheimer & Co. Inc., Raymond James &
Associates, Inc., William Blair & Company, L.L.C.,
The Williams Capital Group, L.P., and TPG Capital
BD, LLC*

# Exhibit A

1   Jonathan Gardner (admitted *pro hac vice*)
    Alfred L. Fatale III (admitted *pro hac vice*)
2   Joseph N. Cotilletta (admitted *pro hac vice*)
    Beth C. Khinchuk (admitted *pro hac vice*)
3   LABATON KELLER SUCHAROW LLP
    140 Broadway
4   New York, New York 10005
    Telephone: (212) 907-0700
5   Facsimile: (212) 818-0477
    Email: jgardner@labaton.com
6           afatale@labaton.com
            jcotilletta@labaton.com
7           bkhinchuk@labaton.com

8   *Class Counsel for Plaintiffs and the Class*

9

10                 **UNITED STATES DISTRICT COURT**

11                **NORTHERN DISTRICT OF CALIFORNIA**

12                      **SAN FRANCISCO DIVISION**

13

14   BOSTON RETIREMENT SYSTEM,              Case No.:  3:19-cv-06361-RS

                           Plaintiff,       **[PROPOSED] ORDER GRANTING**
15                                          **PRELIMINARY APPROVAL OF CLASS**
                                            **ACTION SETTLEMENT, APPROVING**
16          v.                              **FORM AND MANNER OF NOTICE, AND**
                                            **SETTING DATE FOR HEARING ON**
17   UBER TECHNOLOGIES, INC., et al.,       **FINAL APPROVAL OF SETTLEMENT**

18                         Defendants.

19

20       WHEREAS, (i) Lead Plaintiff Boston Retirement System ("BRS"), David Messinger

21   ("Messinger"), Salvatore Toronto acting on behalf of the Ellie Marie Toronto ESA ("Toronto"), and

22   Irving S. and Judith Braun (the "Brauns") (collectively, "Class Representatives"); additional named

23   plaintiff Joseph Cianci ("Cianci" and, together with Class Representatives, "Plaintiffs"), on behalf

24   of themselves and the other members of the certified Class (defined below), and (ii) Uber

25   Technologies, Inc. ("Uber" or the "Company"); Dara Khosrowshahi, Nelson Chai, Glen Ceremony,

26   Ronald Sugar, Ursula Burns, Garrett Camp, Matt Cohler, Ryan Graves, Arianna Huffington, Travis

27   Kalanick, Wan Ling Martello, Yasir Al-Rumayyan, John Thain, and David Trujillo (collectively,

28   the "Individual Defendants" and, together with Uber, the "Uber Defendants"); and Morgan Stanley

& Co. LLC, Goldman Sachs & Co. LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Barclays Capital Inc., Citigroup Global Markets, Inc., Allen & Company LLC, RBC Capital Markets, LLC, SunTrust Robinson Humphrey, Inc. (now known as Truist Securities, Inc.), Deutsche Bank Securities Inc., HSBC Securities (USA) Inc., SMBC Nikko Securities America, Inc., Mizuho Securities USA LLC, Needham & Company, LLC, Loop Capital Markets LLC, Siebert Cisneros Shank & Co., L.L.C., Academy Securities, Inc., BTIG, LLC, Canaccord Genuity LLC, CastleOak Securities, L.P., Cowen and Company, LLC, Evercore Group L.L.C., JMP Securities LLC, Macquarie Capital (USA) Inc., Mischler Financial Group, Inc., Oppenheimer & Co. Inc., Raymond James & Associates, Inc., William Blair & Company, L.L.C., The Williams Capital Group, L.P., and TPG Capital BD, LLC (collectively, the "Underwriter Defendants" and, together with Uber and the Individual Defendants, the "Defendants" and, together with Plaintiffs, the "Parties"), on the other, have entered into a Stipulation and Agreement of Settlement (the "Stipulation"), dated as of July 19, 2024, in the above-captioned litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action (the "Settlement"); and

WHEREAS, by Order dated July 26, 2022 (ECF No. 217), this Court certified the Action to proceed as a class action on behalf of: all persons and entities that purchased or otherwise acquired Uber's publicly traded common stock pursuant and/or traceable to the Offering Documents for Uber's IPO, and who were damaged thereby, except for those excluded by definition or request;

WHEREAS, pursuant to this Court's Order dated June 7, 2023 (ECF No. 291), notice was provided to potential members of the Class to inform them of, among other things: (a) the Action pending against Defendants, and the status of the Action and proceedings; (b) the Court's certification of the Action as a class action on behalf of the certified Class; (c) the effect of remaining in, and not seeking exclusion from, the Class on any person and entity that falls within the definition of the Class ("Class Members") (including that Class Members will be bound by all past, present, and future orders and judgments in the Action, whether favorable or unfavorable); and (d) the right of Class Members to request exclusion from the Class, the requirements for requesting exclusion, and the effect of exclusion;

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
CASE NO. 3:19-CV-06361-RS

1    WHEREAS, copies of all requests for exclusion received in connection with Class Notice

2 were filed with the Court on September 26, 2023 and December 1, 2023 (ECF Nos. 342 and 401);

3    WHEREAS, Class Representatives have made a motion, pursuant to Rule 23(e)(1) of the

4 Federal Rules of Civil Procedure, for an order preliminarily approving the proposed Settlement in

5 accordance with the Stipulation, and directing notice of the Settlement to Class Members, as more

6 fully described herein;

7    WHEREAS, the Court has read and considered: (a) Class Representatives' motion for

8 preliminary approval of the Settlement and authorization to provide notice of the Action and the

9 Settlement to the Class, and the papers filed and arguments made in connection therewith; and (b)

10 the Stipulation and the exhibits attached thereto; and

11    WHEREAS, the Parties to the Stipulation have consented to the entry of this Order; and

12    WHEREAS, all capitalized terms used in this Order that are not otherwise defined herein

13 have the meanings defined in the Stipulation;

14    **NOW, THEREFORE, IT IS HEREBY ORDERED that:**

15    1.    **Preliminary Approval of the Settlement.**  The Court has reviewed the Stipulation

16 and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will

17 likely be able to approve the proposed Settlement as fair, reasonable, and adequate pursuant to Rule

18 23(e)(2), subject to further consideration at the Settlement Hearing described below.

19    2.    **Class Definition**. Consistent with the Court's prior Order certifying the Class, the

20 Class is: all persons and entities that purchased or otherwise acquired Uber's publicly traded

21 common stock pursuant and/or traceable to the Offering Documents (as defined in the Second

22 Amended Class Action Complaint (ECF No. 137)) for Uber's IPO, who were damaged thereby, *i.e.,*

23 those who purchased during the Traceability Period, except for those excluded by definition or

24 request.  Excluded from the Class, by definition, are: (i) Defendants and the Individual Defendants'

25 immediate family members; (ii) the officers, directors, affiliates, and subsidiaries of Uber and the

26 Underwriter Defendants, at all relevant times; (iii) Uber's affiliates and employee retirement and/or

27 benefit plan(s) and their participants or beneficiaries to the extent they purchased or acquired Uber

28 common stock pursuant or traceable to the Offering Documents through any such plan(s); (iv) any

3

entity in which Defendants have or had a controlling interest; and (v) the legal representatives, heirs, successors, or assigns of any such excluded person or entity.  Also excluded from the Class is any person or entity that requested exclusion from the Class in connection with the previously issued Class Notice or whose request is otherwise allowed by the Court, if any.  However, any "Investment Vehicle" shall not be excluded from the Class.  Investment Vehicle is defined as "any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange traded funds, fund of funds and hedge funds, in which the Underwriter Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but in which any Underwriter Defendant alone, or together with its respective affiliates, is not a majority owner or does not hold a majority beneficial interest."

3. **Settlement Hearing**.  A hearing (the "Settlement Hearing"), pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, is hereby scheduled to be held before the Court, either in-person or remotely at the Court's discretion, at the United States District Court, Northern District of California, San Francisco Courthouse, Courtroom 3 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102 on _____, 2024, at _____ .m. for the following purposes:

(a) to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b) to determine whether the proposed Final Order and Judgment ("Judgment"), as provided for under the Stipulation, should be entered, and to determine whether the release by the Releasing Plaintiff Parties of the Released Plaintiffs' Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(d) to consider Class Counsel's application, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees and expenses (which may include an application for awards to Plaintiffs for reimbursement of their reasonable costs and expenses directly related to their representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(e) to rule upon such other matters as the Court may deem appropriate.

4

4.      The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it will approve the proposed Plan of Allocation or award attorneys' fees and expenses.  The Court may also adjourn or continue the Settlement Hearing or modify any of the dates herein without further individual notice to members of the Class.  Any changes to scheduling shall be posted on the website for the Settlement.

5.      **Approval of Form and Manner of Giving Notice**.  The Court approves the form, substance and requirements of the long-form Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses (the "Settlement Notice"), the Proof of Claim and Release form ("Claim Form"), the Settlement Postcard, and the Summary Notice, substantially in the forms annexed hereto as Exhibits 1, 2, 3 and 4 respectively, and finds they: (a) constitute the best notice to Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Class Members of their right to object to the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the Due Process Clause of the United States Constitution, Section 27 of the Securities Exchange Act of 1933, 15 U.S.C. §77z-1(a)(7), and the Rules of this Court.

6.      **Retention of Claims Administrator and Notice Date.**  The Court approves the retention of A.B. Data, Ltd. ("A.B. Data") as the Claims Administrator.  The Claims Administrator was previously authorized by the Court to issue notice in connection with Class Notice.  The Claims Administrator shall cause the Settlement Postcard to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Class Members who can be identified with reasonable effort, including by using the mailing records obtained in connection with the Class Notice.  Uber has provided to the Claims Administrator, at no cost to Class Counsel, the Class or the Claims Administrator, records from Uber's transfer agent, in electronic searchable form, to the extent reasonably available, containing

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
CASE NO. 3:19-CV-06361-RS

1   the names and addresses of persons or entities who purchased or otherwise acquired Uber's publicly

2   traded common stock during the Traceability Period.

3       7.    **Nominee Procedures**.  In the previously disseminated Class Notice, banks, brokers

4   and other nominees ("Nominees") were advised that if, for the beneficial interest of any person or

5   entity other than themselves, they purchased or acquired Uber publicly traded common stock

6   pursuant and/or traceable to the Offering Documents issued in connection with Uber's IPO, they

7   must either: (i) within seven (7) calendar days of receipt of the Class Notice, request from A.B. Data

8   sufficient copies of the Class Postcard to forward to all such beneficial owners and within seven (7)

9   calendar days of receipt of those Class Postcards forward them to all such beneficial owners; or (ii)

10  within seven (7) calendar days of receipt of the Class Notice, provide a list of the names and address

11  of all such beneficial owners to A.B. Data.  Nominees were also ordered to provide email addresses

12  for all such beneficial owners to the Administrator, to the extent they were available.

13      (a)    For Nominees who previously chose the first option (*i.e.*, elected to mail the

14  Class Postcard directly to beneficial owners), A.B. Data shall forward the same number of

15  Settlement Postcards to such Nominees, and the Nominees shall, within seven (7) calendar days of

16  receipt of the Settlement Postcards, mail them to the beneficial owners.  Unless the Nominee has

17  identified additional beneficial owners whose names and addresses were not previously provided to

18  the Claims Administrator, such Nominees need not take any further action;

19      (b)    For Nominees who previously chose the second option (*i.e.*, provided a list

20  of names and addresses of beneficial holders to A.B. Data, and emails (if applicable)), A.B. Data

21  shall promptly mail (and email, if applicable) a copy of the Settlement Postcard to each of the

22  beneficial owners whose names and addresses the Nominee previously supplied.  Unless the

23  Nominee has identified additional beneficial owners whose names and addresses were not

24  previously provided to A.B. Data, such Nominees need not take any further action;

25      (c)    For Nominees that have identified additional beneficial owners who were not

26  previously identified in connection with the Class Notice, such Nominees shall either: (i) within

27  seven (7) calendar days of receipt of the Settlement Postcard, request from the Claims Administrator

28  sufficient copies of the Settlement Postcard to forward to all such additional beneficial owners,

6

which the Nominee shall, within seven (7) calendar days of receipt of those Settlement Postcards from the Claims Administrator, mail to the beneficial owners; or (ii) within seven (7) calendar days of receipt of the Settlement Postcards, provide a list of the names and addresses of all such additional beneficial owners to the Claims Administrator (and emails if available), and the Claims Administrator shall provide Settlement Postcards to these additionally identified Persons.  Nominees that have identified additional beneficial owners who were not previously identified in connection with the Class Notice shall also provide email addresses to the Claims Administrator, to the extent they are available;

(d)     Nominees who elect to send the Settlement Postcard to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action; and

(e)     Upon full and timely compliance with this Order, Nominees who mail the Settlement Postcards to beneficial owners, or who provide additional names and addresses of beneficial owners to the Claims Administrator, may seek reimbursement of their reasonable expenses actually incurred in complying with this Order of up to $0.10 per name/address provided and up to $0.10, plus postage, at the Claims Administrator's rate for bulk mailings, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Nominees whose research yields no records, or a minimal number of beneficial owners, may ask the Claims Administrator to consider an upward adjustment for the reasonable costs incurred to perform their research.  Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses subject to review by the Court.

