United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BOSTON RETIREMENT SYSTEM, et al.,
Plaintiffs,

v.

UBER TECHNOLOGIES, INC., et al.,
Defendants.

Case No. 19-cv-06361-RS

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, (i) Lead Plaintiff Boston Retirement System ("BRS"), David Messinger ("Messinger"), Salvatore Toronto acting on behalf of the Ellie Marie Toronto ESA ("Toronto"), and Irving S. and Judith Braun (the "Brauns") (collectively, "Class Representatives"); additional named plaintiff Joseph Cianci ("Cianci" and, together with Class Representatives, "Plaintiffs"), on behalf of themselves and the other members of the certified Class (defined below), and (ii) Uber Technologies, Inc. ("Uber" or the "Company"); Dara Khosrowshahi, Nelson Chai, Glen Ceremony, Ronald Sugar, Ursula Burns, Garrett Camp, Matt Cohler, Ryan Graves, Arianna Huffington, Travis Kalanick, Wan Ling Martello, Yasir Al-Rumayyan, John Thain, and David Trujillo (collectively, the "Individual Defendants" and, together with Uber, the "Uber Defendants"); and Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Barclays Capital Inc., Citigroup Global Markets, Inc., Allen & Company LLC, RBC Capital Markets, LLC, SunTrust Robinson Humphrey, Inc. (now known as Truist Securities, Inc.), Deutsche Bank Securities Inc., HSBC Securities (USA) Inc., SMBC Nikko Securities America, Inc., Mizuho Securities USA LLC, Needham & Company,

LLC, Loop Capital Markets LLC, Siebert Cisneros Shank & Co., L.L.C., Academy Securities, Inc., BTIG, LLC, Canaccord Genuity LLC, CastleOak Securities, L.P., Cowen and Company, LLC, Evercore Group L.L.C., JMP Securities LLC, Macquarie Capital (USA) Inc., Mischler Financial Group, Inc., Oppenheimer & Co. Inc., Raymond James & Associates, Inc., William Blair & Company, L.L.C., The Williams Capital Group, L.P., and TPG Capital BD, LLC (collectively, the "Underwriter Defendants" and, together with Uber and the Individual Defendants, the "Defendants" and, together with Plaintiffs, the "Parties"), on the other, have entered into a Stipulation and Agreement of Settlement (the "Stipulation"), dated as of July 19, 2024, in the above-captioned litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action (the "Settlement"); and

WHEREAS, by Order dated July 26, 2022 (ECF No. 217), this Court certified the Action to proceed as a class action on behalf of: all persons and entities that purchased or otherwise acquired Uber's publicly traded common stock pursuant and/or traceable to the Offering Documents for Uber's IPO, and who were damaged thereby, except for those excluded by definition or request;

WHEREAS, pursuant to this Court's Order dated June 7, 2023 (ECF No. 291), notice was provided to potential members of the Class to inform them of, among other things: (a) the Action pending against Defendants, and the status of the Action and proceedings; (b) the Court's certification of the Action as a class action on behalf of the certified Class; (c) the effect of remaining in, and not seeking exclusion from, the Class on any person and entity that falls within the definition of the Class ("Class Members") (including that Class Members will be bound by all past, present, and future orders and judgments in the Action, whether favorable or unfavorable); and (d) the right of Class Members to request exclusion from the Class, the requirements for requesting exclusion, and the effect of exclusion;

United States District Court
Northern District of California

WHEREAS, copies of all requests for exclusion received in connection with Class Notice were filed with the Court on September 26, 2023 and December 1, 2023 (ECF Nos. 342 and 401);

WHEREAS, Class Representatives have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the proposed Settlement in accordance with the Stipulation, and directing notice of the Settlement to Class Members, as more fully described herein;

WHEREAS, the Court has read and considered: (a) Class Representatives' motion for preliminary approval of the Settlement and authorization to provide notice of the Action and the Settlement to the Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, the Parties to the Stipulation have consented to the entry of this Order; and

WHEREAS, all capitalized terms used in this Order that are not otherwise defined herein have the meanings defined in the Stipulation;

**NOW, THEREFORE, IT IS HEREBY ORDERED that:**

1. **Preliminary Approval of the Settlement.** The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate pursuant to Rule 23(e)(2), subject to further consideration at the Settlement Hearing described below.

