Jonathan Gardner (admitted *pro hac vice*)
Alfred L. Fatale III (admitted *pro hac vice*)
Joseph N. Cotilletta (admitted *pro hac vice*)
Beth C. Khinchuk (admitted *pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: jgardner@labaton.com
      afatale@labaton.com
      jcotilletta@labaton.com
      bkhinchuk@labaton.com

*Class Counsel for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| BOSTON RETIREMENT SYSTEM,<br><br>                  Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>                  Defendants. | Case No.: 3:19-cv-06361-RS<br><br>**ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES** |

**WHEREAS:**

A.    Lead Plaintiff Boston Retirement System and Class Representatives David Messinger, Salvatore Toronto acting on behalf of the Ellie Marie Toronto ESA, and Irving S. and Judith Braun ("Class Representatives"), additional named plaintiff Joseph Cianci ("Cianci," together with Class Representatives, "Plaintiffs"), on behalf of themselves and all other members of the certified Class, on the one hand, and Uber Technologies, Inc., Dara Khosrowshahi, Nelson Chai, Glen Ceremony, Ronald Sugar, Ursula Burns, Garrett Camp, Matt Cohler, Ryan Graves, Arianna Huffington, Travis Kalanick, Wan Ling Martello, Yasir Al-Rumayyan, John Thain, David Trujillo, Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, Merrill Lynch, Pierce,

Fenner & Smith Incorporated, Barclays Capital Inc., Citigroup Global Markets, Inc., Allen & Company LLC, RBC Capital Markets, LLC, SunTrust Robinson Humphrey, Inc. (now known as Truist Securities, Inc.), Deutsche Bank Securities Inc., HSBC Securities (USA) Inc., SMBC Nikko Securities America, Inc., Mizuho Securities USA LLC, Needham & Company, LLC, Loop Capital Markets LLC, Siebert Cisneros Shank & Co., L.L.C., Academy Securities, Inc., BTIG, LLC, Canaccord Genuity LLC, CastleOak Securities, L.P., Cowen and Company, LLC, Evercore Group L.L.C., JMP Securities LLC, Macquarie Capital (USA) Inc., Mischler Financial Group, Inc., Oppenheimer & Co. Inc., Raymond James & Associates, Inc., William Blair & Company, L.L.C., The Williams Capital Group, L.P., and TPG Capital BD, LLC (collectively, "Defendants"), have entered into the Stipulation and Agreement of Settlement, dated July 19, 2024 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

B.  On December 4, 2024, a hearing having been held before this Court to determine, among other things, whether and in what amount to award (1) Plaintiffs' Counsel in the above-captioned securities class action (the "Action") attorneys' fees and litigation expenses and (2) Plaintiffs their costs and expenses (including lost wages), pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA");

C.  It appearing that a notice of the hearing substantially in the form approved by the Court (the "Settlement Postcard") was mailed to all reasonably identifiable Class Members; and that a summary notice of the hearing, substantially in the form approved by the Court, was published in *The Wall Street Journal* and transmitted over *PR Newswire*; and

D.  The Court having considered all matters submitted to it at the hearing and otherwise, and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.  All capitalized terms used herein have the meanings set forth and defined in the Stipulation and Agreement of Settlement, dated as of July 19, 2024.

1  2. The Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Class Members who did not request exclusion in connection with the Class Notice, Plaintiffs' Counsel, and the Claims Administrator.

3. Notice of Class Counsel's motion for an award of attorneys' fees and payment of expenses and PSLRA awards (the "Fee and Expense Application") was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), as amended by the PSLRA; constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

4. There have been no objections to Class Counsel's Fee and Expense Application.

5. Class Counsel is hereby awarded, on behalf of Plaintiffs' Counsel, attorneys' fees in the amount of $58,000,000, plus interest at the same rate earned by the Settlement Fund, *i.e.*, 29% of the Settlement Fund, and payment of expenses in the amount of $2,810,672.75, plus accrued interest, which sums the Court finds to be fair and reasonable.

6. The reimbursement requests of Lead Plaintiff Boston Retirement System and Class Representatives David Messinger, Salvatore Toronto on behalf of the Ellie Marie Toronto ESA, Irving and Judith Braun, and Joseph Cianci are denied. While the PSLRA does allow for reasonable reimbursement of costs incurred as a direct result of work done for the litigation, none of the named plaintiffs demonstrate the required causality. None claim to have lost wages, missed specific work or other earning opportunities, nor incurred any out-of-pocket expenses to participate in this litigation. Moreover, all five make conclusory estimates of their hourly rates and hours spent on litigation. Therefore, these requests are denied.

7. The awarded attorneys' fees and litigation expenses may be paid to Class Counsel, on behalf of Plaintiffs' Counsel, from the Settlement Fund upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

8. In making the award of attorneys' fees and payment of litigation expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Ninth Circuit and found that:

(a) The Settlement has created a substantial common fund of $200 million in cash and thousands of Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of counsel;

(b) The requested attorneys' fees and litigation expenses have been reviewed and approved as fair and reasonable by Plaintiffs, sophisticated investors that were directly involved in the prosecution and resolution of the Action and which have an interest in ensuring that any fees paid to counsel are duly earned and not excessive;

(c) The Action involved difficult and complex factual and legal issues and, in the absence of settlement, would have involved lengthy proceedings whose resolution was uncertain;

(d) Plaintiffs' Counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

(e) Plaintiffs' Counsel undertook the Action on a contingent basis, and have received no compensation during the Action, and any fee and expense award has been contingent on the result achieved;

(f) Plaintiffs' Counsel have devoted more than 51,000 hours, with a lodestar value of $31,657,987.40, to achieve the Settlement;

(g) The amount of attorneys' fees requested is fair and reasonable under the circumstances of this case, where an upward departure from the Ninth Circuit's 25% benchmark is appropriate given the extraordinary results, the difficulty and complexity of the claims, and the obstacles and challenges faced by Plaintiffs' Counsel; and

(h) Notice was disseminated to putative Class Members stating that Class Counsel would be seeking 29% of the Settlement Fund, and expenses not to exceed $3,125,000, and there were no objections to the Fee and Expense Application.

9. Any appeal or challenge affecting this Court's approval of the attorneys' fees, litigation expenses, or awards to Plaintiffs, shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

10. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

SO ORDERED on December 4, 2024.

_____
THE HONORABLE RICHARD SEEBORG
CHIEF UNITED STATES DISTRICT JUDGE