8.     Contemporaneously with the mailing of the Settlement Postcard, the Claims Administrator shall cause copies of the Settlement Notice and the Claim Form to be posted on the website previously set up in connection with the Class Notice, from which copies of the Settlement Notice and Claim Form can be downloaded.  Class Counsel shall, at or before the Settlement

1 Hearing, file with the Court proof of dissemination of the Settlement Postcard, Settlement Notice,

2 and Claim Form.

3         9.     **Approval of Summary Notice.** The Court directs that Class Counsel shall cause the

4 Summary Notice to be published once in *The Wall Street Journal* and to be transmitted over *PR*

5 *Newswire* within fourteen (14) calendar days of the Notice Date. Class Counsel shall, at or before

6 the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

7        10.     The form and content of the notice program described herein, and the methods set

8 forth herein of notifying the Class of the Settlement and its terms and conditions, meet the

9 requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of

10 1933, 15 U.S.C. §77z-1(a)(7) and due process, constitute the best notice practicable under the

11 circumstances, and shall constitute due and sufficient notice to all persons and entities entitled

12 thereto.

13        11.     **Claims Process.** In order to be eligible to receive a distribution from the Net

14 Settlement Fund, in the event the Settlement is effectuated in accordance with the terms and

15 conditions set forth in the Stipulation, each Claimant shall take the following actions and be subject

16 to the following conditions:

17           (a)     A properly executed Claim Form, substantially in the form annexed hereto as

18 Exhibit 2, must be submitted to the Claims Administrator, at the address indicated, no later than ten

19 (10) business days before the Settlement Hearing. Such deadline may be further extended by Court

20 Order or by Class Counsel in its discretion. Each Claim Form shall be deemed to have been

21 submitted when postmarked (if properly addressed and mailed by first-class or overnight mail,

22 postage prepaid). Any Claim Form submitted in any other manner shall be deemed to have been

23 submitted when it was actually received by the Claims Administrator. Any Class Member who does

24 not timely submit a Claim Form within the time provided for shall be barred from sharing in the

25 distribution of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by Class

26 Counsel, but shall remain bound by all determinations and judgments in this Action concerning the

27 Settlement, as provided by ¶ 13 of this Order.

28

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
CASE NO. 3:19-CV-06361-RS

(b)     The Claim Form submitted by each Claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Class Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Claim Form, each Claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

12.     Any Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If any Class Member does not enter an appearance, he, she or it will be represented by Class Counsel.

13.     **No Second Opportunity to Request Exclusion from the Class.**  In light of the extensive notice program undertaken in connection with class certification and the ample opportunity provided to Class Members to request exclusion from the Class at that time, the Court is exercising its discretion to not require a second opportunity for Class Members to exclude themselves from the Class in connection with the Settlement proceedings.  Class Members shall be bound by all orders, determinations and judgments in this Action, including the releases, whether favorable or unfavorable, unless such Persons previously requested exclusion in connection with the Class Notice.

14.     **Opting Back into the Class:** Any Person who previously submitted a request for exclusion from the Class, as set forth in ECF Nos. 342 and 401, may elect to opt back into the Class. By opting back into the Class, such Person, subject to the requirement applicable to all Persons that

9

he, she or it establish membership in the Class, shall be eligible to receive a payment from the Net Settlement Fund.  Any Person identified in ECF Nos. 342 and 401 who wishes to opt back into the Class must either, individually or through a representative, request to opt back into the Class in writing in the manner set forth in the Settlement Notice, such that the request is received no later than twenty-one (21) calendar days prior to the Settlement Hearing by the Claims Administrator at the address set forth in the Settlement Notice.  Each request to opt-back into the Class must: (i) state the name, address and telephone number of the person or entity requesting to opt-back into the Class; (ii) state that such person or entity "requests to opt-back into the Class in *Boston Retirement System v. Uber Technologies, Inc.*, No. 19-cv-6361 (N.D. Cal.)"; and (iii) be signed by the person or entity requesting to opt-back into the Class.

15.    **Objections to Settlement.**  Any Class Member who did not request exclusion from the Class in connection with the Class Notice may object to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's application for attorneys' fees and expenses.   Any objection must state: (a) the name, address, and telephone number of the objector and must be signed by the objector; (b) that the objector is objecting to the proposed Settlement, Plan of Allocation, and/or Fee and Expense Application in *Boston Retirement System v. Uber Technologies, Inc.*, No. 19-cv-6361 (N.D. Cal.); (c) the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Class, or to the entire Class, and any legal and evidentiary support, and witnesses the Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to establish the objector's membership in the Class, such as those showing the number of shares of all purchases and acquisitions of publicly traded common stock pursuant and/or traceable to the Offering Documents for Uber's IPO, as well as the dates and prices of each such purchase, acquisition, and sale.  The Court will consider a Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Class Member has, no later than twenty-one (21) calendar days prior to the Settlement Hearing, filed said objections and supporting papers with the Clerk of the Court, United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94012.

10

16.     Attendance at the Settlement Hearing is not necessary.  However, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses are required to indicate in their written objection their intention to appear at the Settlement Hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

17.     Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

18.     Any Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, and/or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but in all respects shall otherwise be bound by the Judgment to be entered and the releases to be given.

19.     Pending final determination of whether the Settlement should be approved, Class Representatives, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Plaintiffs' Claims against the Released Defendant Parties.

20.     **Supporting Papers.**  All papers in support of the Settlement, Plan of Allocation, and Class Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing.  If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

21.     **Settlement Fund.**  All funds held in the Settlement Fund shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

11

22.     Neither Defendants nor their counsel shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorney's fees or expenses submitted by Class Counsel or Class Representatives.

23.     **Termination of Settlement.**  If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of April 24, 2024.

24.     **Use of this Order**.  Neither this Order, the Stipulation (whether or not finally approved or consummated, and including any exhibits thereto, any Plan of Allocation contained therein or approved by the Court, and the Supplemental Agreement), nor their negotiation, or any proceedings taken pursuant to them: (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Plaintiffs,  or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties; (b) shall be offered against any of the Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind or in any way referred to for any other reason as against any of the Released Plaintiff Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court,

the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

SO ORDERED this _____ day of _____ 2024.


_____
THE HONORABLE RICHARD SEEBORG
CHIEF UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
CASE NO. 3:19-CV-06361-RS

# Exhibit A-1

Jonathan Gardner (admitted *pro hac vice*)
Alfred L. Fatale III (admitted *pro hac vice*)
Joseph N. Cotilletta (admitted *pro hac vice*)
Beth C. Khinchuk (admitted *pro hac vice*)
LABATON KELLER SUCHAROW LLP
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: jgardner@labaton.com
        afatale@labaton.com
        jcotilletta@labaton.com
        bkhinchuk@labaton.com

*Class Counsel for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BOSTON RETIREMENT SYSTEM,<br><br>                         Plaintiff,<br><br>      v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>                         Defendants. | Case No.:  3:19-cv-06361-RS<br><br>**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES** |

**If you purchased or otherwise acquired Uber's publicly traded common stock pursuant and/or traceable to the Offering Documents for Uber's IPO, and were damaged thereby, *i.e.,* you purchased shares during the period from May 10, 2019 through November 5, 2019, you may be entitled to a payment from a class action settlement.**

*A federal court authorized this Settlement Notice. It is not a solicitation from a lawyer.*

- This Settlement Notice describes important rights you may have and what steps you must take if you wish to recover from the Settlement. *This Settlement Notice is different than the postcard Notice of Pendency of Class Action that you might have received in July 2023 alerting you to the existence of the case and the certification of the Class.*

- If approved by the Court, the proposed Settlement will create a $200,000,000 fund, plus earned interest, for the benefit of eligible Class Members, after the deduction of any attorneys' fees and expenses awarded by the Court, Notice and Administration Expenses, and Taxes.[1]

- The Settlement resolves claims by Lead Plaintiff Boston Retirement System ("BRS"), David Messinger ("Messinger"), Salvatore Toronto acting on behalf of the Ellie Marie Toronto ESA ("Toronto"), and Irving S. and Judith Braun (the "Brauns") (collectively, "Class Representatives"); and additional named plaintiff Joseph Cianci ("Cianci" and, together with Class Representatives, "Plaintiffs") that have been asserted on behalf of the certified Class against defendants Uber Technologies, Inc. ("Uber" or the "Company"); the Individual Defendants[2] (the Individual Defendants and Uber are the "Uber Defendants"); and the Underwriter Defendants.[3] Uber, the Individual Defendants, and the Underwriter Defendants are, collectively, the "Defendants."

**If you are a Class Member, your legal rights are affected whether you act or do not act. Read this Settlement Notice carefully.**

---

[1]    All capitalized terms not otherwise defined in this Settlement Notice have the meanings given in the Stipulation and Agreement of Settlement, dated as of July 19, 2024 (the "Stipulation").

[2]    The "Individual Defendants" are Dara Khosrowshahi, Nelson Chai, Glen Ceremony, Ronald Sugar, Ursula Burns, Garrett Camp, Matt Cohler, Ryan Graves, Arianna Huffington, Travis Kalanick, Wan Ling Martello, Yasir Al-Rumayyan, John Thain, and David Trujillo.

[3]    The "Underwriter Defendants" are Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Barclays Capital Inc., Citigroup Global Markets, Inc., Allen & Company LLC, RBC Capital Markets, LLC, SunTrust Robinson Humphrey, Inc. (now known as Truist Securities, Inc.), Deutsche Bank Securities Inc., HSBC Securities (USA) Inc., SMBC Nikko Securities America, Inc., Mizuho Securities USA LLC, Needham & Company, LLC, Loop Capital Markets LLC, Siebert Cisneros Shank & Co., L.L.C., Academy Securities, Inc., BTIG, LLC, Canaccord Genuity LLC, CastleOak Securities, L.P., Cowen and Company, LLC, Evercore Group L.L.C., JMP Securities LLC, Macquarie Capital (USA) Inc., Mischler Financial Group, Inc., Oppenheimer & Co. Inc., Raymond James & Associates, Inc., William Blair & Company, L.L.C., The Williams Capital Group, L.P., and TPG Capital BD, LLC.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2024** | The *only* way to get a payment.  *See ¶ __*, below. |
| **IF YOU PREVIOUSLY SUBMITTED A REQUEST FOR EXCLUSION FROM THE CERTIFIED CLASS, OPT-BACK INTO THE CLASS BY _____, 2024** | If you previously submitted a request for exclusion in connection with the Class Notice and now want to be part of the Class in order to be eligible to receive a payment, following the steps for "Opting Back Into the Class."  *See ¶ __*, below. |
| **OBJECT BY_____, 2024** | Write to the Court about why you do not like the Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application.  This will not exclude you from the Class.  *See ¶ __*, below. |
| **GO TO A HEARING ON _____, 2024** | Ask to speak in Court about the Settlement at the Settlement Hearing.  *See ¶ __*, below. |
| **DO NOTHING** | Get no payment.  Give up rights. |

**These rights and options are explained in this Settlement Notice.  <u>Please Note:</u> The date and time of the Settlement Hearing is subject to change without further written notice. It is also within the Court's discretion to hold the hearing remotely. If you plan to attend the hearing, you should check www.UberIPOSecuritiesLitigation.com, the Court's PACER site (*see ¶__* below), or with Class Counsel to confirm no change has been made.**

## SUMMARY OF THE SETTLEMENT NOTICE

### Statement of the Class's Recovery

1.  Subject to Court approval, Class Representatives, on behalf of the Class, have agreed to settle the Action in exchange for a payment of $200,000,000 (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund").  The Net Settlement Fund (defined below) will be distributed to Class Members according to the Court-approved plan of allocation (the "Plan of Allocation" or "Plan").  The proposed Plan of Allocation is on pages __-__ below.