2. **Class Definition**. Consistent with the Court's prior Order certifying the Class, the Class is: all persons and entities that purchased or otherwise acquired Uber's publicly traded common stock pursuant and/or traceable to the Offering Documents (as defined in the Second Amended Class Action Complaint (ECF No. 137)) for Uber's IPO, who were damaged thereby, *i.e.*, those who purchased during the Traceability Period, except for those excluded by definition or request. Excluded from the Class, by definition, are: (i) Defendants and the Individual Defendants' immediate family members; (ii) the officers, directors, affiliates, and subsidiaries of

Uber and the Underwriter Defendants, at all relevant times; (iii) Uber's affiliates and employee retirement and/or benefit plan(s) and their participants or beneficiaries to the extent they purchased or acquired Uber common stock pursuant or traceable to the Offering Documents through any such plan(s); (iv) any entity in which Defendants have or had a controlling interest; and (v) the legal representatives, heirs, successors, or assigns of any such excluded person or entity. Also excluded from the Class is any person or entity that requested exclusion from the Class in connection with the previously issued Class Notice or whose request is otherwise allowed by the Court, if any. However, any "Investment Vehicle" shall not be excluded from the Class. Investment Vehicle is defined as "any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange traded funds, fund of funds and hedge funds, in which the Underwriter Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but in which any Underwriter Defendant alone, or together with its respective affiliates, is not a majority owner or does not hold a majority beneficial interest."

3. **Settlement Hearing**. A hearing (the "Settlement Hearing"), pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, is hereby scheduled to be held before the Court, either in-person or remotely at the Court's discretion, at the United States District Court, Northern District of California, San Francisco Courthouse, Courtroom 3 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102 on December 5, 2024, at 1:30 p.m. for the following purposes:

(a)   to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)   to determine whether the proposed Final Order and Judgment ("Judgment"), as provided for under the Stipulation, should be entered, and to determine whether the release by the Releasing Plaintiff Parties of the Released Plaintiffs' Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

United States District Court
Northern District of California

(c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(d) to consider Class Counsel's application, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees and expenses (which may include an application for awards to Plaintiffs for reimbursement of their reasonable costs and expenses directly related to their representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(e) to rule upon such other matters as the Court may deem appropriate.

4. The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it will approve the proposed Plan of Allocation or award attorneys' fees and expenses. The Court may also adjourn or continue the Settlement Hearing or modify any of the dates herein without further individual notice to members of the Class. Any changes to scheduling shall be posted on the website for the Settlement.

5. **Approval of Form and Manner of Giving Notice**. The Court approves the form, substance and requirements of the long-form Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses (the "Settlement Notice"), the Proof of Claim and Release form ("Claim Form"), the Settlement Postcard, and the Summary Notice, substantially in the forms annexed hereto as Exhibits 1, 2, 3 and 4 respectively, and finds they: (a) constitute the best notice to Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Class Members of their right to object to the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the Due Process Clause of the United States Constitution, Section 27 of the Securities Exchange Act of 1933, 15 U.S.C. §77z-1(a)(7), and the Rules of this Court.

6. **Retention of Claims Administrator and Notice Date.** The Court approves the retention of A.B. Data, Ltd. ("A.B. Data") as the Claims Administrator. The Claims Administrator was previously authorized by the Court to issue notice in connection with Class Notice. The Claims Administrator shall cause the Settlement Postcard to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Class Members who can be identified with reasonable effort, including by using the mailing records obtained in connection with the Class Notice. Uber has provided to the Claims Administrator, at no cost to Class Counsel, the Class or the Claims Administrator, records from Uber's transfer agent, in electronic searchable form, to the extent reasonably available, containing the names and addresses of persons or entities who purchased or otherwise acquired Uber's publicly traded common stock during the Traceability Period.