### Estimate of Average Amount of Recovery Per Share

2.  Based on Class Representatives' damages expert's estimate of the number of shares of Uber's publicly traded common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate do so, Class Representatives estimate that the average

recovery would be approximately $0.17 per eligible share (before deduction of any Court-approved fees and expenses, such as attorneys' fees and expenses, Taxes, and Notice and Administration Expenses), and approximately $0.12 per eligible share after the deduction of the attorneys' fees and expenses discussed below.  **Please note, however, that these average recovery amounts are only estimates and Class Members may recover more or less than these estimated amounts depending on their individual trading.**  An individual Class Member's actual recovery will depend on several factors.  These factors are fully explained in the Plan of Allocation beginning on page __.  Please refer to the Plan for information on the calculation of your Recognized Claim.

### Statement of Potential Outcome of Case

3.  The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Class Representatives were to prevail on each claim asserted against Defendants.  The issues on which the Parties disagree include, for example: (i) whether the Offering Documents contained untrue statements of material fact or omitted material facts required to be stated in the documents or necessary to make the statements in the documents not misleading; (ii) whether the Class Representatives or other Class Members knew of the alleged untruths or omissions at the time they acquired Uber's common stock; (iii) whether the Class Representatives or other Class Members were able to prove that they purchased shares traceable to the Offering Documents; (iv) whether certain Defendants conducted a reasonable investigation in connection with the IPO and had reasonable grounds for believing that the Offering Documents were truthful and complete; (v) the appropriate economic models for measuring damages; (vi) whether Class Members suffered any damages; and (vii) the extent to which factors such as general market, economic and industry conditions influenced the trading prices of Uber common stock at various times.

4.  Defendants have denied and continue to deny any fault, liability, or wrongdoing of any kind, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Class Representatives and the Class have suffered any loss

1  attributable to Defendants' actions.  While Class Representatives believe they have meritorious

2  claims, they recognize that there are significant obstacles in the way to recovery.

3  **Statement of Attorneys' Fees and Expenses Sought**

4      5.   Class Counsel, on behalf of itself and all Plaintiffs' Counsel,[4] will apply to the Court

5  for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 29% of the

6  Settlement Fund, which includes any accrued interest.  Class Counsel will also apply for payment

7  of Litigation Expenses incurred in prosecuting the Action in an amount not to exceed $3,215,000,

8  plus accrued interest, which may include an application for the reasonable costs and expenses

9  (including lost wages) of Plaintiffs directly related to their representation of the Class, pursuant

10  to the Private Securities Litigation Reform Act of 1995 ("PSLRA").  If the Court approves Class

11  Counsel's Fee and Expense Application, the average amount of fees and expenses, assuming

12  claims are filed for all shares estimated to be eligible to participate in the Settlement, will be

13  approximately $0.05 per eligible share of Uber common stock.  Please note that this amount is

14  only an estimate.

15  **Reasons for the Settlement**

16      6.   For Class Representatives, the principal reason for the Settlement is the guaranteed

17  cash benefit to the Class.  This benefit must be compared to the uncertainty of being able to prove

18  the allegations in the Second Amended Complaint; the risk that the Court may grant some or all

19  of the anticipated dispositive motions to be filed by Defendants; the risks of litigation, especially

20  in complex securities actions like this; as well as the difficulties and delays inherent in such

21  litigation (including any trial and appeals).   For Defendants, who deny all allegations of

22  wrongdoing or liability whatsoever and deny that Class Members were damaged, the sole reasons

23  for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further

24  protracted litigation.

25

26      [4] "Plaintiffs' Counsel" are Labaton Keller Sucharow LLP, Robbins Geller Rudman & Dowd
   LLP, Cotchett Pitre McCarthy LLP, Scott + Scott Attorneys at Law LLP, Levi & Korsinsky LLP,
27  Thornton Law Firm LLP, Brager Eagel & Squire, P.C., Bottini & Bottini Inc., and the Law Offices
   of Curtis V. Trinko.
28

**Identification of Attorneys and Representatives**

7.   Class Representatives and the Class are represented by Class Counsel, Alfred L. Fatale III, Esq., Labaton Keller Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com.

8.   Further information regarding the claims process and this Settlement Notice may be obtained by contacting the Claims Administrator: Uber Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 173070, Milwaukee, WI  53217, (877) 390-3460, info@UberIPOSecuritiesLitigation.com, www.UberIPOSecuritiesLitigation.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement**

**BASIC INFORMATION**

**1.  Why did I get the Postcard Notice?**

9.   You may have recently received a Postcard Notice about the proposed Settlement. (The Postcard Notice is different than the postcard that you might have received in 2023 alerting you to the fact that the case was pending and a Class had been certified.) This long-form Settlement Notice provides additional information about the Settlement and related procedures.

10.   The Court authorized that the Postcard Notice be sent to you because you or someone in your family, or an investment account for which you serve as a representative, may have purchased or otherwise acquired Uber's publicly traded common stock pursuant and/or traceable to the Offering Documents for Uber's May 10, 2019 initial public offering (the "IPO") and may be a Class Member.  **Receipt of the Postcard Notice does not mean that you are a Member of the Class or that you are entitled to receive a payment.  The Parties to the Action do not have access to your individual investment information.  If you wish to be eligible for a payment, you are required to submit the Claim Form that is available at www.UberIPOSecuritiesLitigation.com.** *See* **Question 8 below.**

11. The Court directed that the Postcard Notice be sent to Class Members to inform them of the terms of the proposed Settlement and about their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and

adequacy of the Settlement, the proposed Plan of Allocation for the proceeds of the Settlement, and Class Counsel's Fee and Expense Application (the "Settlement Hearing").

12. The Court in charge of the Action is the United States District Court for the Northern District of California (the "Court"), and the case is known as *Boston Retirement System v. Uber Technologies, Inc.,* Case No. 3:19-cv-06361-RS, pending in the United States District Court for the Northern District of California.  The Action is assigned to the Honorable Richard Seeborg.

## 2.  What is this case about?

13.    Headquartered in San Francisco, California, Uber is a multinational technology company that offers people the ability to request or provide, among other things, transportation and food delivery.  On or about May 10, 2019, Uber commenced its IPO.

14. On September 25, 2019, a class action complaint was filed in the Superior Court of the State of California, County of San Francisco under the caption *Messinger v. Uber Technologies, Inc., et al.*, Case No. CGC-19-579544, asserting violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act").  Several other complaints were filed in California state court, including by plaintiffs Toronto, the Brauns, and Cianci, and such cases were eventually consolidated (the "State Court Action").

15. This Action was then commenced on October 4, 2019, with the filing of a class action complaint in the United States District Court for the Northern District of California on behalf of investors in Uber's IPO, alleging violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act").  By Order dated January 3, 2020, the Court appointed Boston Retirement System as Lead Plaintiff and approved its selection of Labaton Sucharow LLP (n/k/a Labaton Keller Sucharow LLP) ("Labaton") as lead counsel.

16. On March 3, 2020, Lead Plaintiff filed an Amended Class Action Complaint for Violations of the Federal Securities Laws (the "First Amended Complaint") asserting claims against Defendants under Sections 11, 12(a)(2), and 15 of the Securities Act. The First Amended Complaint alleged that the registration statement and prospectus (the "Offering Documents") filed

in connection with the IPO contained three categories of allegedly materially false and misleading statements or omissions: (1) the Offering Documents failed to disclose, at the time of the IPO, that Uber had an alleged practice of skirting laws and regulations to expand and operate in various jurisdictions, and that its business model depended on the purported misclassification of drivers as independent contractors, rather than employees; (2) the Offering Documents failed to disclose, at the time of the IPO, information about passenger safety; and (3) the Offering Documents failed to disclose that, at the time of the IPO, Uber had increasing losses, expenses and slowing growth, and a plan to cut costs post-IPO through layoffs that allegedly further hindered Uber's growth.

17. Defendants moved to dismiss the First Amended Complaint (the "First Motion to Dismiss") on May 5, 2020.  On August 7, 2020, the Court denied the First Motion to Dismiss in full.  On September 30, 2020, Defendants filed their answers to the First Amended Complaint, denying all allegations of wrongdoing or damages and asserting affirmative defenses.

18. On November 16, 2020, the Superior Court of California dismissed the State Court Action on the ground of *forum non conveniens*, requiring that claims brought under the Securities Act be brought in federal court.  The dismissal was appealed by the plaintiffs in the State Court Action, but they withdrew their appeal of such dismissal.

19. On December 5, 2020, following dismissal of their State Court Action, plaintiffs Messinger, the Brauns, Toronto, and Cianci, along with plaintiffs Varghese Pallathu, Gerald Ashford, and Johnny Ramey, the latter three of whom are not currently named as plaintiffs in this Action (the "*Messinger* Plaintiffs") filed a class action complaint alleging violations of the federal securities laws in connection with the IPO against the same Defendants named in this Action, in an action captioned *Messinger, et al. v. Uber Technologies, Inc.*, *et al.* No. 3:20-cv-08610-WHA ("*Messinger* Action").

20. On January 25, 2021, pursuant to Fed. R. Civ. P. 42(a), the Court granted a stipulation to consolidate the *Messinger* Action into this Action.

21. On March 10, 2021, counsel for Lead Plaintiff, the *Messinger* Plaintiffs, and the Uber Defendants met remotely via video conference for a mediation session before Robert A. Meyer,

Esq. (the "Mediator").  The mediation was preceded by the Uber Defendants producing over 8,600 pages of documents, which counsel for Lead Plaintiff and *Messinger* Plaintiffs reviewed; separate and joint pre-mediation calls with the Mediator; and the mutual exchange of mediation statements. The mediation session did not result in a resolution of the Action.

22. Lead Plaintiff filed the Second Amended Class Action Complaint for Violations of the Federal Securities Laws on May 14, 2021, adding Messinger, Toronto, the Brauns, and Cianci to the operative pleadings (the "Second Amended Complaint").  The Second Amended Complaint alleged the same violations of Sections 11, 12(a)(2), and 15 of the Securities Act based on the same factual allegations set forth in the First Amended Complaint.

23. On June 28, 2021, Defendants moved to dismiss the additional named plaintiffs' claims from the Second Amended Complaint on statute of limitations and other procedural grounds.  After briefing, and without oral argument, on October 1, 2021, the Court entered an order denying the Defendants' Motion to Dismiss the Second Amended Complaint.

24. The Uber Defendants filed an answer to the Second Amended Complaint on October 15, 2021, denying all allegations of wrongdoing or damages and asserting affirmative defenses. On October 22, 2021, the Underwriter Defendants filed an answer to the Second Amended Complaint, denying all allegations of wrongdoing or damages and asserting affirmative defenses.

25. Lead Plaintiff filed a Revised Motion for Class Certification on October 29, 2021, requesting that the Court appoint Lead Plaintiff and Messinger, Toronto, and the Brauns as class representatives and appoint Lead Counsel as class counsel.  After briefing and oral argument, on July 26, 2022, the Court entered an order granting the Revised Motion for Class Certification, appointing BRS, Messinger, Toronto, and the Brauns as class representatives, and appointing Labaton as class counsel.

26. Defendants petitioned the U.S. Court of Appeals for the Ninth Circuit for permission to appeal the Court's class certification order under Federal Rule of Civil Procedure 23(f).  *See Boston Retirement System et. al. v. Uber Technologies Inc., et al.*, No. 22-80076 (9th Cir.).  After briefing, and without oral argument, on February 24, 2023, the Ninth Circuit denied the petition.