7. **Nominee Procedures**. In the previously disseminated Class Notice, banks, brokers and other nominees ("Nominees") were advised that if, for the beneficial interest of any person or entity other than themselves, they purchased or acquired Uber publicly traded common stock pursuant and/or traceable to the Offering Documents issued in connection with Uber's IPO, they must either: (i) within seven (7) calendar days of receipt of the Class Notice, request from A.B. Data sufficient copies of the Class Postcard to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Class Postcards forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of the Class Notice, provide a list of the names and address of all such beneficial owners to A.B. Data. Nominees were also ordered to provide email addresses for all such beneficial owners to the Administrator, to the extent they were available.

(a) For Nominees who previously chose the first option (*i.e.*, elected to mail the Class Postcard directly to beneficial owners), A.B. Data shall forward the same number of Settlement Postcards to such Nominees, and the Nominees shall, within seven (7) calendar days of receipt of the Settlement Postcards, mail them to the beneficial owners. Unless the Nominee

United States District Court
Northern District of California

has identified additional beneficial owners whose names and addresses were not previously provided to the Claims Administrator, such Nominees need not take any further action;

(b) For Nominees who previously chose the second option (*i.e.*, provided a list of names and addresses of beneficial holders to A.B. Data, and emails (if applicable)), A.B. Data shall promptly mail (and email, if applicable) a copy of the Settlement Postcard to each of the beneficial owners whose names and addresses the Nominee previously supplied. Unless the Nominee has identified additional beneficial owners whose names and addresses were not previously provided to A.B. Data, such Nominees need not take any further action;

(c) For Nominees that have identified additional beneficial owners who were not previously identified in connection with the Class Notice, such Nominees shall either: (i) within seven (7) calendar days of receipt of the Settlement Postcard, request from the Claims Administrator sufficient copies of the Settlement Postcard to forward to all such additional beneficial owners, which the Nominee shall, within seven (7) calendar days of receipt of those Settlement Postcards from the Claims Administrator, mail to the beneficial owners; or (ii) within seven (7) calendar days of receipt of the Settlement Postcards, provide a list of the names and addresses of all such additional beneficial owners to the Claims Administrator (and emails if available), and the Claims Administrator shall provide Settlement Postcards to these additionally identified Persons. Nominees that have identified additional beneficial owners who were not previously identified in connection with the Class Notice shall also provide email addresses to the Claims Administrator, to the extent they are available;

(d) Nominees who elect to send the Settlement Postcard to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action; and

(e) Upon full and timely compliance with this Order, Nominees who mail the Settlement Postcards to beneficial owners, or who provide additional names and addresses of beneficial owners to the Claims Administrator, may seek reimbursement of their reasonable

expenses actually incurred in complying with this Order of up to $0.10 per name/address provided and up to $0.10, plus postage, at the Claims Administrator's rate for bulk mailings, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Nominees whose research yields no records, or a minimal number of beneficial owners, may ask the Claims Administrator to consider an upward adjustment for the reasonable costs incurred to perform their research.  Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses subject to review by the Court.

8.     Contemporaneously with the mailing of the Settlement Postcard, the Claims Administrator shall cause copies of the Settlement Notice and the Claim Form to be posted on the website previously set up in connection with the Class Notice, from which copies of the Settlement Notice and Claim Form can be downloaded.  Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of dissemination of the Settlement Postcard, Settlement Notice, and Claim Form.

9.     **Approval of Summary Notice.**  The Court directs that Class Counsel shall cause the Summary Notice to be published once in *The Wall Street Journal* and to be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.  Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

10.    The form and content of the notice program described herein, and the methods set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

11.    **Claims Process.**  In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effectuated in accordance with the terms and

conditions set forth in the Stipulation, each Claimant shall take the following actions and be subject to the following conditions:

(a) A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated, no later than ten (10) business days before the Settlement Hearing. Such deadline may be further extended by Court Order or by Class Counsel in its discretion. Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator. Any Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by Class Counsel, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by ¶ 13 of this Order.

(b) The Claim Form submitted by each Claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Class Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Claim Form, each Claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

United States District Court
Northern District of California

12. Any Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any Class Member does not enter an appearance, he, she or it will be represented by Class Counsel.