27. Beginning on July 7, 2023, the Class Postcard was mailed to potential Class Members and a long-form notice was made available on www.UberIPOSecuritiesLitigation.com.  On July 21, 2023, a summary notice was published in *The Wall Street Journal* and distributed on the internet using *PR Newswire*.  In addition to summarizing the Action, the notices collectively provided potential class members with the opportunity to request exclusion from the Class (*i.e.*, to "opt-out"), explained that right, and set forth procedures for doing so, including the September 5, 2023 deadline.  Only 19 requests for exclusion from the Class were received.

28. The Parties engaged in extensive formal discovery that included the review of nearly 107,668 documents (893,997 pages) from the Uber Defendants in over 70 productions; 31,379 documents from the third parties and 86,280 documents from the Underwriter Defendants.  The Parties took or defended a total of 46 depositions.  Class Representatives took 32 depositions of Defendants including Uber employees, the Individual Defendants, Rule 30(b)(6) corporate designees of Uber and the Underwriter Defendants, and Defendants' experts.  Defendants took 10 depositions in connection with class certification and four in connection with expert discovery. In connection with expert discovery, the Parties submitted a total of 11 expert reports, including rebuttal reports.

29. On March 28, 2024, the Parties participated in a full-day mediation session before the Mediator.  The Parties did not reach an agreement to settle the Action by the conclusion of the full-day mediation session, however, the Parties continued negotiations with the assistance of the Mediator.  On April 22, 2024, the Mediator issued a mediator's recommendation, which the Parties accepted on April 23, 2024.  The Parties memorialized their agreement to settle the Action in a term sheet dated July 17, 2024 (the "Term Sheet"), subject to the execution of a formal stipulation and related papers.  The Stipulation, which sets forth the terms and conditions of the Settlement and reflects the final and binding agreement between the Parties to settle the Action, was filed with the Court on _____ __, 2024, and can be viewed at www.UberIPOSecuritiesLitigation.com.

30. On _____, 2024, the Court preliminarily approved the Settlement, authorized the provision of notice of the Settlement to Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement and related relief.

### 3.  Why is this a class action?

31. In a class action, one or more persons or entities (in this case, Class Representatives), sue on behalf of people and entities that have similar claims.  Together, these people and entities are a "class," and each is a "class member."  Bringing a case, such as this one, as a class action allows one court to resolve many individuals' similar claims that might be too small to bring economically as separate actions.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

### 4.  What are the reasons for the Settlement?

32. The Court did not finally decide in favor of Class Representatives or Defendants.  Instead, both sides agreed to a settlement that will end the Action.  Class Representatives and Class Counsel believe that the claims asserted in the Action have merit, however, Class Representatives and Class Counsel recognize the expense and length of continued proceedings necessary to pursue their claims, including complex merits and expert discovery, summary judgment, trial and appeals, as well as the difficulties in establishing liability and damages.  More specifically, Class Representatives faced the potential challenges associated with proving that Defendants failed to disclose information that rendered statements in the Offering Documents false or misleading.  Defendants would also argue that Class Representatives could not establish traceability of shares back to the Offering Documents, that recoverable damages were significantly less than that estimated by Class Representatives' damages expert, to the extent they could be established at all, and that certain Defendants could not be found liable because they conduced adequate due diligence in connection with the IPO.  In light of the Settlement and the guaranteed cash recovery to the Class, Class Representatives and Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.

33. The Settlement should not be seen as an admission or concession on the part of Defendants.  Defendants have asserted and continue to assert that their disclosures were accurate and complete and expressly denied and continue to deny any and all allegations of wrongdoing contained in the Second Amended Complaint, including, without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action or that any alleged misstatements or omissions were made.  Defendants also have denied, and continue to deny, among other allegations, the allegations that Plaintiffs or the Class have suffered any damages or that Plaintiffs or the Class were harmed by the conduct alleged in the Action or that they could have alleged as part of the Action.  In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.  Nonetheless, Defendants have concluded that continuation of the Action would be protracted and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action.

| **5.  How do I know if I am part of the Class?** |
| --- |

34. The Court directed that everyone who fits the following description is a Class Member and subject to the Settlement, unless they are an excluded person (*see* Question 6 below) or previously sought exclusion from the Class in connection with the Class Notice:

> **All persons and entities that purchased or otherwise acquired Uber's publicly traded common stock pursuant and/or traceable to the Offering Documents for Uber's IPO, and who were damaged thereby, *i.e.,* those who purchased shares during the Traceability Period of May 10, 2019 through November 5, 2019.**

35. If you are a member of the Class and did not previously seek exclusion from the Class in connection with the Class Notice, you are in the Class and subject to the Settlement.

36. ***Receipt of this Settlement Notice does not mean that you are a Class Member.***  The Parties do not have access to your transactions in Uber common stock.  Please check your records or contact your broker to see if you are a member of the Class.  If one of your mutual funds

purchased Uber common stock pursuant or traceable to the Offering Documents, that alone does not make you a Class Member.  You are a Class Member only if you purchased or otherwise acquired Uber common stock pursuant or traceable to the Offering Documents for Uber's IPO.

**6.  Are there exceptions to being included?**

37. Yes.  There are some individuals and entities that are excluded from the Class by definition.  Excluded from the Class by definition are: (i) Defendants and the Individual Defendants' immediate family members; (ii) the officers, directors, affiliates, and subsidiaries of Uber and the Underwriter Defendants, at all relevant times; (iii) Uber's affiliates and employee retirement and/or benefit plan(s) and their participants or beneficiaries to the extent they purchased or acquired Uber common stock pursuant or traceable to the Offering Documents through any such plan(s); (iv) any entity in which Defendants have or had a controlling interest; and (v) the legal representatives, heirs, successors, or assigns of any such excluded person or entity.  Also excluded from the Class is any person or entity that requested exclusion from the Class in connection with the previously issued Class Notice or whose request is otherwise allowed by the Court, if any.

38. However, any "Investment Vehicle" is not excluded from the Class.  Investment Vehicle is defined as "any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange traded funds, fund of funds and hedge funds, in which the Underwriter Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but in which any Underwriter Defendant alone, or together with its respective affiliates, is not a majority owner or does not hold a majority beneficial interest."

**THE SETTLEMENT BENEFITS**

**7.  What does the Settlement provide?**

39. In exchange for the Settlement and the release of the Released Plaintiffs' Claims against the Released Defendant Parties, Uber agreed to pay, or cause to be paid, two hundred

million U.S. dollars ($200,000,000) in cash into the Escrow Account, which will accrue interest (the Settlement Fund), to be distributed, after deduction of Court-awarded attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among Class Members who submit valid Claim Forms that are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

### 8.  How can I receive a payment?

40. To qualify for a payment, you must be a member of the Class and you must submit a timely and valid Claim Form.  You can obtain a Claim Form from the website for the Action, www.UberIPOSecuritiesLitigation.com, or submit a claim online via the website.  You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (877) 390-3460 or emailing them at info@UberIPOSecuritiesLitigation.com.  Please read the instructions in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it online so that it is **postmarked or received no later than _____, 2024.**

### 9.  When will I receive my payment?

41. The Court will hold a Settlement Hearing on **_____, 2024** to decide, among other things, whether to finally approve the Settlement.  Even if the Court approves the Settlement, there may be appeals which can take time to resolve, perhaps more than a year.  It also takes a long time for all of the Claim Forms to be accurately reviewed and processed.  Please be patient.

### 10.  What am I giving up to receive a payment or stay in the Class?

42. If you are a member of the Class and did not previously exclude yourself from the Class in connection with the Class Notice and have not opted back into the Class, you will remain in the Class, and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiffs' Claims" against the "Released Defendant Parties."

(a)    **"Released Plaintiffs' Claims"** means any and all claims, demands, losses, rights, and causes of action of every nature and description, whether known or Unknown (as defined below), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory, whether direct, representative, derivative, class, or individual in nature, and whether arising under federal, state, local, common, statutory, administrative, or foreign law, that Plaintiffs or any other member of the Class, and any and all of the Releasing Plaintiff Parties, in their capacities as such, have or could have asserted in the Action or have or could in the future assert in any forum, whether foreign or domestic, whether brought directly or indirectly, against any of the Defendants and the Released Defendant Parties, which in any way arise out of or are based upon both (1) any of the allegations, acts, transactions, facts, matters, occurrences, representations or omissions involved, set forth, or alleged in the Action and (2) the purchase, acquisition, holding, sale, or disposition of any publicly traded Uber common stock purchased or acquired pursuant and/or traceable to the Offering Documents, including any publicly traded Uber common stock purchased or acquired during the Traceability Period.  The Released Plaintiffs' Claims also include a waiver of any rights under California Civil Code § 1542 and other similar applicable state statutes.  The release shall not include any claim(s) (i) to enforce the Settlement; (ii) of the 19 persons and entities who, as of December 1, 2023, requested exclusion in connection with the Class Notice, unless they choose to opt-back into the Class; (iii) alleged in the Amended Class Action Complaint, dated January 30, 2023, in *Cao v. Uber Technologies, Inc., et al.*, No. 22-cv-4688 (N.D. Cal.); (iv) alleged in *Fazio v. Khosrowshahi, et al.*, No. 20-cv-7916 (N.D. Cal.); (v) alleged in *Jain v. Khosrowshahi, et al.*, No. 24-cv-0403 (D. Del.) or *Feghali Foods Inc. PSP v. Khosrowshahi, et al.*, No. 24-cv-0758 (D. Del.), other than claims related to the Traceability Period, if any; or (vi) arising from shareholder demands received by Uber and/or Uber's board of directors prior to the agreement to the Confidential Term Sheet executed by the Parties on July 17, 2024 (the "Term Sheet").

(b)    **"Released Defendant Parties"** means Defendants, and each of their respective past or present or future direct or indirect parents, subsidiaries, divisions, branches,

Controlling Persons, associates, entities, affiliates or joint ventures, as well as each of their respective past or present directors, officers, employees, managers, managing directors, supervisors, contractors, consultants, servants, general partners, limited partners, partnerships, members, principals, trusts, trustees, advisors, auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, fiduciaries, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, counsel, agents, predecessors, predecessors-in-interest, successors, assigns, spouses, heirs, executors, administrators, legal or personal representatives of each of them in their capacities as such, related or affiliated entities, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other entities in which a Defendant has or had a Controlling Interest, any Immediate Family Member of an Individual Defendant, any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, and the legal representatives, heirs, successors in interest or assigns of Defendants.

(a)     "**Unknown Claims**" means any and all Released Plaintiffs' Claims that Plaintiffs, or any other Class Member and Releasing Plaintiff Party, do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor as of the Effective Date, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including, in the case of any Class Member, the decision to object to the terms of the Settlement or to seek to be excluded from the Class.  With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Defendants shall expressly, and each Class Member and Releasing Plaintiff Party, shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any

state or territory of the United States or foreign law, or principle of common law, including, or which is similar, comparable, or equivalent to, Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs, other Class Members, Releasing Plaintiff Parties, or the Defendants, may hereafter discover facts, legal theories, or authorities in addition to, contrary to, or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and Released Defendants' Claims, but Plaintiffs and Defendants expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Class Member and Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different, contrary, or additional facts, legal theories, or authorities.  Plaintiffs and Defendants acknowledge, and all other Class Members and Releasing Plaintiff Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

43. The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal. If you are a member of the Class, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you. Upon the Effective Date, Defendants will also provide a release of any claims against Class Representatives and the Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

## OPTING BACK INTO THE CLASS

**11.  What if I previously requested exclusion in connection with the Class Notice and now want to be eligible to receive a payment from the Settlement. How do I opt-back into the Class?**

44.    If you previously submitted a request for exclusion from the Class in connection with the Class Notice, you may opt-back into the Class and be eligible to receive a payment from the Settlement. If you are not certain whether you previously submitted a request for exclusion, please contact the Claims Administrator at (877) 390-3460 or info@UberIPOSecuritiesLitigation.com for assistance.

45.    Your request to opt-back into the Class must: (i) state the name, address, and telephone number of the person or entity requesting to opt-back into the Class; (ii) state that such person or entity requests to opt-back into the Class in "*Boston Ret. System v. Uber Tech., Inc*., Case No. 3:19-cv-06361 (N.D. Cal.);" and (iii) be signed by the person or entity requesting to opt-back into the Class. A request to opt-back into the Class must be mailed, so that it is **received no later than _____, 2024,** to:

> *Uber Securities Litigation*
> c/o A.B. Data, Ltd.
> P.O. Box 173070
> Milwaukee, WI 53217

46.    **Please note:** Opting back into the Class **does not mean** that you will automatically be entitled to receive proceeds from the Settlement. If you wish to be eligible to participate in the

distribution of proceeds from the Settlement, you are also required to submit a Claim Form.  *See* Question 8, above.