13. **No Second Opportunity to Request Exclusion from the Class.** In light of the extensive notice program undertaken in connection with class certification and the ample opportunity provided to Class Members to request exclusion from the Class at that time, the Court is exercising its discretion to not require a second opportunity for Class Members to exclude themselves from the Class in connection with the Settlement proceedings. Class Members shall be bound by all orders, determinations and judgments in this Action, including the releases, whether favorable or unfavorable, unless such Persons previously requested exclusion in connection with the Class Notice.

14. **Opting Back into the Class:** Any Person who previously submitted a request for exclusion from the Class, as set forth in ECF Nos. 342 and 401, may elect to opt back into the Class. By opting back into the Class, such Person, subject to the requirement applicable to all Persons that he, she or it establish membership in the Class, shall be eligible to receive a payment from the Net Settlement Fund. Any Person identified in ECF Nos. 342 and 401 who wishes to opt back into the Class must either, individually or through a representative, request to opt back into the Class in writing in the manner set forth in the Settlement Notice, such that the request is received no later than twenty-one (21) calendar days prior to the Settlement Hearing by the Claims Administrator at the address set forth in the Settlement Notice. Each request to opt-back into the Class must: (i) state the name, address and telephone number of the person or entity requesting to opt-back into the Class; (ii) state that such person or entity "requests to opt-back into the Class in *Boston Retirement System v. Uber Technologies, Inc.*, No. 19-cv-6361 (N.D. Cal.)"; and (iii) be signed by the person or entity requesting to opt-back into the Class.

15. **Objections to Settlement.** Any Class Member who did not request exclusion from the Class in connection with the Class Notice may object to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's application for attorneys' fees and expenses.

Any objection must state: (a) the name, address, and telephone number of the objector and must be signed by the objector; (b) that the objector is objecting to the proposed Settlement, Plan of Allocation, and/or Fee and Expense Application in *Boston Retirement System v. Uber Technologies, Inc.*, No. 19-cv-6361 (N.D. Cal.); (c) the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Class, or to the entire Class, and any legal and evidentiary support, and witnesses the Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to establish the objector's membership in the Class, such as those showing the number of shares of all purchases and acquisitions of publicly traded common stock pursuant and/or traceable to the Offering Documents for Uber's IPO, as well as the dates and prices of each such purchase, acquisition, and sale.  The Court will consider a Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Class Member has, no later than twenty-one (21) calendar days prior to the Settlement Hearing, filed said objections and supporting papers with the Clerk of the Court, United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94012.

16. Attendance at the Settlement Hearing is not necessary.  However, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses are required to indicate in their written objection their intention to appear at the Settlement Hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

17. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

United States District Court
Northern District of California

18. Any Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, and/or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but in all respects shall otherwise be bound by the Judgment to be entered and the releases to be given.

19. Pending final determination of whether the Settlement should be approved, Class Representatives, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Plaintiffs' Claims against the Released Defendant Parties.

20. **Supporting Papers.** All papers in support of the Settlement, Plan of Allocation, and Class Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before **sixty (60) calendar days** prior to the date set herein for the Settlement Hearing. This deadline is calculated to ensure class members have at least 35 days to object to these materials where the objection deadline is 21 days before the final approval hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

21. **Settlement Fund.** All funds held in the Settlement Fund shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

22. Neither Defendants nor their counsel shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorney's fees or expenses submitted by Class Counsel or Class Representatives.

23. **Termination of Settlement.** If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order

United States District Court
Northern District of California

shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of April 24, 2024.

24. **Use of this Order**. Neither this Order, the Stipulation (whether or not finally approved or consummated, and including any exhibits thereto, any Plan of Allocation contained therein or approved by the Court, and the Supplemental Agreement), nor their negotiation, or any proceedings taken pursuant to them: (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Plaintiffs, or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties; (b) shall be offered against any of the Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind or in any way referred to for any other reason as against any of the Released Plaintiff Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

**IT IS SO ORDERED**.

United States District Court
Northern District of California

Dated: August 9, 2024

RICHARD SEEBORG
Chief United States District Judge