## THE LAWYERS REPRESENTING YOU

**12.  Do I have a lawyer in this case?**

47. The Court appointed the law firm of Labaton Keller Sucharow LLP (f/k/a Labaton Sucharow LLP) to be the lead counsel representing all Class Members.  These lawyers are called "Class Counsel."  You will not be separately charged for the work of Class Counsel or any of Plaintiffs' Counsel.  The Court will determine the amount of Plaintiffs' Counsel's fees and expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**13.  What payment are the attorneys for the Class seeking? How will the attorneys be paid?**

48. Plaintiffs' Counsel have not received any payment for their services in pursuing the claims against Defendants on behalf of the Class, nor have they been reimbursed for their litigation expenses.  Class Counsel will ask the Court to award it, together with all Plaintiffs' Counsel, attorneys' fees of no more than 29% of the Settlement Fund, which will include any accrued interest.  Class Counsel will also seek payment of Litigation Expenses incurred in the prosecution of the Action of no more than $3,215,000, plus accrued interest, which may include an application in accordance with the PSLRA for the reasonable costs and expenses (including lost wages) of Plaintiffs directly related to their representation of the Class.

49. Class Counsel's motion for attorneys' fees and Litigation Expenses will be filed by _____, 2024.  A copy of Class Counsel's Fee and Expense Application will be available for review at www.UberIPOSecuritiesLitigation.com once it is filed.  The Court will determine the amount of any award of attorneys' fees or Litigation Expenses.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

**14.  How do I tell the Court that I do not like something about the proposed Settlement?**

50. If you are a Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, and/or the Fee and Expense Application.  You can ask the Court not to approve the Settlement, however you cannot ask the Court to order a different settlement; the Court can only approve or reject this Settlement.  If the Court denies approval of the Settlement, no payments will be made to Class Members and the Action will continue.  If that is what you want to happen, you should object.

51. Any objection must be in writing and submitted only to the Court.  If you submit a timely written objection, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney.  If you appear through your own attorney, you are responsible for hiring and paying that attorney and they must formally appear in the case.  All written objections and supporting papers must: (i) clearly identify the case name and number (*Boston Ret. System v. Uber Tech., Inc*., Case No. 3:19-cv-06361 (N.D. Cal.)); (ii) be submitted to the Court either by mailing them to the Clerk of the Court at the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, or by filing them electronically; and (iii) be filed **no later than _____, 2024**.

52. Additionally, the objection must also: (i) include the name, address, and telephone number of the person or entity objecting; (ii) contain a statement of the objection and the specific reasons for it, including any legal and evidentiary support (including witnesses) the Class Member wishes to bring to the Court's attention; (iii) state why you are objecting and whether your objection applies only to you, a subset of the Class, or the entire Class; and (iv) include documents sufficient to prove membership in the Class, such as those showing the number of shares of Uber common stock purchased or otherwise acquired pursuant or traceable to the Offering Documents

for Uber's IPO, as well as the dates and prices of each such purchase, acquisition, and sale. Unless otherwise ordered by the Court, any Class Member who does not object in the manner described in this Settlement Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Class Counsel's Fee and Expense Application.

## THE SETTLEMENT HEARING

**15.  When and where will the Court decide whether to approve the proposed Settlement?**

53. The Court will hold the Settlement Hearing on **_____, 2024 at ____ _.m. (Pacific)**, before the Honorable Richard Seeborg, United States District Court Judge for the Northern District of California, either in person at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 95113, in Courtroom 3 – 17th Floor or by videoconference (at the discretion of the Court). At this hearing, the Court will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) Class Counsel's Fee and Expense Application is reasonable and should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above. We do not know how long it will take the Court to make these decisions.

54. You should be aware that the Court may change the date and time of the Settlement Hearing without a notice being sent to Class Members. If you want to attend the hearing, you should check with Class Counsel beforehand to be sure that the date and/or time has not changed, periodically check the Court's website at https://www.cand.uscourts.gov/cm-ecf, or periodically check the case website at www.UberIPOSecuritiesLitigation.com to see if the Settlement Hearing stays as calendared or is changed. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing, will be posted to www.UberIPOSecuritiesLitigation.com. Subscribers to PACER, a fee-based service, can also

view the Court's docket for the Action for updates about the Settlement Hearing through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

**16.  Do I have to come to the Settlement Hearing?**

55. No.  Class Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 19 below **no later than _____, 2024**.

**17.  May I speak at the Settlement Hearing?**

56. You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* Question 15), **no later than _____ __, 2024,** a statement that you, or your attorney, intend to appear in in "*Boston Ret. System v. Uber Tech., Inc.*, Case No. 3:19-cv-06361 (N.D. Cal.)."  If you have an attorney, your attorney must also file a Notice of Appearance with the Court.  Persons who intend to present evidence at the Settlement Hearing must also include in their objections the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the hearing.  You may not speak at the Settlement Hearing if you previously excluded yourself or if you have not provided written notice in accordance with the procedures described in this Question 17 and Question 14 above.

**IF YOU DO NOTHING**

**18.  What happens if I do nothing at all?**

57. If you do nothing and you are a member of the Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties

1  concerning the Released Plaintiffs' Claims.  To share in the Net Settlement Fund, you must submit

2  a Claim Form (*see* Question 8 above).

3  **GETTING MORE INFORMATION**

4  | **19.  Are there more details about the Settlement?** |
   | --- |

5      58. This Settlement Notice summarizes the proposed Settlement.  For the full terms and

6  conditions of the Settlement, please review the Stipulation.  The Stipulation and additional case

7  documents are available at www.UberIPOSecuritiesLitigation.com.  Additional information

8  regarding the case and the Settlement can also be obtained by contacting Class Counsel at the

9  contact information below, by accessing the Court docket in this case (for a fee) through the

10 Court's PACER system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of

11 the Court for the United States District Court for the Northern District of California, Phillip Burton

12 Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA

13 94102, between 9:00 a.m. and 4:00 p.m. Monday through Friday, excluding Court holidays.

14     59. Additionally, the motions in support of final approval of the Settlement, approval of

15 the proposed Plan of Allocation, and the request for attorneys' fees and Litigation Expenses will

16 be filed with the Court no later than _____, 2024 and will posted on the case website,

17 www.UberIPOSecuritiesLitigation.com.  **Please do not call the Court with questions about the**

18 **Settlement.**

19     60. All inquiries concerning this Settlement should be directed to:

20 *Uber Securities Litigation*<br>c/o A.B. Data, Ltd.

21 P.O. Box 173070

22 Milwaukee, WI 53217

23 (877) 390-3460<br>www.UberIPOSecuritiesLitigation.com

Info@UberIPOSecuritiesLitigation.com

24

25 and/or

26 Labaton Keller Sucharow LLP<br>Alfred L. Fatale III, Esq.

27

28

140 Broadway
New York, NY 10005
settlementquestions@labaton.com
www.labaton.com
(888) 219-6877

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND**

**20. How will my claim be calculated?**

61. As discussed above, the Settlement Amount and any interest it earns constitute the Settlement Fund. The Settlement Fund, after the deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the Net Settlement Fund. If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, members of the Class who timely submit valid Claim Forms that are accepted for payment – in accordance with the following proposed Plan of Allocation, or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional individual notice to the Class. Any order modifying the Plan of Allocation will be posted on the case website, www.UberIPOSecuritiesLitigation.com.

62. The objective of the Plan of Allocation is to distribute the Net Settlement Fund equitably among those Class Members who suffered economic losses as a result of the alleged violations of the federal securities law with respect to shares of Uber's publicly traded common stock purchased or otherwise acquired pursuant and/or traceable to the Offering Documents for Uber's IPO.[5] The Plan of Allocation measures the amount of loss that a Class Member can claim

---

[5] Given the difficulty of tracing shares to the Offering Documents after the expiration of the IPO's "lockup period" on November 6, 2019, solely for purposes of the Settlement it is presumed that shares of Uber's common stock purchased or otherwise acquired from May 10, 2019 (the date of the IPO) through and including November 5, 2019 (the date prior to the expiration of the

for purposes of making proportional *pro rata* allocations of the Net Settlement Fund to Authorized Claimants. The Claims Administrator will calculate Claimants' claims and shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim."

63. To design the Plan of Allocation, Class Counsel conferred with Class Representatives' damages expert. The Plan of Allocation, however, is not a formal damages analysis. The calculations made pursuant to the Plan of Allocation are not intended to estimate, or be indicative of, the amounts that Class Members might have been able to recover as damages after a trial. Nor are the calculations, including the Recognized Loss formulas, intended to estimate the amounts that will be paid to Authorized Claimants. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund and the Recognized Claim amounts are the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants.

64. The claims asserted in the Action under Section 11 of the Securities Act serve as the basis for the calculation of the Recognized Loss Amounts under the Plan of Allocation. Section 11 of the Securities Act provides a statutory formula for the calculation of damages. The formulas stated below, which were developed by Class Representatives' damages expert, generally track the statutory formula.

65. Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim. Plaintiffs, Plaintiffs' Counsel, and anyone acting on their behalf, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

---

IPO's lockup period), were pursuant and/or traceable to the Offering Documents (the "Traceability Period").

**CALCULATION OF RECOGNIZED LOSS AMOUNTS**

66. For purposes of determining whether a Claimant has a Recognized Claim, purchases, acquisitions, and sales of Uber publicly traded common stock will first be matched on a First In/First Out ("FIFO") basis.

67. A "Recognized Loss Amount" will be calculated as set forth below for each share of Uber's publicly traded common stock purchased or acquired pursuant or traceable to the Offering Documents for Uber's IPO during the Traceability Period from May 10, 2019 through November 5, 2019, both dates inclusive, that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number (a gain), that number shall be set to zero.

68. The sum of a Claimant's Recognized Loss Amounts will be the Claimant's Recognized Claim.

69. **For each share of Uber's publicly traded common stock purchased or otherwise acquired from May 10, 2019 through, and including, September 25, 2019, and:**

> A. Sold before the opening of trading on October 4, 2019,[6] the Recognized Loss Amount for each such share shall be the purchase price (not to exceed $45.00, the IPO price) **_minus_** the sale price.

> B. Sold after the opening of trading on October 4, 2019, through the close of trading on **[day before execution of the Stipulation]**, the Recognized Loss Amount for each such share shall be the purchase price (not to exceed $45.00, the IPO price) **_minus_** the sale price (not to be less than $29.67, the closing share price on October 4, 2019).

> C. Retained after the close of trading on **[day before execution of the Stipulation]**, the Recognized Loss Amount for each such share shall be the purchase price (not to exceed $45.00, the IPO price) **_minus_** $29.67, the closing share price on October 4, 2019.

70. **For each share of Uber's publicly traded common stock purchased or otherwise acquired from September 26, 2019 through, and including, November 5, 2019, and:**

---

[6] For purposes of the statutory calculations, October 4, 2019 is the date of suit.

A. Sold before the opening of trading on October 4, 2019, the Recognized Loss Amount for each such share shall be (i) the purchase price (not to exceed $45.00, the IPO price) **_minus_** the sale price, (ii) multiplied by 0.05.[7]

B. Sold after the opening of trading on October 4, 2019, through the close of trading on **[day before execution of the Stipulation],** the Recognized Loss Amount for each such share shall be: (i) the purchase price (not to exceed $45.00, the IPO price) **_minus_** the sale price (not to be less than $29.67, the closing share price on October 4, 2019), (ii) multiplied by 0.05.

C. Retained after the close of trading on **[day before execution of the Stipulation],** the Recognized Loss Amount for each such share shall be: (i) the purchase price (not to exceed $45.00, the IPO price) **_minus_** $29.67, the closing share price on October 4, 2019, (ii) multiplied by 0.05.

### ADDITIONAL PROVISIONS

71. Purchases, acquisitions, and sales of Uber's publicly traded common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" or "sale" date. The receipt or grant by gift, inheritance, or operation of law of Uber's publicly traded common stock outside of the IPO shall not be deemed a purchase, acquisition, or sale for the calculation of a Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase or acquisition of such shares of Uber's publicly traded common stock unless (i) the donor or decedent purchased or otherwise acquired such shares of Uber's publicly traded common stock during the Traceability Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Uber's publicly traded common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

---

[7] The Plan of Allocation applies a ninety-five percent (95%) discount to claims of Class Members that purchased or otherwise acquired Uber's publicly traded common stock September 26, 2019 through November 5, 2019, both dates inclusive. This discount reflects the potential weakness of claims of Class Members after the State Court Action was filed by Plaintiff Messinger in California state court after the close of trading on September 25, 2019, which was brought to remedy the same violations of the Securities Act based upon many of the same factual allegations as this Action. Defendants would likely argue that purchasers of Uber's publicly traded common stock after the filing of the State Court Action could have had actual or imputed knowledge of many, if not all, of the allegedly false and misleading statements and omissions at issue in this Action, which would disqualify those purchasers from recovery under the Securities Act.

72. In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero.

73. Uber publicly traded common stock purchased or otherwise acquired from May 10, 2019 through November 5, 2019, both dates inclusive, is the only security eligible for a recovery under the Plan of Allocation. With respect to Uber publicly traded common stock purchased or sold through the exercise of an option, the purchase/sale date of the Uber common stock is the exercise date of the option, and the purchase/sale price is the exercise price of the option.

74. An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

75. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

76. The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

77. Class Members who do not submit acceptable Claim Forms will not share in the distribution of the Net Settlement Fund, however they will nevertheless be bound by the

1    Settlement and the final Judgment of the Court dismissing this Action and related claims unless

2    they previously sought exclusion from the Class.

3        78. Distributions will be made to Authorized Claimants after all claims have been

4    processed and after the Court has finally approved the Settlement and the Settlement has reached

5    its Effective Date.  If there is any balance remaining in the Net Settlement Fund (whether by

6    reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of

7    initial distribution of the Net Settlement Fund, Class Counsel shall, if feasible and economical,

8    redistribute such balance among Authorized Claimants who have cashed their checks in an

9    equitable and economic fashion.  These redistributions shall be repeated until the balance in the

10   Net Settlement Fund is no longer feasible to distribute or economical.  Any balance that still

11   remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to

12   reallocate, after payment of Notice and Administration Expenses, Taxes, and any unpaid

13   attorneys' fees and expenses, shall be contributed to the Council of Institutional Investors, a non-

14   profit, non-sectarian organization, or such other organization approved by the Court.

15       79. Payment pursuant to the Plan of Allocation, or such other plan as may be approved by

16   the Court, shall be conclusive against all Claimants.  No person shall have any claim against

17   Plaintiffs, Plaintiffs' Counsel, their damages expert, the Claims Administrator, or other agent

18   designated by Plaintiffs' Counsel, arising from determinations or distributions to Claimants made

19   substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or

20   further orders of the Court.  Plaintiffs, Defendants, Defendants' counsel, and all other Released

21   Defendant Parties shall have no responsibility for or liability whatsoever for the investment or

22   distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the

23   determination, administration, calculation, or payment of any Claim Form or non-performance of

24   the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund or

25   any losses incurred in connection therewith.

26

27

28

## **SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES**

80. In connection with the previously disseminated Class Notice, you were advised that if, for the beneficial interest of any person or entity other than yourself, you purchased or acquired Uber publicly traded common stock pursuant and/or traceable to the Offering Documents issued in connection with Uber's IPO, you must either: (i) request from the Claims Administrator sufficient copies of the Class Postcard to forward to all such beneficial owners and forward them to all such beneficial owners; or (ii) provide a list of the names and address of all such beneficial owners to the Claims Administrator.  You were also advised to retain your mailing records for use in connection with any further notices in the Action.  Additionally, you were ordered to provide email addresses for such beneficial owners to the Claims Administrator to the extent email addresses were available.

81. For Nominees who previously chose the first option (*i.e.*, elected to mail the Class Postcard directly to beneficial owners), the Claims Administrator will forward the same number of Settlement Postcards and Nominees have been ordered to, within seven (7) calendar days of receipt of the Settlement Postcards, mail them to the beneficial owners.  Unless the Nominee has identified additional beneficial owners whose names and addresses were not previously provided to the Claims Administrator, such Nominees need not take any further action.

82. For Nominees who previously chose the second option (*i.e.*, provided a list of names and addresses of beneficial holders to A.B. Data, and emails (if applicable), the Claims Administrator will promptly mail (and email, if applicable) the Settlement Postcard to each of the beneficial owners whose names and addresses the Nominee previously supplied. Unless the Nominee has identified additional beneficial owners whose names and addresses were not previously provided to A.B. Data, such Nominees need not take any further action.

83. For Nominees that have identified additional beneficial owners who were not previously identified in connection with the Class Notice, such Nominees shall either: (i) within seven (7) calendar days of receipt of the Settlement Postcard, request from the Claims Administrator sufficient copies of the Settlement Postcard to forward to all such additional

beneficial owners, which the Nominee shall, within seven (7) calendar days of receipt of those Settlement Postcards from the Claims Administrator, mail to the beneficial owners; or (ii) within seven (7) calendar days of receipt of the Settlement Postcards, provide a list of the names and addresses of all such additional beneficial owners to the Claims Administrator and the Claims Administrator shall provide Settlement Postcards to these additionally identified Persons. Nominees that have identified additional beneficial owners who were not previously identified in connection with the Class Notice shall also provide email addresses to the Claims Administrator, to the extent they are available.

84. Nominees who elect to send the Settlement Postcard to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.

85. Upon full and timely compliance with these provisions, Nominees who mail the Settlement Postcard to beneficial owners, or who provide additional names and addresses of beneficial owners to the Claims Administrator, may seek reimbursement of their reasonable expenses actually incurred in complying of up to $0.10 per name/address provided and up to $0.10 plus postage at the Claims Administrator's rate for bulk mailings by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Nominees whose research yields no records, or a minimal number of beneficial owners, may ask the Claims Administrator to consider an upward adjustment for the reasonable costs incurred to perform their research. Properly documented expenses incurred by Nominees in compliance with these instructions shall be paid from the Settlement Fund, with any unresolved disputes as to the reasonableness or documentation of expenses subject to review by the Court. All communications concerning the foregoing should be addressed to the Claims Administrator:

*Uber Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173070
Milwaukee, WI 53217
[email]

1

[phone]
www.UberIPOSecuritiesLitigation.com

2

3    Dated: _____, 2024          BY ORDER OF THE UNITED STATES
                                               DISTRICT COURT FOR THE NORTHERN
4                                              DISTRICT OF CALIFORNIA

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A-2

Jonathan Gardner (admitted *pro hac vice*)
Alfred L. Fatale III (admitted *pro hac vice*)
Joseph N. Cotilletta (admitted *pro hac vice*)
Beth C. Khinchuk (admitted *pro hac vice*)
LABATON KELLER SUCHAROW LLP
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email:  jgardner@labaton.com
          afatale@labaton.com
          jcotilletta@labaton.com
          bkhinchuk@labaton.com

*Class Counsel for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BOSTON RETIREMENT SYSTEM,<br><br>                              Plaintiff,<br><br>          v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>                              Defendants. | Case No.:  3:19-cv-06361-RS<br><br>**PROOF OF CLAIM AND RELEASE FORM** |

## I.       GENERAL INSTRUCTIONS

1.       To recover as a member of the Class based on your claims in the class action entitled *Boston Retirement System v. Uber Technologies, Inc.,* Case No. 3:19-cv-06361-RS (the "Action"), you must complete and, on page _____ below, sign this Proof of Claim and Release form ("Claim Form").  If you fail to submit a timely and properly addressed (as explained in paragraph 2 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net

1  Settlement Fund created in connection with the proposed Settlement of the Action.  Submission of
2  this Claim Form, however, does not ensure that you will share in the proceeds of the Settlement.[1]

3       2.     **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT**
4  **WWW.UBERIPOSECURITIESLITIGATION.COM NO LATER THAN _____, 2024**
5  **OR, IF MAILED, BE POSTMARKED NO LATER THAN _____, 2024 ADDRESSED**
6  **AS FOLLOWS:**

7  *Uber Securities Litigation*
   c/o A.B. Data, Ltd.
8     P.O. Box 173070
   Milwaukee, WI 53217

9
10       3.     If you are a member of the Class and you did not validly request exclusion from the
   Class in connection with the previously mailed Class Notice, you will be bound by and subject to the
11
12  terms of all judgments and orders entered in the Action, including the releases provided therein,
13  WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

14  **II.**     **CLAIMANT IDENTIFICATION**

15       4.     If you purchased or otherwise acquired Uber's publicly traded common stock pursuant
16  and/or traceable to the Offering Documents for Uber's IPO, and were damaged thereby (*i.e.,* you
17  purchased shares during the period from May 10, 2019 through November 5, 2019), and held the
18  stock in your name, you are the beneficial owner as well as the record owner.  If, however, you
19  purchased or otherwise acquired Uber's publicly traded common stock through a third party, such as
20  a brokerage firm, you are the beneficial owner and the third party is the record owner.

21       5.     Use Part I of this form entitled "Claimant Identification" to identify each beneficial
22  owner of Uber publicly traded common stock that forms the basis of this claim, as well as the owner
23  of record if different.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS
24  OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

25       6.     All joint owners must sign this claim.  Executors, administrators, guardians,
26  conservators, legal representatives, and trustees must complete and sign this claim on behalf of

27  _____
[1] All capitalized terms not defined in this Claim Form have the meanings given in the
28  Stipulation and Agreement of Settlement, dated as of July 19, 2024 (the "Stipulation"), available
   at www.UberIPOSecuritiesLitigation.com.

PROOF OF CLAIM AND RELEASE FORM

persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

**III.    IDENTIFICATION OF TRANSACTIONS**

7.    Use **Part II** of this form entitled "Schedule of Transactions in Uber's Publicly Traded Common Stock" to supply all required details of your transaction(s).  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

8.    On the schedules, provide all of the requested information with respect to your purchases or acquisitions of Uber's publicly traded common stock pursuant and/or traceable to the Offering Documents for Uber's IPO during the period from May 10, 2019 through November 5, 2019, whether the transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to all of your sales of Uber publicly traded common stock during the requested time periods and shares held after the close of trading on [**day before execution of the Stipulation**]. Failure to report all such transactions may result in the rejection of your claim.

9.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Uber's common stock.  The date of a "short sale" is deemed to be the date of sale.  Any transactions in Uber common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

10.    Copies of broker trade confirmations or other documentation of your transactions must be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN UBER'S PUBLICLY TRADED COMMON STOCK.**

11.    NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request, or may be asked, to submit information regarding their transactions in electronic files.  (This is different than the online claim portal on the case website.) All such Claimants MUST submit a manually signed paper Claim Form whether or not they also

submit electronic copies. If you wish to submit your claim electronically, you must contact the Claims

Administrator at ___-___-____ to obtain the required file layout or visit www._____.com.

No electronic files will be considered to have been properly submitted unless the Claims

Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of

electronically submitted data.

### PART I – CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name          MI          Beneficial Owner's Last Name

Co-Beneficial Owner's First Name          MI          Co-Beneficial Owner's Last Name

Entity Name (if Claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

City          State   ZIP/Postal Code

Foreign Country (only if not USA)          Foreign County (only if not USA)

Social Security Number (last four digits only)   Taxpayer Identification Number (last four digits only)

Telephone Number (home)          Telephone Number (work)

Email address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box):

☐   Individual (includes joint owner accounts)     ☐   Pension Plan     ☐   Trust
☐   Corporation          ☐   Estate
☐   IRA/401K          ☐   Other _____ (please specify)

4

PROOF OF CLAIM AND RELEASE FORM

**PART II:   SCHEDULE OF TRANSACTIONS IN UBER PUBLICLY TRADED COMMON STOCK**

**1.  PURCHASES/ACQUISITIONS FROM MAY 10, 2019 THROUGH NOVEMBER 5, 2019** – Separately list each and every purchase and acquisition of Uber's publicly traded common stock during the period from May 10, 2019 through and including November 5, 2019.  (Must submit documentation.)

| Date of Purchase/Acquisition (List Chronologically) MM/DD/YY | Number of Shares | Price Per Share | Total Purchase/Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**2.  NUMBER OF SHARES PURCHASED FROM NOVEMBER 6, 2019[2] THROUGH [DAY BEFORE EXECUTION OF STIPULATION]** – State the total number of shares of Uber's publicly traded common stock purchased/acquired from November 6, 2019 through, and including, **[DAY BEFORE EXECUTION OF STIPULATION]**.[3]  (Must submit documentation.) _____

**3.  SALES FROM MAY 10, 2019 THROUGH [DAY BEFORE EXECUTION OF STIPULATION]** – Separately list each and every sale of Uber's publicly traded common stock from May 10, 2019 through, and including, the close of trading on **[DAY BEFORE EXECUTION OF STIPULATION]**. (Must submit documentation.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**4.  HOLDINGS AS OF CLOSE OF TRADING  ON [DAY BEFORE EXECUTION OF STIPULATION]** – State the total number of shares of Uber's publicly traded stock held as of the close of trading **on [DAY BEFORE EXECUTION OF STIPULATION]** If none, write "0" or "Zero." (Must submit documentation.) _____

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐

---

[2] For purposes of the statutory calculations, October 4, 2019 is the date of suit.

[3] Information requested in this Claim Form with respect to your purchases/acquisitions from November 6, 2019  through **[DAY BEFORE EXECUTION OF STIPULATION**] is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions. Purchases/acquisitions during this period are not eligible for a recovery.

5

## IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

12.    By signing and submitting this Claim Form, the Claimant(s) or the person(s) acting on behalf of the Claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Plan of Allocation described in the Settlement Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California (the "Court") with respect to my (our) claim as a Class Member(s) and for purposes of enforcing the releases set forth herein.  I (We) further acknowledge that, once the Settlement reaches its Effective Date, I (we) will be bound by and subject to the terms of all judgments and orders entered in connection with the Settlement in the Action, including the releases set forth therein.  I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in Uber's publicly traded common stock and other Uber securities, if required to do so.  I (We) have not submitted any other claim covering the same transactions in Uber's publicly traded common stock during the Traceability Period and know of no other person having done so on my (our) behalf.

## V.    RELEASES, WARRANTIES, AND CERTIFICATION

13.    I (We) hereby warrant and represent that I am (we are) a Class Member as defined in the Settlement Notice, that I am (we are) not excluded from the Class, that I am (we are) not one of the "Released Defendant Parties" as defined in the Settlement Notice.

14.    I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge with prejudice the Released Plaintiffs' Claims as to each and all of the Released Defendant Parties (as these terms are defined in the Settlement Notice).  This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

15.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

16.    I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, and sales of Uber's publicly traded common stock that occurred during the relevant time periods and the number of shares held by me (us), to the extent requested.

6

17.     I (We) certify that I am (we are) NOT subject to backup tax withholding.  (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 2024

_____         _____
Signature of Claimant                              Type or print name of Claimant

_____         _____
Signature of Joint Claimant, if any                Type or print name of Joint Claimant

_____         _____
Signature of person signing on behalf              Type or print name of person signing
of Claimant                                        on behalf of Claimant

_____
Capacity of person signing on behalf of Claimant/Joint Claimant, if other than an individual (*e.g.,* Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

7

**REMINDER CHECKLIST:**

1.      Please sign this Claim Form.

2.      DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3.      Attach only copies of supporting documentation as these documents will not be returned to you.

4.      Keep a copy of your Claim Form for your records.

5.      The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  **Your claim is not deemed submitted until you receive an acknowledgment postcard.**  If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at ___-___-___ or email at info@_____.com.

6.      If you move after submitting this Claim Form please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

PROOF OF CLAIM AND RELEASE FORM

# Exhibit A-3

Jonathan Gardner (admitted *pro hac vice*)
Alfred L. Fatale III (admitted *pro hac vice*)
Joseph N. Cotilletta (admitted *pro hac vice*)
Beth C. Khinchuk (admitted *pro hac vice*)
LABATON KELLER SUCHAROW LLP
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: jgardner@labaton.com
        afatale@labaton.com
        jcotilletta@labaton.com
        bkhinchuk@labaton.com

*Class Counsel for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BOSTON RETIREMENT SYSTEM, | Case No.:  3:19-cv-06361-RS |
| Plaintiff, | **SUMMARY NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES** |
| v. | |
| UBER TECHNOLOGIES, INC., et al., | |
| Defendants. | |

**To:** **All persons and entities that purchased or otherwise acquired Uber's publicly traded common stock pursuant and/or traceable to the Offering Documents for Uber's IPO, and who were damaged thereby, *i.e.,* those who purchased shares from May 10, 2019 through November 5, 2019, inclusive.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California, that Court-appointed Class Representatives Boston Retirement System, David Messinger, Salvatore Toronto acting on behalf of the Ellie Marie Toronto ESA, and Irving S. and Judith Braun; and additional named plaintiff Joseph Cianci (together with Class Representatives, "Plaintiffs"), and the other members of the certified Class; and Defendants Uber Technologies, Inc. ("Uber"), Dara Khosrowshahi, Nelson Chai, Glen Ceremony, Ronald Sugar, Ursula Burns, Garrett Camp, Matt Cohler, Ryan Graves, Arianna Huffington, Travis Kalanick, Wan Ling Martello, Yasir Al-Rumayyan, John Thain, and David Trujillo (collectively, the "Individual Defendants" and, together with Uber, the "Uber Defendants"); and Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Barclays Capital Inc., Citigroup Global Markets, Inc., Allen & Company LLC, RBC Capital Markets, LLC, SunTrust Robinson Humphrey, Inc. (now known as Truist Securities, Inc.), Deutsche Bank Securities Inc., HSBC Securities (USA) Inc., SMBC Nikko Securities America, Inc., Mizuho Securities USA LLC, Needham & Company, LLC, Loop Capital Markets LLC, Siebert Cisneros Shank & Co., L.L.C., Academy Securities, Inc., BTIG, LLC, Canaccord Genuity LLC, CastleOak Securities, L.P., Cowen and Company, LLC, Evercore Group L.L.C., JMP Securities LLC, Macquarie Capital (USA) Inc., Mischler Financial Group, Inc., Oppenheimer & Co. Inc., Raymond James & Associates, Inc., William Blair & Company, L.L.C., The Williams Capital Group, L.P., and TPG Capital BD, LLC (collectively, the "Underwriter Defendants" and, together with Uber and the Individual Defendants, the "Defendants"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") and related claims in the amount of $200,000,000 (the "Settlement").

A hearing will be held before the Honorable Richard Seeborg on _____, 2024, at ____ ___.m. (Pacific), either in person at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, in Courtroom 3-17th Floor, or, in the Court's discretion, by telephone or videoconference (the "Settlement Hearing") to, among other things, determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action as provided in the Stipulation and Agreement of Settlement, dated July 19, 2024; (iii) approve the proposed Plan of Allocation for distribution of the settlement funds available for distribution to eligible Class Members (the "Net Settlement Fund"); and (iv) approve Class Counsel's Fee and Expense Application.  The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another notice.  You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.**  If you have not yet received a Settlement Postcard, you may obtain copies of the Settlement Postcard, long-form Settlement Notice, and Claim Form by visiting the website for the case, www.UberIPOSecuritiesLitigation.com, or by contacting the Claims Administrator at:

> *Uber Securities Litigation*
> c/o A.B. Data, Ltd.
> P.O. Box 173070
> Milwaukee, WI  53217
> www.UberIPOSecuritiesLitigatio.com
> info@UberIPOSecuritiesLitigation.com
> (877) 390-3460

Inquiries, other than requests for copies of notices and a Claim Form or for information about the status of a claim, may also be made to Class Counsel:

> Alfred L. Fatale III, Esq.
> LABATON KELLER SUCHAROW LLP
> 140 Broadway

Summary Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses
Case No. 3:19-cv-06361-RS

2

New York, NY 10005
www.labaton.com
settlementquestions@labaton.com
(888) 219-6877

If you are a Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than _____ __, 2024.* If you are a Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments and orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you previously submitted a request for exclusion from the Class in connection with the Class Notice mailed in 2023 and want to opt back *into* the Class and be eligible to receive a payment, you must request to opt back into the Class by submitting a written request in accordance with the instructions in the Settlement Notice such that the request is *received no later than _____ __, 2024.* If you previously excluded yourself from the Class in connection with the Class Notice and do not opt back into the Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Class Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court in accordance with the instructions in the Settlement Notice, such that they are *received no later than _____ __, 2024*.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: _____, 2024          BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        NORTHERN DISTRICT OF CALIFORNIA

Summary Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses
Case No. 3:19-cv-06361-RS

3

# Exhibit A-4

*THIS IS A SUMMARY NOTICE. THE COMPLETE NOTICE DESCRIBES THE SETTLEMENT IN MORE DETAIL.*
*PLEASE VISIT WWW.UBERIPOSECURITIESLITIGATION.COM FOR MORE INFORMATION.*

The Parties in the class action *Boston Ret. Sys. v. Uber Tech., Inc.,* Case No. 3:19-cv-06361-RS (N.D. Cal.) have reached a proposed settlement of the claims against Defendants. If approved, the Settlement will resolve a lawsuit in which Plaintiffs alleged violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933, and related claims. Defendants deny any liability or wrongdoing. You received this postcard because you, or an investment account for which you serve as a representative, may be a member of the Class: **all persons and entities that purchased or otherwise acquired Uber's publicly traded common stock pursuant and/or traceable to the Offering Documents for Uber's IPO, and who were damaged thereby,** *i.e.,* **those who purchased/acquired shares from May 10, 2019 to Nov. 5, 2019 ("Traceability Period").**

Pursuant to the Settlement, Uber has agreed to pay, or cause to be paid, $200,000,000. This amount, plus accrued interest, after deduction of Court-awarded attorneys' fees and expenses, Notice and Administration Expenses, and Taxes, will be allocated among Class Members who submit valid claims, in exchange for the settlement and release of all claims asserted in the Action and related claims. **For additional information regarding the Settlement and procedures, please review the long-form Settlement Notice at www.UberIPOSecuritiesLitigation.com.** Your *pro rata* share of the Settlement proceeds will depend on the number of valid claims submitted, and when you purchased Uber publicly traded common stock pursuant and/or traceable to the Offering Documents for Uber's IPO. If all Class Members participate in the Settlement, the estimated average recovery will be $0.17 per eligible share before deduction of Court-approved fees and expenses and approximately $0.12 per share after. Your portion of the Settlement proceeds will be determined by the plan of allocation approved by the Court. The proposed plan is in the Settlement Notice.

**Receipt of this Postcard does not mean you are eligible for a recovery. To qualify for payment, you must submit a valid Claim Form,** which can be found at www.UberIPOSecuritiesLitigation.com, or you can request that one be mailed to you. You can also submit a claim via the website. Claim Forms must be postmarked (if mailed) to: *Uber Securities Litigation*, c/o A.B. Data, Ltd., _____P.O. Box ____, Milwaukee, WI 53217, or submitted online, by _____, 2024. **If you previously excluded yourself from the Class in connection with the Class Notice mailed in 2023 and want to opt back** *into* **the Class and be eligible to receive a payment, you must request to opt back into the Class by ____, 2024. If you want to object to any aspect of the Settlement, you must file an objection with the Court by ____, 2024.** The Settlement Notice provides instructions on how to submit a Claim Form, opt back into the Class, or object, and you must comply with all of the instructions.

The Court will hold a final hearing on _____ **2024 at ___ .m.**, to consider whether to approve the Settlement and the request by Class Counsel for 29% of the Settlement Fund in attorneys' fees, plus expenses of no more than $3,215,000. You may attend the hearing and ask to speak, but do not have to. **For more information, call ____ ___-____, email info@_____ or visit the website to review the Settlement Notice.**

*Uber Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box _____
Milwaukee, WI 53217

### *COURT-ORDERED LEGAL NOTICE*

*Boston Retirement System v. Uber Tech., Inc*.,
Case No. 3:19-cv-06361 (N.D. Cal.))

**Your legal rights may be affected by this securities class action settlement. You may be eligible for a cash payment. Please read this postcard carefully.**

**For more information, please visit www.UberIPOSecuritiesLitigation.com or call ___ ____-_____**

# Exhibit B

1  Jonathan Gardner (admitted *pro hac vice*)
   Alfred L. Fatale III (admitted *pro hac vice*)
2  Joseph N. Cotilletta (admitted *pro hac vice*)
   Beth C. Khinchuk (admitted *pro hac vice*)
3  LABATON KELLER SUCHAROW LLP
   140 Broadway
4  New York, New York 10005
   Telephone: (212) 907-0700
5  Facsimile: (212) 818-0477
   Email: jgardner@labaton.com
6          afatale@labaton.com
           jcotilletta@labaton.com
7          bkhinchuk@labaton.com

8
   *Class Counsel for Plaintiffs and the Class*
9

10              **UNITED STATES DISTRICT COURT**

11             **NORTHERN DISTRICT OF CALIFORNIA**

12                 **SAN FRANCISCO DIVISION**

13

14  BOSTON RETIREMENT SYSTEM,              Case No.:  3:19-cv-06361-RS

15                      Plaintiff,         **[PROPOSED] FINAL ORDER AND
                                           JUDGMENT**
16          v.

17  UBER TECHNOLOGIES, INC., et al.,

18                      Defendants.

19

20

21      **WHEREAS:**

22      A.      Lead Plaintiff Boston Retirement System and Class Representatives David

23  Messinger, Salvatore Toronto acting on behalf of the Ellie Marie Toronto ESA, and Irving S.

24  and Judith Braun ("Class Representatives"); additional named plaintiff Joseph Cianci

25  ("Cianci," together with Class Representatives, "Plaintiffs"), on behalf of themselves and all

26  other members of the certified Class, on the one hand, and Uber Technologies, Inc. ("Uber" or

27  the "Company"); Dara Khosrowshahi, Nelson Chai, Glen Ceremony, Ronald Sugar, Ursula

28  Burns, Garrett Camp, Matt Cohler, Ryan Graves, Arianna Huffington, Travis Kalanick, Wan

Ling Martello, Yasir Al-Rumayyan, John Thain, and David Trujillo (the "Individual Defendants" and with Uber, the "Uber Defendants"); and Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Barclays Capital Inc., Citigroup Global Markets, Inc., Allen & Company LLC, RBC Capital Markets, LLC, SunTrust Robinson Humphrey, Inc. (now known as Truist Securities, Inc.), Deutsche Bank Securities Inc., HSBC Securities (USA) Inc., SMBC Nikko Securities America, Inc., Mizuho Securities USA LLC, Needham & Company, LLC, Loop Capital Markets LLC, Siebert Cisneros Shank & Co., L.L.C., Academy Securities, Inc., BTIG, LLC, Canaccord Genuity LLC, CastleOak Securities, L.P., Cowen and Company, LLC, Evercore Group L.L.C., JMP Securities LLC, Macquarie Capital (USA) Inc., Mischler Financial Group, Inc., Oppenheimer & Co. Inc., Raymond James & Associates, Inc., William Blair & Company, L.L.C., The Williams Capital Group, L.P., and TPG Capital BD, LLC (the "Underwriter Defendants" and, together with Uber and the Individual Defendants, the "Defendants"), have entered into the Stipulation and Agreement of Settlement, dated July 19, 2024 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

B.     Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court previously certified a class of: all persons and entities that purchased or otherwise acquired Uber's publicly traded common stock pursuant and/or traceable to the Offering Documents for Uber's IPO (as defined in the Second Amended Class Action Complaint (ECF No. 137)), and who were damaged thereby, *i.e.,* those who purchased during the Traceability Period, except for those excluded by definition or request.  Excluded from the Class, by definition, are: (i) Defendants and the Individual Defendants' immediate family members; (ii) the officers, directors, affiliates, and subsidiaries of Uber and the Underwriter Defendants, at all relevant times; (iii) Uber's affiliates and employee retirement and/or benefit plan(s) and their participants or beneficiaries to the extent they purchased or acquired Uber common stock pursuant or traceable to the Offering Documents through any such plan(s); (iv) any entity in

1  which Defendants have or had a controlling interest; and (v) the legal representatives, heirs,

2  successors, or assigns of any such excluded person or entity.  Also excluded from the Class is

3  any person or entity that requested exclusion from the Class in connection with the previously

4  issued Class Notice or whose request is otherwise allowed by the Court, if any.  However, any

5  "Investment Vehicle" shall not be excluded from the Class.  Investment Vehicle is defined as

6  "any investment company or pooled investment fund, including, but not limited to, mutual

7  fund families, exchange traded funds, fund of funds and hedge funds, in which the Underwriter

8  Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which

9  its affiliates may act as an investment advisor, but in which any Underwriter Defendant alone,

10  or together with its respective affiliates, is not a majority owner or does not hold a majority

11  beneficial interest."  A list of all Class Members that requested exclusion, whose requests are

12  allowed by the Court, is attached hereto as Exhibit A.

13       D.    Pursuant to the Order Granting Preliminary Approval of Class Action

14  Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final

15  Approval of Settlement, entered _____, 2024 (the "Preliminary Approval Order"), the Court

16  scheduled a hearing for _____, 2024 at __:___ _.m. (the "Settlement Hearing") to,

17  among other things: (i) determine whether the proposed Settlement of the Action on the terms

18  and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be

19  approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation

20  should be entered; and (iii) rule on Class Counsel's Fee and Expense Application;

21       E.    The Court ordered that the postcard notice of the proposed Settlement and Fee

22  and Expense Application (the "Settlement Postcard"), substantially in the form attached to the

23  Preliminary Approval Order as Exhibit 4, be mailed by first-class mail, postage prepaid, on or

24  before ten (10) business days after the date of entry of the Preliminary Approval Order (the

25  "Notice Date") to all potential Class Members who could be identified through reasonable

26  effort, and that the Summary Notice of the proposed Settlement and Fee and Expense

27  Application (the "Summary Notice"), substantially in the form attached to the Preliminary

28  Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *PR*

*Newswire* within fourteen (14) calendar days of the Notice Date; and that the long-form Notice of Proposed Class Action Settlement and Motion for Attorney's Fees and Expenses ("Settlement Notice") and the Proof of Claim and Release form ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, be posted on the website previously developed by the Claims Administrator, from which copies of the long-form Settlement Notice and Claim Form can be downloaded;

F.     The notices advised potential Class Members of the date, time, place, and purpose of the Settlement Hearing.  The notices further advised that any objections to the Settlement were required to be filed with the Court on or before _____, 2024;

G.     The provisions of the Preliminary Approval Order as to notice were complied with;

H.     As required by the Preliminary Approval Order, on _____, 2024, Class Representatives moved for final approval of the Settlement.  The Settlement Hearing was duly held before this Court on _____, 2024 at which time all interested Persons were afforded the opportunity to be heard; and

I.     This Court has duly considered Class Representatives' motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement at the Settlement Hearing;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.     **Incorporation of Settlement Documents.** This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on _____, 2024; and (ii) the Settlement Notice and Settlement Postcard, which were filed with the Court on _____, 2024. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2.    **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action, including all Class Members.

3.    **Notice.** The Court finds that the dissemination of the Settlement Notice, Settlement Postcard, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Class Members of the effect of the Settlement, of the proposed Plan of Allocation for the proceeds of the Settlement, of Class Counsel's request for payment of attorneys' fees and expenses incurred in connection with the prosecution of the Action, of Class Members' rights to object thereto and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7).

4.    Uber has provided notification regarding the Settlement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

5.    **Objections**.  [There have been no objections to the Settlement.]

6.    **Final Settlement Approval and Dismissal of Claims**.  Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement and finds that in light of the benefits to the Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Class Representatives and Class Counsel have adequately represented the Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule

23(e)(3); and (d) the proposed Plan of Allocation treats Class Members equitably relative to each other.  Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

7.     The Second Amended Class Action Complaint for Violations of the Federal Securities Laws, filed on May 14, 2021, is dismissed in its entirety, with prejudice, as to the Class Representatives and other Class Members, and as against each of the Defendants, and without costs to any Party, except as otherwise provided in the Stipulation.

8.     **Rule 11 Findings**.  The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

9.     **Releases.**  The releases set forth in paragraphs 3 and 4 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.

10.     Upon the Effective Date of the Settlement, Plaintiffs and each and every other Releasing Plaintiff Party, in their capacities as such, shall be deemed to have fully, finally, and forever compromised, settled, waived, released, resolved, relinquished, discharged, and dismissed, with prejudice, each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any action or other proceeding, in any forum, asserting any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Class Member executes and delivers a Claim Form or shares in the Net Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

11.     Upon the Effective Date of the Settlement, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever compromised, settled, waived, released, resolved, relinquished, discharged, and dismissed, with prejudice, each and every one of the Released Defendants' Claims against each and every one of

the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any action or other proceeding, in any forum, asserting any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.  Claims to enforce the terms of the Stipulation are not released.

12.    Notwithstanding paragraphs 10-11 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13.    **Binding Effect.**   Each Class Member, whether or not such Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation and paragraph 10 above.  [The Persons listed on Exhibit A hereto are excluded from the Class pursuant to request and are not so bound.]

14.    **No Admissions**. This Judgment and the Stipulation, whether or not consummated or Final, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements (including the Term Sheet), shall not be offered or received against or to the prejudice of the Parties or their respective counsel for any purpose other than to enforce the terms hereof, and in particular, but without limitation:

(a)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Plaintiffs and the Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault, or wrongdoing of Defendants or any person or entity whatsoever, or of any infirmity in any defenses of Defendants;

(b)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence, or a presumption, concession, or admission of any fault, misrepresentation, or omission with respect

1  to any statement or written document approved or made by Defendants, or against or to the

2  prejudice of Plaintiffs, or any other member of the Class as evidence of any infirmity in the

3  claims of Plaintiffs, or the other members of the Class;

4         (c)    do not constitute, and shall not be offered or received against or to the

5  prejudice of any of the Defendants or the Released Defendant Parties, Plaintiffs, any other

6  member of the Class, or their respective counsel, as evidence of, or a presumption, concession, or

7  admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or

8  in any way referred to for any other reason against or to the prejudice of any of the Defendants or

9  the Released Defendant Parties, Plaintiffs, other members of the Class, or their respective

10  counsel, in any other civil, criminal, or administrative action or proceeding, other than as may be

11  necessary to effectuate the provisions of this Stipulation;

12         (d)    do not constitute, and shall not be construed against any of the Defendants

13  or the Released Defendant Parties, Plaintiffs, or any other member of the Class, as an admission

14  or concession that the consideration to be given hereunder represents the amount that could be or

15  would have been recovered after trial; and

16         (e)    do not constitute, and shall not be construed as or received as evidence of

17  or as an admission, concession, or presumption against Plaintiffs, or any other member of the

18  Class, that any of their claims are without merit or infirm or that damages recoverable under the

19  Second Amended Complaint would not have exceeded the Settlement Amount.

20         15.    The administration of the Settlement, and the decision of all disputed questions of

21  law and fact with respect to the validity of any claim or right of any Person to participate in the

22  distribution of the Net Settlement Fund, shall remain under the authority of this Court.

23         16.    **Termination of the Settlement**.  In the event that the Settlement does not

24  become effective in accordance with the terms of the Stipulation, then this Judgment shall be

25  rendered null and void to the extent provided by and in accordance with the Stipulation and shall

26  be vacated, and in such event, all orders entered and releases delivered in connection herewith

27  shall be null and void to the extent provided by and in accordance with the Stipulation, and the

28  Settlement Fund shall be returned in accordance with paragraph 44 of the Stipulation.

17. **Modification of the Stipulation.** Without further approval from the Court, Class Representatives and Defendants are hereby authorized, upon written agreement of all Parties to the Stipulation, to adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. **Fee Order and Order on Plan of Allocation**. A separate order shall be entered regarding Class Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

19. **Retention of Jurisdiction.** Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.

20. **Entry of Final Judgment.** There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

SO ORDERED this _____ day of _____ 2024.

_____
THE HONORABLE RICHARD SEEBORG
CHIEF UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

**[List of Persons and Entities Excluded from the Class Pursuant to Request]**